IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Case No. 1:07-cv-01498 |
| : | Judge Richard J. Leon |
| HOWARD UNIVERSITY, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ANSWER TO COMPLAINT OF DEFENDANTS HOWARD UNIVERSITY,
HOWARD UNIVERSITY d/b/a HOWARD UNIVERSITY HOSPITAL,
WENDIE WILLIAMS, M.D. AND DAWIT YOHANNES, M.D.**

**COME NOW** the defendants, **Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D.,** and **Dawit Yohannes, M.D.,** by and through their attorneys, **Steven A. Hamilton, Esquire, Karen R. Turner, Esquire,** and **Hamilton Altman Canale & Dillon, LLC,** for their Answer to Complaint filed herein, state as follows:

**INTRODUCTION**

1.-4.   The undersigned presently has insufficient information available to either admit or deny the factual allegations set forth in Paragraphs 1 through 4, the consequence of which is to deny same and demand strict proof thereof.  However, to the extent that any of the allegations set forth in these paragraphs, either directly or indirectly, allege tortious, unlawful or otherwise wrongful acts and/or omissions on the part of the answering defendants, said allegations are specifically denied.

**JURISDICTION AND VENUE**

5. Allegations of jurisdiction require no response by the defendants. To the extent that the allegations contained in Paragraph 5 imply or infer negligence and/or injuries, such allegations are denied.

6. Allegations of venue require no response by the defendants. To the extent that the allegations contained in Paragraph 6 imply or infer negligence and/or injuries, such allegations are denied.

**PARTIES**

7. The undersigned presently has insufficient information available to either admit or deny the factual allegations set forth in Paragraph 7, the consequence of which is to deny same and demand strict proof thereof.

8. The allegations set forth in Paragraph 8 are directed to other defendants and, as such, require no response from these defendants. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 8, the consequence of which is to deny same and demand strict proof thereof.

9. It is admitted that Howard University Hospital is a licensed medical facility operating the District of Columbia. The balance of the allegations set forth in this paragraph are denied as phrased.

10. It is admitted that, at all times relevant to this case, Howard University owned and managed Howard University Hospital.

11. It is admitted that, at all times relevant to this case, Wendie Williams, M.D., was a physician duly licensed to practice medicine in the District of Columbia. The undersigned presently has insufficient information available to either admit or deny the remaining allegations in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

12. It is admitted that, at all times relevant to this case, Dawit Yohannes, M.D., was a physician duly licensed to practice medicine in the District of Columbia. The undersigned presently has insufficient information available to either admit or deny the remaining allegations in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

13.-16. The allegations set forth in Paragraphs 13 through 16 are directed to other defendants and, as such, require no response from these defendants. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraphs 13 through 16, the consequence of which is to deny same and demand strict proof thereof.

## FACTUAL BACKGROUND

17.-65. The undersigned presently has insufficient information available to either admit or deny the factual allegations set forth in Paragraphs 17 through 65, the consequence of which is to deny same and demand strict proof thereof. However, to the extent that any of the allegations set forth in these paragraphs, either directly or indirectly, allege tortious, unlawful or otherwise wrongful acts and/or omissions on the part of the answering defendants, said allegations are specifically denied.

## CLAIMS

3

## COUNT I

**(Violation of Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395 dd *et seq.* – Defendants Howard University Hospital; Howard University)**

66.     The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 65 of the Complaint as if fully set forth herein.

67.-70.  The allegations set forth in Paragraphs 67 through 70 are denied in form and in substance.

## COUNT II

**(Negligence – Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D., District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Universal Health Services Inc.; Christopher Lang, M.D.)**

71.     The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 70 of the Complaint as if fully set forth herein.

72.-75.  To the extent that the allegations set forth in Paragraphs 72 through 75 are directed to the answering defendants, they are denied in form and in substance. To the extent that the allegations set forth in these paragraphs are directed to other defendants, no response from these defendants is required. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

75. The allegations set forth in Paragraph 75 are denied in form and in substance.

76. To the extent that the allegations set forth in Paragraph 76 are directed to the answering defendants, they are denied in form and in substance. To the extent that the allegations set forth in this paragraph are directed to other defendants, no response from these defendants is required. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

## COUNT III

**(Medical Malpractice - Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D., District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Universal Health Services Inc.; Christopher Lang, M.D.)**

77. The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 76 of the Complaint as if fully set forth herein. To the extent that a further response is required, the undersigned otherwise presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

78.-81. To the extent that the allegations set forth in Paragraphs 78 through 81 are directed to the answering defendants, they are denied in form and in substance. To the extent that the allegations set forth in these Paragraphs are directed to other defendants, no response from these defendants is required. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and

demand strict proof thereof.

## COUNT IV

**(Negligent Hiring/Training/Supervision:  Defendants Howard University Hospital; Howard University; District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Universal Health Services Inc.)**

82. The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 81 of the Complaint as if fully set forth herein.  To the extent that a further response is required, the undersigned otherwise presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

83.-87. To the extent that the allegations set forth in Paragraphs 83 through 87 are directed to the answering defendants, they are denied in form and in substance.  To the extent that the allegations set forth in these paragraphs are directed to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

## COUNT V

**(Negligent Hiring/Training/Supervision:  Defendant District of Columbia)**

88. The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 87 of the Complaint as if fully set forth herein.  To the extent that the allegations set forth in this paragraph are directed to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the

allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

89.-93.   The allegations set forth in Paragraphs 89 through 93 are directed to other defendants; therefore, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

## COUNT VI

### (Negligence:  Defendant District of Columbia)

94.   The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 93 of the Complaint as if fully set forth herein.  To the extent that the allegations set forth in this paragraph are directed to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

95.-97.   The allegations set forth in Paragraphs 95 through 97 are directed to other defendants; therefore, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either

admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

## COUNT VII
### (Negligent Failure to Investigate – Defendant District of Columbia)

98. The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 97 of the Complaint as if fully set forth herein. To the extent that the allegations set forth in this paragraph are directed to other defendants, no response from these defendants is required. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

99.-101. The allegations set forth in Paragraphs 99 through 101 are directed to other defendants; therefore, no response from these defendants is required. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

As and for other affirmative defenses, these defendants state as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims for recovery are barred by her own negligence, contributory negligence, assumption of the risk and/or failure to mitigate damages.

### FOURTH DEFENSE

At all times applicable hereto, these defendants complied with all applicable standards of care.

### FIFTH DEFENSE

The injuries/damages complained of herein by Plaintiff, if any, are the result of acts or omissions of others for which these defendants cannot be held legally responsible.

**WHEREFORE**, in light of the foregoing, these defendants demand that the Complaint be dismissed, with prejudice, and that they be awarded attorney's fees, costs and such other relief as is deemed just and proper.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**


By:  /s/ *Karen R. Turner*  _____
 Steven A. Hamilton (D.C. Bar No. 953539)
 steven.hamilton@hacdlaw.com
 Karen R. Turner (D.C. Bar No. 434543)
 karen.turner@hacdlaw.com
 4600 East-West Highway
 Suite 201
 Bethesda, Maryland 20814
 301-652-7332
 Attorneys for Defendants Howard University,
 Howard University d/b/a Howard University
 Hospital, Dawit Yohannes, M.D., and
 Wendie Williams, M.D.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on the 11th day of September, 2007, a copy of the foregoing was served electronically on:

>Bruce V. Spiva, Esquire
>Kathleen R. Hartnett, Esquire
>**Spiva & Hartnett LLP**
>1776 Massachusetts Avenue, N.W.
>Suite 600
>Washington, D.C.  20036

And served via first class mail, postage prepaid, to:

>District of Columbia
>c/o Mayor Adrian Fenty
>1350 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004
>
>District Hospital Partners, L.P.
>d/b/a George Washington University Hospital
>c/o CT Corporation System
>1015 15th Street, N.W., Suite 1000
>Washington, D.C.  20005
>
>George Washington University
>c/o Dennis Blummer, General Counsel
>2100 Pennsylvania Avenue, N.W.
>Suite 250
>Washington, D.C.  220052
>
>Universal Health Services, Inc.
>Universal Corporate Center
>c/o CT Corporation System
>1635 Market Street
>Philadelphia, PA  19103
>
>Christopher Lang, M.D.
>900 23rd Street, N.W.
>Washington, D.C.  20037

>/s/ *Karen R. Turner*
>Karen R. Turner