**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALEXANDRIA MCGAUGHEY | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:07-CV-01498 |
| v. | : | Judge: Richard J. Leon |
| | : | |
| DISTRICT OF COLUMBIA, et al. | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT THE GEORGE WASHINGTON UNIVERSITY**

COMES NOW, Defendant The George Washington University (hereinafter "defendant"), by and through counsel, Gleason, Flynn, Emig & Fogleman, Chartered, and in answer to the Complaint and Demand for Jury Trial  filed herein, states as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations and/or by the doctrine of laches.

**THIRD DEFENSE**

Plaintiff failed to mitigate her damages.

**FOURTH DEFENSE**

Plaintiff's claims are or may be barred by the doctrines of contributory negligence, assumption of the risk and/or laches, waiver, consent, lack of capacity, and such other defenses as discovery in this case will support.

## FIFTH DEFENSE

Any injuries and/or damages suffered by the plaintiff are the result of circumstances and actions over which the defendant had no prior knowledge, authority and/or control.

## SIXTH DEFENSE

Plaintiff's injuries are the result of naturally occurring processes, for which no recovery may be had.

## SEVENTH DEFENSE

The defendant and its agents, servants and employees, at all times complied with the applicable standard of care and in no way were negligent.

## EIGHTH DEFENSE

Plaintiff's claims may also be barred by fraud, release, *res judicata*, *collateral estoppel* and/or waiver.

## NINTH DEFENSE

Any and all claims and allegations of negligence not otherwise responded to in this Answer are hereby denied.

## TENTH DEFENSE

In answer to the enumerated paragraphs of the Complaint, Defendant states as follows:

## INTRODUCTION

1.      Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 1.

2.      The allegations contained in Paragraph 2 of the Complaint more appropriately should be admitted or denied by the co-defendant.

3.    The allegations contained in Paragraph 2 of the Complaint more appropriately should be admitted or denied by the co-defendant.

4.    Defendant denies the allegations of Paragraph 4 that Defendant violated the Plaintiff, refused to take her complaint seriously, failed to provide her with reasonable care, engaged in misconduct, committed failures and deprived the Plaintiff of ever seeing her assailant brought to justice, and demands strict proof thereof.  Defendant lacks sufficient knowledge to admit or deny the rest of the allegations set forth in Paragraph 4.

## JURISDICTION

5.    The allegations of Paragraph 5 are jurisdictional in nature and no response from defendant is required.

6.    The allegations of Paragraph 6 are jurisdictional in nature and no response from defendant is required.

## PARTIES

7.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 7.

8.    The allegations contained in Paragraph 8 of the Complaint more appropriately should be admitted or denied by the co-defendant.

9.    The allegations contained in Paragraph 9 of the Complaint more appropriately should be admitted or denied by the co-defendant.

10.    The allegations contained in Paragraph 10 of the Complaint more appropriately should be admitted or denied by the co-defendant.

11.    The allegations contained in Paragraph 11 of the Complaint more appropriately should be admitted or denied by the co-defendant.

12.    The allegations contained in Paragraph 12 of the Complaint more appropriately should be admitted or denied by the co-defendant.

13.    The allegations contained in Paragraph 13 of the Complaint more appropriately should be admitted or denied by the co-defendant.

14.    Denied.

15.    The allegations contained in Paragraph 15 of the Complaint more appropriately should be admitted or denied by the co-defendant.

16.    The allegations contained in Paragraph 16 more appropriately should be admitted or denied by the co-defendant.

## FACTUAL BACKGROUND

### The Sexual Assault

17.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 17.

18.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 18.

19.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 12.

20.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 20.

21.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 21.

22.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 22.

23.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 23.

24.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 24.

25.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 25.

26.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 26.

**The Initial Visit to HUH**

27.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 27.

28.    The allegations contained in Paragraph 28 of the Complaint more appropriately should be admitted or denied by the co-defendant.

29.    The allegations contained in Paragraph 29 of the Complaint more appropriately should be admitted or denied by the co-defendant.

30.    The allegations contained in Paragraph 30 of the Complaint more appropriately should be admitted or denied by the co-defendant.

31.    The allegations contained in Paragraph 31 of the Complaint more appropriately should be admitted or denied by the co-defendant.

32.    Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 32.

33.     The allegations contained in Paragraph 33 of the Complaint more appropriately should be admitted or denied by the co-defendant.

34.     The allegations contained in Paragraph 34 of the Complaint more appropriately should be admitted or denied by the co-defendant.

35.     The allegations contained in Paragraph 35 of the Complaint more appropriately should be admitted or denied by the co-defendant.

36.     The allegations contained in Paragraph 36 of the Complaint more appropriately should be admitted or denied by the co-defendant.

37.     The allegations contained in Paragraph 37 of the Complaint more appropriately should be admitted or denied by the co-defendant.

38.     The allegations contained in Paragraph 38 of the Complaint more appropriately should be admitted or denied by the co-defendant.

39.     The allegations contained in Paragraph 39 of the Complaint more appropriately should be admitted or denied by the co-defendant.

40.     The allegations contained in Paragraph 40 of the Complaint more appropriately should be admitted or denied by the co-defendant.

41.     The allegations contained in Paragraph 41 of the Complaint more appropriately should be admitted or denied by the co-defendant.

42.     The allegations contained in Paragraph 42 of the Complaint more appropriately should be admitted or denied by the co-defendant.

**The Second Visit to HUH**

43.     The allegations contained in Paragraph 43 of the Complaint more appropriately should be admitted or denied by the co-defendant.

44.    The allegations contained in Paragraph 44 of the Complaint more appropriately should be admitted or denied by the co-defendant.

45.    The allegations contained in Paragraph 45 of the Complaint more appropriately should be admitted or denied by the co-defendant.

**The MPD's Involvement**

46.    The allegations contained in Paragraph 46 of the Complaint more appropriately should be admitted or denied by the co-defendant.

47.    The allegations contained in Paragraph 47 of the Complaint more appropriately should be admitted or denied by the co-defendant.

48.    The allegations contained in Paragraph 48 of the Complaint more appropriately should be admitted or denied by the co-defendant.

49.    The allegations contained in Paragraph 49 of the Complaint more appropriately should be admitted or denied by the co-defendant.

50.    The allegations contained in Paragraph 50 of the Complaint more appropriately should be admitted or denied by the co-defendant.

51.    The allegations contained in Paragraph 51 of the Complaint more appropriately should be admitted or denied by the co-defendant.

52.    The allegations contained in Paragraph 52 of the Complaint more appropriately should be admitted or denied by the co-defendant.

53.    The allegations contained in Paragraph 53 of the Complaint more appropriately should be admitted or denied by the co-defendant.

54.    The allegations contained in Paragraph 54 of the Complaint more appropriately should be admitted or denied by the co-defendant.

55.     The allegations contained in Paragraph 55 of the Complaint more appropriately should be admitted or denied by the co-defendant.

56.     The allegations contained in Paragraph 56 of the Complaint more appropriately should be admitted or denied by the co-defendant.

57.     The allegations contained in Paragraph 57 of the Complaint more appropriately should be admitted or denied by the co-defendant.

**The Visit to GWUH**

58.     Defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 58.

59.     The allegations contained in Paragraph 59 of the Complaint more appropriately should be admitted or denied by the co-defendant.

60.     The allegations contained in Paragraph 60 of the Complaint more appropriately should be admitted or denied by the co-defendant.

61.     The allegations contained in Paragraph 61 of the Complaint more appropriately should be admitted or denied by the co-defendant.

62.     The allegations contained in Paragraph 62 of the Complaint more appropriately should be admitted or denied by the co-defendant.

63.     The allegations contained in Paragraph 63of the Complaint more appropriately should be admitted or denied by the co-defendant.

64.     The allegations contained in Paragraph 64 of the Complaint more appropriately should be admitted or denied by the co-defendant.

65.     The allegations contained in Paragraph 65 of the Complaint more appropriately should be admitted or denied by the co-defendant.

## CLAIMS

## COUNT I

**(Violation of Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd *et seq.* – Defendants Howard University Hospital; Howard University)**

66.    The allegations contained in Paragraph 66 of the Complaint more appropriately should be admitted or denied by the co-defendant.

67.    The allegations contained in Paragraph 67 of the Complaint more appropriately should be admitted or denied by the co-defendant.

68.    The allegations contained in Paragraph 68 of the Complaint more appropriately should be admitted or denied by the co-defendant.

69.    The allegations contained in Paragraph 69 of the Complaint more appropriately should be admitted or denied by the co-defendant.

70.    The allegations contained in Paragraph 70 of the Complaint more appropriately should be admitted or denied by the co-defendant.

## COUNT II

**(Negligence – Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D.; District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Universal Health Services, Inc.; Christopher Lang, M.D.)**

71.    Defendant incorporates herein its responses to paragraphs 1-70 above.

72.    Denied.

73.    Denied.

74.    Denied.

75.    The allegations contained in Paragraph 75 of the Complaint more appropriately should be admitted or denied by the co-defendant.

76.   Denied.

## COUNT III

**(Medical Malpractice - Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D.; District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Universal Health Services, Inc.; Christopher Lang, M.D.)**

77.   Defendant incorporates herein its responses to paragraphs 1-76 above. Denied.

78.   Denied.

79.   Denied.  The allegations contained in Paragraph 79 of the Complaint regarding the Howard University defendants more appropriately should be admitted or denied by the co-defendant.

80.   Denied.

81.   Denied.

## COUNT IV

**(Negligent Hiring/Training/Supervision:  Defendants Howard University Hospital; Howard University; District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Universal Health Services, Inc.)**

82.   Defendant incorporates herein its responses to paragraphs 1-81 above. Denied.

83.   Denied

84.   Denied

85.   Denied.

86.   Denied

87.   Denied.

## COUNT V

### (Negligent Hiring/Training/Supervision:  Defendant District of Columbia)

88.     The allegations contained in Paragraph 88 of the Complaint more appropriately should be admitted or denied by the co-defendant.

89.     The allegations contained in Paragraph 89 of the Complaint more appropriately should be admitted or denied by the co-defendant.

90.     The allegations contained in Paragraph 90 of the Complaint more appropriately should be admitted or denied by the co-defendant.

91.     The allegations contained in Paragraph 91 of the Complaint more appropriately should be admitted or denied by the co-defendant.

92.     The allegations contained in Paragraph 92 of the Complaint more appropriately should be admitted or denied by the co-defendant.

93.     The allegations contained in Paragraph 93 of the Complaint more appropriately should be admitted or denied by the co-defendant.

## COUNT VI

### (Negligence:  Defendant District of Columbia)

94.     The allegations contained in Paragraph 94 of the Complaint more appropriately should be admitted or denied by the co-defendant.

95.     The allegations contained in Paragraph 95 of the Complaint more appropriately should be admitted or denied by the co-defendant.

96.     The allegations contained in Paragraph 96 of the Complaint more appropriately should be admitted or denied by the co-defendant.

97.     The allegations contained in Paragraph 97 of the Complaint more appropriately should be admitted or denied by the co-defendant.

## COUNT VII

### (Negligent Failure to Investigate – Defendant District of Columbia)

98.     The allegations contained in Paragraph 98 of the Complaint more appropriately should be admitted or denied by the co-defendant.

99.     The allegations contained in Paragraph 99 of the Complaint more appropriately should be admitted or denied by the co-defendant.

100.    The allegations contained in Paragraph 100 of the Complaint more appropriately should be admitted or denied by the co-defendant.

101.    The allegations contained in Paragraph 101 of the Complaint more appropriately should be admitted or denied by the co-defendant.

102.    The allegations contained in Paragraph 102 of the Complaint more appropriately should be admitted or denied by the co-defendant.

WHEREFORE, the defendant The George Washington University, having fully answered, respectfully requests that this Court:

1.      Dismiss the plaintiff's Complaint with prejudice;

2.      Award the defendant its costs incurred including attorney's fees; and

3.      Award such other relief as this Court deems proper.

Respectfully submitted,

GLEASON, FLYNN, EMIG &
FOGLEMAN, CHARTERED


/s/ James P. Gleason, Jr.
James P. Gleason, Jr. #291005

12

*/s/ Larry D. McAfee*
Larry D. McAffee #457226

*/s/ Christopher R. Smith*
Christopher R. Smith # 477393
11 North Washington Street
Suite 400
Rockville, Maryland 20850
(301) 294-2110

**Counsel for Defendant The George Washington University**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer to Complaint was either served electronically or mailed, postage prepaid, this 12th day of September, 2007, to:

Bruce V. Spiva, Esquire
Kathleen R. Hartnett, Esquire
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036

Michelle Hamilton Davy, Esq.
Office of the Attorney General for the District of Columbia
Room 6S085
441 4th Street, N.W.
Washington, D.C. 20007

Karen R. Turner, Esquire
Hamilton, Altman, Canale & Dillon, LLC
4600 East-West Highway
Bethesda, Maryland 20814

District Hospital Partners, L.P.
c/o CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, D.C. 20005

Universal Health Services, Inc.
c/o CT Corporation System
1635 Market Street
Philadelphia, PA 19103

Christopher Lang, M.D.
900 23rd Street, N.W.
Washington, D.C. 20037

*/s/ Christopher R. Smith*_____
Christopher R. Smith