IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY    *

    Plaintiff    *

Vs.    *    Case No.: 1:07-CV-01498 M
        Judge Richard J. Leon

DISTRICT OF COLUMBIA, *et al.*    *

    Defendants    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### ANSWER OF DEFENDANT, DISTRICT HOSPITAL PARTNERS, LP TO PLAINTIFF'S COMPLAINT

Now comes District Hospital Partners, LP, d/b/a George Washington University Hospital, a Defendant, by its attorneys, Thomas V. Monahan, Jr., Adam Kelley, and Goodell, DeVries, Leech & Dann, LLP, and responds to the Complaint and to each and every Count thereof as follows:

### FIRST DEFENSE

1.    The Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

### SECOND DEFENSE

2.    This Defendant generally denies all allegations of liability and demands strict proof thereof.

### THIRD DEFENSE

Responding to the individually numbered paragraphs of the Complaint, this Defendant states as follows:

3. This Defendant does not have sufficient knowledge of the truth or falsity of the allegations in paragraphs 1 through 4 of the Complaint to form a belief as to their accuracy and, therefore, they are denied.

4. Responding to paragraph 5 of the Complaint, this Defendant denies that this Court has jurisdiction over it pursuant to 28 U.S.C. §§ 1331, 1367(a) and 42 U.S.C. § 1395(dd)(e)(1). This Defendant does not have sufficient information at this time to form a belief as to the accuracy that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) to form a belief as to its accuracy and, therefore, it is denied.

5. This Defendant denies that this Court has venue for any claims against District Hospital Partners based on 28 U.S.C. § 1391(b). This Defendant admits the allegations in the second sentence of paragraph 6 of the Complaint.

6. This Defendant does not have sufficient knowledge of the truth or falsity of the allegations in paragraphs 7 through 12 of the Complaint to form a belief as to their accuracy and, therefore, they are denied.

7. The allegations in paragraphs 13 and 14 of the Complaint are admitted.

8. Responding to paragraph 15 of the Complaint, the allegation that UHS was "involved in" the ownership and management of George Washington University Hospital is an imprecise, ambiguous allegation. This Defendant cannot form a belief as to the truth or accuracy of this allegation and, therefore, it is denied. This Defendant denies that UHS "provided medical care and treatment to plaintiff."

9. Responding to paragraph 16 of the Complaint, the first sentence of that paragraph is admitted. The second sentence is denied.

10. This Defendant does not have sufficient knowledge of the truth or falsity of the allegations in paragraphs 17 through 58 to form a belief as to their accuracy and, therefore, they are denied.

11. Responding to paragraph 59 of the Complaint, this Defendant denies that the Plaintiff arrived at George Washington University Hospital at approximately 8:00 p.m. It admits that the Plaintiff advised hospital personnel that she thought that she had been raped. At this point, this Defendant does not have sufficient knowledge to determine the truth or accuracy of the allegation that the Plaintiff stated that she had possibly been given a date-rape drug or the allegation that she was not seen until approximately 9:30 p.m. by a triage nurse.

12. This Defendant admits the allegations in the first sentence of paragraph 60 of the Complaint. However, this Defendant does not have sufficient knowledge of the truth or falsity of the remaining allegations in paragraph 60 of the Complaint to form a belief as to their accuracy and, therefore, they are denied.

13. This Defendant does not have sufficient knowledge of the truth or falsity of the allegations in paragraphs 61 through 64 of the Complaint to form a belief as to their accuracy and, therefore, they are denied.

14. The allegations in paragraph 65 of the Complaint are denied.

15. Responding to paragraph 66 of the Complaint, this Defendant incorporates herein by reference its previous responses to paragraphs 1 through 65. As all of the allegations in Count I (paragraphs 66 through 70) are not directed to this Defendant, no responses to the allegations are required of this Defendant.

16. Responding to paragraph 71 of the Complaint, this Defendant incorporates by reference its previous responses to paragraphs 1 through 70.

17. Responding to paragraph 72 of the Complaint, this Defendant admits that it owed a duty to the Plaintiff to conform to the standard of care of a reasonable hospital emergency room. Otherwise, this Defendant denies that the allegations in paragraph 72 are accurate as to the duty of District Hospital Partners, LP.

18. This Defendant denies the allegations in paragraphs 73 and 74 of the Complaint.

19. As all of the allegations in paragraph 75 of the Complaint are directed at a Co-Defendant, no response to these allegations is required of District Hospital Partners, LP.

20. The allegations in paragraph 76 of the Complaint are denied to the extent that they are directed at this Defendant.

21. This Defendant responds to paragraph 77 of the Complaint by incorporating herein by reference its previous responses to paragraphs 71 through 76. Additionally, this Defendant admits the new allegation in paragraph 77.

22. To the extent that the allegations in paragraphs 78 through 81 are directed to this Defendant, its agents, servants or employees, the allegations are denied.

23. Responding to paragraph 82 of the Complaint, this Defendant incorporates herein by reference its previous responses to paragraphs 1 through 81. The remaining allegations in paragraph 82 of the Complaint are denied.

24. The allegations in paragraph 83 of the Complaint are admitted.

25. The allegations in paragraphs 84 through 87 of the Complaint are denied to the extent that they are directed to District Hospital Partners, LP, its agents, servants or employees.

26. As the allegations in paragraphs 88 through 101 (Counts V, VI and VII) of the Complaint are directed at a Co-Defendant, no response to these allegations is required of District Hospital Partners, LP.

WHEREFORE, having fully responded to all of the allegations in the Complaint, this Defendant respectfully denies that the Plaintiff is entitled to any of the relief requested and asks that this Court enter a judgment in favor of District Hospital Partners, LP as to all Counts of the Complaint which are directed against District Hospital Partners. Additionally, this Defendant requests that the judgment include an award to it of all attorney's fees, costs, expenses and other items of damage to which it is entitled.

### FOURTH DEFENSE

27. The Plaintiff caused or contributed to the injuries alleged.

### FIFTH DEFENSE

28. The Plaintiff assumed the risk of the injuries alleged.

### SIXTH DEFENSE

29. This Defendant reserves the right to assert any additional or other defenses which may become evident during the litigation of this matter.

Respectfully submitted,

/s/ Thomas V. Monahan, Jr.
Thomas V. Monahan, Jr. (Bar No. 04471)
Adam Kelley (Bar No. 26663)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
**Attorneys for Defendant, District Hospital Partners, LP**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September, 2007, the foregoing document was served electronically upon all parties of record.

                                                  */s/ Thomas V. Monahan, Jr.*
                                                  Thomas V. Monahan, Jr.

890703