IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | : |
| Plaintiff, | : |
| | : Case No. 1:07-CV-01498 |
| v. | : Judge Richard J. Leon |
| DISTRICT OF COLUMBIA, et al., | : |
| Defendants. | : |

**ANSWER OF DEFENDANT CHRISTOPHER LANG, M.D.**

COMES NOW, Defendant, Christopher Lang, M.D. (hereinafter "defendant"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, and for an Answer to the Complaint and Demand for Jury Trial filed herein, states as follows:

**INTRODUCTION**

1. Defendant has insufficient information to admit or deny the allegations contained in paragraph 1 of the Complaint. To the extent the allegations contained in paragraph 1 require a response, they are denied.

2. Defendant has insufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint as these allegations are more appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraph 2 require a response, they are denied.

3. The allegations contained in paragraph 3 of the Complaint are legal conclusions to which no response is necessary. To the extent the allegations contained in paragraph 3 require a response, they are denied.

275161.1

4. Defendant denies the allegations contained in paragraph 4 of the Complaint that Defendant refused to take plaintiff's complaint seriously, failed to provide her with reasonable care she was owed, and deprived the plaintiff of ever seeing he assailant brought to justice. The remaining allegations contained are legal conclusions to which no response is necessary. To the extent the remaining allegations contained in paragraph 4 require a response, they are denied.

## JURISDICTION AND VENUE

5. The allegations contained in paragraph 5 of the Complaint regarding jurisdiction are legal conclusions to which no response is necessary. To the extent the allegations contained in paragraph 5 require a response, they are denied.

6. The allegations contained in paragraph 6 of the Complaint regarding venue are legal conclusions to which no response is necessary. To the extent the allegations contained in paragraph 6 require a response, they are denied.

## PARTIES

7. Defendant has insufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint. To the extent the allegations contained in paragraph 7 require a response, they are denied.

8. Defendant has insufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint as these allegations are more appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraph 8 require a response, they are denied.

9. Defendant has insufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint as these allegations are more appropriately

275161.1

submitted to co-defendant for response. To the extent the allegations contained in paragraph 9 require a response, they are denied.

10-15. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 10 through 15 of the Complaint as these allegations are more appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraphs 10 through 15 require a response, they are denied.

16. Defendant admits only that Christopher Lang, M.D. is a duly licensed practitioner in the field of Emergency Medicine. The remaining allegations contained in paragraph 16 are legal conclusions to which no response is necessary.

## FACTUAL BACKGROUND

### The Sexual Assault

17-26. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 17 through 26 of the Complaint. To the extent the allegations contained in paragraphs 17 through 26 require a response, they are denied.

### The Initial Visit To HUH

27-42. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 27 through 42 of the Complaint as these allegations are more appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraphs 27 through 42 require a response, they are denied.

### The Second visit to HUH

43-45. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 43 through 45 of the Complaint as these allegations are more

appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraphs 43 through 45 require a response, they are denied.

**The MPD's Involvement**

46.     Defendant has insufficient information to admit or deny the allegations contained in paragraph 46 of the Complaint as these allegations are more appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraph 46 require a response, they are denied.

47.     Defendant has insufficient information to admit or deny the allegations contained in paragraph 47 of the Complaint as these allegations are more appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraph 47 require a response, they are denied.

48-53.  Defendant has insufficient information to admit or deny the allegations contained in paragraphs 48 through 53 of the Complaint as these allegations are more appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraphs 48 through 53 require a response, they are denied.

54.     Defendant has insufficient information to admit or deny the allegations contained in paragraph 54 of the Complaint as these allegations are more appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraph 54 require a response, they are denied.

**A "Chain of Failures"**

55-57.  Defendant has insufficient information to admit or deny the allegations contained in paragraphs 55 through 57 of the Complaint as these allegations are more

275161.1

appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraphs 55 through 57 require a response, they are denied.

**A Visit to GWUH**

58. Defendant has insufficient information to admit or deny the allegations contained in paragraph 58 of the Complaint as these allegations are more appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraph 58 require a response, they are denied.

59-62. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 59 through 62 of the Complaint as these allegations are more appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraphs 59 through 62 require a response, they are denied.

63. Defendant is not in possession of the complete medical records referable to the plaintiff and, therefore, has insufficient information to admit or deny the allegations contained in paragraph 63 of the Complaint. To the extent the allegations contained in paragraph 63 require a response, they are denied.

64. Defendant is not in possession of the medical records referable to the plaintiff and, therefore, has insufficient information to admit or deny the allegations contained in paragraph 64 of the Complaint. To the extent the allegations contained in paragraph 64 require a response, they are denied.

65. Defendant has insufficient information to admit or deny the allegations contained in paragraph 65 of the Complaint as these allegations are more appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraph 65 require a response, they are denied.

## CLAIMS

## COUNT I

**(Violation of Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd et seq. – Defendants Howard University Hospital; Howard University)**

66. In response to paragraph 66 of the Complaint, Defendant incorporates by reference responses to paragraphs 1 through 65 above and Defendant herein has insufficient information to admit or deny the remaining allegations contained in paragraph 66 of the Complaint as these allegations are more appropriately submitted to co-defendants for response.

67-71. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 67 through 71 of the Complaint as these allegations are more appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraphs 67 through 71 require a response, they are denied.

## COUNT II

**(Negligence – Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D.; District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Universal Health Services Inc.; Christopher Lang, M.D.**

71. In response to paragraph 71 of the Complaint, Defendant incorporates by reference responses to paragraphs 1 through 70 above.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in paragraph 74 of the Complaint.

75. Defendant has insufficient information to admit or deny the allegations contained in paragraph 75 of the Complaint as these allegations are more appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraph 75 require a response, they are denied.

76. Defendant denies the allegations contained in paragraph 76 of the Complaint.

## COUNT III

**(Medical Malpractice – Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D.; District Hospital Partners d/b/a George Washington University; Universal Health Services Inc.; Christopher Lang, M.D.)**

77. In response to paragraph 77 of the Complaint, Defendant incorporates by reference responses to paragraphs 1 through 76 above. The remaining allegations contained in paragraph 77 are legal conclusions to which no response is necessary. To the extent the remaining allegations in paragraph 77 require a response, they are denied.

78. Defendant denies the allegations contained in paragraph 78 of the Complaint.

79. Defendant denies the allegations regarding negligent care and treatment by the Defendants contained in paragraph 79 of the Complaint. The remaining allegations in paragraph 79 of the complaint with respect to the Howard University Defendants are more appropriately submitted to the co-defendant for response.

80. Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in paragraph 81 of the Complaint.

## COUNT IV

**(Negligent Hiring/Training/Supervision: Defendants Howard University Hospital; Howard University; District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Universal Health Services, Inc.)**

82.     In response to paragraph 82 of the Complaint, Defendant incorporates by reference responses to paragraphs 1 through 81 above and Defendant herein has insufficient information to admit or deny the remaining allegations contained in paragraph 82 of the Complaint as these allegations are more appropriately submitted to co-defendants for response.

83.     Defendant has insufficient information to admit or deny the allegations contained in paragraphs 83 through 87 of the Complaint as these allegations are more appropriately submitted to co-defendants for response. To the extent the allegations contained in paragraphs 83 through 87 require a response, they are denied.

## COUNT V

**(Negligent Hiring/Training/Supervision: Defendant District of Columbia)**

88.     In response to paragraph 88 of the Complaint, Defendant incorporates by reference responses to paragraphs 1 through 87 above and Defendant herein has insufficient information to admit or deny the remaining allegations contained in paragraph 88 of the Complaint as these allegations are more appropriately submitted to co-defendant for response.

89-93. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 89 through 93 of the Complaint as these allegations are more

appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraphs 89 through 93 require a response, they are denied.

### COUNT VI

**(Negligence: Defendant District of Columbia)**

94. In response to paragraph 94 of the Complaint, Defendant incorporates by reference responses to paragraphs 1 through 93 above and Defendant herein has insufficient information to admit or deny the remaining allegations contained in paragraph 93 of the Complaint as these allegations are more appropriately submitted to co-defendant for response.

95-97. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 95 through 97 of the Complaint as these allegations are more appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraphs 95 through 97 require a response, they are denied.

### COUNT VII

**(Negligent Failure to Investigate – Defendant District of Columbia)**

98. In response to paragraph 98 of the Complaint, Defendant incorporates by reference responses to paragraphs 1 through 97 above and Defendant herein has insufficient information to admit or deny the remaining allegations contained in paragraph 98 of the Complaint as these allegations are more appropriately submitted to co-defendant for response.

99-101. Defendant has insufficient information to admit or deny the allegations contained in paragraphs 99 through 101 of the Complaint as these allegations are more

appropriately submitted to co-defendant for response. To the extent the allegations contained in paragraphs 99 through 101 require a response, they are denied.

WHEREFORE, based on the foregoing answers, these defendants request that judgment be entered in their favor, that all claims against them be dismissed with prejudice, that the Court award the costs and fees associated with the defense of this action and all other relief this Court deems just and proper.

Defendants deny all allegations contained set forth in the Complaint that are not specifically admitted herein.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The cause of action, if any, is barred by the applicable statute of limitations and/or laches.

### THIRD DEFENSE

The plaintiffs' damages, if any, are the result of the plaintiff's own negligence, contributory negligence, assumption of the risk and / or failure to mitigate damages.

### FOURTH DEFENSE

Plaintiffs' damages, if any, are the result of actions, commissions, omissions or liabilities of others for whom these defendants are not legally responsible.

### FIFTH DEFENSE

This defendant will rely upon all affirmative defenses lawfully available to him, including, but not limited to, those already asserted herein.

## SIXTH DEFENSE

This defendant complied with the applicable standards of care and did not cause the injuries alleged.

## SEVENTH DEFENSE

Plaintiff's damages, if any, are the result of superseding / intervening cause(s)

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:   */s/ Robert W. Goodson*
Robert W. Goodson, # 935239

*/s/ Deidre L. Robokos*
Deidre L. Robokos, # 492013
The Colorado Building
1341 G Street, N.W.
Suite 500
Washington, D.C.  20005
Robert.Goodson@wilsonelser.com
Deidre.Robokos@wilsonelser.com

(202) 626-7660
(202) 628-3606 (facsimile)

275161.1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Answer was filed electronically, this 5<u>th</u> day of October 2007, to:

    Bruce V. Spiva, Esq.
    Kathleen R. Hartnett, Esq.
    Spiva & Hartnett, LLP
    1776 Massachusetts Avenue, NW
    Suite 600
    Washington, DC 20036
    *Counsel for Plaintiff*

    Michelle Daly, Esq.
    Office of the Attorney General for the District of Columbia
    Sixth Floor South
    441 4th Street, N.W.
    Washington, DC 20001
    *Counsel for Defendant District of Columbia*

    Thomas V. Monahan, Jr., Esq.
    Adam Kelley, Esq.
    Goodell, DeVries, Leech & Dann, LLP
    One South Street, 20th Floor
    Baltimore, MD 21202
    *Counsel for Defendant District Hospital Partners, LP*

    Gleason, Flynn, Emig & Fogleman, Chartered
    James P. Gleason, Jr., Esq.
    Larry D. VcAffee, Esq.
    Christopher R. Smith, Esq.
    11 North Washington Street
    Suite 400
    Rockville, MD 20850
    *Counsel for Defendant The George Washington University*

                                */s/ Deidre L. Robokos*
                                Deidre L. Robokos, Esq.

275161.1