UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01498 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

DEFENDANT DISTRICT OF COLUMBIA'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT

Defendant District of Columbia, by and through the undersigned counsel, hereby moves per Fed. R. Civ. P. 12 (b)(6) and R. 56 to dismiss plaintiff's Complaint. A Memorandum of Points and Authorities ("Memorandum"), is attached hereto and incorporated herein.

As stated more fully in the accompanying Memorandum, the court does not have jurisdiction over the District and, as to this defendant, the action must be dismissed.

Since this is a dispositive motion, defendant was not required to obtain consent from plaintiff to the relief requested in this Motion.

WHEREFORE, for the reasons stated above, defendant prays that judgment be entered in its favor and the complaint dismissed.

Date:  October 29, 2007                    Respectfully submitted,

                                           LINDA SINGER
                                           Attorney General for the District of Columbia

                                           GEORGE C. VALENTINE
                                           Deputy Attorney General
                                           Civil Litigation Division

>/s/Kimberly Matthews Johnson
>KIMBERLY MATTHEWS JOHNSON, #435163
>Chief, General Litigation Sec. I
>
>/s/Michelle Davy
>MICHELLE DAVY, #454524
>Assistant Attorney General
>Sixth Floor South
>441 4th Street, N.W.
>Washington, D.C. 20001
>(202) 724-6608; (202) 727-3625 (fax)
>E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 29th day of October, 2007, that a copy of the foregoing Defendant District of Columbia's Reply to Plaintiff's Opposition to the Motion to Dismiss, or in the Alternative, for Summary Judgment herein was delivered by first class mail postage prepaid or ECF, to:

>Anthony Graham, Sr.
>Smith Graham & Crump, LLC
>9200 Basil Court
>Suite 301
>Largo, Maryland 20774
>
>/s/Michelle Davy
>Michelle Davy
>Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, et al., )<br>)<br>Defendants. )<br>_____) | Case No. 1:07-cv-01498 (RJL) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO OPPOSITION
TO MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

This Court should dismiss plaintiff's Complaint against defendant District of Columbia because:

1.     The court does not have jurisdiction over the District and, as to this defendant, the action must be dismissed.

**I. FACTUAL BACKGROUND**

On or about December 9, 2006, plaintiff Alexandria McGaughey, then a 19 year old student at Howard University, alleges that she was sexually assaulted at an off-campus party. Complaint at ¶ 1. Plaintiff alleges that during this event she was likely given a date rape drug and penetrated anally. *Id.*

Plaintiff alleges that she subsequently made multiple attempts to obtain medical treatment for the apparent rape at the defendant medical facilities, by the defendant physicians, to no avail. *See e.g.* complaint at ¶28, 43, 61. Plaintiff also alleges that her case was mishandled by the

Metropolitan Police Department, which unjustifiably refused to investigate the case as a rape. Complaint at ¶ 47.

Plaintiff brought the entitled action against the defendants on or about August 21, 2007. Docket Entry No. 1. Plaintiffs seeks: compensation in an undisclosed amount, an order that the District "properly investigate" plaintiff's alleged sexual assault, an order that the hospital defendants and the District institute "corrective action for the future handling of cases of sexual assault," pre and post judgment interest, costs and reasonable attorney fees. Complaint at p. 32.

## II.   STANDARD OF REVIEW

### A.  Motions to Dismiss.

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where claims are not stated adequately, or are not supported by a showing of a set of facts consistent with the allegations in the complaint. *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007)("…once a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint").

Under Rule 12(b)(6), all allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff. *Atkins v. Industrial Telecommunications Assn.*, 660 A.2d 885, 887 (1995). *Bell Atlantic v. Twombly, supra*, is illuminating on what the U.S. Supreme Court has recently said plaintiffs must plead in order to state a claim:

Factual allegations must be enough to raise a right to relief above the speculative level…. "[t]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legal cognizable right of action (citations omitted)…." *Id*. at 1964.

Rule 8(a) "contemplates the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it (citations omitted)." *Id*. at 1965, n. 3.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and the court (citations omitted).'" *Id*. at 1966.

"[I]n practice, a complaint…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory (citations omitted)." *Id*. at 1969.

"[O]nce a claim has been stated adequately, it may be support by showing any set of facts consistent with the allegations in the complaint (citations omitted)." *Id*.

### B.  Motions for Summary Judgment.

Alternatively, Fed. R. Civ. P. 12 (b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Summary judgment should be granted if "there is no genuine issue as to any material fact and…the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. R. 56 (c).  "A moving party is entitled to judgment as a matter of law "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *I.J.G., Inc. v. Penn-America Ins. Co.*, 803 A.2d 430 (2002), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993). Instead the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.*; *Beard v. Area Transit Authority*, 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id.*

Because, even making all reasonable inferences in the plaintiff's favor, the plaintiff cannot state a recoverable claim against the District, it is entitled to judgment as a matter of law and the complaint should be dismissed, or in the alternative, summary judgment should be granted in its favor. Applying either standard, this Court should grant defendants' Motion to Dismiss or, in the alternative, grant defendants summary judgment.

### The Court Does Not Have Jurisdiction Over the District in this Case.

It is axiomatic that, generally, subject matter jurisdiction over a case or controversy in the federal courts is established by either 1) a federal question at issue, or 2) diversity of citizenship of the litigants provided the amount in controversy is more than $75,000.00. 28 USC § 1331 et seq.

At ¶¶ 5 and 6, complaint, plaintiff states that this Court has subject matter jurisdiction under both federal question (28 USC § 1331) and diversity of citizenship (28 USC § 1332 (a)(1)) bases.

In addition, ¶ 5, complaint, sets forth a basis for this Court's supplemental jurisdiction over state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…." 28 USC § 1367 (a).

4

Nonetheless, this Court does not have federal question jurisdiction herein over the District. At Counts 5, 6 and 7, the complaint alleges only common claims against the District. In order for the Court to exercise jurisdiction over the District based on federal question, plaintiff must bring federal claims against the District which she has not done in the instant case.

Likewise, this Court does not have diversity of citizenship jurisdiction over the District. *Long v. District of Columbia*, 261 U.S. App. D.C. 1, 820 F.2d 409 (1987). In *Long*, the Court specifically held that the District is not subject to the diversity jurisdiction of the federal courts since it is not a state. The *Long* court further held that the District is also not subject to pendent party jurisdiction in a case based on diversity. *Id.*

Thus, since the court does not have original jurisdiction over the District under either the federal question or diversity bases, there is no basis for the Court to exercise supplemental jurisdiction over the claims herein lodged against the District. Accordingly, the case against the District must be dismissed.

WHEREFORE, for the reasons stated above, defendant prays that judgment be entered in its favor and the complaint dismissed.

Date: October 29, 2007         Respectfully submitted,

                                                LINDA SINGER
                                                Attorney General for the District of Columbia

                                                GEORGE C. VALENTINE
                                                Deputy Attorney General
                                                Civil Litigation Division

                                                /s/Kimberly Matthews Johnson
                                                KIMBERLY MATTHEWS JOHNSON, #435163
                                                Chief, General Litigation Sec. I

                                                /s/Michelle Davy
                                                MICHELLE DAVY, #454524
                                                Assistant Attorney General

                                      Sixth Floor South
                                      441 4th Street, N.W.
                                      Washington, D.C. 20001
                                      (202) 724-6608
                                      (202) 727-3625 (fax)
                                      E-Mail: michelle.davy@dc.gov

### **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY this 29th day of October, 2007, that a copy of the foregoing Memorandum of Points and Authorities in Support of Defendant District of Columbia's Reply to Opposition to Motion to Dismiss, or in the alternative, for Summary Judgment was delivered by first class mail postage prepaid or ECF, to:

**Robert Wade Goodson**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW
Suite 500
Washington, DC 20005-3105

**Kathleen Roberta Hartnett**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Larry Darnell McAfee**
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street
Suite 400
Rockville, MD 20850

**Thomas Vincent Monahan, Jr.**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202

**Deidre L. Robokos**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLC
1341 G Street, NW
Suite 500
Washington, DC 20005

**Bruce V. Spiva**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Karen R. Turner**
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway
Suite 201
Bethesda, MD 20814

/s/Michelle Davy
Michelle Davy
Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALEXANDRIA MCGAUGHEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01498 (RJL) |
| | ) |
| **DISTRICT OF COLUMBIA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**ORDER**

Upon consideration of Defendants District of Columbia's Motion to Dismiss or, in the Alternative, for Summary Judgment, supporting Memorandum of Points and Authorities, any opposition, and the entire record herein, it is by the Court this _____ day of _____, 2007, hereby **ORDERED**

that Defendant District of Columbia's Motion to Dismiss or, in the Alternative, for Summary Judgment be, and hereby is **GRANTED**; and it is hereby **ORDERED**

that the Plaintiff's Complaint be, and hereby is **DISMISSED**.

**SO ORDERED**.

                                                                                    _____
                                                                                    JUDGE RICHARD J. LEON

cc:
Michelle Davy, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001

**Robert Wade Goodson**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

1341 G Street, NW
Suite 500
Washington, DC 20005-3105

**Kathleen Roberta Hartnett**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Larry Darnell McAfee**
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street
Suite 400
Rockville, MD 20850

**Thomas Vincent Monahan, Jr.**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202

**Deidre L. Robokos**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLC
1341 G Street, NW
Suite 500
Washington, DC 20005
**Bruce V. Spiva**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Karen R. Turner**
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway
Suite 201
Bethesda, MD 20814