IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA McGAUGHEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 1:07-cv-01498<br><br>Judge Richard J. Leon |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION
TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff Alexandria McGaughey respectfully submits this Opposition to Defendant District of Columbia's ("District's") Motion to Dismiss, or in the Alternative, for Summary Judgment ("Def's Mot."). The District's motion – for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56 – should be denied in full.

Counts V, VI and VII of the Complaint state cognizable causes of action against the District and are supported by detailed factual allegations. The District does not even argue that it has met the standards for dismissal under Federal Rules of Civil Procedure 12(b)(6) and 56, and it has failed to meet the procedural requirements for summary judgment. Accordingly, the District's request for relief under Federal Rules 12(b)(6) and 56 must be denied.

The District also claims that it cannot be subject to this Court's jurisdiction in this matter, although it fails to invoke Federal Rule 12(b)(1) – the dismissal rule pertaining to subject matter jurisdiction. This argument, too, is without merit. In fact, the Court has jurisdiction over the District pursuant to 28 U.S.C. § 1367(a), which provides for supplemental federal jurisdiction, because there is federal jurisdiction in this case over other claims and parties, and the claims

against the District are part of the same case or controversy. *See* 28 U.S.C. § 1367(a). The District does not contest that jurisdiction is appropriate as to all other parties and claims under 28 U.S.C. Sections 1331 (federal question) and/or 1332 (diversity). Rather, the District's motion is based on the false premise that there must be federal question or diversity jurisdiction over the District in the first place in order for the supplemental jurisdiction statute to apply to the District. Because the claims against the District are properly within this Court's supplemental jurisdiction, the District's Motion must be denied.

## FACTUAL BACKGROUND

As the District correctly observes, for purposes of this motion, all of Plaintiff's allegations must be accepted as true and construed in the light most favorable to Plaintiff. *See* Memorandum of Points and Authorities in Support of Defendant District of Columbia's []¹ Motion to Dismiss, or in the Alternative, for Summary Judgment at 2 (hereinafter "Def's Mem."). Because the District does not elaborate upon its assertion that Plaintiff fails to state a claim upon which relief can be granted, Plaintiff will not repeat her factual allegations in detail here. Rather, Plaintiff offers a brief summary of her claims in this case.

Plaintiff is a citizen of Illinois and a college student at Howard University in the District of Columbia. Complaint ¶ 7. She was sexually assaulted, likely after having been slipped a date-rate drug, at an off-campus party in the early hours of December 9, 2006. The Complaint concerns the extraordinary mistreatment that Plaintiff received from the District, Howard University Hospital, George Washington University Hospital, and employees of those entities, as Plaintiff sought to receive treatment in the hours following the sexual assault. Following her

---

¹ To avoid confusion, the words "Reply to Opposition to" that were erroneously included in the title of the District's memorandum have been removed. The District's memorandum is, in fact, in support of its initial motion.

2

sexual assault, Plaintiff – aided by credible witnesses – did precisely what Defendants' policies directed: she immediately presented herself at the hospital, sought medical and police assistance, and requested a rape kit for the collection of evidence, as well as other treatment appropriate for sexual assault. However, rather than provide Plaintiff the basic medical care and law enforcement response appropriate for a victim of sexual assault, Defendants in this case refused to accept her credible claim of sexual assault and failed to treat her in accord with the relevant standards of care. Among other things, Defendants, including employees of the District held out as specially trained in aiding sexual assault victims, mistook the obvious effects of a date rape drug as a sign of intoxication that, in Defendants' mistaken opinion, rendered Plaintiff unworthy of treatment. *See, e.g., id.* ¶¶ 1-4.

Defendants' actions, including those of the District, caused Plaintiff physical and emotional injury and precluded the collection of physical evidence that would have provided the most definitive chance of bringing her assailant to justice. As the Complaint details, Plaintiff's experience was entirely preventable. There are well-established standards of care for treatment of rape victims – in particular, for individuals who may have been victimized by date rape drugs. Defendants thus knew or should have known how to properly treat Plaintiff. Moreover, based on prior tragic experiences, the District and the other Defendants were well aware of the danger of dismissing crime victims as supposedly intoxicated and thus undeserving of treatment. *See, e.g., id.*

As a result of Plaintiff's mistreatment at the hospitals – first at Howard University Hospital, and then at George Washington University Hospital – the Complaint alleges four counts against those Defendants and their employees, including a claim for violation of the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd

*et seq.*[2]  Complaint ¶¶ 66-87.  Plaintiff also has alleged three counts against the District, based on the acts and omissions of its employees, in large part during Plaintiff's ordeal at the hospitals: (1) Count V alleges that the District is liable for negligence as a result of its failure to properly hire, train and supervise Metropolitan Police Officers, including with respect to the proper assessment and treatment of sexual assault victims, investigation of sexual assault cases, and collection and retention of forensic evidence of sexual assault; (2) Count VI alleges that the District is liable for negligence based upon its employees' interference with Plaintiff's treatment by the hospitals for sexual assault, including District employees' obstruction of the hospitals' collection of forensic evidence and performance of a forensic examination of Plaintiff; and (3) Count VII alleges that the District is liable for negligence based on its officers' failure to investigate Plaintiff's sexual assault, including their refusal to treat Plaintiff's complaint as an alleged sexual assault, particularly in light of the District's special duty to sexual assault victims created by the District's partnership with area hospitals and the District's insertion of itself into hospitals' treatment of sexual assault victims.  *See, e.g., id.* ¶¶ 88-101.

On May 24, 2007, Plaintiff provided the District with notice of the underlying facts and circumstances of this lawsuit pursuant to D.C. Code § 12-309.  On August 21, 2007, Plaintiff filed the Complaint in this Court pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1367(a), and 42 U.S.C. § 1395dd(e)(1) *et seq.*  Complaint ¶ 5.  The District has moved for dismissal pursuant to Federal Rule 12(b)(6) and, in the alternative, for summary judgment pursuant to Federal Rule 56.

---

[2] EMTALA requires hospital emergency rooms to provide appropriate screening, stabilization, and treatment to patients with emergency medical conditions, in order to prevent – as here – a hospital discharging a patient whose condition has not been treated or stabilized.  Plaintiff alleges that Defendants Howard University Hospital and Howard University violated EMTALA.  *See* Complaint ¶¶ 66-70.

# ARGUMENT

I.   **THE DISTRICT'S RULE 12(b)(6) MOTION MUST BE DENIED BECAUSE PLAINTIFF STATES COGNIZABLE CAUSES OF ACTION AGAINST THE DISTRICT, WHICH THE DISTRICT DOES NOT DISPUTE.**

The District has styled its Motion to Dismiss as falling under Federal Rule of Civil Procedure 12(b)(6), which permits dismissal for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6). *See* Def's Mot. at 1; Def's Mem. at 2-3. As this Court recently summarized:

> A motion to dismiss for failure to state a claim will not be granted unless the complaint does not contain "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), and there is no "'reasonably founded hope'" that the plaintiff can make a case, *id.* at 1969 (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)). In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rules of Civil Procedure 12(b)(6) and 9(b), this Court must view the factual allegations in the light most favorable to the plaintiff. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997).

*Evergreen Equity Trust v. Fannie Mae (In re Fannie Mae Sec.)*, 503 F. Supp. 2d 25, 31 (D.D.C. 2007). The District agrees that these standards apply to its Rule 12(b)(6) claim. *See* Def's Mem. at 2-3.

The District's Rule 12(b)(6) Motion must be denied, for two reasons. First, although the District describes the standards applicable to Rule 12(b)(6) motions, Def's Mem. at 2-3, the District presents absolutely no argument in support of its claim for Rule 12(b)(6) dismissal of Plaintiffs' claims against the District. In fact, the District appears to concede that Plaintiff has "allege[d] common [law] claims against the District," in Counts V, VI, and VII of the Complaint. *Id.* at 5. Because the District does not argue or show that Plaintiff has failed to state claims against the District upon which relief can be granted, there is no basis for dismissal under Rule 12(b)(6).

5

Second, and in any event, Plaintiff has pleaded three viable common law claims against the District under the well-settled cause of action of negligence.  Although Plaintiff's three claims against the District all sound in negligence, each claim alleges a distinct theory of negligence liability:  negligent training and supervision, negligent interference with Plaintiff's treatment and the collection of evidence, and negligent failure to investigate.  Not only are these three claims based on a well-settled cause of action, but they also are supported by detailed factual allegations that go well beyond what is required to survive a motion to dismiss for failure adequately to plead a claim for relief.  Accordingly, there is no basis for dismissal under Rule 12(b)(6).  *See, e.g.*, *Evergreen Equity Trust*, 503 F. Supp. 2d at 31 (explaining that a Rule 12(b)(6) motion "will not be granted unless the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1974 (2007))).

**II.    THE DISTRICT'S CLAIM FOR SUMMARY JUDGMENT MUST BE DENIED.**

The District has also moved for summary judgment under Federal Rule of Civil Procedure 56.  *See* Def's Mot. at 1; Def's Mem. at 3-4.  In addition to being meritless, the District's motion for summary judgment is premature, as this lawsuit was only recently commenced and there has not yet been any discovery on Plaintiff's extensive allegations.  For several reasons, that motion should be denied.

To begin with, the District has not even purported to comply with the Local Rules applicable to summary judgment motions.  *See* Local Civ. R. 7(h) (requiring a separate statement of material facts as to which the moving party contends there is no genuine issue); *id.* R. 56.1 (same).  Moreover, the District has not referenced "matters outside the pleading," which is the basis for treating a Rule 12(b)(6) motion as one for summary judgment.  Fed. R. Civ. P. 12(b);

6

*see* Def's Mem. at 3.  Nor has the District satisfied its "initial burden of demonstrating the absence of a genuine dispute of material fact." *Siegel v. Ridgewells, Inc.*, No. 05-1717, 2007 U.S. Dist. LEXIS 72739, at *7 (D.D.C. Sept. 30, 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Indeed, the District has altogether failed to argue an absence of dispute of fact or that it is entitled to judgment as a matter of law, as Rule 56 requires.  *See id.*; Fed. R. Civ. P. 56(c).

In any event, the District's motion lacks merit and must be denied, for the same reasons that its Rule 12(b)(6) motion fails – the District is not entitled to judgment as a matter of law, and there are plainly material facts in dispute (*i.e.*, those alleged by Plaintiff in the Complaint).  *See, e.g.*, *Siegel*, 2007 U.S. Dist. LEXIS 72739, at *7 ("Summary judgment is appropriate when the pleadings and the record demonstrate that 'there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (quoting Fed. R. Civ. P. 56(c)).  As discussed above, *see supra* Section I, Plaintiff has stated three viable causes of action against the District supported by detailed factual allegations.  There is no basis for summary judgment.

### III. THIS COURT HAS JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST THE DISTRICT.

Although the District has not moved for dismissal under Federal Rule 12(b)(1) – the provision covering dismissal for lack of subject matter jurisdiction – the District also asserts that it must be dismissed from this case for lack of jurisdiction.  Def's Mem. at 4-5.  To the extent the Court considers the District to be arguing for dismissal under Federal Rule 12(b)(1), the District's claim is based on a fundamentally flawed premise, is lacking in merit, and should be denied.

Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1395dd(e)(1) *et seq.* (federal question jurisdiction); 28 U.S.C. § 1332(a)(1) (diversity

jurisdiction); and 28 U.S.C. § 1367(a) (supplemental jurisdiction).  According to the District, because it is not directly susceptible to either federal question or diversity jurisdiction in this dispute, it therefore cannot be a party to this case pursuant to supplemental jurisdiction.  Def's Mem. at 4, 5 (claiming that "since the court does not have original jurisdiction over the District under either the federal question or diversity bases, there is no basis for the Court to exercise supplemental jurisdiction over the claims herein lodged against the District").

      The District's argument is based on the erroneous premise that the Court must have jurisdiction over the District pursuant to diversity or federal question jurisdiction in order for the Court to have supplemental jurisdiction over the District and Plaintiff's claims against it.  That is not what the supplemental jurisdiction statute provides.  So long as the Court otherwise has original jurisdiction over other parties and claims in the action, the Court also "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," including "claims that involve the joinder or intervention of additional parties."  28 U.S.C. § 1367(a).  In other words, the supplemental jurisdiction statute expressly provides for "pendent party" jurisdiction, and it is therefore not necessary for the Court to have federal question or diversity jurisdiction over the District for it to have supplemental jurisdiction over the District.  *See, e.g.*, *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction.  The last sentence of § 1367(a) makes it clear that the grant of supplemental jurisdiction extends to claims involving joinder or intervention of additional parties."); *id.* at 559 ("Section 1367(a) commences with the direction that §§ 1367(b) and (c), or

other relevant statutes, may provide specific exceptions, but otherwise § 1367(a) *is a broad jurisdictional grant, with no distinction drawn between pendent-claim and pendent-party cases.*" (emphasis added)); *cf.* Def's Mem. at 5.  Indeed, as recognized by the Supreme Court in *Allapattah Services, Inc.*, the supplemental jurisdiction statute, which was enacted in 1990, specifically overturned the Court's decision in *Finley v. U.S.*, 490 U.S. 545 (1989), by expressly authorizing the exercise of supplemental jurisdiction over "so-called pendent parties." *Allapattah Servs., Inc.*, 545 U.S. at 556-58.

   Here, Plaintiff's common law claims against the District are properly before the Court pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367.  Indeed, the District does not dispute that Plaintiff has satisfied the two requirements for supplemental jurisdiction: (1) the Court has original jurisdiction over other claims and parties in this case, and (2) Plaintiff's claims against the District are part of the same Article III case or controversy.  28 U.S.C. § 1367(a).  Specifically, Plaintiff's dispute against the Howard University Defendants is based, in part, upon federal question jurisdiction, based upon Plaintiff's EMTALA claim.  *See* 28 U.S.C. § 1331; 42 U.S.C. § 1395dd *et seq.*  Plaintiff's dispute against the George Washington University Defendants and the Howard University Defendants – *i.e.*, all Defendants other than the District – also is subject to diversity jurisdiction, because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff (a citizen of Illinois) and the Defendants (all citizens of the District of Columbia).  *See* 28 U.S.C. § 1332(a)(1).  Finally, Plaintiff's claims against all Defendants (including the District) concern the same course of conduct, and thus the same Article III case or controversy, *see* 28 U.S.C. § 1367(a) – a point that the District does not dispute.  *See, e.g.*, *Lindsay v. Gov't Employees Ins. Co.*, 448 F.3d 416, 423-24 (D.C. Cir. 2006) ("A federal claim and a state law claim form part of the same Article III  case or controversy if

the two claims 'derive from a common nucleus of operative fact' such that 'the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case."'" (quoting *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-165 (1997) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)))).

Thus, because this Court otherwise has original jurisdiction over this matter pursuant to federal question and diversity jurisdiction, and because Plaintiff's claims against the District are part of the same case or controversy, the Court has supplemental jurisdiction over Plaintiff's claims against the District. *See* 28 U.S.C. § 1367(a). [3]

It is no response to claim, as the District does, that there is no federal question or diversity jurisdiction against the District standing alone, *see* Def's Mem. at 5, because the supplemental jurisdiction statute expressly authorizes pendent party jurisdiction where – as here – there is otherwise federal jurisdiction over other parties in the same case or controversy. 28 U.S.C. § 1367(a); *Allapattah Servs., Inc.*, 545 U.S. at 558-559; *see also, e.g.*, *Speaks v. District*

---

[3] 28 U.S.C. § 1367(b) provides that if the only underlying basis for federal jurisdiction is diversity, then there may not be supplemental jurisdictional over additional parties (*i.e.*, pendent-party jurisdiction) "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). This provision is inapplicable here because diversity is not the only underlying basis for Plaintiff's lawsuit. Rather, there is federal question jurisdiction over Plaintiffs' EMTALA claim against the Howard University Plaintiffs.
    Although the presence of Plaintiff's substantial federal claim dispositively authorizes the Court's jurisdiction over the District pursuant to 28 U.S.C. §1367(a) and (b), supplemental jurisdiction over the District would be appropriate in any event, because the District's presence is not "inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b). The District's presence does not destroy the complete diversity that otherwise exists between Plaintiff (a citizen of Illinois) and the remaining Defendants (all citizens of the District). *See Allapattah Servs., Inc.*, 545 U.S. at 553-54 (explaining that the "purpose of the diversity requirement" is – as here – "to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants," and thus "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action").

*of Columbia*, No. 03-1965, 2006 U.S. Dist. LEXIS 16776, at *23, 25 n.6 (D.D.C. 2006). Plaintiff is not asserting diversity jurisdiction over the District, and thus it is irrelevant that "the District, like the fifty states, is not subject to diversity jurisdiction." *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987); *see* Def's Mem. at 5. Moreover, supplemental jurisdiction over Plaintiff's claims against the District is appropriate pursuant to 28 U.S.C. § 1367 notwithstanding *Long*'s ruling that "the District is not subject to pendent party jurisdiction in a case based on diversity." *Long*, 820 F.2d at 416; *see* Def's Mem. at 5. By its terms, this ruling in *Long* applies only to cases in which the sole basis for the underlying federal jurisdiction is diversity. *See Long*, 820 F.2d at 416. Where, as here, the underlying dispute is grounded on both federal question and diversity jurisdiction, *Long* and its reasoning do not apply. Moreover, *Long* predates the subsequently enacted 28 U.S.C. § 1367, which expressly authorizes supplemental jurisdiction over Plaintiff's claims against the District in this case, *see supra*, particularly because Plaintiff's claims are not "founded solely" on diversity jurisdiction. 28 U.S.C. § 1367(b); *see supra* n.3.[4]

Finally, the District has provided no basis, and there is none, for the Court to exercise its discretion to decline supplemental jurisdiction under the four narrow factors set forth in 28 U.S.C. § 1367(c). *See, e.g.*, *Lindsay,* 448 F.3d at 424 (describing a district court's "ability to decline to exercise supplemental jurisdiction over" parties with only state law claims as "circumscribed").[5] To begin with, the District has not invoked Section 1367(c) as a basis for the

---

[4] Although the Court should deny the District's motion without reaching this question, the supplemental jurisdiction statute would permit the exercise of supplemental jurisdiction over the District *even if* diversity were the only basis for jurisdiction against all other Defendants for the reasons set forth in footnote 3 above.

[5] *See also id.* at 421 ("Leaving aside the beginning proviso for the moment, we think it is clear that *section 1367(a)* authorizes a district court to exercise its supplemental jurisdiction in mandatory language.") (collecting cases).

Court to decline jurisdiction here, and it has therefore waived an argument for dismissal pursuant to that provision. *See Doe by Fein v. Dist. of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996) ("The discretionary aspect to supplemental jurisdiction is waivable."). In any event, Plaintiff's claims do not raise novel or complex issues of state law. *Cf.* 28 U.S.C. § 1367(c)(1). Nor do the claims against the District predominate over the claims against the other Defendants. *Cf. id.* § 1367(c)(2). The case against the District will require much, if not all, of the same evidence as the case against the other Defendants. Thus, it would make no sense as a matter of judicial economy or fairness to the parties to require this case to be tried twice, once in D.C. Superior Court against the District and once in federal court against all the other Defendants, over whom the Court clearly has original subject matter jurisdiction. This practical reality underscores that " 'the entire action before the Court comprises but one constitutional "case,"'" which is properly before this Court in its entirety. *Lindsay*, 448 F.3d at 424 (quoting *Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 164-165 (1997) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966))).

## **CONCLUSION**

For the foregoing reasons, the District's Motion to Dismiss, or, in the Alternative, for

Summary Judgment, should be denied.

Dated: November 13, 2007                          Respectfully submitted,

                                                  _____/s/_____
                                                  Bruce V. Spiva, D.C. Bar. No. 443754
                                                     bspiva@spivahartnett.com
                                                  Kathleen R. Hartnett, D.C. Bar. No. 483250
                                                     khartnett@spivahartnett.com
                                                  SPIVA & HARTNETT LLP
                                                  1776 Massachusetts Avenue, N.W.
                                                  Suite 600
                                                  Washington, D.C. 20036
                                                  Telephone: (202) 785-0601
                                                  Facsimile: (202) 785-0697

                                                  *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2007, a true and correct copy of the foregoing Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss, or, in the Alternative, for Summary Judgment, was served electronically via ECF upon the following:

Michelle H. Davy
  michelle.davy@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W, Room 6S085
Washington, D.C. 20007

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

                                                    /s/
                                      Bruce V. Spiva

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA McGAUGHEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 1:07-cv-01498 |

**[PROPOSED] ORDER DENYING DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Upon consideration of Defendant District of Columbia's Motion to Dismiss, or in the Alternative, for Summary Judgment, the opposition thereto, any additional supporting briefs and materials submitted by the parties, and the record herein, the Motion is hereby DENIED.

SO ORDERED, this _____ day of _____, 2007.

_____
Hon. Richard J. Leon
United States District Judge

Copies:

Bruce V. Spiva
 bspiva@spivahartnett.com
Kathleen R. Hartnett, D.C. Bar. No. 483250
 khartnett@spivahartnett.com
SPIVA & HARTNETT LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036

2

Michelle H. Davy
  michelle.davy@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W, Room 6S085
Washington, D.C. 20007

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202