IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA McGAUGHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:07-cv-01498 |
| v. ) | |
| ) | Judge Richard J. Leon |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | Next Event:   Scheduling Conference |
| ) | January 14, 2008, 2:30 p.m. |
| Defendants. ) | |
| ) | |

## JOINT MEET AND CONFER STATEMENT
## PURSUANT TO LOCAL CIVIL RULE 16.3(c)

Pursuant to Rule 26(f), F.R.Civ.P., Local Civil Rules 16.3(c) and (d), and the Court's August 24, 2007 Case Management Order, Plaintiff Alexandria McGaughey ("Plaintiff") and Defendants the District of Columbia ("the District"), Howard University Hospital ("HUH"), Howard University ("HU"), Wendie Williams, M.D., Dawit Yohannes, M.D., District Hospital Partners, L.P., d/b/a George Washington University Hospital, The George Washington University, and Christopher Lang, M.D. (collectively, "Defendants"), respectfully submit their Joint Local Civil Rule 16.3(c) statement.

### I.     STATEMENT OF FACTS AND CLAIMS

**A.     Plaintiff's Statement of Facts and Statutory Basis for Causes of Action**

Plaintiff was sexually assaulted and drugged at an off-campus party in the early hours of December 9, 2006. Brought by friends to Howard University Hospital ("HUH") immediately following the assault, the hospital unlawfully turned her away without administering a sexual assault medical forensic examination ("rape kit"), a date rape drug test, or providing adequate treatment. Plaintiff returned to HUH several hours later and HUH again refused to administer a

rape kit, test for date rape drugs, or otherwise adequately treat her. In addition, on her second visit to HUH, officers and detectives of the D.C. Metropolitan Police Department ("MPD") interfered with Plaintiff's receipt of testing and treatment, including by stating without basis that her complaint that she had been raped did not justify administering the tests. MPD also failed to investigate Plaintiff's rape complaint. Having been wrongfully denied testing and appropriate treatment at HUH, Plaintiff subsequently went to George Washington University Hospital ("GWUH") seeking to have critical evidence gathered and preserved as well as proper medical treatment. GWUH also wrongfully declined to administer either a rape kit or to test for the presence of a date rape drug.

Based on Defendants' conduct, as elaborated in Plaintiff's Complaint, Plaintiff alleges seven legal claims, including violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd *et seq.* (Count I); negligence (Counts II, VI); medical malpractice (Count III); negligent hiring, training and supervision (Counts IV, V); and negligent failure to investigate (Count VII).

**B.      Defendants' Statement of Facts and Defenses**

This is a medical malpractice action concerning Alexandra McGaughey, a student at Howard University, who alleges that she was potentially given a date rape drug and sodomized at an off campus party. This action seeks unspecified compensatory and punitive damages based on a claim of a failure on the part of the defendants to perform a rape kit when the plaintiff presented at Howard University Hospital and subsequently at the George Washington University Hospital. There are also allegations of negligence as to the District of Columbia.

Defendant District of Columbia: Defendant District of Columbia has filed a motion to dismiss for lack of jurisdiction which remains pending before the court. The District further denies all allegations of negligence or other wrongdoing in this case.

Defendants Howard University Hospital and Howard University: Defendants Howard University and Howard University d/b/a/ Howard University Hospital contend that they were not negligent in their hiring, training, or supervision of their staff, or in their care of the plaintiff. These defendants maintain that they at all times complied with 42 U.S.C. §1395dd(e)(1) to the extent that it applied in this case. These defendants further contend that the care and treatment rendered to Alexandria McGaughey, through their agents and employees, met all applicable standards of care. Specifically, the treatment rendered was appropriate based on Ms. McGaughey's clinical presentation and history provided. Furthermore, no alleged negligent act and/or omission to act on the part of these defendants proximately caused or substantially contributed to Ms. McGaughey's alleged injuries or other damages. These defendants reserve the right to assert the affirmative defenses of contributory negligence, assumption of the risk and/or, failure to mitigate damages.

Defendants Wendie Williams, M.D. and Dawit Yohannes, M.D.: Defendants Wendie Williams, M.D. and Dawit Yohannes, M.D. contend that they were not negligent and the care and treatment rendered to Alexandria McGaughey met all applicable standards of care. Specifically, the treatment rendered was appropriate based on Ms. McGaughey's clinical presentation and history provided. Furthermore, no alleged negligent act and/or omission to act on their part proximately caused or substantially contributed to Ms. McGaughey's alleged injuries or other damages. Dr. Williams and Dr. Yohannes reserve the right to assert the

affirmative defenses of contributory negligence, assumption of the risk and/or, failure to mitigate damages.

Defendant District Hospital Partners, LP: DHP will demonstrate that it complied fully with the standard of reasonable care in its treatment of Ms. McGaughey, that it breached no duty owed to Ms. McGaughey, that its employees acted reasonably under the circumstances, that it was not negligent in the hiring, training or supervision of its employees, and that Ms. McGaughey did not sustain any injury as a result of any action or failure to act on the part of DHP, its agents, servants or employees.

Defendant the George Washington University: Defendant GWU contends that it at all times complied with the applicable standard of care and that no action or inaction on the part of any of its agents, servants, or employees proximately caused the injuries alleged to have been suffered by the plaintiff. Defendant GWU's legal defenses will be predicated upon the medical and other records in this matter, as well as the testimony of the fact witnesses to be identified by and the opinions of the expert witnesses to be designated on behalf of this defendant in accordance with the Court's scheduling order.

Defendant Christopher Lang, M.D.: Dr. Lang's legal defenses will be predicated on (1) the national medical standard of care, (2) the affirmative defenses delineated in its Answer and (3) any alleged negligence on the part of Dr. Lang was not the proximate cause of any alleged damages. Dr. Lang contends that his treatment of the plaintiff was within the standard of medical care and he was not negligent with respect thereto.

## II. STATEMENT OF PARTIES' POSITIONS CONCERNING LOCAL CIVIL RULE 16.3(c) ISSUES

### 16.3(c)(1) – Dispositive Motions

Plaintiff does not believe the case is likely to be disposed of by dispositive motion. Only

4

one party, the District, has filed a dispositive motion, and that has been fully briefed. The District believes that the claims against it can be resolved by dispositive motion prior to discovery.

The parties agree that discovery should not be stayed pending resolution of that motion or any others. Defendants believe that many liability and damages issues may be amenable to resolution by summary judgment once discovery has been obtained on these issues. The parties are filing alternate proposed scheduling orders together with this statement that provide for briefing on any dispositive motions, other than the District's pending motion, after the close of discovery. The Parties are in agreement concerning the schedule for dispositive motions. *See* Proposed Scheduling Orders of Plaintiff and Defendant (attached hereto as Exhibits A and B, respectively) (hereinafter, "Proposed Scheduling Orders"); *see also infra* Topic LCvR 16.3(c)(6).

### 16.3(c)(2) – Deadline for Joining Parties and/or Amending Pleadings, and Whether Factual and Legal Issues Can Be Agreed Upon or Narrowed

The parties agree that the deadline for joining parties and/or amending pleadings should be April 16, 2008. *See also* Proposed Scheduling Orders. The parties do not yet know whether factual and legal issues can be agreed upon or narrowed.

### 16.3(c)(3) – Magistrate Judge

All parties have not consented to assignment to a magistrate judge for all purposes.

### 16.3(c)(4) – Possibility of Settlement

The parties have not had sufficient opportunity to determine the realistic possibility of settlement, but will consider and discuss the possibility of resolving this matter through settlement as the case proceeds.

### 16.3(c)(5) – ADR

The parties have not had sufficient opportunity to determine whether the case could

benefit from engaging in ADR (either the Court's procedures or private ADR). The parties believe that they will not be able to make such a determination until after initial disclosures are exchanged. Counsel will discuss the possibility of ADR with their clients, and will inform the Court promptly if they determine that use of the Court's ADR procedures might prove beneficial. The parties agree that neither discovery nor other pre-trial proceedings should be stayed pending engagement in ADR.

### 16.3(c)(6) – Summary Judgment and Dispositive Motions

Plaintiff does not believe that the case may be resolved by summary judgment or other dispositive motions, nor that any liability or damages issues may be so resolved.

Defendant District of Columbia believes that it may be dismissed from this action based on its pending motion to dismiss, and, in the alternative, for summary judgment. The remaining Defendants believe that many liability and damages issues may be amenable to resolution by summary judgment once discovery has been obtained on these issues.

The parties propose the following schedule for briefing of dispositive motions (including motions for partial or full summary judgment):

> December 19, 2008 – Deadline for dispositive motions.
>
> January 19, 2009 – Deadline for opposition briefs to dispositive motions.
>
> February 9, 2009 – Deadline for reply briefs to dispositive motions.
>
> April 9, 2009 – Proposed date for the Court's ruling on dispositive motions.

*See also* Proposed Scheduling Orders; *infra* Topic LCvR 16.3(c)(1).

### 16.3(c)(7) – Initial Disclosures

The parties do not stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P. The parties propose to make the disclosures on January 18, 2008. *See also*

Proposed Scheduling Order.

### 16.3(c)(8) – Discovery

The parties propose a fact discovery cut-off of May 16, 2008. *See also* Proposed Scheduling Order.

Plaintiff anticipates that she will need to take more than ten depositions due to the number of Defendants and potentially relevant witnesses. Plaintiff should be able better to assess the number of depositions she will need after receiving Defendants' initial disclosures. If Plaintiff determines that she will need to take more than ten depositions, she will seek the Court's permission to do so if she is unable to reach a stipulation with Defendants.

### 16.3(c)(9) – Expert Witness Disclosures and Depositions

The Parties agree that Plaintiff's Rule 26(a)(2) disclosures should be made on July 2, 2008. The Plaintiff and Defendants disagree concerning the sequencing of Rule 26(a)(2) disclosures and depositions. Their respective positions are set forth below, and are incorporated into their respective proposed scheduling orders:

**Plaintiff's Proposal Concerning Expert Disclosures**

Plaintiff proposes that all Rule 26(a)(2) expert reports be served prior to the taking of expert depositions. Specifically, Plaintiff proposes the following schedule:

- July 2, 2008 – Plaintiff's expert disclosures pursuant to Rule 26(a)(2), F.R.Civ.P.

- August 15, 2008 – Defendants' expert disclosures pursuant to Rule 26(a)(2), F.R.Civ.P.

- September 15, 2008 – Plaintiff's rebuttal expert disclosures pursuant to Rule 26(a)(2), F.R.Civ.P.

- September 16 – November 24, 2008 – Parties' experts to be made available for deposition.

This schedule and sequencing will permit all Parties to have full disclosure of all expert opinions

7

and the bases therefore, as required by Rule 26(a)(2), prior to the taking of expert depositions. Plaintiff's proposal will prevent both unfair surprise to either side and multiple depositions of Plaintiff's experts. Defendants' asserted rationale for taking the depositions of Plaintiff's experts prior to serving Defendants' own expert reports – that the attorneys will purportedly write the experts' reports, rather than the experts – assumes without basis improper actions by counsel, and therefore provides no basis for Defendants' proposed schedule. Plaintiff also objects to Defendants' proposed schedule because it contemplates taking the deposition of the same experts twice – once after they serve their expert reports and again after any rebuttal reports. Plaintiff would not object to the deposition of any of Plaintiff's witnesses who serve rebuttal expert disclosures, but who have not served initial disclosures.

**Defendants' Proposal Concerning Expert Disclosure:**

The defendants propose that the plaintiff's expert statements be produced to all parties and that the defendants be afforded an opportunity to depose the plaintiff's experts prior to the disclosure of the defendants' expert statements in this case. The defendants contend that they are entitled to depose the plaintiff's experts to discover their opinions as delineated in the 26(a)(2) statement.

This is especially true in light of the fact that as to most of the defendants this is a medical malpractice case and, as a result, the defendants will not learn the alleged standard of care and the manner in which the plaintiff contends it was breached until after the deposition of the plaintiff's experts. Experience shows that it is the opinions offered at deposition, not the reports drafted by attorneys, which provide notice to the defendants of all of the allegations and issues to which they must offer a defense.

Additionally, subsequent to the plaintiff's submission of any 26(1)(2) rebuttal statements

the defendants contend that they are entitled to conduct depositions of any newly disclosed rebuttal experts as well as to conduct further depositions of experts who assert new opinions or expand their opinions on issues not previously explored in prior depositions.

### 16.3(c)(10) – Class Actions

Not applicable.

### 16.3(c)(11) – Whether Bifurcation Appropriate

The parties agree that bifurcation of issues or phases either at trial and/or in discovery is unnecessary.

### 16.3(c)(12) – Pretrial Conference Date

The parties propose a pretrial conference date of April 27, 2009. *See also* Proposed Scheduling Orders.

### 16.3(c)(13) – Trial Date

The parties agree and request that the Court set a firm trial date at the first scheduling conference. The parties propose a trial date starting sometime between July 1 and August 1, 2009.

### 16.3(c)(14) – Other Matters

The parties do not have any other matters that they believe should be included in the

scheduling order at this time.

Dated:  December 12, 2007

                Respectfully submitted,

                /s/ Bruce V. Spiva
                Bruce V. Spiva, D.C. Bar. No. 443754
                  bspiva@spivahartnett.com
                Kathleen R. Hartnett, D.C. Bar. No. 483250
                  khartnett@spivahartnett.com
                SPIVA & HARTNETT LLP
                1776 Massachusetts Avenue, N.W., Suite 600
                Washington, D.C. 20036
                Telephone:  (202) 785-0601
                Facsimile:  (202) 785-0697

                *Counsel for Plaintiff*


                /s/ Karen R. Turner
                Steven A. Hamilton, D.C. Bar No. 953539
                  steven.hamilton@hacdlaw.com
                Karen R. Turner, D.C. Bar No. 434543
                  karen.turner@hacdlaw.com
                HAMILTON ALTMAN CANALE & DILLON, LLC
                4600 East-West Highway, Suite 201
                Bethesda, MD 20814
                Telephone:  (301) 652-7332

                *Counsel for Defendants Howard University; Howard University Hospital; Wendie Williams, M.D.; Dawit Yohannes, M.D.*


                /s/ Michelle Davy
                Michelle Davy, Esq., D.C. Bar No. 454524
                  michelle.davy@dc.gov
                OFFICE OF THE ATTORNEY GENERAL
                  FOR THE DISTRICT OF COLUMBIA
                Sixth Floor South, 441 4th Street, N.W.
                Washington, DC 20001
                Telephone:  (202) 724-6608
                Facsimile (202) 727-3625

*Counsel for Defendant District of Columbia*

/s/ Robert W. Goodson
Robert W. Goodson, D.C. Bar No. 935239
  Robert.Goodson@wilsonelser.com
Deidre L. Robokos, D.C. Bar No. 492013
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
The Colorado Building
1341 G Street, NW, Suite 500
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606

*Counsel for Defendant Christopher Lang, M.D.*

/s/ Thomas V. Monahan, Jr.
Thomas V. Monahan, Jr., Bar No. 04471
  tvm@gdldlaw.com
Adam Kelley, Bar No. 26663
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Telephone: (410) 783-4000

*Counsel for Defendant District Hospital Partners, LP*

/s/ James P. Gleason, Jr.
James P. Gleason, Jr., D.C. Bar No. 291005
Larry D. McAfee, D.C. Bar No. 457226
  lmcafee@gleason-law.com
Christopher R. Smith, D.C. Bar No. 477393
GLEASON, FLYNN, EMIG & FOGLEMAN, Chartered
11 North Washington Street, Suite 400
Rockville, MD 20850
Telephone: (301) 294-2110

*Counsel for Defendant The George Washington University*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA McGAUGHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:07-cv-01498 |
| v. ) | |
| ) | Judge Richard J. Leon |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**[PLAINTIFF'S PROPOSED] SCHEDULING ORDER**

Upon consideration of the parties' Joint Meet and Confer Statement Pursuant to Local Civil Rule 16.3(c), it is hereby ORDERED that the following schedule govern this matter:

January 18, 2008 – Deadline for initial disclosures under Rule 26(a)(1), F.R.Civ.P.

April 16, 2008 – Deadline for joining parties and/or amending pleadings.

May 16, 2008 – Close of fact discovery.

July 2, 2008 – Plaintiff's expert disclosures pursuant to Rule 26(a)(2), F.R.Civ.P.

August 15, 2008 – Defendants' expert disclosures pursuant to Rule 26(a)(2), F.R.Civ.P.

September 15, 2008 – Plaintiff's rebuttal expert disclosures pursuant to Rule 26(a)(2), F.R.Civ.P.

September 16 – November 24, 2008 – Parties' experts to be made available for deposition.

November 24, 2008 – Close of all discovery.

December 19, 2008 – Deadline for dispositive motions.

January 19, 2009 – Deadline for opposition briefs to dispositive motions.

February 9, 2009 – Deadline for reply briefs in support of dispositive motions.

March 30, 2009 – Pretrial statements.

April 13, 2009 – Motions in limine/objections.

April 20, 2009 – Oppositions to motions in limine/objections.

April 27, 2009 – Final pretrial conference.

July 1, 2009 – August 1, 2009 – Trial Start Date.

       SO ORDERED, this _____ day of December, 2007.

                                         Hon. Richard J. Leon
                                         United States District Judge

Copies:

Bruce V. Spiva
  bspiva@spivahartnett.com
Kathleen R. Hartnett, D.C. Bar. No. 483250
  khartnett@spivahartnett.com
SPIVA & HARTNETT LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036

Michelle H. Davy
  michelle.davy@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W, Room 6S085
Washington, D.C. 20007

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

Larry D. McAfee

2

lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:07-CV-01498 (RJL) <br><br> The Honorable Richard J. Leon <br> Scheduling Conference – 1/14/08 at <br> 2:30 p.m. |

## [DEFENDANTS' PROPOSED] SCHEDULING ORDER

UPON CONSIDERATION of the parties' JOINT LCVR. 16.3(c) STATEMENT, and the entire record herein,

It is this _____ day of _____ 200__,

ORDERED that the following discovery schedule be entered:

| **Discovery Event** | **Date** |
|---|---|
| Rule 26(a)(1) Disclosures | January 18, 2008 |
| Deadline for joining parties and/or amending pleadings | April 16, 2008 |
| Fact Discovery Closes | May 16, 2008 |
| Plaintiff's 26(a)(2) Statements Due | July 2, 2008 |
| Plaintiff's Expert Witness(es) to be Made Available for, and Deposition(s) to be Taken, No Later Than | August 15, 2008 |
| Defendants' Rule 26(a)(2) Statements Due | September 2, 2008 |
| Defendants' Expert Witness(es) to be Made Available for, and Deposition(s) to be Taken, No Later Than | October 31, 2008 |

282914.1

| Plaintiff's Rule 26(a)(2) Rebuttal Statements Due | November 15, 2008 |
|---|---|
| Expert Depositions Deadline | November 24, 2008 |
| All Discovery Closes | November 24, 2008 |
| Dispositive Motions Due | December 19, 2008 |
| Deadline for opposition briefs to dispositive motions. | January 19, 2009 |
| Deadline for reply briefs in support of dispositive motions. | February 9, 2009 |
| Pretrial statements | March 30, 2009 |
| Motions in limine/objections | April 13, 2009 |
| Oppositions to motions in limine/objections | April 20, 2009 |
| Pretrial Conference | April 27, 2009 |
| Trial Start Date | July 1, 2009 – August 1, 2009 |

                                                                             _____

The Honorable Richard J. Leon

282914.1