UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01498 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## MOTION FOR LEAVE TO LATE FILE REPLY

Defendant District of Columbia hereby moves, by and through the undersigned counsel, for leave to late file its Reply to plaintiff's Opposition to defendant's Motion to Dismiss, or in the alternative, for Summary Judgment herein. Defendant was unable to gain plaintiff's consent to the filing of this motion or the relief requested herein.

A memorandum of points and authorities in support of this Motion is attached hereto and incorporated herein. A proposed Order is also enclosed.

WHEREFORE defendant requests that the Court grant their request to late file its Reply and that the said Reply be deemed filed as of the date of the Court's Order. A proposed Order is enclosed.

Date:  January 14, 2008            Respectfully submitted,

                                   PETER NICKLES
                                   Interim Attorney General for the District of
                                   Columbia

                                   GEORGE VALENTINE
                                   Deputy Attorney General
                                   Civil Litigation Division

                                   /s/Kimberly Matthews Johnson

        KIMBERLY MATTHEWS JOHNSON,
#435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY,
#454524
Assistant Attorney General
Office of the Attorney
General for the District of
Columbia
441 4th Street, N.W., 6th Floor-South
Washington, D.C. 20001
Telephone (202) 724-6608
Fax (202) 727-3625
Email michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Defendant District of Columbia's Motion for Leave to Late File Reply was served by ECF or first class U.S. mail, postage prepaid, this 14th day of January, 2008, on:

**Robert Wade Goodson**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW
Suite 500
Washington, DC 20005-3105

**Kathleen Roberta Hartnett**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Larry Darnell McAfee**
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street
Suite 400
Rockville, MD 20850

**Thomas Vincent Monahan, Jr.**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street

Suite 2000
Baltimore, MD 21202

**Deidre L. Robokos**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLC
1341 G Street, NW
Suite 500
Washington, DC 20005

**Bruce V. Spiva**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Karen R. Turner**
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway
Suite 201
Bethesda, MD 20814

          /s/Michelle Davy
          MICHELLE DAVY
          Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-01498 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT DISTRICT OF COLUMBIA'S
<u>MOTION FOR LEAVE TO LATE FILE REPLY</u>**

In support of this Motion, defendant herewith submits its memorandum of points and authorities, stating as follows:

1. On October 29, 2007, defendant filed a Motion to Dismiss, or in the alternative, for Summary Judgment herein.

2. On or about November 13, 2007, plaintiff filed an Opposition thereto.

3. On or about November 23, 2007, defendant's Reply thereto was due.

4. Defendant's proposed Reply is attached hereto at Exh. 1.

5. Counsel failed to file the Reply by or before November 23, 2007 due to inadvertence, the intervening Thanksgiving holiday, and the press of other business. Counsel apologizes to the Court for the inconvenience of its belated request and proposed filing.

6. Fed. R. Civ. P. 6(b) provides, in relevant part, that:

> "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done within a specified time, the court…
> may in its discretion…(2) upon motion made after the expiration of the

        specified period permit the act to be done where the failure to act was the result of excusable neglect…."

7.    Fed. R. Civ. P. 6(b) specifically confers upon the Court the "discretion" related to late filings.  *See Lujan v. National Wildlife Federation,* 497 U.S. 871, 896 n. 5 (1990).  *See also*, *Gwendolyn Smith v. D.C.,* 430 F.3d 450 (D.C. Cir. 2005), confirming the Court's discretion to order the requested relief.  The *Smith* Court recognized that it has been quite deferential to Rule 6(b) decisions in the past, even affirming a deadline extension that was granted without a formal finding of excusable neglect when the court found no prejudice to the other party.  *See Yesudian ex rel. United States v. Howard Univ.,* 348 U.S. App. D.C. 145, 207 F.3d 969, 917 (D.C. Cir. 2001).

8.    Defendant's failure to timely file the Reply was due to excusable neglect.  The Court has not ruled on defendant's dispositive Motion and defendant has continued to participate as a party in the litigation.  Plaintiff will endure no prejudice should the Court decide to accept and consider the late-filed Reply.

9.    The Reply sets forth pertinent arguments and law, and will, thus, aid the Court and promote judicial economy at an early stage of the litigation.

    WHEREFORE defendant requests that the Court grant its request to late file its Reply and that the said Reply be deemed filed as of the date of the Court's Order.  A proposed Order is enclosed.

Date:  January 14, 2008        Respectfully submitted,

        PETER NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE VALENTINE
        Deputy Attorney General
        Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON,
#435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY,
#454524
Assistant Attorney General
Office of the Attorney
General for the District of
Columbia
441 4th Street, N.W., 6th Floor-South
Washington, D.C. 20001
Telephone (202) 724-6608
Fax (202) 727-3625
Email michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Defendant District of Columbia's

Memorandum of Points and Authorities in Support of Motion for Leave to Late File

Reply was served by ECF or first class U.S. mail, postage prepaid, this 14th day of

January, 2008, on:

**Robert Wade Goodson**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW
Suite 500
Washington, DC 20005-3105

**Kathleen Roberta Hartnett**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Larry Darnell McAfee**
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street
Suite 400
Rockville, MD 20850

**Thomas Vincent Monahan, Jr.**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202

**Deidre L. Robokos**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLC
1341 G Street, NW
Suite 500
Washington, DC 20005

**Bruce V. Spiva**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Karen R. Turner**
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway
Suite 201
Bethesda, MD 20814

/s/Michelle Davy
MICHELLE DAVY
Assistant Attorney General

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01498 (RJL) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### ORDER

UPON CONSIDERATION of Defendant District of Columbia's Motion for Leave to Late File Reply, and the entire record herein, it is this _____ day of _____, 2008, hereby

ORDERED, that Defendant District of Columbia's motion be and hereby is GRANTED, and it is further

ORDERED, the Reply be deemed filed as of the date of this Order.

                                                                **JUDGE RICHARD J. LEON**

cc:
Michelle Davy
Office of the Attorney General for the
District of Columbia
441 4th Street, N.W., 6th Floor-South
Washington, D.C.  20001

**Robert Wade Goodson**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW
Suite 500
Washington, DC 20005-3105

**Kathleen Roberta Hartnett**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW

Suite 600
Washington, DC 20036

**Larry Darnell McAfee**
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street
Suite 400
Rockville, MD 20850

**Thomas Vincent Monahan, Jr.**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202

**Deidre L. Robokos**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLC
1341 G Street, NW
Suite 500
Washington, DC 20005

**Bruce V. Spiva**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Karen R. Turner**
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway
Suite 201
Bethesda, MD 20814

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case No. 1:07-cv-01498 (RJL) |
| ) | |
| DISTRICT OF COLUMBIA, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANT DISTRICT OF COLUMBIA'S
REPLY TO OPPOSITION TO MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant District of Columbia, by and through the undersigned counsel, hereby replies to plaintiff's Opposition to defendant's Motion to Dismiss, or in the alternative, for Summary Judgment. A Memorandum of Points and Authorities ("Memorandum"), is attached hereto and incorporated herein.

As stated more fully in the accompanying Memorandum, the court does not have original jurisdiction over the District and, as to this defendant, the action must be dismissed. In addition, the plaintiff's claims are barred under the public duty doctrine.

Since this is a dispositive motion, defendant was not required to obtain consent from plaintiff to the relief requested in this Motion.

WHEREFORE, for the reasons stated above, defendant prays that judgment be entered in its favor and the complaint dismissed.

Date: January 14, 2007                    Respectfully submitted,

                                          PETER NICKLES
                                          Interim Attorney General for the District of Columbia

>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>/s/Kimberly Matthews Johnson
>KIMBERLY MATTHEWS JOHNSON, #435163
>Chief, General Litigation Sec. I
>
>/s/Michelle Davy
>MICHELLE DAVY, #454524
>Assistant Attorney General
>Sixth Floor South
>441 4th Street, N.W.
>Washington, D.C. 20001
>(202) 724-6608; (202) 727-3625 (fax)
>E-Mail: michelle.davy@dc.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 14th day of January, 2008, that a copy of the foregoing Defendant District of Columbia's Reply to Plaintiff's Opposition to the Motion to Dismiss, or in the Alternative, for Summary Judgment herein was delivered by first class mail postage prepaid or ECF, to:

**Robert Wade Goodson**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW
Suite 500
Washington, DC 20005-3105

**Kathleen Roberta Hartnett**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Larry Darnell McAfee**
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street
Suite 400
Rockville, MD 20850

**Thomas Vincent Monahan, Jr.**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202

**Deidre L. Robokos**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLC
1341 G Street, NW
Suite 500
Washington, DC 20005

**Bruce V. Spiva**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Karen R. Turner**
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway
Suite 201
Bethesda, MD 20814

                                              /s/Michelle Davy
                                              Michelle Davy
                                              Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALEXANDRIA MCGAUGHEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:07-cv-01498 (RJL) |
| | ) |
| **DISTRICT OF COLUMBIA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO OPPOSITION
TO MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

This Court should dismiss plaintiff's Complaint against defendant District of Columbia because:

1. The Court does not have original jurisdiction over the District.

2. The plaintiff's claims are barred under the public duty doctrine.

**I.   The Court Does Not Have Original Jurisdiction Over the District.**

Plaintiff appears to concede that this Court would not have either federal question or diversity of citizenship jurisdiction over the District in the case, and dismissal pursuant to Fed. R. Civ. P. 12(b)(2) is appropriate.

However, plaintiff argues that because she has lodged common law claims against the District, and 28 USC § 1367 (a) provides for supplemental jurisdiction in the federal court over state claims, the common law claims should be maintained.

This argument may not have merit since the Court does not have jurisdiction over the District as a party at all. First, this Court does not have federal question jurisdiction herein over the

District. In order for the Court to exercise jurisdiction over the District based on federal question, plaintiff must bring federal claims against the District which she has not done in the instant case.

Second, this Court does not have diversity of citizenship jurisdiction over the District. *Long v. District of Columbia*, 261 U.S. App. D.C. 1, 820 F.2d 409 (1987). In *Long*, the Court specifically held that the District is not subject to the diversity jurisdiction of the federal courts since it is not a state. The *Long* court further held that the District is also not subject to pendent party jurisdiction in a case based on diversity. *Id*.

**II.     Plaintiffs' Claims are Barred by the Public Duty Doctrine.**

In addition to her negligence claims against the other defendants in this case, Plaintiff alleges, essentially, that her case was mishandled by the Metropolitan Police Department which allegedly unjustifiably and negligently refused to investigate her case as a rape. Complaint at 47.

Nonetheless, plaintiff's claims are barred in their entirety by the public duty doctrine. The District cannot, thus, be held liable for any contended failure to, among other claims herein, take a police report or notes on factual statements, talk to witnesses, request a rape kit and conduct a forensic examination on plaintiff, or any alleged "rude" behavior toward plaintiff or any other purported witnesses. Accordingly, plaintiff fails to state a claim and dismissal is warranted pursuant to Fed. R. Civ. P. 12 (b)(6).

The District of Columbia Court of Appeals has specifically held that the public duty doctrine bars any finding of liability against the Metropolitan Police Department for negligence in investigating crimes.

In *Varner v. District of Columbia*, 891 A.2d 260, 275 (D.C. 2006), plaintiff claimed that a police officer was negligent in his investigation of a murder, and failed to exercise reasonable care in investigating that murder. Plaintiff supported this contention by filing with the Court the

affidavit of an expert, a retired police detective of the Metropolitan Police Department, stating that, in the expert's opinion and experience, " the way that Defendant District of Columbia employees handled the Plunkett murder was grossly below the required, necessary, and acceptable standard of care and showed disregard for the safety of the students at Gallaudet…." "had the homicide investigation followed standard procedures, [then] within a reasonable degree of investigative certainty, the murder of Benjamin Varner would not have taken place." *Id*. at 273-274.

> In ruling that the District was not liable, the *Varner* Court stated that :
>
> Under the public duty doctrine, [the District of Columbia] and its agents owe no duty to provide public services to particular citizens as individuals. Instead, absent some "special relationship" between the government and the individual, the District's duty is to provide public services to the public at large…. The public duty doctrine shields the municipality and its agencies from suits attacking the manner in which the District of Columbia deploys its manpower and undertakes to discharge its obligation to the general public…. It is well-settled in the District of Columbia that "a government and its agents are under no general duty to provide public services . . . to any particular citizen…." With respect to such public services, such as police protection, "the duty is to the public, and absent a special relationship, the District of Columbia cannot be held liable.…" "a duty owing to everybody can never become the foundation of an action until some individual is placed in [a] position which gives him particular occasion to insist upon its performance; it then becomes a duty to him personally…." under the public duty doctrine, public officials such as police officers cannot be held liable for harm caused by criminals unless there was a "special relationship" between the victim and the official. (Citations omitted.)

*Id.* at 275.

District of Columbia Courts have carved out a narrow exception to the public duty doctrine—a plaintiff can demonstrate an exception to the doctrine by establishing that he or she enjoyed a "special relationship" with the District of Columbia. However, it is important to note that "District of Columbia courts have made clear … that the threshold for establishing a special relationship is very high." *Trifax Corp. v. District of Columbia*, 53 F. Supp. 2d 20, 30 (D.D.C.

3

1999). The D.C. Court of Appeals has held that, to show a special duty owed by the District to a plaintiff, the plaintiff must "allege and prove two things: (1) a direct or continuing contact between [the plaintiff] and a governmental agency or official, and (2) a justifiable reliance on the part of [the plaintiff]." *Taylor v. District of Columbia*, 776 A.2d 1208, 1214 (D.C. 2001).

Here, plaintiff has stated no facts establishing liability that would demonstrate that she had or has a special relationship with the District, distinguishing her from the public at large. Accordingly, the public duty doctrine governs and, as to the District, plaintiff's claims must be dismissed.

WHEREFORE, for the reasons stated above, defendant requests that judgment be entered in its favor and, as to it, the complaint dismissed.

Date: January 14, 2007

Respectfully submitted,

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Kimberly Matthews Johnson
KIMBERLY MATTHEWS JOHNSON, #435163
Chief, General Litigation Sec. I

/s/Michelle Davy
MICHELLE DAVY, #454524
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-3625 (fax)
E-Mail: michelle.davy@dc.gov

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 14th day of January, 2008, that a copy of the foregoing Memorandum of Points and Authorities in Support of Defendant District of Columbia's Reply to Opposition to Motion to Dismiss, or in the alternative, for Summary Judgment was delivered by first class mail postage prepaid or ECF, to:

**Robert Wade Goodson**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW
Suite 500
Washington, DC 20005-3105

**Kathleen Roberta Hartnett**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Larry Darnell McAfee**
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street
Suite 400
Rockville, MD 20850

**Thomas Vincent Monahan, Jr.**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202

**Deidre L. Robokos**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLC
1341 G Street, NW
Suite 500
Washington, DC 20005

**Bruce V. Spiva**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Karen R. Turner**
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway
Suite 201
Bethesda, MD 20814

        /s/Michelle Davy
        Michelle Davy
        Assistant Attorney General