## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ALEXANDRIA MCGAUGHEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:07-cv-01498 (RJL)** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S
### REPLY TO OPPOSITION TO MOTION FOR LEAVE TO LATE FILE REPLY

Defendant District of Columbia, by and through the undersigned counsel, hereby replies to plaintiff's Opposition to defendant's Motion for Leave to Late File Reply.

### INTRODUCTION

The District's Motion for Leave to Late File Reply should be granted because the issues at hand are purely legal, and the filing of the District's Reply promotes judicial economy, allowing the Court to decide the dispositive legal issues in this case at an early point.

Defendant recognizes that raising a new legal argument in its Reply was not the best practice, and regrets the associated inconvenience to the parties and the Court.

Nonetheless, there is no need for the Court's and parties' resources to be exhausted in unnecessary discovery, when there are legal issues at hand that can be decided now, rather than at a later point after extensive litigation when the District again files its dispositive motion on the same issues that can be decided now.

Under Fed. R. Civ. P. 6 (b), despite the plaintiff's contentions, the Court has absolute discretion to allow this late filing.  There is no bar based on either the Federal Rules of Civil

Procedure or the Local Rules of Court.  And again, the District can file a Motion for Judgment on the Pleadings and/or Motion for Summary Judgment later and raise the same arguments again now made in the current dispositive motion and proposed Reply.

The District was not prohibited from raising a new argument in its Reply.  As the Court has already opined, the appropriate vehicle for plaintiff to address the District's new argument is the surreply.  Plaintiff has already attached a Surreply to its Opposition.  Thus, to best aid the Court in deciding the legal issues now at hand and the District's dispositive Motion, both the Reply and the Surreply should be filed.

## ARGUMENT

### I.      The Court Has Discretion to Allow This Late Filing.

Under Fed. R. Civ. P. 6 (b), despite the plaintiff's contentions, the Court has absolute discretion to allow this late filing.  There is no bar based on either the Federal Rules of Civil Procedure or the Local Rules of Court.  And again, the District can file a Motion for Judgment on the Pleadings and/or Motion for Summary Judgment later and raise the same arguments again now made in the current dispositive motion and proposed Reply.

Perhaps "the strongest argument in favor of granting [a] [supplemental filing] … is economy -- judicial economy as well as the cost of litigation."  *Health Ins. Ass'n of Am. v. Goddard Claussen Porter Novelli*, 213 F.R.D. 63, 66 (D.D.C. 2003).  Clearly, the District can raise the public duty doctrine in a properly lodged future Motion for Summary Judgment under R. 56, and any suggestion by plaintiff that the District could not do so is baseless.  It would, therefore, not promote the efficient administration of justice or judicial economy for the Court to decline to accept the District's Reply and fully consider the dispositive Motion at this stage of the case.

Plaintiff argues that Local Civil Rule 7 (m) requires that the Motion for Leave to Late File be denied for counsel's alleged failure to comply with the rule.  However, careful review of the precedents that plaintiff cites in support of this contention and, particularly, the internal quotations within her cites, reveals that the cases are inapposite to the facts at hand, and there is no requirement that the Motion be denied.

*United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 2006 U.S. Dist. LEXIS 73536 (D.D.C. 2006) states the reasoning of the Local Rule:  "Because the rule seeks to promote actual resolution of nondispositive disputes, its focus is on substance, not form, and thus the obligation to confer may not be satisfied by perfunctory action, but requires a good faith effort to resolve the nondispositive disputes that occur in the course of litigation."  This reasoning is clearly distinguishable from the facts at hand.

In this case, the sole reason for plaintiff's disagreement with the filing of the Reply is that the proposed Reply contains a new argument, the public duty doctrine, that may well prove dispositive as to the District's continued involvement in this case.  Thus, the Motion for Leave to Late File is technically a nondispositive Motion, but in "substance not form" its subject was the introduction of a dispositive issue.  If counsel had had the opportunity to confer, they would not have been conferring on a nondispositive issue, but would have been discussing whether the District had the right to lodge a new dispositive issue by way of the Reply.  Also, it is clear that, under the circumstances, counsel would not have consented to the filing of the Motion since it does offer a new argument that might prove fatal to a substantial portion of their complaint.  As set forth below, counsel did attempt to reach counsel to confer on this issue, but due to the timing of her efforts was unsuccessful.  Arguably, however, counsel was not required to confer because the ultimate issue at hand was dispositive.  The precedents that plaintiff cites in this regard are

not applicable, as a result, and the court is not required to deny the Motion which, for all of the reasons set forth herein, should be granted.

Plaintiff's attempt to rely on R. 12 (g) to prevent the District's raising a new argument in its Reply is wholly inapposite. That Rule does not govern the situation at hand, as it governs the subsequent filing of motions containing omitted defenses. In this instance, the District has not filed a motion; instead, it has raised a new argument in its proposed Reply.

Plaintiff's attempt to rely on R. 12 (h)(2) is similarly inapposite. That Rule does not govern the situation at hand, where defendant has already properly lodged a Motion pursuant to 12 (b)(6). Here, defendant seeks to supplement its prior Motion by adding a new defense by way of its Reply.

Plaintiff's effort to cite cases indicating that defendant's public duty argument has been forfeited is misplaced as well. Counsel's review of plaintiff's cited cases and, more importantly, the internal quotations set forth within those cases, revealed that the cases stand for the proposition that arguments made for the first time <u>on appeal in the United States Circuit Court</u> are forfeited. Hence, the "Reply" to which plaintiff's cases refer does appear to be the same Reply as at issue here and provided for under the Federal Rules of Civil Procedure. There is no prejudice here and the Motion should be granted.

Defendant's Motion for Leave to Late File Reply was filed pursuant to Fed. R. Civ. P. 6 (b), which affords the Court discretion to allow late filings. In relevant part, the Rule provides:

> "[w]hen by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done within a specified time, the court… may in its discretion…(2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect…."

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) sets forth the factors that define "excusable neglect" under R. 6 (b):  "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."  *Id.*

*Pioneer* factor (3) addresses the issue of attorney "mistake" or "fault."  *D.A. v. District of Columbia*, 2007 U.S. Dist. LEXIS 90640 (D.D.C. 2007) states that "[n]evertheless, the remaining *Pioneer* factor -- fault -- is "perhaps the most important single factor … (internal quotations and citations omitted)."  *See also Wilson v. Prudential Fin.*, 218 F.R.D. 1, 3 (D.D.C. 2003) (fault is the "key factor" in excusable neglect analysis).

*D.A. v. District, supra*, goes on to state that:  "[i]t is also true that the Court of Appeals for this Circuit has on two occasions affirmed a more forgiving view of attorney mistake.  The holdings in both cases, however, rested less on substance than on the deference afforded the trial court in assessing whether particular facts constitute excusable neglect.  *In re Vitamins Antitrust Class Actions*, 356 U.S. App. D.C. 70, 327 F.3d 1207, 1209 (D.C. Cir. 2003), for example, involved a class member that missed the deadline for opting-out of a settlement.  The party's motion to modify the final order was granted by the district court because, though the delay was within her reasonable control, the mistake was outweighed by the other three *Pioneer* factors.  *Id.* at 1209.  On appeal, the district court's decision was affirmed because "the question of whether attorney error may constitute 'excusable neglect' is within the discretion of the district court and the court did not abuse its discretion."  *Id.* at 1210.  Similarly, in *Yesudian v. Howard Univ., 348 U.S. App. D.C. 145, 270 F.3d 969 (D.C. Cir. 2001)*, the district court accepted an untimely filing because, though the delay was caused by mistaken reliance on local rather than federal rules, the

other Pioneer factors tipped the balance. *Id*. at 971. The Court of Appeals affirmed, noting the "great deference we owe district courts in what are effectively their case-management decisions." *Id*. (internal quotation omitted)."

In this case, attorneys for the District made a mistake by leaving the District's public duty argument out of the dispositive Motion when it should have been raised. The error did not become apparent until after the time to reply had passed and the recent status conference was imminent. Upon realizing the error, defendant took the necessary steps to prepare and file an appropriate Motion for Leave to Late File Reply that, according to the Court's docket and plaintiff concedes, were not filed until the morning of the status conference, minutes before the conference was to begin.

Shortly before filing, given the time constraints that the undersigned counsel was then operating under, instead of emailing opposing counsel and then following up by telephone as she normally would do, counsel telephoned Mr. Spiva seeking consent and received his answering machine, likely because he was already en route to court.

Unable to reach counsel, and out of time, the undersigned truly and correctly stated in the Motion that she was unable to obtain counsel's consent, then filed the document shortly before the status conference. Contrary to plaintiff's assertions, counsel did not fail to contact Mr. Spiva as he has alleged, and she also did not simply file a Reply. Instead, she filed a Motion for Leave to Late File the Reply, submitting to the discretion of the Court as to whether or not it will accept the belated Reply.

In this instance, under *Pioneer, supra,* (1) there is no danger of prejudice to the [opposing party] in the Court accepting the late filing, and plaintiff has made no showing of prejudice from the late filing, (2) the impact of the delay on the judicial proceedings is minimal because the

6

Court had not yet ruled on the dispositive Motion when the Motion for Leave to Late File was filed, and defendant has continued to participate in the case, and (4) movant has acted in good faith.

The primary inquiry, therefore, is whether counsel's mistake constitutes excusable neglect under *Pioneer* factor (3); *In re Vitamins, supra;* and *Yesudian, supra.* The District submits that the Court should accept its Reply for filing because "the other Pioneer factors tip the balance" and the Court has "great deference" in what is "effectively [its] case-management decisions." *D.A. v. District, supra.*

Here, the District meets the test of *Pioneer* factors (1), (2) and (4). Thus, this showing "tips the balance." As to factor (3), the District has made a showing of mistake and, thus, excusable neglect in its failure to submit a complete dispositive motion in the first instance. The Court would not abuse its discretion if it accepts this late filing because defendant's *Pioneer* showing tips the balance, accepting the filing would serve judicial economy interests, and the Court is entitled to make its own case management decisions. The District has already permissibly remedied the error by filing its Motion for Leave to Late File Reply with attached Reply. Plaintiff has already exercised her due process rights by opposing the Motion and submitting an attached Surreply.

**II.  The District Was Not Prohibited From Raising a New Argument in Its Reply.**

The District was not prohibited from raising a new argument in its Reply. As the Court has already opined, the appropriate vehicle for plaintiff to address the District's new argument is the surreply. Plaintiff has already attached a Surreply to its Opposition. Thus, to best aid the Court in deciding the legal issues now at hand and the District's dispositive Motion, both the Reply and the Surreply should be filed.

If plaintiff's argument—essentially that it is impossible for defendant to permissibly raise a new argument in a Reply—had validity, then there would be no need for the precedents below and the surreply tool would not exist.

In *United States ex rel. Debra Hockett v. Columbia/HCA Healthcare Corp*., 498 F. Supp. 2d 25, 35 (D.D.C. 2007), this court said: "…[i]f the movant raises arguments for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion <u>or provide the non-movant an opportunity to respond to those arguments by granting leave to file a surreply</u> (emphasis added)."

Surreplies or responses to replies are not authorized by the Federal Rules of Civil Procedure or the local rules of this Court. *See* Federal Rules of Civil Procedure and LCvR 7.1. While the Court has discretion to accept a surreply, *Arakelian v. National Western Life Ins. Co*., 126 F.R.D. 1, 3 (D.D.C. 1989), unless the party seeking leave to file one is responding to a "substantially new argument, there is no need for . . . a surreply." *Amann v. Prince George's County, MD*, 2001 U.S. Dist. LEXIS 8218 (D. Md. June 15, 2001).

In *Stanford v. Potomac Elec. Power Co*., 394 F. Supp. 2d 81, 86-87 (D.D.C. 2005), this Court held: "the defendant correctly argues that before filing a surreply, a party must request the Court's permission to do so (citation omitted)." Additionally, "the moving party must show that the reply filed by the moving party raised new arguments that were not included in the original motion." *Id*. citing *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001; see also *Alexander v. FBI*, 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration which was not included in the original motion). The *Alexander* Court reasoned that if it denied the plaintiffs leave to file their surreply, they would be unable to contest matters "presented to the court for the first time." 186 F.R.D. at

74.  The Court therefore found that this rationale sufficiently demonstrated "good cause"

warranting the granting of the plaintiffs' motion (internal quotation omitted)."  *Stanford, supra*.

      Indeed, the Court herein has already heard argument on this issue at the recent status

conference and the District has already permissibly remedied its incomplete dispositive motion

by filing its Motion for Leave to Late File Reply with attached Reply.  Plaintiff has already

exercised her due process rights by opposing the Motion and submitting an attached Surreply[1].

There is no prejudice here and accepting the late filing would aid the Court.  Thus, the Motion

should be granted.

      WHEREFORE, for the reasons stated above, defendant requests that the Motion for Leave

to Late File Reply be granted, and the District's Reply be deemed filed as of the date of the

Court's Order.

Date: February 4, 2008               Respectfully submitted,

                                      PETER NICKLES
                                      Interim Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General
                                      Civil Litigation Division

                                      /s/Kimberly Matthews Johnson
                                      KIMBERLY MATTHEWS JOHNSON, #435163
                                      Chief, General Litigation Sec. I

                                      /s/Michelle Davy
                                      MICHELLE DAVY, #454524
                                      Assistant Attorney General
                                      Sixth Floor South
                                      441 4th Street, N.W.
                                      Washington, D.C. 20001
                                      (202) 724-6608
                                      (202) 727-3625 (fax)

---

[1] Counsel notes for the record that the Opposition is styled as such and not as a Motion for Leave to File Surreply. However, defendant District has no objection to the filing of the Surreply as plaintiff's request is now lodged.

E-Mail: michelle.davy@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 4th day of February, 2008, that a copy of the foregoing

Defendant District of Columbia's Reply to Opposition to Motion to Dismiss, or in the

alternative, for Summary Judgment was delivered by first class mail postage prepaid or ECF, to:

**Robert Wade Goodson**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW
Suite 500
Washington, DC 20005-3105

**Kathleen Roberta Hartnett**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Larry Darnell McAfee**
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street
Suite 400
Rockville, MD 20850

**Thomas Vincent Monahan, Jr.**
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street
Suite 2000
Baltimore, MD 21202

**Deidre L. Robokos**
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLC
1341 G Street, NW
Suite 500
Washington, DC 20005

**Bruce V. Spiva**
SPIVA & HARTNETT, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036

**Karen R. Turner**
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway
Suite 201
Bethesda, MD 20814


/s/Michelle Davy
Michelle Davy
Assistant Attorney General