**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDRIA McGAUGHEY,       ) | |
| ) | |
|      Plaintiff,       ) | |
| ) | Case No. 1:07-cv-01498 (RJL) |
| v.       ) | |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*,       ) | |
| ) | |
| ) | |
|      Defendants.       ) | |
| ) | |

**PLAINTIFF'S PARTIAL CONSENT MOTION TO MODIFY SCHEDULING ORDER
AND INCREASE NUMBER OF DEPOSITIONS PLAINTIFF MAY TAKE**

Pursuant to Federal Rules of Civil Procedure 16(e), 26(b)(2), and 30(a)(2), and Local

Civil Rules 16.4(a) and 26.2(b), Plaintiff respectfully moves the Court for two forms of relief

related to scheduling and discovery in this matter.

First, Plaintiff seeks an order enlarging all prospective deadlines in the Court's January

18, 2008 Scheduling Order by four months.  This extension is necessary to permit the parties to

complete discovery, and in particular to depose the large number of parties and individuals with

knowledge concerning issues central to this suit.[1]  On March 10, 2008, all Defendants agreed to

join a motion asking for this relief, but some Defendants are now taking the position that the

parties should wait until shortly before the close of discovery (which is presently scheduled for

May 16, 2008) to seek such relief, rather than alerting the Court now.[2]  As explained more fully

---

[1] The deadline for Rule 26(a) disclosures has passed and all parties have served them.

[2] Defendant District Hospital Partners, L.P. has consented to the requested relief and the filing of
a motion now, but does not join this motion.  Counsel for Defendant Dr. Lang initially agreed to
join a motion for a four-month enlargement, but has subsequently stated that the motion should
not be filed until late April or early May, and that four months may not be necessary, although

below, and as Defendants have recognized, the current schedule is unworkable given the scope

of discovery at issue and the need to coordinate the schedules of six sets of counsel for all

depositions.  Plaintiff files this motion now because Plaintiff's counsel respectfully submits that

it is necessary both for planning purposes and to ensure full and fair discovery to seek the

Court's guidance as soon as possible regarding the amount of time the parties will have to

conduct discovery and meet other related deadlines.

Second, Plaintiff seeks leave of Court pursuant to Federal Rules 26(b)(2) and 30(a)(2)

and Local Civil Rule 26.2(b) to take up to thirty-two depositions.  Nearly all of the depositions

that Plaintiff seeks to take are of individuals identified in Defendants' initial disclosures as

having discoverable information relevant to this matter and which Defendants may use to

support their defenses.  Plaintiff has repeatedly requested that Defendants stipulate that Plaintiff

may take more than the ten depositions authorized by Rule 30(a), and Plaintiff has specifically

identified nearly all of the individuals whom Plaintiff intends to depose.[3]  District Hospital

---

apparently still agreeing that some enlargement is necessary.  Counsel for the Howard
Defendants (including Defendants Dr. Williams and Dr. Yohannes), and counsel for Defendant
George Washington University have stated their agreement with Dr. Lang's position regarding
timing, but have not revoked their consent to an enlargement.  Counsel for the Howard
Defendants wrote on March 20, 2008, "[w]e all agree we need more time but it[']s probably too
early to ask."  Thus, no counsel other than counsel for Dr. Lang has attempted to revoke their
initial consent to a four-month extension.

Plaintiff informed all counsel for Defendants on March 21, 2008 that Plaintiff intended to
file this motion even if Defendants did not join, and sought their positions by March 24, 2008 on
whether they would join or consent to Plaintiff's motion.  With the exception of District Hospital
Partners, which has consented as described above, none of the Defendants has responded.

[3] On February 14, 2008, Plaintiff specifically identified for Defendants twenty-eight individuals
whom Plaintiff sought to depose.  All of these proposed deponents are either Defendants or their
employees, and all were specifically disclosed by Defendants in their initial disclosures as having
information relevant to this dispute (with the exception of the five Rule 30(b)(b) depositions
sought by Plaintiff).  *See* Plaintiff's Chart of Proposed Deponents, Feb. 14, 2008 (attached as
Exhibit 1).  None of the Defendants has asserted that any of the individuals identified by Plaintiff
should not or need not be deposed.

Partners has consented to the relief sought herein.  None of the other Defendants has replied to

Plaintiff's repeated requests for their position on this issue.

## STATEMENT OF POINTS AND AUTHORITIES

**I.    AN ENLARGEMENT OF THE SCHEDULE IS NECESSARY TO PERMIT THE PARTIES TO COMPLETE DISCOVERY AND MEET OTHER RELATED DEADLINES.**

The current fact discovery deadline is May 16, 2008.  The parties' initial disclosures

revealed well over forty potential witnesses (not including Rule 30(b)(6) designees) with

knowledge of facts central to this matter who likely will need to be deposed.  To date, despite

Plaintiff's repeated efforts, the parties have been able to schedule only six depositions, and have

reserved seven other dates for additional depositions prior to the current close of discovery.[4]  The

first depositions are slated to take place on March 31, 2008 and April 1, 2008.  Notably, these

first two depositions are of Plaintiff and her sister, whose depositions were sought by Defendants

and whom counsel for Plaintiffs promptly made available, despite Defendants' scheduling

difficulties that, to date, have delayed or prevented the deposition of witnesses whom Plaintiff

seeks to depose.

While the parties have made progress on discovery, the need to coordinate the schedules

of six separate sets of counsel has presented an ongoing challenge for Plaintiff's counsel.[5]  Even

---

[4] The parties also have been conducting written discovery.

[5] The challenge has been exacerbated by a lack of cooperation by some defense counsel in coordinating scheduling of Plaintiff's depositions.  Most counsel for the Defendants have promptly agreed to requests from other defense counsel regarding the scheduling of depositions sought by Defendants.  In contrast, some defense counsel have repeatedly refused Plaintiff's request that they provide counsels' available dates for depositions sought by Plaintiff and/or have simply stated counsels' unavailability for specific dates proposed or noticed by Plaintiff without providing any alternative dates of availability.  Indeed, counsel for one of the Defendants threatened to file a motion to prevent Plaintiff's deposition of witnesses represented by other defense counsel, despite that counsel for the noticed witnesses was available for deposition and

without the need to coordinate the schedules of so many counsel, the large number of depositions required by the number of parties and relevant witnesses in this matter would make it nearly impossible to complete both written discovery and all necessary depositions in the month and a half now remaining prior to the close of discovery.

In recognition of the above facts, all of the parties' counsel conferred on March 10, 2008 and expressly agreed that a four-month expansion of the current schedule is necessary. *See* Email from B. Spiva to All Counsel, March 11, 2008 (attached hereto as Exhibit 2); Letter from B. Spiva to All Counsel, March 21, 2008 (attached hereto as Exhibit 3).[6]  The parties' counsel therefore agreed to file a joint motion seeking the Court's enlargement of the schedule by at least four months.

However, after Plaintiff's counsel circulated a draft of the agreed-upon joint motion seeking a four-month enlargement on March 19, 2008, some counsel for Defendants stated that rather than promptly seeking an enlargement, as agreed, they would prefer to wait until the end of April or beginning of May to seek an extension – shortly before the close of discovery and two weeks *after* the deadline for amendments to the pleadings (presently April 16, 2008), one of the deadlines for which an extension was to be sought.  Defendant District Hospital Partners, L.P. ("District Hospital Partners"), while not joining this motion, has adhered to its original

---

that the objecting counsel refused to provide alternate dates.  Thereafter, at objecting counsel's request, and despite several previous efforts by Plaintiff's counsel to ascertain mutually agreeable dates via email, all counsel agreed to a March 10, 2008 phone conference to determine mutually agreeable dates for depositions.  The objecting counsel (and counsel for one other Defendant) then declined to join that phone conference personally, but instead had administrative assistants join, thereby impeding the efficient and effective resolution of the issues at hand.

[6] The two defense counsel that refused to participate personally in the March 10, 2008 telephone conference were specifically consulted by their administrative assistants during the call regarding the proposed four-month extension, and their administrative assistants reported back to the call that those defense counsel agreed to the four-month extension, as did all counsel on the phone.

agreement consenting to both the proposed enlargement and the filing of the motion now. Notably, no counsel other than counsel for Dr. Lang has indicated any uncertainty as to whether a four-month enlargement is needed.  Rather, all counsel still appear to agree that such an extension is necessary.  As counsel for the Howard Defendants expressly stated on March 20, 2008, in objecting to the timing of this motion, "[w]e all agree we need more time."

Plaintiff respectfully submits that for planning purposes and in order to ensure fair and full discovery in this matter, the parties need to know as soon as possible whether the Court will extend the present schedule.  Plaintiff also respectfully submits that the parties have a responsibility to request an enlargement of the schedule by the Court as soon as possible after it becomes apparent that the parties are unlikely to be able to meet the deadlines in the Court's Scheduling Order and that good cause exists for a modification of the schedule.  Plaintiff therefore informed Defendants on March 21, 2008 that she intended to move promptly for an enlargement of the schedule even if Defendants did not join in the motion.  *See* Exh. 3. Plaintiff's counsel asked Defendants' counsel for their positions on this motion by close of business on March 24, 2008, but, except for counsel for District Hospital Partners, none has responded.

Plaintiff proposes the following modified schedule:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Amended Pleadings/ Joinder of Parties | April 16, 2008 | August 18, 2008[*] |
| Fact discovery closes | May 16, 2008 | September 16, 2008 |
| Plaintiff Rule 26(a)(2) due | July 2, 2008 | November 3, 2008* |
| Plaintiff's expert depositions no later than | August 15, 2008 | December 15, 2008 |

---

[*] Where extending a particular deadline by four months would have resulted in the new deadline falling on a weekend or Court holiday, Plaintiff has set forth the next date when the Court is open as the new proposed deadline.

| | | |
|---|---|---|
| Defendant Rule 26(a)(2) due | September 2, 2008 | January 2, 2009 |
| Defendants' expert depositions no later than | October 31, 2008 | March 2, 2009* |
| Plaintiff's Rule 26(a)(2) rebuttal statements due | November 15, 2008 | March 16, 2009* |
| Expert deposition deadlines/ discovery due | November 24, 2008 | March 24, 2009 |
| Dispositive Motions due | December 19, 2008 | April 20, 2009* |
| Response to Dispositive Motions due | January 19, 2009 | May 19, 2009 |
| Reply to Dispositive Motions due | February 9, 2009 | June 9, 2009 |
| Pretrial Statements due | March 30, 2009 | July 30, 2009 |
| Motions in limine/objections due | April 13, 2009 | August 13, 2009 |
| Response to motions in limine/ Objections due | April 30, 2009 | August 31, 2009* |

This proposed schedule is also reflected in the attached Proposed Order.

For the reasons stated herein, Plaintiff respectfully requests that the Court modify its Scheduling Order as set forth above and in the attached Proposed Order.

## II.    PLAINTIFF SHOULD BE GRANTED PERMISSION TO TAKE ADDITIONAL DEPOSITIONS IN ORDER TO PERMIT REASONABLE DISCOVERY FROM ALL EIGHT DEFENDANTS AND ALL WITNESSES WITH KNOWLEDGE OF THE EVENTS AND FACTS AT ISSUE IN THIS LAWSUIT.

Plaintiff's counsel indicated to the Court at the initial case management conference that, based on the large number of parties and potential witnesses, Plaintiff would likely need to seek permission to take more than the ten depositions permitted by Federal Rule 30(a)(1). The parties' initial disclosures have confirmed Plaintiff's prediction. Defendants alone have disclosed at least thirty-three of their own employees or agents with information relevant to core issues in this case, not counting either parties listed by Defendants as presently unknown or the Federal Rule 30(b)(6) designees for each institutional Defendant. Overall, the parties' Rule 26(a) statements disclosed well over forty individuals and entities with relevant knowledge concerning issues central to the case. Plaintiffs have carefully reviewed Defendants' disclosures and the role of these witnesses in the events at issue in this lawsuit (many of whom were

specifically named or described in the Complaint), and have determined that it will be necessary to depose most of them.

Accordingly, on February 14, 2008, Plaintiff presented Defendants with a specific list of potential deponents that included twenty-eight individuals whom Plaintiff believes it is necessary to depose.  *See* Exh. 1.  All of the individuals listed by Plaintiff were named specifically by Defendants' initial disclosures, and the remaining proposed depositions are of Federal Rule 30(b)(6) designees of the institutional Defendants.  The proposed deponents include the medical personnel who directly interacted with or treated Plaintiff; the officers and detectives who interviewed Plaintiff or were otherwise directly involved in her case; hospital administrators who directly interacted with Plaintiff and her mother concerning her treatment in the weeks and months following that treatment; and Federal Rule 30(b)(6) depositions of the institutional Defendants concerning, among other things, their policies, practices, and training regarding the treatment of sexual assault victims and investigation of sexual assaults.  Based on further investigation, Plaintiff believes that it is likely that she will need to depose a few witnesses in addition to the twenty-eight initially listed, and thus Plaintiff requests the Court's approval to take up to a total of thirty-two depositions.[7]

Since early February, when Plaintiff provided Defendants with a list of Plaintiff's proposed deponents, Defendants have not contended that any of the witnesses whom Plaintiff seeks to depose are unnecessary for preparation of the case.[8]  Nor could they, as Defendants

---

[7] If discovery or investigation reveals that Plaintiff needs to take more than thirty-two depositions, Plaintiff again will first attempt to reach a stipulation with Defendants permitting additional depositions, and will seek relief from the Court only if necessary.

[8] Indeed, counsel for each Defendant has indicated an intent to attend all depositions proposed by Plaintiff, even those of employees of other Defendants.  Thus, all Defendants have demonstrated a clear interest in questioning the witnesses of other Defendants whom Plaintiff has proposed to

themselves have disclosed that all of Plaintiff's proposed deponents have information relevant to central issues in this case. Plaintiff has repeatedly asked Defendants to stipulate that Plaintiff may take more than the ten depositions provided under Federal Rule 30(a)(1), or at least for their consent to the relief requested in this motion. *See* Exhs. 2 and 3. Only one Defendant, District Hospital Partners, has responded to Plaintiff's repeated requests for their position on this issue. District Hospital Partners has consented to the relief that Plaintiff seeks.

Because all Defendants have either consented to or failed to oppose Plaintiff's request to take up to thirty-two depositions, and because of the clear relevance of the individuals Plaintiff seeks to depose, Plaintiff respectfully requests that the Court order that Plaintiff be permitted to take up to thirty-two depositions without further leave of Court or stipulation by Defendants.

## <u>CONCLUSION</u>

For these reasons, Plaintiff respectfully requests that the Court (1) modify its January 18, 2008 Scheduling Order, as set forth above and in the attached Proposed Order, and (2) order that Plaintiff be permitted to take up to thirty-two depositions without further leave of Court.

Dated:  March 27, 2008                    Respectfully submitted,

/s/ Bruce V. Spiva                    _
Bruce V. Spiva, D.C. Bar. No. 443754
  bspiva@spivahartnett.com
Kathleen R. Hartnett, D.C. Bar. No. 483250
  khartnett@spivahartnett.com
SPIVA & HARTNETT LLP
1776 Massachusetts Avenue, N.W., Suite 600
Washington, D.C. 20036
Telephone:  (202) 785-0601
Facsimile:  (202) 785-0697

*Counsel for Plaintiff*

---

depose. The need to schedule depositions around the schedules of so many defense counsel is one of the key factors that, to date, has made it difficult to schedule these depositions.

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2008, a true and correct copy of the foregoing

Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of

Depositions Plaintiff May Take was served electronically via ECF upon the following:

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
Adam Kelley
  axk@gdldlaw. com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

Darrell Chambers
  darrell.chambers@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
Christine M. Costantino
  chrissy.costantino@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN &
  DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814


/s/ Bruce V. Spiva
Bruce V. Spiva

# Exhibit 1

**To Plaintiff's Partial Consent Motion to Modify Scheduling Order
and Increase Number of Depositions Plaintiff May Take**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

| NUMBER/ DEPOSING PARTY | DEPONENT | DEPOSITION DATE |
|---|---|---|
| 1.  Plaintiff | Betty Brown, R.N. (HUH) | |
| 2.  Defendants | Sade Diké | |
| 3.  Plaintiff | Lillie Bryant, R.N.  (HUH) | |
| 4.  Defendants | Kerston Reid | |
| 5.  Plaintiff | Mary Pinn, R.N. (HUH) | |
| 6.  Defendants | Alexandria McGaughey | |
| 7.  Plaintiff | Audrey Postell, R.N. (HUH) | |
| 8.  Defendants | Raegen McGaughey | |
| 9.  Plaintiff | Dr. Wendie Williams (HUH) | |
| 10.  Plaintiff | Dr. Dawit Yohannes (HUH) | |
| 11.  Plaintiff | Officer Michael A. Minor | |
| 12.  Plaintiff | Detective Dana Spriggs | |
| 13.  Plaintiff | Officer Ginette Leveque | |
| 14.  Plaintiff | Officer Tandreia Green | |
| 15.  Plaintiff | Detective Elgin Wheeler | |
| 16.  Plaintiff | Detective Kevin Rice | |
| 17.  Plaintiff | Margaret Holnes, R.N. (HUH) | |
| 18.  Plaintiff | Victoria Autry, R.N. (GWUH) | |
| 19.  Plaintiff | Christine Barron, R.N. (GWUH) | |
| 20.  Plaintiff | Kathleen Wahlgren, R.N. (GWUH) | |
| 21.  Plaintiff | Dr. Christopher Lang (GWUH) | |
| 22.  Plaintiff | Dr. Nini Khozeimeh (GWUH) | |
| 23.  Plaintiff | Detective Marshall | |
| 24.  Plaintiff | Seargent Ronald Reid | |
| 25.  Plaintiff | Detective Arnita Briggs | |
| 26.  Plaintiff | Officer Fields | |
| 27.  Plaintiff | 30(b)(6) of Howard University Hospital and SANE Program | |
| 28.  Plaintiff | 30(b)(6) of Howard University | |
| 29.  Plaintiff | 30(b)(6) of District Hospital Partners d/b/a George Washington University Hospital | |
| 30.  Plaintiff | 30(b)(6) of George Washington University | |
| 31.  Plaintiff | 30(b)(6) of D.C. Metropolitan Police Department and MPD Sexual Assault Unit | |
| 32.  Plaintiff | Officer Tracy Hughes | |

# Exhibit 2

**To Plaintiff's Partial Consent Motion to Modify Scheduling Order
and Increase Number of Depositions Plaintiff May Take**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

**From:** Bruce Spiva
**Sent:** Tuesday, March 11, 2008 9:11 AM
**To:** Karen Turner; LMcAfee@gleason-law.com; tvm@gdldlaw.com; Deidre.Robokos@wilsonelser.com; kimberly.matthews@dc.gov; Robert.Goodson@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; michelle.davy@dc.gov; axk@GDLDLAW.com; Kathleen Hartnett
**Cc:** thannan@gleason-law.com; csmith@gleason-law.com; Michele Campbell
**Subject:** Recap of SCHEDULING TELECONFERENCE IN MCGAUGHEY V. DISTRICT OF COLUMBIA, ET AL.

Dear Counsel:

This is a summary of the agreements we reached on yesterday's phone call:

(1)  Noticed depositions of Officer Leveque, Green and Nurse Autry.  These will be rescheduled as follows:

      April 14, 12:30 p.m. Officer Leveque (may continue on April 16 if not finished)
      April 16, 9:30 a.m. Officer Green
      April 17, 9:30 a.m. Nurse Autry

(2)  Depositions of Raegen and Alexandria McGaughey:

      March 31, 9:30 a.m. Raegen McGaughey
      April 1, 9:30 a.m. Alexandria McGaughey

      We're going to leave these as single depos for the day and see how the timing goes.  We agreed to try to schedule more than one depo in a day in the future where possible.

(3)  Blocked out dates for additional depositions:

      We agreed to block the following dates for additional depositions (we will serve notices in the next few days and then we will discuss availability of particular witnesses and move witnesses around as necessary, but everyone agreed to block out these dates):  **April 28, May 1, 5, 6, 8, 13, 14, 15.**

(4)  Joint Motion to Extend Discovery 4 months and all other dates on calendar:  We agreed that due to the number of potential deponents and the difficulty of coordinating six sets of calendars that an extension of the discovery schedule by four months would be desirable and necessary.  We will file a joint motion for an extension sometime this week.

(5)  Stipulation/Motion re additional depositions:  Plaintiff will need to take more than the 10 depositions provided under the rules.  At this point, we estimate needing to take 32 depositions. We circulated a preliminary list of deponents in the case previously which indicates most of the 32 we presently intend to take.  All defense counsel agreed to get back to us about their positions on this, so that we can either file a stipulation or a motion.  Please let us know by Friday, March 14 whether you consent to Plaintiff taking up to 32 depositions.  If everyone consents, we will file a stipulation.  If not, we'll file a motion.

Thanks very much and please let us know if you believe I have misstated any of our agreements.

Regards,

Bruce

Bruce V. Spiva
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W.

Suite 600
Washington, D.C. 20036
(202) 785-0601 (Tel.)
(202) 785-0697 (Fax)
bspiva@spivahartnett.com
www.spivahartnett.com

# Exhibit 3

**To Plaintiff's Partial Consent Motion to Modify Scheduling Order
and Increase Number of Depositions Plaintiff May Take**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

# SPIVA & HARTNETT LLP

1776 MASSACHUSETTS AVENUE, N.W., SUITE 600

WASHINGTON, D.C. 20036

(202) 785-0601   (202) 785-0697 (FAX)

BRUCE V. SPIVA
BSPIVA@SPIVAHARTNETT.COM

March 21, 2008

**Via Email**

TO:  All Counsel Of Record (see attached list)

   *Re:  McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

Dear Counsel:

   This is a follow-up on the phone conversation of March 10 between all counsel or their representatives and a number of emails we have exchanged since then.  Please provide your position on the following two issues:

(1) <u>Joint motion to modify the scheduling order by four months</u>:  In our phone conference on March 10, 2008, all counsel agreed to jointly seek an extension of the current schedule by four months and to do so by joint motion (some counsel confirmed their agreement in writing and the rest did so orally on the call).  I sent an email on March 11 confirming this and other agreements made on the call.  I received no responses disputing any of the memorialized agreements.

On Wednesday, March 19, pursuant to our agreement, I circulated to all counsel a draft joint motion for modification of the scheduling order, seeking comments on the language.  For the first time, some defense counsel responded that they did not want to file this request now but wanted to wait until closer to the close of the discovery period (and after one of the deadlines for which an extension was being sought would have passed), and that they now viewed four months as possibly too long of an extension.  As previously stated, we disagree and believe that we have an obligation to ask the Court for a change in the schedule now.  We also believe that four months is a realistic extension, among other reasons, due to the scope of discovery at issue and the difficulty to date of coordinating the schedules of all counsel.  This was the agreement of counsel, and there is no reason to revisit it at this point.  We will file a motion next week seeking an extension and would still like for it to be a joint motion.  However, we will file it on behalf of Plaintiff only, if necessary.

SPIVA & HARTNETT LLP

Please let us know by close of business on Monday, March 24 whether you: (a) will join this motion (I circulated a draft that I would use if everyone signs on – please let me know if you have any language changes); (b) consent to the four-month extension but do not wish to join in the motion; or (c) oppose the relief requested in the motion – a four-month enlargement of the schedule.

(2) <u>Request for stipulation to additional depositions</u>: In our call of March 10 and also in my email of March 11, I requested defendants' stipulation that Plaintiff could take thirty-two depositions. I have previously explained the bases for our likely need to take at least that many depositions, which include that defendants have disclosed at least that many individuals as potential witnesses. I have not received a response from any defense counsel to this request. Please let us know by close of business Monday, March 24 whether you will consent to Plaintiff taking thirty-two depositions. If we do not receive the consent of all counsel, we will need to file a motion on this next week as well.

Thank you for your attention to these matters.

Yours truly,

Bruce V. Spiva

cc: Kathleen R. Hartnett

SPIVA & HARTNETT LLP

### DEFENSE COUNSEL LIST FOR *MCGAUGHEY V. DISTRICT OF COLUMBIA, ET AL.*

Michelle H. Davy
  michelle.davy@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W, Room 6S085
Washington, D.C. 20007

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALEXANDRIA McGAUGHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-01498 (RJL) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S PARTIAL CONSENT
MOTION TO MODIFY SCHEDULING ORDER AND INCREASE
<u>NUMBER OF DEPOSITIONS PLAINTIFF MAY TAKE</u>**

WHEREAS, the Plaintiff has moved the Court to modify its January 18, 2008 Scheduling Order;

WHEREAS, the Court finds that Defendants do not oppose an enlargement of the remaining deadlines and that Plaintiff has shown good cause for a four-month enlargement of the remaining deadlines set forth in the Court's Scheduling Order;

WHEREAS, Plaintiff also has moved the Court to enlarge the number of depositions Plaintiff may take to no more than thirty-two without further leave of Court or stipulation of the parties; and

WHEREAS, the Court finds that Defendants do not oppose enlarging the number of depositions that Plaintiff may take, and that the large number of parties and potential witnesses justifies Plaintiff taking up to thirty-two depositions without further leave of Court or stipulation off the parties; it is

ORDERED that the Court's January 18, 2008 Scheduling Order is modified as follows:

|                                          | <u>Old Deadline</u>  | <u>New Deadline</u>   |
|------------------------------------------|----------------------|-----------------------|
| Amended Pleadings/<br>    Joinder of Parties | April 16, 2008 | August 18, 2008 |
| Fact discovery closes                    | May 16, 2008         | September 16, 2008    |
| Plaintiff Rule 26(a)(2) due              | July 2, 2008         | November 3, 2008      |
| Plaintiff's expert depositions<br>    no later than | August 15, 2008 | December 15, 2008 |
| Defendant Rule 26(a)(2) due              | September 2, 2008    | January 2, 2009       |
| Defendants' expert depositions<br>    no later than | October 31, 2008 | March 2, 2009 |
| Plaintiff's Rule 26(a)(2)<br>    rebuttal statements due | November 15, 2008 | March 16, 2009 |
| Expert deposition deadlines/<br>    discovery due | November 24, 2008 | March 24, 2009 |
| Dispositive Motions due                  | December 19, 2008    | April 20, 2009        |
| Response to Dispositive Motions<br>    due | January 19, 2009 | May 19, 2009 |
| Reply to Dispositive Motions due         | February 9, 2009     | June 9, 2009          |
| Pretrial Statements due                  | March 30, 2009       | July 30, 2009         |
| Motions in limine/objections due         | April 13, 2009       | August 13, 2009       |
| Response to motions in limine/<br>    Objections due | April 30, 2009 | August 31, 2009 |

It is FURTHER ORDERED that Plaintiff has leave to take up to thirty-two depositions

without further leave of Court or stipulation of the parties.


So ORDERED this _____ day of _____, 2008




_____
Honorable Richard J. Leon


Copies to:           Bruce V. Spiva, D.C. Bar. No. 443754
                    bspiva@spivahartnett.com
                Kathleen R. Hartnett, D.C. Bar. No. 483250
                    khartnett@spivahartnett.com
                SPIVA & HARTNETT LLP
                1776 Massachusetts Avenue, N.W., Suite 600
                Washington, D.C. 20036

Karen R. Turner, D.C. Bar No. 434543
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

Darrell Chambers
  darrell.chambers@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
Christine M. Costantino
  chrissy.costantino@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
The Colorado Building, 1341 G Street, N.W., Suite 500
Washington, D.C. 20005

Thomas V. Monahan, Jr., Bar No. 04471
  tvm@gdldlaw.com
Adam Kelley, Bar No. 26663
  axk@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202

James P. Gleason, Jr., D.C. Bar No. 291005
Larry D. McAfee, D.C. Bar No. 457226
  lmcafee@gleason-law.com
Christopher R. Smith, D.C. Bar No. 477393
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850