**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ALEXANDRIA MCGAUGHEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:07-CV-01498 |
| v. | : | Judge Richard J. Leon |
| | : | |
| DISTRICT OF COLUMBIA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**OPPOSITION TO PLAINTIFF'S PARTIAL CONSENT MOTION
TO MODIFY SCHEDULING ORDER AND INCREASE NUMBER OF
DEPOSITIONS PLAINTIFF MAY TAKE**

COMES NOW, Defendant, Christopher Lang, M.D. (hereinafter "Defendant"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, and opposes Plaintiff's proposed modifications to the scheduling order in addition to the requested increase in the number of permitted deponents. In support of this Opposition, Defendant states as follows:

**I.   Counsel did not and still does not consent to a four month extension of all discovery deadlines.**

As a threshold matter and contrary to Plaintiff's contentions, counsel for Defendant Dr. Lang never consented to a four month extension of all discovery. Counsel for Plaintiff circulated a list identifying 28 facts witnesses which he endeavors to depose. In addition, Plaintiff unilaterally noticed three depositions which could not be attended by counsel for all defendants. Due to the need to coordinate varied schedules, all counsel determined that a conference call would be the most efficient first step to scheduling the noticed depositions in addition to securing additional available dates of counsel. While

296146.1

Plaintiff suggested additional agenda points for the call, counsel The Howard Defendants set up the call with the stated purpose of "secur[ing] dates we can use for depositions." *See* March 7, 2008 Email of Karen Turner, Esq., attached hereto as Exhibit 1.

As Plaintiff indicates, representatives of all parties participated in a conference call on March 10, 2008. Counsel or a representative thereof for each defendant detailed their availability for the upcoming months, agreeing to specific dates for the noticed depositions as well as blocking out dates for additional depositions. Towards the conclusion of the call, counsel for Plaintiff, assuming that the excess depositions will be permitted, suggested that he would need an additional four months to complete this discovery in light of the number of witnesses he wished to depose and the difficulties presented by trying to accommodate the various schedules. In consideration of this explanation, counsel for Dr. Lang was led to believe that the suggested extension of discovery pertained only to deposing fact witnesses. No other discovery deadlines were mentioned with regard to this extension. While extending the timeframe in which to complete fact discovery may necessitate an enlargement of certain other discovery deadlines, Defendant respectfully submits that a uniform four month extension to all discovery, especially the naming of expert witnesses, is unnecessary and unwarranted in the present case.[1]

## II. **Plaintiff's Motion is premature and any necessary extensions are properly considered after the proposed discovery is scheduled to ascertain the proper enlargement of discovery deadlines.**

Defendant respectfully submits that without first undertaking to schedule the proposed depositions in consideration of counsel's availability as discussed on the

2

296146.1

conference call, it is too early to determine the proper extension or modification of the discovery dates provided in the scheduling order. Plaintiff has arbitrarily selected four months as an extension and seeks to uniformly apply this enlargement to all dates set forth in the scheduling order. While it is apparent that some additional time may be necessary if Plaintiff is permitted to conduct all the proposed depositions, it remains unclear how much additional time is required.

Defendant respectfully submits that Plaintiff is obligated to first attempt to complete discovery as near to the Court-ordered deadlines as possible. Once sincere efforts are made, the Court may determine the nature and length of any modifications to the discovery deadlines warranted by the present circumstances. At this early juncture, and without the benefit of determining how many depositions can be scheduled in the current allotted time for fact discovery, it is prejudicial to the interest of the defendants to postpone the proceedings for four months without an adequate showing that such a lengthy extension is necessary. Plaintiff's motion is more properly considered once more substantial discovery has been scheduled permitting a determination of the appropriate enlargement of time. It should be noted that the parties have been able to hold the depositions of Plaintiff, Plaintiff's sister and the depositions of three additional witnesses have been scheduled.

### III. Plaintiff has not shown "good cause" to extend all discovery dates by four months.

Federal Rule of Civil Procedure 16(b) provides that a "scheduling order may be modified only for good cause." FRCP 16(b)(4) (2008). Local Rule 16.4 similarly

---

[1] Counsel for Defendant believes there to be several other factual inaccuracies or erroneous assumptions presented in Plaintiff's Motion but declines to address them all at this time in the interest of judicial economy.

3

296146.1

imposes a "good cause" limitation on alterations to the scheduling order. *Myrdal v. District of Columbia*, No. 05-2351, 2007 U.S. Dist. LEXIS 41220, *4 (D.D.C. June 7, 2007). "Good cause requires that party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *St. Paul Mercury Ins. Co. v. Capital Sprinkler Inspection, Inc.,* No. 05-2115, 2007 U.S. Dist. LEXIS 39606, *19 (D.D.C. June 1, 2007) (internal quotations and citations omitted).

As Plaintiff has not demonstrated the requisite "good cause" required to modify all dates in the scheduling order, the instant Motion is properly denied. While Defendant respectfully submits that Plaintiff's motion is devoid of a good cause showing for a four month extension of any deadline at this point, Plaintiff does not offer a single reason to uniformly extend all discovery deadlines such as the time for designation of Plaintiff's experts. Plaintiff continually references the difficulties presented by deposing all the fact witnesses identified in the defendants' disclosures. This solitary difficulty is an inadequate basis for a significant postponement of all other deadlines.

Although the extension of fact discovery will consequently require modification of other dates, reasonable efforts should be made to keep the dates as close to the original timeframe as possible. Plaintiff has not shown any justification for such a uniformly lengthy extension of all dates. In light of both the absence of any good cause showing for modification of the scheduling order as a whole and the prejudicial effect on the Defendants of permitting such an excessive extension, Plaintiff's Motion is properly denied and any enlargements of time should be limited to the minimum deviation from the current discovery deadlines necessary to ensure a just result for all parties.

4

296146.1

**IV.    Defendant does not consent to Plaintiff's additional proposed depositions.**

Defendants do not consent to Plaintiff's request to take depositions in excess of the ten permitted under Federal Rule of Civil Procedure 30. The additional depositions Plaintiff seeks are burdensome to all defendants without providing any substantial probative value in certain cases. Furthermore, Plaintiff identified 28 proposed fact witnesses and seeks leave to take 32 depositions. At the time Plaintiff sought consent for this Motion, counsel for Defendant inquired as to the identities of the additional individuals to be deposed. Counsel for Plaintiff responded that he wanted to leave himself "wiggle room" to designate additional deponents. Due to the uncertain identity of these deponents, Defendant reserves the right to object to the depositions of these individuals as improper, unduly burdensome, cumulative or any other reason supported by law but not stated herein.

**V.    Conclusion**

WHEREFORE, Defendant respectfully submits that Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take be denied and any other relief the Court deems just.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:    */s/ Robert W. Goodson*
Robert W. Goodson, # 935239

*/s/ Deidre L. Robokos*
Deidre L. Robokos, # 492013
The Colorado Building
1341 G Street, N.W.

5

296146.1

                                                                                          Suite 500  
                                                                                          Washington, D.C.  20005  
                                                                                          Robert.Goodson@wilsonelser.com  
                                                                                         Deidre.Robokos@wilsonelser.com

                                                                                         (202) 626-7660  
                                                                                         (202) 628-3606 (facsimile)

296146.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Opposition to Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take was filed electronically, this 9th day of April 2008, to:

>Bruce V. Spiva, Esq.
>Kathleen R. Hartnett, Esq.
>Spiva & Hartnett, LLP
>1776 Massachusetts Avenue, NW
>Suite 600
>Washington, DC 20036
>*Counsel for Plaintiff*
>
>Dwayne Jefferson, Esq.
>Office of the Attorney General for the District of Columbia
>Sixth Floor South
>441 4th Street, N.W.
>Washington, DC 20001
>*Counsel for Defendant District of Columbia*
>
>Thomas V. Monahan, Jr., Esq.
>Adam Kelley, Esq.
>Goodell, DeVries, Leech & Dann, LLP
>One South Street, 20th Floor
>Baltimore, MD 21202
>*Counsel for Defendant District Hospital Partners, LP*
>
>Gleason, Flynn, Emig & Fogleman, Chartered
>James P. Gleason, Jr., Esq.
>Larry D. VcAffee, Esq.
>Christopher R. Smith, Esq.
>11 North Washington Street
>Suite 400
>Rockville, MD 20850
>*Counsel for Defendant The George Washington University*

>>*/s/ Deidre L. Robokos*
>>Deidre L. Robokos, Esq.

296146.1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:07-CV-01498 (RJL) <br><br> The Honorable Richard J. Leon <br> NEXT EVENT– |

## **ORDER**

UPON CONSIDERATION of the Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take, Defendant's Opposition thereto, and the entire record herein,

It is this ____ day of _____ 200__,

ORDERED that Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take is DENIED.

_____
The Honorable Richard J. Leon

296146.1

Washington, D.C. 20036
(202) 785-0601 (Tel.)
(202) 785-0697 (Fax)
bspiva@spivahartnett.com
www.spivahartnett.com

**From:** Karen Turner [mailto:Karen.Turner@hacdlaw.com]
**Sent:** Friday, March 07, 2008 1:03 PM
**To:** Bruce Spiva; LMcAfee@gleason-law.com; tvm@gdldlaw.com; Deidre.Robokos@wilsonelser.com; kimberly.matthews@dc.gov; Robert.Goodson@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; michelle.davy@dc.gov; axk@GDLDLAW.com; Kathleen Hartnett
**Cc:** thannan@gleason-law.com; csmith@gleason-law.com; Michele Campbell
**Subject:** Re: SETTING UP A SCHEDULING TELECONFERENCE IN MCGAUGHEY V. DISTRICT OF COLUMBIA, ET AL.


Bruce,
There is no way I can knbow the availability of all my witnesses on Monday or anyday. That's why proceeding with this call and agrreing on dates where all counsel are available will give me something to work with as I then try to coordinate 4 or 5 other people's schedules.

Since I set up the call (even though it was Larry's idea) I'll say the purpose of the call is to secure dates that we can use for depositions. We can then contact our respective witnesses and see who we can fit on a given day. It will help if we indicate how much time we will need for depositions so we can determine if more than one can be accomplished in a given day.

We will proceed with the call as planned and accomplish as much as we can to move this case along. If other conferences are needed, we can go from there. I'm optimistic that we can make progress even if counsel do not participate.

Thank you

Karen R. Turner, Esquire
Hamilton Altman Canale & Dillon, LLC

Sent from my Blackberry Handheld Wireless

