IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY, :
:
    Plaintiff, :
:
vs. : Case No. 1:07-cv-01498 (RJL)
:
HOWARD UNIVERSITY, *et al.,* :
:
    Defendants. :
_____ :

### OPPOSITION TO PLAINTIFF'S PARTIAL CONSENT MOTION TO MODIFY SCHEDULING ORDER AND INCREASE NUMBER OF DEPOSITIONS PLAINTIFF MAY TAKE

**COME NOW** the defendants, **Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D., and Dawit Yohannes, M.D.,** by and through their attorneys, **Steven A. Hamilton, Esquire, Karen R. Turner, Esquire,** and **Hamilton Altman Canale & Dillon, LLC,** and respectfully submits this Opposition to Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take and states as follows:

Defendants, Howard University, Howard University d/b/a/ Howard University Hospital, Wendie Williams, M.D., and Dawit Yohannes, M.D., adopt and incorporate the Opposition to Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take filed by Defendant Lang. Defendants state further that the undersigned anticipates that the time frame within which to complete discovery in this case will need to be extended at some point. However, as the undersigned expressed to plaintiff's counsel prior to the filing of the motion, the more appropriate time for filing this motion would be after the parties had made some progress towards completing discovery when

they could better represent to the Court how much additional time would be required. In addition, the parties could also offer the Court some evidence that they had in fact acted diligently towards completing the required discovery. Counsel was concerned then, and remains concerned, that making a request for additional time now, before it was clear to all involved how much discovery time would actually be needed, may prejudice them if in fact additional discovery time was required later in the case.

On a separate matter, the undersigned counsel never consented to Plaintiff's request for a stipulation that plaintiff would be allowed to depose up to 32 witnesses and in fact, opposed that request. The undersigned conveyed her position to plaintiff's counsel via electronic mail on March 27, 2008. *See* Exhibit 1. Admittedly, counsel did not respond to plaintiff within the short time frame he allowed (counsel was away and could not respond), but counsel never acquiesced to plaintiff's desire to depose triple the number of witnesses the court rules permit. Discovery limitations have been established in this court system in part, to promote judicial economy and to limit the expenditure of resources. All parties must make difficult decisions regarding how they will prosecute their cases in a manner that is in keeping with the goals and intent of these restrictions. The plaintiff taking up to 32 depositions, which the court-imposed limitation is 10, flies in the face of the spirit and purpose of the rules.

**WHEREFORE,** Defendants respectfully requests Court issue an Order denying Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions They May Take.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**

By: /s/ Karen R. Turner
Steven A. Hamilton (D.C. Bar No. 953539)
steven.hamilton@hacdlaw.com
Karen R. Turner (D.C. Bar No. 434543)
karen.turner@hacdlaw.com
4600 East-West Highway
Suite 201
Bethesda, Maryland 20814
301-652-7332
Attorneys for Defendants Howard University,
Howard University d/b/a Howard University
Hospital, Dawit Yohannes, M.D., and
Wendie Williams, M.D.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on the 10th day of April, 2008, a copy of the foregoing was served electronically on:

    Bruce V. Spiva, Esquire
    Kathleen R. Hartnett, Esquire
    **Spiva & Hartnett LLP**
    1776 Massachusetts Avenue, N.W.
    Suite 600
    Washington, D.C. 20036

    James P. Gleason, Jr., Esquire
    Larry D. McAfee, Esquire
    Christopher R. Smith, Esquire
    **Gleason, Flynn, Emig**
      **& Fogleman, Chartered**
    11 North Washington Street, Suite 400
    Rockville, Maryland 20850

    Kimberly Matthews Johnson, Esquire
    Darrell Chambers, Esquire
    Office of the Attorney General for the
      District of Columbia
    Civil Litigation Division
    441 Fourth Street, N.W., Sixth Floor South
    Washington, D.C. 20001

    Thomas V. Monahan, Jr., Esquire
    Adam Kelley, Esquire
    **Goodell, DeVries, Leech & Dann, LLP**
    One South Street, 20th Floor
    Baltimore, Maryland 21202

    Robert W. Goodson, Esquire
    Deidre L. Robokos, Esquire
    Christine M. Costantino, Esquire, *Pro Hac Vice*
    **Wilson, Elser, Moskowitz,**
      **Edelman & Dicker, LLP**
    The Colorado Building, Suite 500
    1341 G Street, N.W.
    Washington, D.C. 20005

          /s/ Karen R. Turner
          Karen R. Turner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | : |
| Plaintiff, | : |
| vs. | : Case No. 1:07-cv-01498 (RJL) |
| HOWARD UNIVERSITY, *et al.*, | : |
| Defendants. | : |

## ORDER DENYING PLAINTIFF'S PARTIAL CONSENT MOTION TO MODIFY SCHEDULING ORDER AND INCREASE NUMBER OF DEPOSITIONS PLAINTIFF MAY TAKE

UPON CONSIDERATION of Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take, Defendants' Opposition thereto, and the record herein, it is this _____ day of _____, 2008, hereby

**ORDERED** that the Motion is **DENIED**.

_____
U.S. District Court Judge

**COPIES TO:**
Steven A. Hamilton, Esquire
Karen R. Turner, Esquire
4600 East-West Highway
Suite 201
Bethesda, Maryland 20814

Bruce V. Spiva, Esquire
Kathleen R. Hartnett, Esquire
**Spiva & Hartnett LLP**
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036

James P. Gleason, Jr., Esquire
Larry D. McAfee, Esquire
Christopher R. Smith, Esquire
**Gleason, Flynn, Emig**
  **& Fogleman, Chartered**
11 North Washington Street,
Suite 400
Rockville, Maryland  20850

Kimberly Matthews Johnson, Esquire
Darrell Chambers, Esquire
Office of the Attorney General for the
  District of Columbia
Civil Litigation Division
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001

Thomas V. Monahan, Jr., Esquire
Adam Kelley, Esquire
**Goodell, DeVries, Leech & Dann, LLP**
One South Street,
20th Floor
Baltimore, Maryland 21202

Robert W. Goodson, Esquire
Deidre L. Robokos, Esquire
Christine M. Costantino, Esquire, *Pro Hac Vice*
**Wilson, Elser, Moskowitz,**
  **Edelman & Dicker, LLP**
The Colorado Building,
Suite 500
1341 G Street, N.W.
Washington, D.C.  20005

**Michele Fuller**

---

**From:** Karen Turner
**Sent:** Thursday, April 10, 2008 3:45 PM
**To:** Michele Fuller
**Subject:** FW: Two Outstanding Issues in McGaughey v. District of Columbia, et al.

---

**From:** Karen Turner
**Sent:** Thu 4/10/2008 2:14 PM
**To:** Michele Fuller
**Subject:** FW: Two Outstanding Issues in McGaughey v. District of Columbia, et al.

---

**From:** Karen Turner
**Sent:** Thu 3/27/2008 10:08 PM
**To:** 'Bruce Spiva'; LMcAfee@gleason-law.com; tvm@gdldlaw.com; Deidre.Robokos@wilsonelser.com; kimberly.matthews@dc.gov; Robert.Goodson@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; michelle.davy@dc.gov; axk@GDLDLAW.com
**Cc:** Kathleen Hartnett
**Subject:** RE: Two Outstanding Issues in McGaughey v. District of Columbia, et al.

Sorry my reply is late but I have been out this week. I think it would be more prudent to wait before seeking a discovery extension. I believe we need one, but don't want to have to go back if it turns out that 4 months is not enough. I think it makes more sense to get some discovery done and then when we see what is left and can make a better prediction as to how much time would be needed, we can go to the court. Asking now may put us in jeopardy if we need more time later.

I cannot agree to a stipulation to allow the plaintiff to take 32 depositions. I will respond to whatever motion plaintiff files.

Karen R. Turner, Esquire
Hamilton Altman Canale & Dillon, LLC
4600 East West Highway
Suite 201
Bethesda, Maryland 20814
(301) 652-7332
(301) 652-0836 (fax)

The information contained in this e-mail is confidential and may be attorney-client privileged and is only intended for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, printing or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by phone and return the original transmission to us via e-mail.

---

**From:** Bruce Spiva [mailto:bspiva@spivahartnett.com]
**Sent:** Friday, March 21, 2008 3:08 PM
**To:** Karen Turner; LMcAfee@gleason-law.com; tvm@gdldlaw.com; Deidre.Robokos@wilsonelser.com; kimberly.matthews@dc.gov; Robert.Goodson@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; michelle.davy@dc.gov; axk@GDLDLAW.com



1

**Cc:** Bruce Spiva; Kathleen Hartnett
**Subject:** Two Outstanding Issues in McGaughey v. District of Columbia, et al.

Dear Counsel:

    Please find attached a letter reiterating our request for your positions on two issues. We request your reply by close of business Monday. Thanks,

Bruce

Bruce V. Spiva
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 785-0601 (Tel.)
(202) 785-0697 (Fax)
bspiva@spivahartnett.com
www.spivahartnett.com