**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDRIA McGAUGHEY,         )<br>                                                           )<br>              Plaintiff,                     )<br>                                                           )     Case No. 1:07-cv-01498 (RJL)<br>v.                                                      )<br>                                                           )<br>DISTRICT OF COLUMBIA, *et al.*,    )<br>                                                           )<br>                                                           )<br>              Defendants.                )<br>_____)| |

### PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S PARTIAL CONSENT MOTION TO MODIFY SCHEDULING ORDER AND INCREASE NUMBER OF DEPOSITIONS PLAINTIFF MAY TAKE

Because the next deadline on the Court's current Scheduling Order is Wednesday, April 16, 2008 – the deadline for amending the complaint and/or adding additional parties – Plaintiff submits this reply brief early, and respectfully requests the Court's expedited ruling on her Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take.

Plaintiff has made a modest and well-supported motion to expand the schedule in this complex, eight-defendant case by four months and to increase the number of depositions that Plaintiff may take so as to include all important likely fact witnesses. The three briefs submitted in opposition to Plaintiff's motion misstate several facts related to this dispute, as explained below, but three points remain clear:

(1)    Defendants do not dispute that the schedule should be modified;[1]

(2)    Defendants have articulated no basis to deny Plaintiff the basic right to prepare her case by deposing potentially important witnesses, all of whom Defendants

---

[1] Plaintiff could have avoided a great deal of unnecessary effort and expense had Defendants adhered to their original agreement to seek a four-month extension of all deadlines by joint motion.  *See* Plaintiff's Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take at 4 (hereinafter, "Plaintiff's Motion").

        have disclosed as possessing information that Defendants may rely upon in defending this case; and

(3)    The parties need the Court's guidance now concerning the number of depositions and case schedule, rather than, as some Defendants suggest, on the eve of the close of fact discovery and after the passing of one of the deadlines for which Plaintiff seeks (and for which Defendants originally agreed to seek) an extension.

For these reasons, Plaintiff respectfully requests that the Court grant her motion to modify the Court's Scheduling Order and increase the number of depositions Plaintiff may take.

## I.   THE SCHEDULE SHOULD BE MODIFIED AS PROPOSED BY PLAINTIFF AND ORIGINALY AGREED BY DEFENDANTS.

Plaintiff has moved for a four-month extension of all remaining deadlines in the Court's Scheduling Order. As noted in Plaintiff's Motion, all Defendants originally agreed in early March 2008 that an across-the-board extension was necessary, and that they would join a motion seeking such an extension. Plaintiff immediately confirmed this agreement in an email to all defense counsel, and, acting in reliance on Defendants' agreement, circulated a draft of the joint motion days later. *See* Plaintiff's Motion at 4 and Exhibit 2 thereto. At that point, some Defendants changed their minds and stated that, rather than filing a joint motion as soon as it was apparent that the parties would be unable to complete discovery within current deadlines, they would rather wait until closer to the discovery cut-off of May 16, 2008 to seek an extension. Particularly because one of the deadlines to be extended would have passed by then, Plaintiff believed it necessary to seek an extension immediately.

The Defendants that have filed what purport to be "opposition" briefs actually do not dispute that an extension of the schedule is necessary. Rather, they disagree about when an extension should be sought, how long of an extension is necessary, and what deadlines should be

extended.[2] On one hand, the Howard Defendants agree that an extension of the entire schedule is necessary, but believe that a *longer* extension than the one proposed by Plaintiff may be necessary. *See* Exhibit 1 to Howard Opp. On the other hand, Dr. Lang, while also agreeing that an extension will be necessary, objects to asking for it now because he claims that the parties may need a *shorter* extension than the one proposed by Plaintiff. Both assert that it would be better to wait until closer to the deadline to seek an extension.[3]

Plaintiff submits that a four-month extension is a reasonable period of time to permit counsel to complete fact discovery in this matter, including the taking of what will likely be forty or more depositions among all the parties (assuming approximately thirty-two taken by Plaintiff and eight to ten by Defendants, not including "records" depositions, some of which Defendants have noticed already). As set forth in Plaintiff's Motion, and contrary to some Defendants' assertions, the parties know "how many depositions can be scheduled in the current allotted time for fact discovery," Lang Opp. at 3, because they have (after considerable effort) blocked out the only dates that all counsel are available for depositions through the close of discovery. At the most, the parties will be able to complete twelve depositions by May 16, 2008.[4] Indeed, just this week, one of the few depositions that Plaintiff actually had been able to schedule in light of defense counsel's conflicting schedules had to be cancelled and postponed because a Defendant's witness was no longer available on the promised date.

---

[2] Notably, Defendants' first proposed schedule in late 2007, while the parties were negotiating in advance of the Joint Case Management Conference, called for a fact discovery cut-off of August 4, 2008 – two and a half months after the current close of fact discovery.

[3] The District of Columbia, which has previously consented to the four-month extension, filed an opposition brief, but apparently opposes only Plaintiff's request to depose additional witnesses, a topic addressed in the next section.

[4] The only two witnesses who have been deposed so far have been Plaintiff and her sister and each of their depositions lasted a full day, in part because all five sets of defense counsel questioned each witness. Defendants will have the same opportunity to ask questions of co-Defendants' witnesses whom Plaintiff deposes, and it is therefore unlikely that more than one deposition will take place on any given day.

Accordingly, there is no doubt, and no counsel actually disputes, that there is a need for an extension of the schedule in order to permit reasonable discovery. And there is no reason to wait until the eve of the discovery cut-off to seek the Court's leave for more time. Waiting does nothing but provide Defendants with a strategic advantage by creating uncertainty for Plaintiff. In contrast, obtaining an extension now would permit the parties to begin scheduling the remaining depositions past the current deadline and more logically order and prioritize the depositions and other discovery as each side sees fit. Contrary to Dr. Lang's assertion, four months is not an "arbitrary" amount of time, *see* Lang Opp. at 3. Rather, Plaintiff's proposal was based on the reasonable estimate of taking of six to eight depositions per month on average through the end of the proposed schedule, as well as allowing enough time for full responses to (and any disputes concerning) outstanding document requests and other written discovery while still in the fact discovery period.[5] Even this proposed schedule is ambitious, given the difficulties of coordinating defense counsels' schedules, and the fact that the proposed schedule would run through the summer months when many counsel and witnesses take vacation. However, while an even longer extension might be justifiable, as suggested by counsel for Howard, Plaintiff does not propose a longer extension because realistic but ambitious deadlines are most likely to keep all parties focused on moving the case forward.[6]

Dr. Lang's counsel also incorrectly asserts that she never agreed to an across-the-board extension of all deadlines, but agreed to extend only the fact discovery deadlines. This assertion is inaccurate. Plaintiff's counsel memorialized his understanding of the agreement reached by all counsel on the March 10, 2007 phone call in a March 11, 2008 email. In particular, Plaintiff's

---

[5] Defendants have provided relatively few documents as part of their initial disclosures – mostly Plaintiff's medical records and the police report, both of which Plaintiff already has copies.
[6] Plaintiff respectfully submits that Dr. Lang's counsel's suggestion that an extension shorter than four months would be sufficient is unrealistic.

4

counsel confirmed that the parties had agreed to a "Joint Motion to Extend Discovery 4 months *and all other dates on calendar*" (emphasis added).  Exhibit 2 to Plaintiff's Motion.  Plaintiff's counsel repeated that understanding in a March 21, 2008 letter to defense counsel.  Exhibit 3 to Plaintiff's Motion.  Neither Dr. Lang's counsel nor any other Defendant's counsel responded to either of these communications with a claim that the parties' agreement was limited to an extension of the fact discovery deadlines.  Indeed, Dr. Lang's counsel articulated her present disagreement with an across-the-board extension of deadlines for the very first time in her opposition brief filed on April 9, 2008.  Prior to that, she had expressed reservations only about the timing of the filing of the motion and the *length* of the extension, albeit after having originally agreed to both the timing, length and scope of the extension that Plaintiff now seeks.

Extending the deadline for fact discovery but not the other deadlines in the case makes no sense.  The deadlines that the parties proposed at the status conference were related to each other and, in the main, intended to follow a logical progression.  For instance, the deadline to amend the complaint or add parties falls a month before the close of fact discovery, both to permit the parties to take sufficient discovery to determine if any such amendment or addition is necessary, but also to permit the parties some time to take any additional discovery necessitated by any such amendments.  Enlarging the fact discovery deadline by four months, but keeping the amendment and joinder deadline as April 16, 2008 – by which time Plaintiff will have had the opportunity to depose only one witness based on Defendants' scheduling issues – would be highly prejudicial to Plaintiff.[7]

Likewise, expert discovery follows fact discovery under the current schedule to enable the parties' experts to have the benefit of complete fact discovery in reaching their opinions and

---

[7] Plaintiff's Motion set forth in detail the difficulties Plaintiff's counsel has faced scheduling depositions of Defendants' employees and will not repeat that discussion here, other than to note that it is telling that, to date, the only two individuals deposed have been Plaintiff and her sister.  *See* Plaintiff's Motion at 3-4 and n.5.

5

preparing their Rule 26(a)(2) reports. Extending only the fact discovery deadline but keeping the deadline for expert discovery in place would unfairly require Plaintiff's experts to reach conclusions without having the benefit of full factual discovery from Defendants. In contrast, Defendants' expert reports would not be due until near the very end of fact discovery.[8] Dr. Lang's counsel offers no justification for ordering the schedule in a manner so illogical and prejudicial to Plaintiff other than a vague assertion that to do otherwise would "prejudice" Defendants. Lang Opp. at 3-4. This Court should reject such unsupported and untimely objections and modify the schedule uniformly with a four-month extension of all deadlines.

## II. DEFENDANTS HAVE PROVIDED NO BASIS TO DENY PLAINTIFF THE RIGHT TO DEPOSE ALL LIKELY FACT WITNESSES.

Because of the large number of likely fact witnesses in this case, including the numerous potential witnesses disclosed by the several institutional Defendants, Plaintiff has moved for permission to take up to 32 fact depositions in this matter. To begin with, the Defendants' oppositions to this request should be rejected out-of-hand for failure to meet and confer in good faith, as required by Local Civil Rule 7(m). With a singular exception, prior to filing oppositions to Plaintiff's motion, no Defendant bothered to respond to Plaintiff's repeated requests for a stipulation to take up to thirty-two depositions. As explained in Plaintiff's Motion, nearly all of the depositions that Plaintiff seeks to take are of individuals identified in Defendants' initial disclosures as having discoverable information relevant to this matter and which Defendants may use to support their defenses. In early February 2008, Plaintiff specifically identified for Defendants twenty-eight witnesses she knew she needed to depose.[9] Thereafter, Plaintiff's

---

[8] Under the current schedule, Defendants will receive Plaintiff's expert reports and be able to depose Plaintiff's experts prior to serving Defendants' expert reports.

[9] On February 14, 2008, Plaintiff specifically identified for Defendants twenty-eight individuals whom Plaintiff sought to depose. All of these proposed deponents are either Defendants or their employees, and all were specifically disclosed by Defendants in their initial disclosures as having information relevant to this dispute (with

6

counsel repeatedly requested defense counsel's position on Plaintiff's request to take 32 depositions, both orally (on the March 10, 2008 call) and in writing (in Plaintiff's counsel's March 11, 2008 email and March 21, 2008 letter).  *See* Exhibits 2 and 3 to Plaintiff's Motion.  No Defendant that has filed an opposition brief ever responded to these repeated requests that Defendants state their position on this issue so that Plaintiff could make the appropriate filing with the Court.  Indeed, only counsel for District Hospital Partners, L.P. ever responded to Plaintiff and stated that he would not oppose Plaintiff's request.

The suggestion by Howard Defendants' counsel that Plaintiff's counsel did not provide defense counsel adequate time to respond to Plaintiff's request for additional depositions is completely untrue and belied by the record.  Plaintiff's counsel expressly requested such a stipulation on the March 10, 2008 all-counsel call, at which time Plaintiff's counsel had been seeking such a stipulation from defense counsel for weeks.  Plaintiff's counsel again raised this issue (and requested all Defendants' positions by March 14, 2008) in a March 11, 2008 email, and yet again in a March 21, 2008 letter.  Moreover, counsel for Howard acknowledged receiving Plaintiff's March 21, 2008 letter the day that it was sent electronically, and she responded to the cover email of Plaintiff's counsel (which expressly requested a response by March 24, 2008) by stating that she would get back to Plaintiff's counsel.  *See* Email from K. Turner to B. Spiva, March 21, 2008 (attached hereto as Exhibit 1).  She did not.  Counsel for Howard's next communication was an email sent almost a week later, shortly after Plaintiff's motion had been filed on March 27, 2008.  Exhibit 1 to Howard Opp.  Howard's counsel's March 27, 2008 email is written as if Plaintiff's motion had not yet been filed and purports to offer the Howard Defendants' long-awaited positions on the matters at hand (although, with

---

the exception of the five Rule 30(b)(b) depositions sought by Plaintiff).  *See* Plaintiff's Chart of Proposed Deponents, Feb. 14, 2008 (attached as Exhibit 1 to Plaintiff's Motion).  None of the Defendants has asserted that any of the individuals Plaintiff identified in that list should not or need not be deposed.

7

respect to the request for additional depositions, it simply states an objection without explanation). However, Howard's counsel sent that email *hours after* Plaintiff's filing had been served electronically through the Court's electronic filing system, as Howard counsel's email account would have reflected.

Setting aside their complete failure to meet and confer in good faith, even now, the opposing Defendants do not reveal *why* Plaintiff should be denied the opportunity to take the discovery she seeks. Defendants have not identified a single witness on the list provided by Plaintiff that they believe to be superfluous or irrelevant, let alone a witness whose testimony is unlikely to lead to the discovery of admissible evidence (the controlling standard under Rule 26). Plaintiff's Motion explained in detail the need and rationale for taking the depositions of these witnesses, as Plaintiff had repeatedly explained to defense counsel prior to filing her motion. *See* Plaintiff's Motion at 6-8. Yet, Defendants still fail to respond substantively to Plaintiff's request, other than to assert generalized and unsubstantiated claims of "prejudice" and "burden." Defendants have provided no basis for rejecting Plaintiff's reasonable and well-considered request to take 32 depositions in this complex, multi-defendant matter.

Dr. Lang's counsel misrepresents Plaintiff's explanation for seeking thirty-two depositions, claiming that the undersigned counsel merely wanted "wiggle room" to take additional depositions beyond the twenty-eight specifically identified in early February. Lang Opp. at 5. That is not true. Plaintiff's counsel explained on the March 10, 2008 call that there were additional witnesses that Plaintiff was identifying through counsel's own investigation, as well as additional witnesses listed in Defendants' own disclosures whom Plaintiff might need to depose but had not yet made a firm decision, partly because Plaintiff had yet to receive any

8

discovery from Defendants other than their initial disclosures.[10] In addition, there are third-parties, such as a representative of the DC Rape Crisis Center, whom Plaintiff may need to depose. Thus, building in an additional four witnesses on top of Plaintiff's known and specifically identified 28 witnesses was an effort to be prudent and conservative and to avoid having to return to the Court to seek permission for additional depositions.

Finally, after also having failed to respond to repeated requests for its position on Plaintiff's request for thirty-two depositions, the District has filed a brief opposing Plaintiff's request for additional depositions and claiming that it will be entitled to summary judgment in the case based on the public duty doctrine. As Plaintiff has explained in previous filings regarding the District's belated raising of the "public duty" issue, the District completely misconceives Plaintiff's claims in this case, and the District's asserted defense has no merit. However, the Court cannot decide a summary judgment motion on this issue without permitting discovery of the facts relevant to its applicability. Moreover, even if the District were to file a proper summary judgment motion on this issue and prevail (and it should not), all the discovery that Plaintiff is presently seeking, from the District and otherwise, would still be necessary, including depositions of the police officers and detectives who interfered with Plaintiff's receipt of a sexual assault medical forensic examination. As with the other Defendants, the District fails to identify in its opposition papers one single witness whom it believes to be unnecessary, whether or not it obtains summary judgment.

---

[10] In addition to seeking depositions, Plaintiff has served Requests for the Production of Documents on all Defendants.

9

**CONCLUSION**

For all the reasons above and in Plaintiff's motion and opening memorandum, the Court should grant Plaintiff's motion to modify the scheduling order and to permit Plaintiff to take up to thirty-two depositions without further leave of Court.

Dated: April 14, 2008

>Respectfully submitted,
>
>/s/ Bruce V. Spiva             _____
>Bruce V. Spiva, D.C. Bar. No. 443754
>   bspiva@spivahartnett.com
>Kathleen R. Hartnett, D.C. Bar. No. 483250
>   khartnett@spivahartnett.com
>SPIVA & HARTNETT LLP
>1776 Massachusetts Avenue, N.W., Suite 600
>Washington, D.C. 20036
>Telephone: (202) 785-0601
>Facsimile: (202) 785-0697
>
>*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2008, a true and correct copy of the foregoing Plaintiff's Reply Memorandum in Support of Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take was served electronically via ECF upon the following:

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
Adam Kelley
  axk@gdldlaw. com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

Dwayne Jefferson
  dwayne.jefferson@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
Christine M. Costantino
  chrissy.costantino@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN &
  DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

 

/s/ Bruce V. Spiva
Bruce V. Spiva

# EXHIBIT 1
To Plaintiff's Reply In Support of Plaintiff's Partial
Consent Motion to Modify Scheduling Order and Increase
Number of Depositions Plaintiff May Take
Case No. 1:07-cv-01498 (RJL)

Re: Two Outstanding Issues in McGaughey v. District of Columbia, et al. Page 1 of 2

Case 1:07-cv-01498-RJL   Document 35-2   Filed 04/14/2008   Page 2 of 3

## Bruce Spiva

**From:** Karen Turner [Karen.Turner@hacdlaw.com]
**Sent:** Friday, March 21, 2008 5:39 PM
**To:** Bruce Spiva; LMcAfee@gleason-law.com; tvm@gdldlaw.com; Deidre.Robokos@wilsonelser.com; kimberly.matthews@dc.gov; Robert.Goodson@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; michelle.davy@dc.gov; axk@GDLDLAW.com
**Cc:** Kathleen Hartnett
**Subject:** Re: Two Outstanding Issues in McGaughey v. District of Columbia, et al.

I'll check it out and get back to you.

Nurse Audrey Postell is available for deposition on April 28. Bruce, should I try and get another nurse on this day? We will have this deposition at Howard.

Thank you

Karen R. Turner, Esquire
Hamilton Altman Canale & Dillon, LLC

Sent from my Blackberry Handheld Wireless

----- Original Message -----
From: Bruce Spiva <bspiva@spivahartnett.com>
To: Karen Turner; LMcAfee@gleason-law.com <LMcAfee@gleason-law.com>; tvm@gdldlaw.com <tvm@gdldlaw.com>; Deidre.Robokos@wilsonelser.com <Deidre.Robokos@wilsonelser.com>; kimberly.matthews@dc.gov <kimberly.matthews@dc.gov>; Robert.Goodson@wilsonelser.com <Robert.Goodson@wilsonelser.com>; Chrissy.Costantino@wilsonelser.com <Chrissy.Costantino@wilsonelser.com>; michelle.davy@dc.gov <michelle.davy@dc.gov>; axk@GDLDLAW.com <axk@GDLDLAW.com>
Cc: Bruce Spiva <bspiva@spivahartnett.com>; Kathleen Hartnett <khartnett@spivahartnett.com>
Sent: Fri Mar 21 15:08:19 2008
Subject: Two Outstanding Issues in McGaughey v. District of Columbia, et al.

Dear Counsel:

Please find attached a letter reiterating our request for your positions on two issues. We request your reply by close of business Monday. Thanks,

Bruce


Bruce V. Spiva

Spiva & Hartnett LLP

1776 Massachusetts Avenue, N.W.

Suite 600

Washington, D.C. 20036

(202) 785-0601 (Tel.)


4/14/2008

Re: Two Outstanding Issues in McGaughey v. District of Columbia et al.  Page 2 of 2

Case 1:07-cv-01498-RJL   Document 35-2   Filed 04/14/2008   Page 3 of 3

(202) 785-0697 (Fax)

bspiva@spivahartnett.com

www.spivahartnett.com