UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDRIA MCGAUGHEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:07-CV-01498 (RJL) |
| | : | |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### DEFENDANT'S DISTRICT OF COLUMBIA'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant District of Columbia ("District"), by and through undersigned counsel,

hereby moves this Court, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings

on all claims filed against it.  Plaintiff's claims against the District are barred by the

public duty doctrine because the District owed no legal duty to Plaintiff since there was

no special relationship between she and the District.

In support of this motion, this Defendant attaches hereto a Memorandum of Points

and Authorities, as well as a proposed Order.  Because this is a dispositive motion, the

District is not required to seek Plaintiff's consent before filing.

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

___/s/ Dwayne C. Jefferson_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295; (202) 741-0554 fax
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY,                    :
                                          :
        Plaintiff,                        :
                                          :
v.                                        :     Case No. 1:07-CV-01498 (RJL)
                                          :
DISTRICT OF COLUMBIA, *et al.*,           :
                                          :
        Defendants.                       :
_____ :

**MEMORANDUM OF POINTS & AUTHORITIES SUPPORTING THE
DISTRICT OF COLUMBIA'S MOTION FOR JUDGMENT ON THE PLEADINGS**

In support of its Motion for Judgment on the Pleadings, the District submits its

supporting memorandum of points and authorities.

**STATEMENT OF FACTS**

Plaintiff Alexandria McGaughey was 19 years of age at all times relevant to this

litigation. *See* Complaint, at ¶ 1. Plaintiff alleges in her Complaint that around midnight

on Friday December 8, 2006, she and two of her Howard University classmates (Kerston

Reid and Sade Diké) arrived at an off-campus house party in a neighborhood near the

university. *See* Complaint at ¶ 17. During the course of the night, Plaintiff believes she

was drugged by Bilal Curtis, who she danced with that night. Complaint, at ¶ 19.

Plaintiff woke up mid-morning on Saturday, December 9, in her dormitory room with

severe pain in her anus, rectum and one of her legs. *Id*. at ¶ 19.

Plaintiff was taken to Howard University Hospital by her friends after she woke

up on December 9, 2006. *See* Complaint at ¶ 27. Neither Plaintiff nor her friends

contacted either the D.C. Metropolitan Police Department ("MPD") or the D.C. Rape

Crisis Center on December 9th. Hospital personnel reported Plaintiff's alleged rape to

MPD.  *See* Complaint at ¶¶ 43 & 46.

MPD Officer Michael Minor arrived at Howard University Hospital and questioned Plaintiff.  *See* Complaint at ¶ 46.  MPD did not provide Plaintiff with a rape kit.  *See* Complaint at ¶ 47, 49 & 54.

On August 21, 2007, Plaintiff filed this action alleging that the District of Columbia negligently hired, trained and supervised certain MPD officers who, negligently failed to investigate her sexual assault allegations and, otherwise, negligently led hospital personnel to believe that police approval was required before hospital personnel could collect certain sexual assault-related forensic evidence.  The Complaint is based on the purported failure of MPD officers to adequately protect Plaintiff by properly investigating her sexual assault allegations.  The basic premise of Plaintiff's argument is that had MPD officers properly investigated her sexual assault allegations (i.e., by administering the sex kit she requested and interviewing other persons involved), then she would not have been deprived of the opportunity to see her assailant brought to justice.  *See, e.g.* Complaint at ¶¶ 97 & 101.

The District now seeks dismissal of the Complaint because responding to reports of — and investigating — criminal activity are duties that law enforcement owe to the public as a whole, not to any specific individual, absent special circumstances.  The responsibility to enforce the laws for the good of the public cannot engender a duty to act with care toward any one individual.  As will be shown below, no special circumstances exist in this case which created a duty owed to Plaintiff by the District.  Thus, as a matter of law, this Court must dismiss Plaintiff's Complaint against the District.

**STANDARD OF REVIEW**

**I.      STANDARD FOR JUDGMENT ON THE PLEADINGS PER FED. R. CIV. P. 12(c)**

To be entitled to judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), a

movant must show, at the close of pleadings, that no genuine issue of material fact

remains to be resolved.  *See Terry v. Reno*, 322 U.S. App. D.C. 124, 135, 101 F.3d 1412,

1423 (1996).[1]  A court must view the facts presented in the pleadings and the inferences

to be drawn therefrom in the light most favorable to the nonmoving party.  *Peters v.*

*National R.R. Passenger Corp.*, 296 U.S. App. D.C. 202, 966 F.2d 1483, 1485 (1992).

"A court will grant a motion for judgment on the pleadings only if, after the close of the

pleadings, no material fact remains in dispute, and the moving party is entitled to

judgment as a matter of law."  *Summers v. Howard Univ.*, 127 F. Supp. 2d 27, 29 (D.D.C.

2000) (*quoting Transworld Prods. Co. v. Canteen Corp.*, 908 F. Supp. 1 (D.D.C. 1995)).

On a Rule 12(c) motion, "if . . . matters outside the pleadings are presented to and not

excluded by the court, the motion shall be treated as one for summary judgment and

disposed of as provided in Rule 56 . . . ."  Fed. R. Civ. P. 12(c).

**ARGUMENT**

**II.      PLAINTIFF'S CLAIMS ARE BARRED BY THE PUBLIC DUTY DOCTRINE**

Under the public duty doctrine, a governmental entity is not liable because of its

failure to enforce regulatory or penal statutes.  Absent a special duty to a particular

individual, no liability attaches to a municipal police department's failure to provide

adequate police protection or services.  In fact, under the public duty doctrine, a breach of

---

[1]  By Minute Scheduling Order entered January 18, 2008, this Honorable Court fixed an
April 16, 2008 deadline to amend pleadings.  Per the Court's April 16, 2008 Minute
Order, the April 16th deadline was extended to June 16, 2008 — the date the instant
motion is being filed.

a general duty owed by the local governmental entity to the public as a whole, such as to provide police protection or services, is not actionable. In other words, a duty to all is a duty to no one.

Courts have routinely explained that the District "`and its agents are under no general duty to provide public services . . . to any particular individual citizen,' and cannot, therefore, ordinarily be held liable for negligently failing to provide such services." *Platt v. District of Columbia,* 467 A.2d 149, 151 (D.C. 1983), *quoting Warren v. District of Columbia,* 444 A.2d 1, 4 (D.C. 1981) *(en banc)*. The Courts have recognized an exception to the general rule of no liability in instances where there exists a "special relationship" between the District and a member of the public.

A special relationship may arise when two conditions are met: "(1) a direct contact or continuing contact between the victim and the governmental agency or official; **and** (2) a justifiable reliance on the part of the victim." *Platt,* 467 A.2d at 151. In applying these factors, Courts have recognized exceptions to the public duty doctrine in special circumstances, such as when police actively use a private citizen in the investigation, arrest, or prosecution of a criminal. *See, e.g., Hines v. District of Columbia,* 580 A.2d 133, 138 (D.C. 1990). In this case, Plaintiff has failed to plead any facts to establish the existence of any special relationship between herself and the District of Columbia. *See* Complaint, generally. Plaintiff was of legal age when the events that underlie this lawsuit occurred. *See* Complaint at ¶ 1. She was never in police custody. *See* Complaint, generally. She never contacted the police, the police did not promise to provide her any special services, nor does she allege any justifiable reliance on the police based on her interaction with them. *See* Complaint, generally.

A special relationship does not arise simply because an individual requests — and a District employee agrees to render — public assistance. *See Morgan v. District of Columbia,* 468 A.2d 1306, 1313 (D.C. 1983) (*en banc*); *Warren,* 444 A.2d 1, 2 & 6 (D.C. 1981) (*en banc*). Furthermore, even when the District renders some assistance, no actionable duty arises even if that assistance is negligent unless the nature of the assistance rendered creates a special relationship. *Morgan,* 468 A.2d at 1317; *Warren,* 444 A.2d at 2.

In *Varner v. District of Columbia*, 891 A.2d 260 (D.C. 2006), Plaintiff lodged wrongful death and survival action claims against the District for the death of their son, Benjamin Varner, a Gallaudet University freshman. Just prior to Varner's death, another student, Eric Plunkett, was murdered. The D.C. Metropolitan Police Department arrested Thomas Minch for the Plunkett murder, though it allegedly had evidence that Joseph Mesa had stolen Plunkett's credit card and had used it to make purchases. Varner claimed that if MPD had exercised reasonable care in investigating the Plunkett murder, then Mesa would have been swiftly apprehended, and would not have had an opportunity to kill Varner. Further, in an effort to establish the existence of a special relationship with the District, Plaintiff highlighted the fact that — between the Plunkett and Varner homicides — Metropolitan Police attended an on-campus meeting during which Gallaudet University students, including Benjamin Varner, were assured that they would receive special protection, that their security would be accorded highest priority, and that it was safe for them to remain in school. The District Court found that no special relationship existed between Varner and the District of Columbia. Varner appealed and

the D.C. Court of Appeals found that:

> [U]nder the public duty doctrine, public officials such as police officers cannot be held liable for harm caused by criminals unless there was a "special relationship" between the victim and the official. *See, e.g., Platt v. District of Columbia,* 467 A.2d 149 (D.C.1983).  In order to find that a "special relationship" had been created, a two-prong test applies: there must be either [sic] a direct or continuing contact between the victim and the police department, and there must be a justifiable reliance on that contact by the victim. *See id.*
>
> In the present [Varner] case, neither prong of the test is met. Plaintiff argues that a special relationship had been created by the prior murder of a Gallaudet student, and because the MPD had a presence on the Gallaudet campus. [Citation to record omitted.] Plaintiff presents no argument or evidence, however, to show that Benjamin Varner himself had any direct or continuing contact with the MPD. Merely because the police are present in an area does not create a special relationship with the people in that area. To the contrary, finding that a special relationship exists in such a situation would obviate the public duty doctrine, as a special relationship would be created between the police and the people in any area in which the police are doing their job. Thus, absent any information or argument by plaintiff that a special relationship had been created between Detective Cimiotti and Benjamin Varner himself, as opposed to the entire Gallaudet student body, the public duty doctrine applies to this case.

891 A.2d 260, 275.  Thus, even where police were present *before* a victim was killed (*i.e.*, Officer Cimiotti spoke at an on-campus meeting about a prior crime committed on that same campus, and the victim himself (Varner) was present at the meeting), the Court found that no "special relationship" existed.  In this regard, the allegations of Alexandria McGaughey's Complaint fail to establish the existence of any special relationship.

In *Wanzer v. District of Columbia*, 580 A.2d 127 (D.C. 1990), the Court upheld the dismissal of a negligence claim brought by the estate of a decedent, Mr. Lee, who called 911 complaining of a terrible headache and requested an ambulance.  Mr. Lee was advised by the dispatcher to take an aspirin, no ambulance was dispatched, and he died two days later of a stroke.  Having concluded that the public duty doctrine was applicable

to the District's public ambulance service (911), the Court found that:

> [t]o give rise to a special relationship, *the agency's response to the private party must in some demonstrable way exceed the response generally made to other members of the public. Even a series of contacts over a period of time between a public agency and an injured or endangered person is not enough to establish a special relationship*, absent some showing that the agency assumed a greater duty to that person than the duty owed to the public at large.

*Id*. at 132 (emphasis added) (citations omitted).

Plaintiff has not alleged any facts supporting the existence of a special relationship between herself and the District or any MPD officer.  *See* Complaint, generally.  Courts generally find an exception to the public duty doctrine when it is determined that the victim has been lulled into a false sense of security by the municipality's voluntary undertaking which has thereby induced the victim to either relax their own vigilance, or to forego other available avenues of protection.  In *Hines v. District of Columbia*, the Court noted:

> Our case law makes it clear that the mere fact that an individual has emerged from the general public and become an object of the special attention of public employees does not create a relationship which imposes a special legal duty.

580 A.2d 133, 138 (D.C. 1990).  In this case, there is no evidence that any MPD officer, through promises or actions, assumed any affirmative duty to protect or provide services to Plaintiff.  In fact, each one of the allegations in the Complaint demonstrates that Plaintiff did not justifiably rely upon the MPD officers at any point pre- or post-incident.

Plaintiff contends that MPD holds itself out as, "having policies expressly designed to respect and properly treat sexual assault victims, including those victimized by date rape drugs."  *See* Complaint at ¶ 3.  These allegations are insufficient to establish any special relationship between Plaintiff and the District.  The District's MPD officers'

alleged failure to comply with sexual assault response procedures does not support a

claim against the District because no special relationship was created by the mere fact

that Plaintiff requested and MPD officers declined to administer a sex kit — whether or

not the officers' decision aligned with departmental policy.  How a governmental entity,

through its officials and employees, exercises its discretionary power to enforce

compliance with the laws duly enacted by a governmental body is a matter of

governance, for which there never has been a common law duty of care.  *See U.S. v.*

*Morrison*, 529 U.S. 598, 120 S.Ct. 1740 (2000), wherein the Court declared the civil

remedy provision of the Violence Against Women Act, 42 U.S.C. § 13981,

unconstitutional.

   MPD officers exercise discretionary authority when deciding whether to escalate

or terminate an investigation of purported criminal wrongdoing.  When MPD officers

investigated Plaintiff's sexual assault allegations, each one of their acts (and the decisions

upon which these acts were based) were discretionary, and did not create a legal duty to

Plaintiff.  Even assuming *arguendo* that the police officers investigatory acts of

Plaintiff's alleged rape were somehow misaligned with the District's sexual assault

procedures, the District cannot be made answerable in tort liability since the District had

no specific duty to Plaintiff.  Moreover, courts have repeatedly made it clear that internal

agency guidelines do not create a special class of persons to whom an actionable duty is

owed.  *See, e.g., Hines v. District of Columbia,* 580 A.2d 133, 138 (D.C. 1990) (no

special relationship between the District and persons needing emergency medical services

even though a statute imposed a fee for ambulance service for those able to pay for it; a

Mayor's Order provided that the Fire Department "will provide emergency ambulance

treatment and transportation on demand" and a regulation established standards for

providing emergency medical service); *Morgan,* 68 A.2d at 1310 (D.C. 1983) (*en banc*)

(no special relationship between the District and the wife of police officer who shot her

despite the District's failure to investigate wife's complaint that husband had threatened

her with his service revolver in violation of general police order requiring investigation

of, and written report about, any complaint that a police officer had improperly used

service revolver); *Warren,* 444 A.2d at 3 (D.C. 1981) *(en banc)*(no special relationship

was created between MPD officers and crime victims when police, in investigating 911

calls for police assistance, failed "to follow standard police investigative procedures"

with the result that three women were brutally raped and beaten).

 The fundamental police function to enforce criminal laws would be unduly

hampered if law enforcement decisions were as a general rule subject to after-the-fact

judicial review through private tort litigation.  Such a rule would also place police

officials in the untenable position of ensuring/guaranteeing the personal safety of every

member of the public or, otherwise, be subject to civil damages.  Governmental entities

must be protected against the excessive fiscal impact that would necessarily ensue if

every police investigatory decision was generally subject to tort liability.  The public is

instead protected by mechanisms (other than civil negligence actions) which hold

individual officials accountable for dereliction of duty — these include internal

disciplinary proceedings or formal criminal prosecutions.  Plaintiff's failure to plead

sufficient facts to support a negligence cause of action against the District bars her claim,

and dismissal is appropriate.

WHEREFORE, for the foregoing reasons, the District of Columbia moves this

Honorable Court to grant it judgment on the pleadings on all claims set forth in Plaintiff's

Complaint.

                    Respectfully Submitted,

                    PETER J. NICKLES
                    Interim Attorney General for the District of Columbia

                    GEORGE C. VALENTINE
                    Deputy Attorney General, Civil Litigation Division


                    _____/s/_____
                    PATRICIA A. JONES [428132]
                    Chief, General Litigation Sec. IV


                    ____/s/ Dwayne C. Jefferson_____
                    DWAYNE C. JEFFERSON [980813]
                    Assistant Attorney General
                    One Judiciary Square
                    441 4th St., N.W., 6th Floor South
                    Washington, D.C. 20001
                    (202) 724-6649; (202) 727-6295; (202) 741-0554 fax
                    dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY,            :
                                 :
        Plaintiff,               :
                                 :
v.                               :      Case No. 1:07-CV-01498 (RJL)
                                 :
DISTRICT OF COLUMBIA, *et al.*   :
                                 :
        Defendants.              :
_____ :

## ORDER

UPON CONSIDERATION of the District of Columbia's Motion for Judgment

on the Pleadings, any opposition thereto, and the entire record in this matter, it is this __

day of _____, 2008, hereby:

ORDERED that the Motion for Judgment on the Pleadings is GRANTED for

the reasons set forth in the motion; and it is,

FURTHER ORDERED:  that Plaintiff's case is DISMISSED WITH

PREJUDICE as to Defendant District of Columbia.


_____
HON. RICHARD J. LEON
 United States District Court for the District of Columbia