**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALEXANDRIA McGAUGHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-01498 (RJL) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND
INCREASE NUMBER OF DEPOSITIONS PLAINTIFF MAY TAKE**

Pursuant to Federal Rules of Civil Procedure 16(e), 26(b)(2), and 30(a)(2), and Local

Civil Rules 16.4(a) and 26.2(b), Plaintiff respectfully moves the Court to Modify its Scheduling

Order, as modified by the Court's April 16, 2008 Order, as follows:  (1) Plaintiff requests a

ninety-day extension of the fact discovery period, and all other deadlines following the discovery

cut-off;[1] (2) Plaintiff requests an increase in the number of depositions Plaintiff may take from

the twenty permitted under the Court's April 16, 2008 Order to a total of thirty-six depositions.[2]

**STATEMENT OF POINTS AND AUTHORITIES**

As detailed below, Plaintiff's requested relief is necessary so that Plaintiff is able to

obtain critical evidence and discovery in this matter.  Plaintiff requires both additional time to

complete such discovery as well as an increase in the number of depositions permitted, so that

---

[1] By Minute Order dated June 20, 2008, the Court granted Plaintiff's motion to extend the deadline for amending pleadings and joining parties by two months, moving that deadline from June 16, 2008 to August 18, 2008.  The present motion does not seek to move that new deadline for amending pleadings and joining parties, which remains as August 18, 2008.

[2] Undersigned counsel contacted all defense counsel seeking their consent to the relief requested. No Defendant consents to the relief sought by Plaintiff.

Plaintiff is able to depose all witnesses with potentially important information, including witnesses that Defendants have identified as likely to have discoverable information.  Plaintiff does not seek tangential or irrelevant evidence.  Rather, as specified below, Plaintiff seeks to depose a number of additional witnesses who likely have information relevant to the preparation of her case.  Plaintiff also seeks additional time to depose witnesses within current deposition limits, whose depositions Plaintiff attempted to schedule during the current discovery period, but whose depositions Defendants either were unable or unwilling to schedule within the current discovery period.  In addition, Plaintiff requires additional time to pursue outstanding written discovery to which some Defendants have failed fully to respond, as well as additional written discovery that has become necessary based on information learned in discovery to date.

Plaintiff has been moving as quickly as possible to complete discovery in this complex matter, having taken and defended nineteen depositions through July 14, but has been slowed by difficulty in coordinating the witnesses' and defense counsels' schedules.  Plaintiff also has propounded document requests to all Defendants and is in the process of following up on those requests based on additional information learned in discovery and through the depositions taken to date.  In addition, Plaintiff's ability to pursue discovery, particularly as the current discovery deadline approached,  unfortunately has been unjustifiably impeded by Defendant the District of Columbia ("District").  Among other things, the District has engaged in overtly obstructionist tactics by first agreeing to produce three witnesses for deposition this week and then, without consultation or warning, filing for a protective order this past Friday night to prevent the very depositions to which it had previously agreed, and then, after Plaintiff's counsel spent significant time drafting and sending correspondence to the District regarding its motion and preparing an

opposition brief to that motion, *see* Exhibit A (July 13, 2008 Letter of B. Spiva to D. Jefferson, with attachments), withdrawing its motion for protective order tonight at 8:23 p.m.

In sum, in light of Plaintiff's diligence and the complexity of this matter, and particularly given the difficulties that Plaintiff has faced in securing some Defendants' cooperation in the discovery process, Plaintiff is entitled to the relief sought herein.

I.    **PLAINTIFF'S NEED FOR HIGHLY RELEVANT DISCOVERY JUSTIFIES THE ENLARGEMENT OF TIME AND INCREASED NUMBER OF DEPOSITIONS SOUGHT BY PLAINTIFF.**

    A.    **Plaintiff's Motion Should Be Granted Because She Requires The Deposition Of Several Additional Witnesses As Well As The Rescheduling Of Several Previously Authorized Depositions That Have Not Been Completed.**

        1.    **Rescheduling Of Properly Noticed Depositions.**

The Court's prior rulings authorized Plaintiff to take up to twenty depositions in this matter, although acknowledging that Plaintiff may later seek additional depositions. To date, Plaintiff has taken fifteen of the twenty allotted depositions and has defended four depositions.[3] Plaintiff's remaining five depositions also had been noticed within the current discovery period. However, for a variety of reasons – none the fault of Plaintiff – these five witnesses were not deposed within the discovery period. Thus, Plaintiff requires an extension of the discovery period to complete these properly scheduled depositions.

---

[3] Defendants have deposed Plaintiff, as well as witnesses Raegen McGaughey, Kerston Reid and Sade Dike. Plaintiff has deposed Defendants Drs. Williams, Yohannes and Lang; employees of Defendant Howard University Hospital ("HUH") who were directly involved in Plaintiff's case (Nurses Pinn, Brown, Bryant and Postell); employees of Defendant GWU directly involved in Plaintiff's case (Dr. Khozeimeh); employees of Defendant GWUH directly involved in Plaintiff's case (Nurses Wahlgren and Autry); and employees of the Metropolitan Police Department ("MPD") directly involved in Plaintiff's case (Officers Green, Leveque and Minor). Today, Plaintiff deposed Sergeant Maradiaga of the MPD. Plaintiff also commenced the deposition of Sergeant Reid of MPD, but, as explained below, was forced to adjourn that deposition early due to the mid-deposition production of new documents and the witness's testimony concerning other relevant, non-produced documents.

To summarize the five witnesses at issue, four of which are MPD personnel:

(1)     Today, Plaintiff was scheduled to take two depositions of MPD employees for a total of sixteen depositions, but only one of those depositions proceeded, due to last-minute witness unavailability.[4]

(2)     With the District's agreement, Plaintiff was scheduled to take the deposition of three additional MPD witnesses this week, on July 15 and 16, 2008.  However, on the night of Friday, July 11, 2008, the District filed a motion for protective order with respect to these three witnesses.  The District subsequently maintained the position that these three witnesses would not appear for deposition, both in conversations with Plaintiff's counsel this morning and on the record at this morning's deposition where the District witness failed to appear.  *See* Exhibit B (July 14, 2008 email from K. Hartnett to D. Jefferson).[5]  At the afternoon deposition today, counsel for the District made no indication of any change in its position.  Yet, at 8:23 p.m. tonight, long after all counsel had been notified that the District's witnesses would not appear on

---

[4] The deposition of Detective Wandella Fields was scheduled to take place at 9:30 a.m. today, as confirmed by counsel for the District on a phone call with Plaintiff's counsel at 7:50 this morning.  However, neither Detective Fields nor counsel for the District appeared at 9:30 or thereafter.  At approximately 9:50 a.m., counsel for Plaintiff and other counsel in the deposition first learned from counsel for the District that the witness was delayed for an unspecified time due to a work matter.  (Counsel for the District had previously left Plaintiff's counsel a voicemail at 9:00 a.m. concerning this matter, but that message was not received because, as counsel for the District was likely aware, Plaintiff's counsel was at the scheduled deposition.)

[5] Plaintiff was scheduled to take these three depositions this week, as the District had agreed and helped arrange, but this past Friday night, July 11, 2008, the District filed a motion for protective order to prevent these depositions from going forward.  Plaintiff sent the District a letter on Sunday, July 13, 2008, requesting that the District withdraw its motion and reconsider its position.  *See* Exhibit A.  This morning, counsel for the District confirmed its position and informed Plaintiff's counsel that the District would not produce any of the three witnesses on Wednesday or Thursday.  To save all parties the time and expense of futilely appearing at these properly scheduled depositions, Plaintiff's counsel has since sent all counsel an email clarifying that the District's witnesses will not be appearing at the scheduled Tuesday and Wednesday depositions, and has cancelled the deposition arrangements.  *See* Exhibit B.

Tuesday and Wednesday of this week, the District once again reversed itself and withdrew its motion for a protective order.

　　While Plaintiff appreciates that the District has withdrawn its motion for a protective order, these types of fundamental vacillations by the District have wreaked havoc on scheduling and Plaintiff's preparation time, have caused inconvenience for all counsel, and have needlessly increased the expense of this litigation.  Moreover, in its praecipe withdrawing its motion tonight, the District cryptically refers to the fact that discovery is almost closed as a purported basis for withdrawing its motion.  Plaintiff requests that the Court clarify that a revived motion for protective order by the District would not be well received should the Court extend the discovery schedule, particularly if the District fails yet again to abide by the requirement that it meet and confer in good faith with Plaintiff regarding any such motion prior to filing it – which it did not do prior to filing its motion for a protective order on Friday night.  *See* Exhibit A.

　　(3)　　Nurse Christine Barron, who was formerly employed by GWUH and who was directly involved with Plaintiff's case, is scheduled by agreement of the parties to be deposed on August 25, 2008 in Kansas City.[6]

　　To begin with, regardless of the District's witnesses and recently withdrawn motion, an extension of the discovery period is needed to accommodate GWUH's proposed August 2008 date for the deposition of Nurse Barron.

---

[6] Plaintiff attempted to schedule the deposition of Nurse Christine Barron, a former employee of GWUH, during the discovery period, but counsel for GWUH was unable to locate and produce her during the discovery period.  Counsel for GWUH has agreed to produce Nurse Barron on August 25, 2008 in Kansas City, and Plaintiff is willing to travel to Kansas City to take her deposition on that date if the Court extends the discovery period.  Both GWUH and GWU disclosed Nurse Barron as a person with knowledge concerning Plaintiff's matter.  Nurse Barron is also listed in Plaintiff's GWUH medical records as one of the nurses who interacted with Plaintiff during her visit to GWUH, and Nurse Barron made notes in Plaintiff's medical chart.

Furthermore, an extension of the discovery period is warranted to permit deposition of all of the District witnesses whom Plaintiff sought to depose within the current discovery period but who did not appear for deposition. These witnesses possess important information related to this matter, as summarized herein:

**Detective Wandella Fields**

The District disclosed Detective Wandella Fields (at the time, identified by the District as either Detective Marshall or Officer Fields, but since identified by her proper name and title) as a person with knowledge of Plaintiff's case. At the time of the events in the Complaint, Detective Fields spoke with both Plaintiff and personnel at GWUH regarding Plaintiff's case and allegedly explained to these individuals that MPD would not authorize GWUH to perform a sexual assault medical forensic exam of Plaintiff. Detective Fields apparently also talked to the Sexual Assault Nurse Examiner ("SANE") nurse Mary Pinn about Plaintiff's case and the handling of that case by MPD and the hospitals.

**Detective Dana Spriggs**

The District disclosed Detective Dana Spriggs as a person with knowledge of Plaintiff's case. Detective Spriggs spoke with both Officer Minor and Plaintiff by phone during Plaintiff's second visit to HUH, and allegedly stated that there was an insufficient basis for the police to authorize HUH to perform a sexual assault medical forensic exam of Plaintiff.

**Detective Elgin Wheeler**

The District disclosed Detective Wheeler as a person with knowledge of Plaintiff's case. Detective Wheeler spoke by phone with Officers Leveque and Green, both of whom interviewed Plaintiff at HUH. Those Officers left Plaintiff with Detective Wheeler's name and told her that Detective Wheeler would contact Plaintiff, which he never did. The miscellaneous police report filed by Officers Leveque and Green contains purported statements by Detective Wheeler concerning Plaintiff's case. These statements indicate that Detective Wheeler has knowledge concerning earlier interactions between Plaintiff and an MPD officer and detective, and a prior MPD unit's decision (possibly including Detective Wheeler) to "clear" Plaintiff's case without a report. Detective Wheeler also was identified in an MPD internal investigation concerning the handling of Plaintiff's case as a person whose conduct should have been reviewed by the MPD's sexual assault unit with respect to "determin[ing]" if his actions were proper in the failure to complete a report for sexual assault.

**Detective Kevin Rice**

The District disclosed Detective Rice as a person with knowledge of Plaintiff's case. Detective (now Sergeant) Rice is presently one of the leaders of the MPD Sex Assault Unit. He

allegedly made statements concerning Plaintiff's case at or near the time of the events at issue in the Complaint, including that Plaintiff's case had been cleared without a report.

Thus, now that the District's motion for a protective order has been withdrawn, an extension of the discovery period is necessary so that Plaintiff can depose the four remaining MPD employees with outstanding noticed depositions: the police official who did not appear at her deposition today due to last-minute unavailability (Fields), as well as the three police officials that had been scheduled for this week but whom the District refused to produce (Wheeler, Rice, Spriggs).

### 2. Recall Of A District Witness Whose Deposition Could Not Be Completed Due To Unproduced Documents.

Plaintiff also requires an extension of the discovery period to complete the deposition of a District witness, Sergeant Ronald Reid, whose July 9, 2008 deposition was adjourned prior to completion. In brief, Sergeant Reid's relevance to this matter is as follows:

**<u>Sergeant Ronald Reid</u>**

The District disclosed Sergeant Reid as a person with knowledge about Plaintiff's case. Sergeant Reid is one of two sergeants (along with a lieutenant) supervising the MPD. He spoke with Plaintiff's mother about Plaintiff's case a few days after Plaintiff was sexually assaulted. He has also made statements in press reports concerning this case and MPD policy concerning police authorization of sexual assault medical forensic exams. He also has done a great deal of whatever training about handling sexual assault cases MPD has done.

The District, after initially refusing to produce Sergeant Reid, thereafter made him available for deposition on July 9, 2008. Plaintiff adjourned that deposition early for two primary reasons: (1) during the lunch break of the deposition, the District tardily produced, for the first time, two key MPD policies concerning the handling of sexual assault cases, and Plaintiff's counsel needed time to digest these policies and properly refocus the examination;[7]

---

[7] These documents include the MPD's policy regarding the investigation of sexual assault cases that allegedly was in force at the time of the events in the Complaint, as well as the MPD's

page_8

and (2) Sergeant Reid testified to numerous training documents regarding the MPD's sexual assault policies, procedures and practices that Sergeant Reid either drafted, edited or used in trainings of MPD officers, MPD detectives, and sexual assault responders at campus police departments and area hospitals, but that had never been produced to Plaintiff. The training documents about which Sergeant Reid testified were responsive to Plaintiff's long outstanding discovery requests to the District, but the District has yet to produce these documents. Indeed, counsel for the District indicated at Sergeant Reid's deposition that he had not yet even inquired to determine whether such documents existed, despite the District's prior discovery responses. Such training materials, like the new MPD policies that were produced during Sergeant Reid's deposition, are obviously pertinent to a further examination of Sergeant Reid.

In light of these factors, Plaintiff seeks an extension of the discovery period, in part to allow completion of Sergeant Reid's deposition after the District has produced all responsive documents, including Sergeant Reid's training materials.

### 3. Additional Depositions Necessary To Plaintiff's Case Preparation.

Plaintiff also seeks permission to take additional depositions in this matter, as well as an extension of the discovery period to enable such depositions to take place. As noted, the Court to date has authorized Plaintiff to take twenty depositions in this complex, multi-party matter. In addition to these twenty depositions (most of which have been completed, but some of which

---

policy regarding the SANE program. Prior to this disclosure, the only sexual assault policy documents produced by MPD were an investigation policy that allegedly post-dated the events at issue in this case by a few days (and thus, while relevant, is not the key policy at issue), as well as a specialized policy that Sergeant Reid testified applied only to cases involving minors (which Plaintiff is not). The District's counsel had these documents in his possession at the start of the deposition but did not disclose them until the lunch break.

must be rescheduled or continued, as discussed above), Plaintiff seeks permission to depose fifteen to sixteen additional witnesses.[8]

Most of these additional witnesses were identified by Defendants as having discoverable information concerning this case. Each proposed additional witness's relevance to this matter is summarized below. Generally speaking, the individuals identified below made or heard statements concerning the events set forth in Plaintiff's Complaint and/or have key knowledge concerning Defendants' policies and practices regarding both the treatment and handling of sexual assault victims, and the collection of medical forensic evidence in sexual assault cases.

The additional witnesses whom Plaintiff seeks to depose are as follows:

**Detective Arnita Briggs (District)**

Detective Arnita Briggs was disclosed by the District in its Initial Disclosures as a person with knowledge about this case. Detective Briggs also is mentioned in the GWUH medical records as a detective who spoke to Officer Fields (whose deposition was scheduled for the current discovery period but did not take place, see above) on the night Plaintiff visited GWUH. Detective Briggs is quoted or paraphrased as having told Officer Fields that Plaintiff's case "was not a SANE case and no rape kit would be done." Plaintiff needs to depose Detective Briggs to determine the extent of her knowledge of Plaintiff's case, including whether she actually made the statement attributed to her and what she meant by any such statement. Plaintiff also needs to determine the source of Detective Briggs' information about the case and the basis for any decision she made regarding Plaintiff's case, including interference with GWUH's or HUH's provision of a sexual assault medical forensic examination or other medical treatment. Plaintiff also intends to determine the extent of Detective Briggs' training in handling of sexual assault cases, as well as to determine her understanding and knowledge of MPD policies regarding the handling of sexual assault cases and related matters.

**Officer Tracy Hughes (District)**

The District disclosed Officer Tracy Hughes as a person who had knowledge and involvement in Plaintiff's case. Plaintiff needs to depose Officer Hughes to determine the extent of her involvement and knowledge in this case, and, if appropriate, her knowledge and training in handling of sexual assault complaints and the application of such training to this case.

---

[8] This estimate is based on the information Plaintiff has gathered to date, and may change once Defendants have produced additional responsive documents, and/or if counsel for Plaintiff discovers other witnesses with relevant information during future depositions.

**Rule 30(b)(6) Deposition of MPD (District)**

Plaintiff needs to depose MPD to determine its official policies and practices concerning sexual assault complaints, including with respect to the following topics: (1) responding to sexual assault victims; (2) investigating alleged sexual assaults; (3) MPD's role with respect to whether or not a sexual assault victim receives a sexual assault medical forensic exam; (4) police reporting requirements for sexual assault complaints; (5) discretion of police personnel to deviate from written policies; (6) founding and unfounding of complaints of sexual assaults; (7) handling of cases of alleged drug-facilitated sexual assaults; (8) training of police personnel concerning handling sexual assault complaints and victims; and (9) department record-keeping of complaints of sexual assaults and policies concerning handling of sexual assault cases.

**Margaret Holnes, R.N. (Howard Defendants)**

Nurse Margaret Holnes was disclosed by the Howard Defendants as someone with knowledge concerning Plaintiff's case. Nurse Holnes also is listed on Plaintiff's medical records for her second visit to HUH. One of the HUH witnesses already deposed (Nurse Postell) testified that Nurse Holnes took part in Plaintiff's care and treatment at HUH. Plaintiff needs to depose Nurse Holnes to determine the extent of her knowledge of Plaintiff's matter, including any statements Nurse Holnes made to Plaintiff, other hospital personnel, or the police, or any statements she heard any such persons make.

**Ms. Chaquina Lee (Howard Defendants)**

The Howard Defendants disclosed Ms. Lee, Patient Relations Manager for HUH, as a person with knowledge of Plaintiff's case. Ms. Lee also spoke several times with Plaintiff's mother regarding Plaintiff's treatment at HUH and HUH policy, as well as to arrange a meeting between Plaintiff, her family, and HUH personnel regarding Plaintiff's treatment at HUH. Plaintiff needs to depose Ms. Lee concerning the substance of her conversations and interactions regarding Plaintiff's treatment at HUH, including the hospital policies and procedures she described.

**Mr. Gavin Latney (Howard Defendants)**

The Howard Defendants disclosed Mr. Latney, the Administative Director for Emergency Medicine, HUH, as a person with knowledge of Plaintiff's case. Mr. Latney also spoke to Plaintiff's mother by phone and in person about Plaintiff's case. In addition, Mr. Latney, along with other HUH personnel, participated in a meeting with Plaintiff, her sister, and her mother prior to filing of this lawsuit, in order to discuss questions presented by Plaintiff concerning her treatment by HUH. Because several potentially significant statements concerning Plaintiff's treatment at HUH were made during that meeting, Plaintiff needs to depose Mr. Latney about his recollection of that meeting, as well as any other statements he made or heard concerning Plaintiff's case.

**Signatory to Howard University Student Health Service Notes (Howard Defendants)**

The Howard Defendants subpoenaed records from the Howard University Student Health Service ("HU Student Health") concerning Plaintiff's visit to HU Student Health in the days after her sexual assault to obtain counseling and assistance with payment for medications prescribed by GWUH as a result of the sexual assault. Plaintiff's counsel received these records after June 25, 2008. These records contain notes by different personnel at the Health Service, including an entry from December 11, 2006, that purports to reflect statements made by Plaintiff regarding her belief that she had been drugged and assaulted at a party on December 9, 2006 and relating the failures of the hospitals and police in responding to her complaints. The signature on the notes that refer to Plaintiff's alleged statements is illegible and Plaintiff will need either the Howard Defendants or HU Student Health (entities with apparently common control) to identify the signatory so that Plaintiff can depose that person concerning these statements.

**Mr. Osamukuwa Asemota (Howard Defendants)**

The Howard Defendants disclosed Mr. Asemota in a supplemental Rule 26(a) disclosure dated June 4, 2008 as a person with knowledge of Plaintiff's case. He is apparently the driver of the Howard University student shuttle who drove Plaintiff and her two friends to and from HUH on her visit to HUH immediately following her suspected sexual assault. Mr. Asemota may have knowledge concerning Plaintiff's physical state during her trip to and from the hospital, and he also may know whether she was aided in returning to the shuttle by hospital personnel. Discovery to date indicates that there is a factual dispute concerning those issues.

**Bonnie Randolph, R.N. (Howard Defendants)**

The Howard Defendants disclosed Nurse Randolph in a supplemental Rule 26(a) disclosure dated June 4, 2008 as a person with knowledge of Plaintiff's case. Nurse Randolph is or was a nurse at HUH and was apparently present during one of Plaintiff's visits to HUH. Because there are factual disputes concerning statements made by Plaintiff and/or by medical personnel at the hospital, as well as concerning the extent the medical personnel's involvement in Plaintiff's care, Plaintiff needs to depose Nurse Randolph to determine her knowledge about one or both of Plaintiff's visits to HUH.

**Charge Nurse from Plaintiff's First Visit to HUH if Not Nurse Bonnie Randolph (Howard Defendants)**

The Howard Defendants have not produced records indicating the identity of the charge nurse during Plaintiff's first visit to HUH. Nor have they otherwise identified the charge nurse during that visit, including in depositions of other HUH witnesses to date. Because factual disputes exist concerning the actions and statements of Plaintiff, her friends and HUH medical personnel during Plaintiff's first visit to HUH, Plaintiff needs to depose the charge nurse from that HUH visit to determine her knowledge and involvement in Plaintiff's case. In particular, the charge nurse may have information concerning the presently disputed fact whether Plaintiff and her friends were told by Defendant Dr. Williams to leave the hospital and come back later, or whether (as Defendants apparently contend) Plaintiff (and her friends) voluntarily left the

11

hospital without obtaining treatment of the Plaintiff.  At her deposition, Dr. Williams indicated that she discussed Plaintiff's case with the charge nurse, but she could not recall her identity.

**Ms. Brenda Douglas (Howard Defendants)**

Ms. Douglas is the Director of Risk Management at HUH.   Although HUH and HU failed to disclose Ms. Douglas, she, along with other hospital personnel, participated in a meeting with Plaintiff, her sister, and her mother prior to filing of this lawsuit, in order to discuss questions presented by Plaintiff concerning her treatment by HUH.  Because several potentially significant statements concerning Plaintiff's treatment at HUH were made during that meeting, Plaintiff needs to depose Ms. Douglas about her recollection of that meeting, as well as any other non-privileged statements she made or heard concerning Plaintiff's case.

**Dr. Evelyn Treakle Moore (Howard Defendants)**

Ms. Treakle Moore is the Assistant Medical Director for Utilization Review at HUH.  Although HUH and HU failed to disclose Ms. Treakle Moore, she, along with other hospital personnel, participated in a meeting with Plaintiff, her sister, and her mother prior to filing of this lawsuit, in order to discuss questions presented by Plaintiff concerning her treatment by HUH.  Because several potentially significant statements concerning Plaintiff's treatment at HUH were made during that meeting, Plaintiff needs to depose Ms. Treakle Moore about her recollection of that meeting, as well as any other statements she made or heard concerning Plaintiff's case.

**Rule 30(b)(6) Witness for Howard University Hospital and Howard University (Howard Defendants)**

Plaintiff needs to depose HUH and HU to determine their policies and practices concerning handling sexual assault patients, including with respect to the following topics:  (1) treating and examining sexual assault victims; (2) the circumstances in which a sexual assault victim receives a sexual assault medical forensic examination; (3) hospital interaction with police concerning sexual assault victims and the police role, if any, in the hospital's treatment and examination of sexual assault victims; (4) treatment and examination of potential victims of drug-facilitated sexual assaults; (5) treatment and examination of patients that are vomiting and appear disoriented, unconscious or semi-conscious; (6) medical record keeping policies; (7) policies regarding patients who either leave without treatment or against the advice of their physician, including hospital record-keeping policies for such cases; and (8) training of medical personnel concerning each of the above issues.

**Ms. Denise Snyder/Rule 30(b)(6) Witness for D.C. Rape Crisis Center**

The Howard Defendants disclosed Ms. Denise Snyder, the Executive Director of the D.C. Rape Crisis Center, as a person with knowledge relevant to this case.  In particular, the D.C. Rape Crisis Center is a party to a Memorandum of Understanding with HUH concerning services that each provides to sexual assault victims who seek treatment at HUH.  The D.C. Rape Crisis Center is a participant in both the SANE and Sexual Assault Response Team ("SART") Programs, and it also provides advocates and counselors to victims of sexual assault.  Plaintiff

needs to take the deposition of Ms. Snyder, as well the D.C. Rape Crisis Center pursuant to Rule 30(b)(6) (with Ms. Snyder as the likely designee), in order to explore the D.C. Rape Crisis Center's role in assisting sexual assault victims, its understanding of sexual assault policies and procedures in the District of Columbia, and the extent of its knowledge of the manner in which sexual assault cases are handled by the SANE and SART programs.

**Rule 30(b)(6) Witness for GWUH (GWUH)**

Plaintiff needs to depose GWUH to determine its policies and practices concerning handling sexual assault patients, including with respect to the following topics:  (1) treating and examining sexual assault victims; (2) the circumstances in which a sexual assault victim receives a sexual assault medical forensic exam; (3) hospital interaction with police concerning sexual assault victims and the police role, if any, in the hospital's treatment and examination of sexual assault victims; (4) treatment and examination of potential victims of drug-facilitated sexual assaults; (5) medical record keeping policies; (6) training of medical personnel concerning each of the above issues; and (7) division of authority and responsibility among GW, GWUH and Medical Faculty Associates regarding the policies governing GWUH and medical personnel working there.

**Rule 30(b)(6) Witness for GWU (GWU)**

With respect to medical residents or any other personnel working at GWUH over which GWU has authority and responsibility, Plaintiff needs to depose GWU to determine its policies and practices concerning handling sexual assault patients, including with respect to the following topics:  (1) treating and examining sexual assault victims; (2) the circumstances in which a sexual assault victim receives a sexual assault medical forensic exam; (3) hospital interaction with police concerning sexual assault victims and the police role, if any, in the hospital's treatment and examination of sexual assault victims; (4) treatment and examination of potential victims of drug-facilitated sexual assaults; (5) medical record keeping policies; (6) training of medical personnel concerning each of the above issues; and (7) division of authority and responsibility among GWU, GWUH and Medical Faculty Associates regarding the policies governing GWUH and medical personnel working there.

As the above description makes clear, each of Plaintiff's proposed additional deponents is of significant importance to this case.  Without the ability to depose these individuals, Plaintiff will be prejudiced in her ability to prepare for trial.  Accordingly, Plaintiff respectfully requests that the Court both increase the number of depositions that Plaintiff may take to thirty-six total and enlarge the discovery period and subsequent deadlines by ninety days.

**B.    Plaintiff's Motion Should Be Granted Because She Also Requires Additional Time To Complete Written Discovery.**

Plaintiff's proposed ninety-day extension of the discovery period should also be granted to allow Plaintiff to pursue outstanding discovery requests and to propound additional requests, in light of information that has been developed in discovery.

**1.    Existing Written Discovery.**

With respect to existing discovery, Plaintiff has served document requests on all Defendants and all Defendants have responded with objections and responses.  However, in light of the depositions that have taken place to date and other information that has come to light in discovery, it is now clear that all Defendants' discovery responses are insufficient and that time in addition to the existing discovery period will be needed to resolve these matters.  Plaintiff has pursued some of these follow-up matters already and will continue to pursue this follow-up in the coming weeks.  For example:

(1)  The District responded to Plaintiff's document requests with a purportedly complete document production.  As depositions of District witnesses in recent weeks have indicated, the District's document production is woefully incomplete and Plaintiff will have to continue her efforts to obtain a complete document production.  As noted above, it was only on July 9, 2008 that the District finally produced two MPD policies of direct and central relevance to this matter, and it remains to be determined whether there are policies and procedures in addition to these newly disclosed materials.  Moreover, District witnesses have testified to training materials regarding sexual assault victims and investigations, but these documents have yet to be produced to Plaintiff.  Plaintiff intends to continue to pursue these and other matters with counsel for the District in the coming weeks.

(2)  The Howard Defendants also responded to Plaintiff's document requests with a purportedly complete document production.  However, as depositions of Howard witnesses in recent weeks have indicated, the Howard Defendants' document production is not complete and Plaintiff will have to continue her efforts to obtain a complete document production.  For example, Dr. Yohannes testified at his deposition that there are critical medical records concerning Plaintiff's case that have not been produced.  Several HUH nurses testified about memos and documents related to HUH policy and procedure concerning sexual assault victims, but these documents similarly have not been produced.  Plaintiff intends to continue to pursue these and other matters with counsel for the Howard Defendants in the coming weeks.

(3)  Defendant GWU has produced no documents in response to Plaintiff's requests, other than Plaintiff's medical records.  As discovery has made clear, however, GWU's policies and procedures regarding its medical residents' work at GWUH, as well as other GWU documents, policies, procedures, and training materials are relevant to this matter and should be produced. Plaintiff intends to pursue these and other matters with counsel for GWU.

(4)  Defendant GWUH has produced no documents in response to Plaintiff's requests, other than Plaintiff's medical records and a policy with respect to sexual assault patients that allegedly was in effect at the time of Plaintiff's visit.  As discovery has made clear, however, there are likely many other relevant GWUH policies and procedures that should be produced, including with respect to sexual assault victims (whether or not they receive a sexual assault medical forensic examination), as well as with respect to the work of medical residents, medical record keeping, and other hospital practices.  Plaintiff intends to continue to pursue these and other matters with counsel for GWUH.

(5)  Defendant Lang has produced few documents in response to Plaintiff's requests. Plaintiff already has sought clarification from Lang's counsel regarding his responses to several of Plaintiff's requests, and in the coming weeks, Plaintiff will pursue these matters further with Lang's counsel.

### 2.  Additional Written Discovery.

In addition to these outstanding written discovery matters, the depositions and other discovery to date in this case have illuminated several additional matters that Plaintiff intends to pursue through targeted additional written discovery.  To the extent that Defendants argue that Plaintiff's existing discovery requests do not cover some of these matters of hospital and police policy and procedure, Plaintiff intends to serve limited additional document requests to obtain relevant documents.  Plaintiff also intends to propound a limited number of targeted interrogatories and requests for admission on some or all Defendants, in an attempt to narrow the issues in the case and to obtain answers to specific questions that have arisen during discovery. Finally, Plaintiff intends – if necessary – to seek limited third-party document discovery from the D.C. Rape Crisis Center (and other relevant entities) in order to obtain necessary evidence concerning the policy, procedure and practice regarding sexual assault victims in the District of Columbia.  Plaintiff has not and would not use the additional time for discovery to serve boilerplate written discovery, but, rather, intends to use the proposed ninety-day period to conduct reasonable additional written discovery as efficiently and leanly as possible.

## II.  PLAINTIFF'S PROPOSAL OF A NINETY-DAY EXTENSION PROVIDES A REALISTIC TIMEFRAME GIVEN THE AMOUNT OF DISCOVERY THAT MUST BE COMPLETED.

Since March 31, 2008, the parties have been able to complete nineteen depositions.  By her motion, as described above, Plaintiff proposes:  (1) an additional fifteen to sixteen

16

depositions that have not been previously noticed; (2) the taking of the four depositions that were properly noticed in the present discovery period, but which the District unilaterally cancelled or failed to attend; (3) the recall of a District employee whose deposition was adjourned early based on the District's failure to produce critical documents relevant to the witness until mid-deposition or not at all; and (4) the taking of the one deposition of a former GWUH employee whom GWUH was unable to produce during the current discovery period but has agreed to produce on August 25.

If the Court grants Plaintiff's requests regarding these four categories of deposition, then a total of twenty-two depositions would need take place after July 16, 2008, the current close of discovery. In addition, Defendants may want to take additional depositions of Plaintiff's witnesses, although they have not recently indicated an intent to do so. Plaintiff's proposal of ninety additional days for discovery beyond the current July 16, 2008 discovery cut-off would require the parties to complete at least seven depositions per month during the extended discovery period, and possibly more. Moreover, the proposed extension to the discovery period would include the month of August, during which many witnesses and attorneys will no doubt be on vacation. Thus, although Plaintiff's proposal to complete all remaining discovery within ninety days of July 16, 2008 is ambitious, Plaintiff's counsel is prepared to use their best efforts to complete the remaining depositions, absent further resistance from Defendants and assuming timely production by Defendants of responsive documents. Plaintiff is also prepared to take all actions needed to complete written discovery by the end of the proposed ninety-day period.

## **CONCLUSION**

For the above reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to modify the Court's Scheduling Order (as modified by the Court's April 16, 2008

Order) to extend discovery and all other deadlines (other than the deadline for amending

pleadings and joining parties) by ninety days, and to permit Plaintiff to take up to a total of

thirty-six depositions.

Dated:  July 14, 2008                          Respectfully submitted,

                                               /s/ Bruce V. Spiva
                                               Bruce V. Spiva, D.C. Bar. No. 443754
                                                  bspiva@spivahartnett.com
                                               Kathleen R. Hartnett, D.C. Bar. No. 483250
                                                  khartnett@spivahartnett.com
                                               SPIVA & HARTNETT LLP
                                               1776 Massachusetts Avenue, N.W.,
                                               Suite 600
                                               Washington, D.C. 20036
                                               Telephone:  (202) 785-0601
                                               Facsimile:  (202) 785-0697

                                               *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Plaintiff's Motion to

Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take, was served

on July 14, 2008, by electronic filing with the Court's ECF system, upon:

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
Adam Kelley
  axk@gdldlaw. com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

Dwayne Jefferson
  dwayne.jefferson@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
Christine M. Costantino
  chrissy.costantino@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN &
  DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

/s/ Bruce V. Spiva
Bruce V. Spiva

# Exhibit A

**To Plaintiff's Motion to Modify Scheduling Order and
Increase Number of Depositions Plaintiff May Take**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

# SPIVA & HARTNETT LLP

1776 MASSACHUSETTS AVENUE, N.W., SUITE 600
WASHINGTON, D.C. 20036
(202) 785-0601  (202) 785-0697 (FAX)

BRUCE V. SPIVA
BSPIVA@SPIVAHARTNETT.COM

July 13, 2008

**VIA U.S. MAIL AND E-MAIL**

Dwayne C. Jefferson, Esq.
Office of the Attorney General
 of the District of Columbia
One Judiciary Square
441 4th Street, N.W., 6th Floor
Washington, D.C. 20001

Dear Dwayne:

I have never seen a more brazenly duplicitous and bad faith action by a government attorney than your Friday, July 11, 2008 filing of the District's motion for protective order. As detailed below, in the days leading up to your filing of the motion for protective order, you agreed to schedule the very depositions at issue in your motion for precisely the dates and times in the deposition notices that you provided to the Court. Your motion fails to inform the Court of this dispositive fact, falsely suggesting that Plaintiff unilaterally and belatedly noticed these depositions. Moreover, in light of the District's recent, in your words, "sea change" in position and agreement that these depositions should proceed, you in fact affirmatively requested that we schedule the depositions for the times and dates indicated in the notices for the convenience of the District's witnesses, and you coordinated with all counsel to confirm their availability. You never gave the slightest indication to any counsel in this case that you intended to cancel these depositions and file for a protective order on the evening of the final business day before these depositions were set to begin. What is more, you failed to confer with us whatsoever regarding your motion – as Federal Rule 26(c) and Local Rule 7(m) expressly require, rendering the purported Rule 7(m) certification in your motion at best inadequate and at worst affirmatively deceptive and false. Accordingly, we demand the immediate withdraw of the District's motion for protective order. We will seek sanctions (including costs and expenses) for this bad faith conduct and filing if the District's motion is not immediately withdrawn.

## Failure to Confer

You entirely failed in your duty to confer with counsel for Plaintiff regarding your motion and your motion does not contain the required certification regarding such conference. This point alone necessitates the immediate withdrawal of your motion. Federal Rule 26(c) could not be more clear. In the subsection entitled "Protective Orders," that Rule sets forth, with

# SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
July 13, 2008
Page 2 of 6

respect to a motion for protective order: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Local Rule 7(m) similarly provides: "Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. . . . A party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." LCvR 7(m).

Your motion's purported Rule 7(m) certification is both facially inadequate and affirmatively misleading. Not only did you fail to contact us to confer regarding your "anticipated motion," as these rules plainly require, but you affirmatively misled us to believe that you would not be filing any such motion by agreeing that these depositions would take place this week and by coordinating their scheduling with us. Had you contacted us before filing your motion for protective order, we would have informed you of the frivolous nature of the motion – particularly in light of the fact that you had agreed to these precise depositions and dates. Indeed, the required conference likely would have resolved this issue without involving the Court or requiring the parties to engage in needless motions practice. As we have detailed in a previous filing in this case regarding the District's failure to comply with Rule 7(m) and misleading purported certification under that Rule, *see* Doc. 24, Plaintiff's Opp. to District's Mot. for Leave to Late File Reply (filed Jan. 28, 2008), failure to comply with Rule 7(m) requires denial of the District's motion.

## Breach of Duty of Candor

Withdrawal of your motion is also required because your filing omits critical information in an astounding failure of your duty of candor to the Court. As the brief summary below indicates, you not only agreed to the depositions at issue in your motion for protective order, but affirmatively sought the dates and times at issue and helped coordinate the scheduling of these depositions with counsel for all parties. To briefly summarize:

- Throughout the discovery period, Plaintiff repeatedly requested your position regarding the depositions at issue in your motion. You long refused to respond regarding those witnesses' availability. You never indicated, however, that you would refuse to produce these witnesses. To the contrary, the District produced three police officers for deposition earlier in the discovery period, without any objection, and indeed stated on the record at one of those officer's depositions that the District would continue to make its witnesses available.

- In light of our months of attempted scheduling, and the approaching discovery deadline, on June 18, 2008, we noticed the depositions of the several District witnesses at issue in your motion for protective order, as follows: July 1, 2008 (Det. Wheeler, 9:30 a.m., Det. Rice, 1:30 p.m.); July 2, 2008 (Det. Spriggs, 9:30 a.m.); July 14, 2008 (Det. Fields, 9:30 a.m., Sgt. Maradiaga, 1:30 p.m.); July 16, 2008 (Sgt. Reid, 9:30 a.m.).

SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
July 13, 2008
Page 3 of 6

- On June 19, 2008, we received a letter you sent via U.S. Mail, dated June 16, 2008, in which you stated that the District had changed the position it had taken to date and was declining to produce any additional witnesses for deposition. *See* Exhibit A.

- We responded to that letter on June 20, 2008, by a letter sent via both U.S. Mail and email, informing you of the frivolousness of the claims made in your June 16, 2008 letter and requesting immediate reconsideration of the District's refusal to make its witnesses available for deposition. *See* Exhibit B.

- As memorialized in a July 2, 2008 letter we sent you (*see* Exhibit C), at Dr. Lang's deposition on June 27, 2008, you informed us that the District had reconsidered the position expressed in your June 16, 2008 letter, had experienced a "sea change," and would make the noticed witnesses available for deposition. Also on June 27, 2008, you informed us that you had "sent out the paperwork" regarding the witnesses noticed for the week of July 14 (Fields, Maradiaga, Reid), but that it would not be possible to proceed with the depositions noticed for the week of June 30 (Wheeler, Rice, Spriggs). We agreed to work together to schedule the outstanding depositions. *See* Exhibit C.

- We spoke with you by phone on June 30, 2008, at which time you informed us that Sergeant Reid was available only July 9, 2008 at 10:00 a.m. Despite the shortness of notice to us and the fact that we already were scheduled to take the deposition of another key defense witness the very next day, we agreed to proceed with that deposition on July 9, 2008 if other defense counsel were available, and you agreed to confer with the other counsel to ascertain their availability. On July 2, 2008, you confirmed all counsels' availability. *See* Exhibit C.

- On June 30, 2008, you also confirmed that the depositions noticed for July 14, 2008 (Fields, Maradiaga) could proceed. *See* Exhibit C.

- In addition, on June 30, 2008, you informed us that you would determine the availability of the witnesses that had been noticed for this week (Detectives Wheeler, Rice and Spriggs) and that you would get back to us as soon as possible with new dates for those witnesses. *See* Exhibit C.

- On July 3, 2008, you contacted us by phone to inform us that you had "sent out the paperwork" to schedule Wheeler and Rice on July 16, 2008. You also requested our consent to deposing Spriggs on July 15, 2008, and we gave our consent. You informed us that you would check other counsels' availability for those dates.

- Also on July 3, 2008, you sent defense counsel the following message expressly requesting availability for the Spriggs deposition on July 15, 2008: "Given the fact that Nurse Barron's scheduled July 15th deposition has been rescheduled, please respond to this e-mail by advising whether you'd be available to attend the deposition of Officer Dana Spriggs on July 15th at 10:00 a.m." Exhibit D. (We were not copied on your other scheduling communications with other defense counsel, but you repeatedly represented to us that you communicated with defense counsel and confirmed their availability regarding all depositions at issue in your motion for protective order.)

SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
July 13, 2008
Page 4 of 6

- On July 7, 2008, you called to inform us that all counsel were available for the Spriggs deposition on July 15, 2008. You also confirmed that Rice and Wheeler were set for July 16, 2008, in addition to the depositions already noticed for July 14, 2008.

- On July 9, 2008, having finally confirmed with you all dates at issue, we noticed the depositions, as reflected in the attachments to your motion for protective order, and we sent you notices by email and regular mail. (We had sent Reid's notice previously, as his deposition was set for July 9, 2008.) Our July 9, 2008 cover email to all defense counsel – including you – stated: "Dwayne informed us over the past several days that he had conferred with the other defense counsel and that all counsel are available for the July dates. Please advise us immediately if that is not correct." Exhibit E. You never responded to that email or objected to our restatement of the schedule. Nor did any other defense counsel, although an assistant to the Howard Defendants' counsel did later inform us that she was not aware of you having requested availability of counsel for Howard for July 16, 2008.

- Also on July 9, 2008, counsel for all parties – including you – attended the deposition of Sergeant Reid at our offices. You did not state at any time that you intended to file a protective order with respect to the other District witnesses scheduled for this week and at issue in your motion for protective order. To the contrary, when some defense counsel expressed confusion as to what depositions of District witnesses had been noticed for July 14-16, 2008, you directed defense counsel to speak with us in order to confirm the dates and times for the depositions to which we had mutually agreed. Further misleading us, in light of your apparent intent to file for a protective order, you stated at Sergeant Reid's deposition that this week's scheduled depositions might alleviate any need to recall Sergeant Reid, whose deposition was adjourned early on July 9, 2008.[1]

- On July 10, 2008 – the day before you filed your motion for protective order – counsel for all parties participated in a day-long deposition in this matter (of a Howard witness). You attended by phone. Not once during the July 10, 2008 deposition did you at any time indicate your intent to file a motion for protective order or to otherwise fail to produce the five witnesses at issue in your motion for protective order.

---

[1] As you are aware, we were forced to adjourn Sergeant Reid's deposition early because it was not until the lunch break of that July 9, 2008 deposition that you provided us two critical police department policies of direct relevance to this matter which had never been disclosed previously. These documents are the key sexual assault policies allegedly in effect at the time of the events in this case. Sergeant Reid also testified that he had substantial training materials relevant to this case which had not been disclosed. In our numerous conferences with you on July 9, 2008 concerning these developments, and our intention to adjourn the deposition (of which we notified you in advance), not once did you indicate that the District would refuse to produce additional witnesses. Indeed, you expressly stated at Sergeant Reid's deposition that re-opening his deposition might not be necessary, to the extent that this week's scheduled depositions – *i.e.*, the ones you seek to cancel in your motion for protective order – covered the material that we were unable to cover with Sergeant Reid due to your extremely delinquent document production.

SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
July 13, 2008
Page 5 of 6

As this history makes completely clear, you agreed to the depositions at issue in the motion for protective order and you have omitted critical information from the Court regarding these depositions. Moreover, as I explained in my letter of June 20, your motion for a protective order is also baseless because the District will be required to produce these witnesses whether or not its motion for judgment on the pleadings is granted. *See* Exhibit B. Accordingly, your motion for protective order should be withdrawn at once. If you do not agree to withdraw your motion, please inform me immediately so that we can seek necessary relief from the Court.

Yours truly,

Bruce V. Spiva

cc (via email only):     Peter J. Nickles, Interim Attorney General
                         George C. Valentine, Deputy Attorney General, Civil Litigation Division
                         Patricia A. Jones, Chief, General Litigation Section IV
                         All Other Defense Counsel of Record (as listed below)

Deidre L. Robokos
  Deidre.Robokos@wilsonelser.com
Christine M. Costantino
  Chrissy.Costantino@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Colorado Building, Fifth Floor
1341 G Street, N.W.
Washington, District of Columbia  20005-3105

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
Adam Kelley
  axk@gdldlaw. com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
July 13, 2008
Page 6 of 6


Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

# Exhibit A

**To B. Spiva July 13, 2008 Letter to D. Jefferson**

***McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)**

# GOVERNMENT OF THE DISTRICT OF COLUMBIA

## OFFICE OF THE ATTORNEY GENERAL



June 16, 2008

**BRUCE V. SPIVA, ESQ.**
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W., Suite 600
Washington, D.C. 20036

      Re:    <u>Alexandria McGaughey v. District of Columbia, et al.</u>
             U.S. District Court D.C., No. 1:07-CV-1498 (RJL)

Dear Bruce,

I am writing to acknowledge receipt of this morning's e-mail in which Plaintiff indicates that a motion to enlarge time for additional discovery is forthcoming and, otherwise, inquires whether the District of Columbia opposes or consents to Plaintiff's proposed 60-day extension of the deadline to amend pleadings. Earlier today, the District filed a dispositive motion seeking judgment on the pleadings because the public duty doctrine bars Plaintiff's civil action for damages. Accordingly, the District opposes any extension of the current pleading amendment deadline.

The District further opposes any enlargement insofar as it relates to deposing additional District of Columbia witnesses, or propounding any further written discovery on the District. In this regard, the District will not produce any further witnesses for Deposition. We will not produce Metropolitan Police Department Officers Wheeler, Rice, Spriggs, Fields, Maradiaga, Reed, or any others for deposition. These officers have not been served and, if service is effected, we will move for a protective order to preclude those depositions. It is a cost and burden to the City which we should not have to bear in light of the public duty doctrine. Naturally, the District takes no position on enlargement as it relates obtaining discovery from to the remaining Defendants.

                Cordially,

                PETER J. NICKLES
           Interim Attorney General

             Dwayne C. Jefferson
           Assistant Attorney General

# Exhibit B

**To B. Spiva July 13, 2008 Letter to D. Jefferson**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

**Kathleen Hartnett**

| | |
|---|---|
| **From:** | Bruce Spiva |
| **Sent:** | Friday, June 20, 2008 4:25 PM |
| **To:** | dwayne.jefferson@dc.gov; Dwayne.Jefferson@dc.gov |
| **Cc:** | Kathleen Hartnett; Peter.Nickles@dc.gov; Valentine, George (OAG); Patricia.Jones@dc.gov; Robokos, Deidre L.; Costantino, Chrissy; Thomas Monahan; Adam Kelley; LMcAfee@gleason-law.com; Karen.Turner@hacdlaw.com |
| **Subject:** | Letter re Upcoming Depositions of Sexual Assault Detectives |
| **Attachments:** | 2008.06.20 Spiva to Jefferson re Depositions.pdf |

Dwayne,

Please find my response to your letter of June 16.  A copy will follow by mail.

Regards,

Bruce

Bruce V. Spiva
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 785-0601 (Tel.)
(202) 785-0697 (Fax)
bspiva@spivahartnett.com
www.spivahartnett.com

# SPIVA & HARTNETT LLP

1776 MASSACHUSETTS AVENUE, N.W., SUITE 600

WASHINGTON, D.C. 20036

(202) 785-0601    (202) 785-0697 (FAX)

BRUCE V. SPIVA
BSPIVA@SPIVAHARTNETT.COM

June 20, 2008

**By U.S. Mail and Email**

Dwayne C. Jefferson, Esq.
One Judiciary Square
441 4th Street, N.W., 6th Floor
Washington, D.C. 20001

Dear Dwayne:

Yesterday, I received the letter dated June 16, 2008 that you sent by regular mail. You state in your letter that the District is declining to produce any more witnesses because of its pending motion for judgment on the pleadings filed this past Monday, June 16, 2008. We have now noticed the depositions of the District detectives and other police officials that we have been attempting to schedule with you for months, and we intend to go forward with those depositions on the scheduled dates. The District's discovery position is unsupportable both procedurally and substantively and we intend to seek all appropriate relief if the District persists in it.

For months, we have attempted to schedule the depositions of several detectives from the Metropolitan Police Department's ("MPD's") sexual assault unit and other police personnel who were directly involved in interfering with Plaintiff's medical treatment and collection of evidence. We have repeatedly proposed specific dates for these depositions and have sent you multiple emails and phone messages requesting that you respond with the availability of the witnesses for the noted times. We have seen you on multiple occasions during those months at the depositions of other Defendants' witnesses, including at the depositions of three District police officers. Not once in all that time, or in any of our interactions concerning the scheduling of the outstanding depositions, did you suggest that the District was considering refusing to produce these witnesses. Indeed, you represented on the record at the deposition of Officer Green that "[w]e've made all our witnesses available to you. And we'll continue to do so." Deposition of Officer Tandreia Green at 110.

Thus, your letter came as a significant about-face in the District's position just a month prior to the current close of discovery. I found out about the District's new position only by accident on Wednesday, June 18, when I asked you during the deposition of another Defendant's witness finally to confirm availability for the additional District witnesses. At the end of the deposition, you mentioned that you had sent a letter by regular mail on Monday informing me of a change in the District's position regarding these witnesses. Given the upcoming discovery deadline and our repeated requests for your availability, you

**SPIVA & HARTNETT LLP**

Dwayne C. Jefferson, Esq.
June 20, 2008
Page 2 of 4

provided no explanation for not having either called to inform us of your position or sent the letter by email, as has been standard procedure amongst the parties to this litigation. The timing of the District's significant change in position, combined with the failure to respond in a timely basis to our repeated previous requests for your witnesses' availability, strongly suggests a bad faith attempt on the District's part to run down the clock on the current discovery period without producing critical witnesses for deposition.

In connection with your complete reversal on the District's intent to make its witnesses available, you refer in your letter to the fact that Plaintiff intends to move to extend the current discovery period to permit time for additional witnesses – something that we indicated months ago that we intended to do given the large number of relevant witnesses who need to be deposed. Plaintiff's forthcoming motion to extend the discovery period has absolutely nothing to do with the District's change in position regarding the outstanding depositions. You are now refusing for the first time to produce these critical witnesses that we long ago proposed to depose *within the current discovery period.* Thus, your reference to Plaintiff's forthcoming motion and the District's position on that motion is nothing more than a red-herring to distract from the fact that the District has no justification to resist legitimate discovery propounded upon it as a party in a lawsuit.[1]

The District's procedural game-playing is only made worse by the fact that your substantive position is frivolous. In your letter, you cite the pendency of your newly-filed motion for judgment on the pleadings based on the public duty doctrine as the District's main reason for not producing the detectives and other personnel who were directly involved in the handling of Plaintiff's case. This reason is invalid.

First, there is no legitimacy to your claim that the District should not have to produce these witnesses if it may be dismissed from the case. The noticed witnesses are all detectives and other personnel in the sexual assault unit who had direct involvement in Plaintiff's case, and many of whom spoke directly to Plaintiff and/or hospital personnel about Plaintiff on the day she was raped and denied proper treatment at Howard University and George Washington University Hospitals. These police officials' testimony will be required whether or not the District remains a Defendant in this case. Indeed, the officers that have been deposed in the case have uniformly testified that the detectives in the sexual assault unit are the *decisionmakers* in terms of deciding whether the MPD will deem a sexual assault victim's complaint as "founded" or "unfounded" and therefore in their judgment worthy of having a sexual assault medical forensic exam administered.

The officers who have been deposed to date (*i.e.*, those who responded to HUH and interacted with Plaintiff there) uniformly have maintained that they had *no* decisionmaking authority with respect to Plaintiff's case. Moreover, they have not been able to testify (and

---

[1] In our conversation on Wednesday, you acknowledged that the District witnesses would need to be deposed even if the District's motion for judgment on the pleadings is granted, but you incorrectly asserted that the depositions would take on a different tone or flavor if the District is a non-party. This suggestion is entirely inappropriate in that the District's witnesses would be under an obligation to tell the whole truth without improper obstruction from the District's attorneys whether the District continues as a party in this litigation or not.

SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
June 20, 2008
Page 3 of 4

indeed often have been obstructed from doing so by improper objections from the District's attorneys) to the actual *policies* of MPD and the District, in several respects: MPD's role in the so-called "authorization" of sexual assault medical forensic examinations; the "founding" or "unfounding" of complaints of sexual assault victims; and MPD's role, if any, in the hospital's medical examination and treatment of the patient, including the collection of medical forensic evidence even in the absence of police authorization. These are critical issues in this case, and your latter-day position that you will not produce any further witnesses at the very point at which Plaintiff was about to take testimony from the MPD personnel that your own witnesses have testified have knowledge of these very issues is nothing short of an improper and groundless attempt to obstruct legitimate discovery into the facts of this case.

Second, as we will explain in further detail in our forthcoming opposition to the District's motion, the public duty doctrine provides no basis for the District's dismissal from this case. Plaintiff's claims are not just that the District failed to properly investigate Plaintiff's complaint of sexual assault, as your motion claims – although it is now more than apparent that the District did so fail. The Complaint also alleges that the District has failed to properly hire, train and supervise MPD employees; that the District's policies and practices regarding the handling of sexual assault victims are inadequate; and that, in this particular case, the District negligently and directly interfered with the collection of evidence and Plaintiff's medical treatment by attempting to insert themselves into the decision of whether the hospitals conducted a medical forensic examination of Plaintiff. As discovery has borne out, the MPD's actions in this case are part of a disturbing pattern, practice and policy of finding allegations of sexual assault victims "unfounded" based on an interview by an untrained street officer (and a superficial and biased review by a sexual assault detective, often by phone), and of interfering with both the collection of evidence and medical treatment of those victims on that basis. Moreover, with respect to Plaintiff's failure to investigate claim, even with the limited discovery conducted against the District to date, each of the depositions clearly supports a finding that the District established a "special relationship" with Plaintiff by directly and repeatedly inserting itself into the decision about whether a sexual assault medical forensic examination would be done at two separate hospitals. We are entitled to full discovery of the sexual assault detectives – whom both your own officers and the other Defendants claim made the decision that Plaintiff's claim was not worthy of any investigation – both to further support Plaintiff's argument that the public duty doctrine does not bar Plaintiff's claims against the District, and to establish the facts that support liability both against MPD and the other Defendants.

As noted above, we intend to go forward with the depositions of the detectives and other personnel on the noticed dates. If you reconsider your position and agree to produce them, we will be willing to discuss scheduling for mutually convenient dates, despite your failure to respond to our attempts to do so over many months. But if you persist in needlessly driving up the costs of this litigation by filing a groundless motion for a protective order to obstruct necessary and legitimate discovery or failing to show up at a scheduled deposition without a protective order in place, we will seek to recover from the District the costs of responding to such a frivolous motion and/or reconvening the deposition, including through a motion for sanctions, if necessary.

SPIVA & HARTNETT LLP
Dwayne C. Jefferson, Esq.
June 20, 2008
Page 4 of 4


I look forward to discussing these issues with you at your earliest convenience.

Yours truly,

Bruce V. Spiva

cc:    Peter J. Nickles, Interim Attorney General (all cc's by email only)
        George C. Valentine, Deputy Attorney General, Civil Litigation Division
        Patricia A. Jones, Chief, General Litigation Section IV
        All other counsel of record as listed below

cc:    All Other Defense Counsel of Record (as listed below)(via email only)

Deidre L. Robokos
  Deidre.Robokos@wilsonelser.com
Christine M. Costantino
  Chrissy.Costantino@wilsonelser.com
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
Colorado Building, Fifth Floor
1341 G Street, N.W.
Washington, District of Columbia  20005-3105

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
Adam Kelley
  axk@gdldlaw. com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

# Exhibit C

**To B. Spiva July 13, 2008 Letter to D. Jefferson**

***McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)**

**Kathleen Hartnett**

| | |
|---|---|
| **From:** | Kathleen Hartnett |
| **Sent:** | Wednesday, July 02, 2008 6:31 PM |
| **To:** | dwayne.jefferson@dc.gov |
| **Cc:** | 'Karen.Turner@hacdlaw.com'; Robert.Goodson@wilsonelser.com; Deidre.Robokos@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; James Gleason; LMcAfee@gleason-law.com; tvm@gdldlaw.com; axk@GDLDLAW.com; 'GMcLean@gleason-law.com'; 'Michele.Campbell@hacdlaw.com'; 'AWatkins@gleason-law.com'; Bruce Spiva |
| **Subject:** | McGaughey:  MPD Depositions |
| **Attachments:** | 2008.07.02 Hartnett to Jefferson.pdf; 2008.07.02 Amended Notice of Deposition Ronald Reid.pdf |

Dwayne,

Attached is a letter memorializing our discussions concerning the depositions of the various MPD personnel whose depositions have been noticed.  Also attached is an amended notice of deposition for Sergeant Reid, who is now scheduled to be deposed on July 9, 2008 at 10:00 a.m. at our offices.  Our understanding from you is that all defense counsel are available for that time.

Thanks, and please let us know if you have any questions.

Kathleen

Kathleen R. Hartnett
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W., Suite 600
Washington, D.C. 20036
(202) 785-0601 (phone)
(202) 785-0697 (fax)
khartnett@spivahartnett.com
www.spivahartnett.com

# SPIVA & HARTNETT LLP

1776 MASSACHUSETTS AVENUE, N.W., SUITE 600

WASHINGTON, D.C. 20036

(202) 785-0601   (202) 785-0697 (FAX)

KATHLEEN R. HARTNETT
KHARTNETT@SPIVAHARTNETT.COM

July 2, 2008

**By U.S. Mail and Email**

Dwayne C. Jefferson, Esq.
Office of the Attorney General
  of the District of Columbia
One Judiciary Square
441 4th Street, N.W., 6th Floor
Washington, D.C. 20001

Dear Dwayne:

This letter memorializes recent discussions that we have had concerning the outstanding depositions noticed for several District witnesses.

On June 18, 2008, we noticed the depositions of several District witnesses whose depositions we had been attempting to schedule for months, as follows:  July 1, 2008 (Det. Wheeler, 9:30 a.m., Det. Rice, 1:30 p.m.); July 2, 2008 (Det. Spriggs, 9:30 a.m.); July 14, 2008 (Officer Fields, 9:30 a.m., Sgt. Maradiaga, 1:30 p.m.); July 16, 2008 (Sgt. Reid, 9:30 a.m.).

On June 19, 2008, we received a letter you sent via U.S. Mail, dated June 16, 2008, in which you stated that the District had changed its position and was declining to produce any additional witnesses for deposition.  My partner Bruce responded to that letter on June 20, 2008, by a letter sent via both U.S. Mail and email.

At Dr. Lang's deposition on June 27, 2008, you informed me that the District had reconsidered the position expressed in your June 16, 2008 letter and that the District would make the noticed witnesses available for deposition.  You informed me that you already had sent out the paperwork regarding the witnesses noticed for the week of July 14, but that it would not be possible to proceed with the depositions noticed for the week of June 30.  We agreed to work together to schedule the outstanding depositions, and you acknowledged that some depositions may have to be scheduled for dates beyond the current discovery cut-off of July 16, 2008.

Bruce, you and I spoke by phone on June 30, 2008, at which time you informed us that Sergeant Reid is not available on July 16, 2008, but that he is available on July 9, 2008 at 10:00 a.m.  We agreed to proceed with that deposition on July 9, 2008 if other defense counsel were

Dwayne C. Jefferson, Esq.
July 2, 2008
Page 2 of 3

available, and you agreed to confer with the other counsel to ascertain their availability. Today you confirmed that counsel for all Defendants are available on July 9, 2008. Thus, we will re-notice Sergeant Reid's deposition for 10:00 a.m. on July 9, 2008, at our office.

On June 30, 2008, you also confirmed that the depositions noticed for July 14, 2008 could proceed. Accordingly, those depositions will proceed as noticed, with Officer Fields at 9:30 a.m., and Sergeant Maradiaga at 1:30 p.m, both at our office.

Finally, on June 30, 2008, you informed us that you would determine the availability of the witnesses that had been noticed for this week (Detectives Wheeler, Rice and Spriggs) and that you would get back to us as soon as possible with new dates for those witnesses. Previously, we had notified all counsel at Dr. Lang's deposition, and via a follow-up email, that the depositions noticed for this week would not be going forward. We look forward to arranging new dates for those depositions with you as soon as possible. To the extent that you are unable to arrange for those witnesses' availability prior to July 16, 2008, our understanding is that you will not object to our taking those witnesses' depositions after that date, regardless of the District's position on our upcoming motion to extend the discovery deadline for all purposes.

Please let me know if you have any questions or a different understanding with respect to any of the items discussed above. Thank you for your assistance in this matter.

Sincerely yours,

Kathleen R. Hartnett

cc:    All Other Defense Counsel of Record (as listed below) (via email only)

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
Adam Kelley
  axk@gdldlaw. com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
July 2, 2008
Page 3 of 3

Deidre L. Robokos
  Deidre.Robokos@wilsonelser.com
Christine M. Costantino
  Chrissy.Costantino@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN
  & DICKER LLP
Colorado Building, Fifth Floor
1341 G Street, N.W.
Washington, District of Columbia 20005-3105

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

# Exhibit D

**To B. Spiva July 13, 2008 Letter to D. Jefferson**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

**Kathleen Hartnett**

| | |
|---|---|
| **From:** | Jefferson, Dwayne C. (OAG) [dwayne.jefferson@dc.gov] |
| **Sent:** | Thursday, July 03, 2008 2:48 PM |
| **To:** | Karen Turner; Robokos, Deidre L.; LMcAfee@gleason-law.com; axk@GDLDLAW.com |
| **Cc:** | Kathleen Hartnett |
| **Subject:** | MCGAUGHEY V. DC (PROPOSED DEPOSITION OF OFCR. DANA SPRIGGS 07/15/08) |

Dear Karen, Deidre, Adam & Larry,

Given the fact that Nurse Barron's scheduled July 15th deposition has been rescheduled, please respond to this e-mail by advising whether you'd be available to attend the deposition of Officer Dana Spriggs on July 15th at 10:00 a.m.

Cordially,

Dwayne C. Jefferson | Assistant Attorney General
Civil Litigation | Division IV
Office of the Attorney General
One Judiciary Square
441 4th Street, NW, Suite 6S043 | Washington, DC 20001
P. 202-724-6649 | F. 202-741-0554
Dwayne.Jefferson@dc.gov

### Confidentiality Notice

This message is being sent by or on behalf of an attorney.  It is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

# Exhibit E

**To B. Spiva July 13, 2008 Letter to D. Jefferson**

***McGaughey v. District of Columbia, et al.***, No. 1:07-cv-01498 (RJL)

## Kathleen Hartnett

| | |
|---|---|
| **From:** | Kathleen Hartnett |
| **Sent:** | Wednesday, July 09, 2008 2:56 PM |
| **To:** | 'Michele Campbell'; axk@GDLDLAW.com; AWatkins@gleason-law.com; Bruce Spiva; Chrissy.Costantino@wilsonelser.com; Deidre.Robokos@wilsonelser.com; tvm@gdldlaw.com; dwayne.jefferson@dc.gov; Karen Turner |
| **Cc:** | Robert.Goodson@wilsonelser.com; LMcAfee@gleason-law.com; GMcLean@gleason-law.com; 'dbanks@gleason-law.com'; 'ami.specktor@hacdlaw.com' |
| **Subject:** | McGaughey Depositions |
| **Attachments:** | 2008.07.09 Amended Deposition Notice Fields.pdf; 2008.07.09 Amended Deposition Notice Maradiaga.pdf; 2008.07.09 Amended Deposition Notice Rice.pdf; 2008.07.09 Amended Deposition Notice Spriggs.pdf; 2008.07.09 Amended Deposition Notice Wheeler.pdf |

All,

Attached are noticed for the presently scheduled depositions in the McGaughey matter, other than Dr. Williams' deposition set for tomorrow (notice was sent earlier today). Dwayne informed us over the past several days that he had conferred with the other defense counsel and that all counsel are available for the July dates. Please advise us immediately if that is not correct.

To summarize:

July 10: Dr. Williams, 10:30 AM, HUH

July 14: Officer Fields, 9:30 AM, Alderson Court Reporting (see notice for address; it's near Dupont or Farragut North metro) July 14: Sergeant Maradiaga, 1:30 PM, Alderson July 15: Officer Spriggs, 10:00 AM, S&H July 16: Detective Wheeler, 9:30 AM, S&H July 16: Detective Rice, 1:30 PM, S&H August 25: Nurse Barron, Kansas City (details and notice to follow)

Please let me know if you have any questions.

Thank you,

Kathleen

Kathleen R. Hartnett

Spiva & Hartnett LLP

1776 Massachusetts Avenue, N.W., Suite 600 Washington, D.C. 20036

(202) 785-0601 (phone)

(202) 785-0697 (fax)

khartnett@spivahartnett.com

www.spivahartnett.com

-----Original Message-----
From: Michele Campbell [mailto:Michele.Campbell@hacdlaw.com]
Sent: Wednesday, July 09, 2008 1:09 PM
To: Kathleen Hartnett; axk@GDLDLAW.com; AWatkins@gleason-law.com; Bruce Spiva;
Chrissy.Costantino@wilsonelser.com; Deidre.Robokos@wilsonelser.com; tvm@gdldlaw.com; dwayne.jefferson@dc.gov
Cc: Robert.Goodson@wilsonelser.com; LMcAfee@gleason-law.com; GMcLean@gleason-law.com
Subject: RE: Deposition of Dr. Williams


Please confirm that everyone is still set for Dr Williams' deposition scheduled for tomorrow, Thursday, July 10 at 10:30am at HUH, 2041 Georgia Avenue, NW, 2nd Floor, Hospital Board Room, Washington, DC


Thank you for your continued assistance.


Respectfully,



Michele E. Campbell


Michele E. Campbell
Hamilton Altman Canale & Dillon, LLC
301-652-7332, x 311
301-652-0836 (fax)

# Exhibit B

**To Plaintiff's Motion to Modify Scheduling Order and
Increase Number of Depositions Plaintiff May Take**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

**Kathleen Hartnett**

| | |
|---|---|
| **From:** | Kathleen Hartnett |
| **Sent:** | Monday, July 14, 2008 11:59 AM |
| **To:** | 'Jefferson, Dwayne C. (OAG)' |
| **Cc:** | Bruce Spiva; Robert.Goodson@wilsonelser.com; Deidre.Robokos@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; LMcAfee@gleason-law.com; 'dbanks@gleason-law.com'; Karen Turner; 'Michele Campbell'; 'ami.specktor@hacdlaw.com'; axk@GDLDLAW.com; tvm@gdldlaw.com |
| **Subject:** | McGaughey - District's Witnesses |

Dwayne,

As you know, with the exception of the District, all counsel were prepared to begin Detective Fields' deposition at 9:30 a.m. this morning, as noticed and confirmed with you earlier this morning. You did not appear at the deposition at 9:30 or thereafter. Rather, the first we learned of the issues with Detective Fields' appearance at her deposition this morning was when counsel for Dr. Lang called you at the office and then handed me her phone at approximately 9:50 a.m., stating that you wanted to talk to me. You informed me that Detective Fields was delayed by an urgent matter, that she was on duty, and that you would call her again to check on her status and let me know her ETA. I told you that I did not know what you were talking about and you said you had tried to contact me and Bruce earlier but could only leave voicemail messages. I asked why you did not email us, as we obviously were not in the office at the time you called, and you told me that you had sent an email. While on the phone with you, I checked my PDA and the message below appeared (sent at approximately the same time you and I were talking on the phone).

I spoke to you again at approximately 10 a.m., at which time you informed me that Detective Fields still had not broken free, but that you were to call her at 10:30 to check in and see if she had a more reasonable estimate. I called you back and asked if you could give us any more certain of an estimate. You could not. You also confirmed that once Detective Fields broke free, she still would need to meet you and travel with you to the deposition location, which was likely to take up to a half-hour. You told me that you would not be attending the deposition in person before meeting with Detective Fields.

Based on these circumstances, including the continuing uncertainty about Detective Fields' availability, the late start time, and the need to finish before Sgt. Maradiaga's 1:30 p.m. deposition, I informed you that we would not proceed for failure of the witness to appear. We went on the record with counsel for all defendants present by phone or in person and you and I both made statements regarding today's deposition, as well as other matters.

When I returned to my office I retrieved the voicemail that you left earlier this morning, in which you provided additional information not provided in the email you subsequently sent concerning the nature of Detective Fields' work situation. Your voicemail, which appears to have been left around 9:00 a.m., explained that the 9:30 start time was "aspirational" due to the circumstances but that you were "angling" to get her deposition started sometime this morning.

In the future, please direct urgent messages to me by email, as all counsel have done throughout this case so as to receive messages on their PDAs. In addition, please feel free to contact me on my cell phone at 202-368-5916 for any urgent matter. Finally, please copy other counsel as appropriate for scheduling issues such as these. Our decision this morning to reschedule Detective Fields' deposition due the witness's absence and uncertainty whether she would appear today was made so as to minimize the time and expense incurred by all parties as a result of today's events.

Our understanding, as memorialized on the record this morning, is that you will be appearing with Sgt. Maradiaga at 1:30 p.m. at Alderson, as noticed. My understanding is that there will be a call-in number for those wishing to participate by phone. That number is 800-434-7385, passcode 795108. (Adam, can you please confirm that this call-in information is correct, and that there are enough lines to accommodate however many counsel will be attending this afternoon by phone – I think it will be 3, including Adam.)

You also stated on the record this morning that you are maintaining your position that the District will not produce any additional witnesses going forward, including the 3 witnesses that we had mutually agreed would be deposed tomorrow and Wednesday. As we previously informed you by letter and as I reiterated on the record this morning, we will be opposing your baseless motion for protective order and will seek sanctions and other relief as necessary. To be clear, we are not cancelling those depositions, for the reasons set forth in our letter of last night. You agreed to these depositions, you accepted the notices as proper, and there is no protective order in place barring them. However, to avoid the futile

and costly exercise of us (and other counsel and the court reporter) appearing at the deposition tomorrow and Wednesday with neither you nor the witnesses present, we will not be appearing on Wednesday or Thursday.

I am copying all other counsel on this message so that they can be apprised of these recent events and can prepare accordingly.

Sincerely yours,

Kathleen

Kathleen R. Hartnett
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W., Suite 600
Washington, D.C. 20036
(202) 785-0601 (phone)
(202) 785-0697 (fax)
khartnett@spivahartnett.com
www.spivahartnett.com

**From:** Jefferson, Dwayne C. (OAG) [mailto:dwayne.jefferson@dc.gov]
**Sent:** Monday, July 14, 2008 9:48 AM
**To:** Kathleen Hartnett
**Cc:** Bruce Spiva
**Subject:** RE: McGaughey

Dear Kathleen,

As indicated to you during this morning's 7:50 a.m. phone conversation, the District would try to voluntarily produce Detective Wandella Fields for deposition at 9:30 a.m. today.  Due to circumstances out of our control, the witness is unable to proceed on schedule.  The District first learned of this at approximately 9:00 a.m., at which time I tried to personally contact you by phone, but was only able to leave voicemail messages for both you and your partner, Bruce Spiva.

I have spoken with Detective Fields at approximately 9:15 and 9:30 a.m., and will do so again at approximately 9:45 a.m. In the event that she becomes available this morning, we will proceed with her deposition today.

Please be reminded that Detective Fields is not under subpoena and, thus far, the District has made every effort to produce her but, as mentioned above, circumstances beyond our control have occurred.

As soon as I hear from witness, I will contact you again.

Dwayne C. Jefferson | Assistant Attorney General
Civil Litigation | Division IV
Office of the Attorney General
One Judiciary Square
441 4th Street, NW, Suite 6S043 | Washington, DC 20001
P. 202-724-6649 | F. 202-741-0554
Dwayne.Jefferson@dc.gov

Confidentiality Notice

This message is being sent by or on behalf of an attorney.  It is intended exclusively for the individual or entity to which it is addressed.  This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure.  If you are not the named addressee, you are not authorized to read, print, retain, copy or

disseminate this message or any part of it.  If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

---

**From:** Kathleen Hartnett [mailto:khartnett@spivahartnett.com]
**Sent:** Monday, July 14, 2008 8:16 AM
**To:** Jefferson, Dwayne C. (OAG)
**Cc:** Bruce Spiva
**Subject:** McGaughey

Dwayne,

This email memorializes our phone conversation of just a few minutes before 8 this morning, when you called our offices. You informed me that, despite our letter of last evening, the District is moving forward with its motion for protective order. I asked you whether you were producing witnesses today (the first deposition is scheduled to begin an hour and a half from the time of your call), and you told me that your motion made it clear that you were.  I told you that it was not clear. Note that your motion does not state that you would make witnesses available today, but rather that you "will make every effort" to produce your witnesses.  You then asked me whether the deposition was at 9:30, and whether it was at "ADR" or our offices.  I told you it was at Alderson, as we have agreed upon and as the deposition notice clearly indicates.  You asked if the address was on the deposition notice and I said that it was.

Thanks,

Kathleen

Kathleen R. Hartnett
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W., Suite 600
Washington, D.C. 20036
(202) 785-0601 (phone)
(202) 785-0697 (fax)
khartnett@spivahartnett.com
www.spivahartnett.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDRIA McGAUGHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-01498 (RJL) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION
## TO MODIFY SCHEDULING ORDER AND INCREASE NUMBER
## OF DEPOSITIONS PLAINTIFF MAY TAKE

WHEREAS, Plaintiff has moved the Court to modify its January 18, 2008 Scheduling Order, as previously modified by the Court's April 16, 2008 Order;

WHEREAS, the Court finds that Plaintiff has shown good cause for a ninety-day enlargement of the remaining deadlines set forth in the Court's Scheduling Order, other than the deadline for amending pleadings and joining parties (which the Court previously extended until August 18, 2008);

WHEREAS, Plaintiff also has moved the Court to enlarge the number of depositions Plaintiff may take to no more than thirty-six total without further leave of Court or stipulation of the parties; and

WHEREAS, the Court finds that the large number of parties and potential witnesses justifies Plaintiff taking up to thirty-six depositions without further leave of Court or stipulation off the parties; it is

ORDERED that the Court's January 18, 2008 Scheduling Order, as previously modified by the Court's April 16, 2008 Order, is further modified as follows:

|  | <u>Current Deadline</u> | <u>New Deadline</u> |
|---|---|---|
| Amended Pleadings/<br>Joinder of Parties | August 18, 2008 | August 18, 2008 |
| Fact discovery closes | July 16, 2008 | October 14, 2008 |
| Plaintiff Rule 26(a)(2) due | September 2, 2008 | December 1, 2008 |
| Plaintiff's expert depositions<br>no later than | October 15, 2008 | January 13, 2009 |
| Defendant Rule 26(a)(2) due | November 3, 2008 | February 2, 2009 |
| Defendants' expert depositions<br>no later than | December 31, 2008 | March 31, 2009 |
| Plaintiff's Rule 26(a)(2)<br>rebuttal statements due | January 15, 2009 | April 15, 2009 |
| Expert deposition deadlines/<br>discovery due | January 26, 2009 | April 27, 2009 |
| Dispositive Motions due | February 19, 2009 | May 20, 2009 |
| Response to Dispositive Motions<br>due | March 19, 2009 | June 17, 2009 |
| Reply to Dispositive Motions due | April 9, 2009 | July 8, 2009 |
| Pretrial Statements due | June 1, 2009 | August 31, 2009 |
| Motions in limine/objections due | June 15, 2009 | September 14, 2009 |
| Response to motions in limine/<br>Objections due | June 30, 2009 | September 28, 2009 |

It is FURTHER ORDERED that Plaintiff has leave to take up to thirty-six depositions total without further leave of Court or stipulation of the parties.

So ORDERED this _____ day of _____, 2008

_____

Honorable Richard J. Leon

2

Copies to:                      Bruce V. Spiva, D.C. Bar. No. 443754
                                   bspiva@spivahartnett.com
                                Kathleen R. Hartnett, D.C. Bar. No. 483250
                                   khartnett@spivahartnett.com
                                SPIVA & HARTNETT LLP
                                1776 Massachusetts Avenue, N.W., Suite 600
                                Washington, D.C. 20036
                                Telephone:  (202) 785-0601
                                Facsimile:  (202) 785-0697

                                *Counsel for Plaintiff*


                                Karen R. Turner, D.C. Bar No. 434543
                                  karen.turner@hacdlaw.com
                                HAMILTON ALTMAN CANALE & DILLON, LLC
                                4600 East-West Highway, Suite 201
                                Bethesda, MD 20814
                                Telephone:  (301) 652-7332

                                *Counsel for Defendants Howard University; Howard
                                University Hospital; Wendie Williams, M.D.; Dawit
                                Yohannes, M.D.*


                                DWAYNE C. JEFFERSON, D.C. BAR NO. 980813
                                OFFICE OF THE ATTORNEY GENERAL
                                  FOR THE DISTRICT OF COLUMBIA
                                Sixth Floor South, 441 4th Street, N.W.
                                Washington, DC 20001
                                Telephone:  (202) 724-6649
                                Facsimile (202) 741-0554

                                *Counsel for Defendant District of Columbia*


                                Thomas V. Monahan, Jr., Bar No. 04471
                                  tvm@gdldlaw.com
                                Adam Kelley, Bar No. 26663
                                  axk@gdldlaw.com
                                GOODELL, DEVRIES, LEECH & DANN, LLP
                                One South Street, 20th Floor
                                Baltimore, MD 21202
                                Telephone: (410) 783-4000

                                *Counsel for Defendant District Hospital Partners, LP*

Robert W. Goodson,  D.C. Bar No. 935239
  Robert.Goodson@wilsonelser.com
Deidre L. Robokos, D.C. Bar No. 492013
  deidre.robokos@wilsonelser.com
Christine M. Costantino
  chrissy.costantino@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
The Colorado Building
1341 G Street, NW, Suite 500
Washington, D.C. 20005
Telephone:  (202) 626-7660
Facsimile:  (202) 628-3606

*Counsel for Defendant Christopher Lang, M.D.*


James P. Gleason, Jr., D.C. Bar No. 291005
Larry D. McAfee, D.C. Bar No. 457226
  lmcafee@gleason-law.com
Christopher R. Smith, D.C. Bar No. 477393
GLEASON, FLYNN, EMIG & FOGLEMAN, Chartered
11 North Washington Street, Suite 400
Rockville, MD 20850
Telephone:  (301) 294-2110

*Counsel for Defendant The George Washington University*