## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY,          :

      Plaintiff,              :

                               :        Case No. 1:07-CV-01498

            v.                :        Judge Richard J. Leon

                               :

DISTRICT OF COLUMBIA, et al.,         :

                               :

      Defendants.            :

                               :

## OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND INCREASE NUMBER OF DEPOSITIONS PLAINTIFF MAY TAKE

COMES NOW, Defendant, Christopher Lang, M.D. (hereinafter "Defendant"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, and opposes Plaintiff's proposed modifications to the scheduling order in addition to the requested increase in the number of permitted deponents. In support of this Opposition, Defendant states as follows:

**I.      Plaintiff has not shown "good cause" for additional extensions of all discovery dates by 90 days.**

As noted in Dr. Lang's opposition to Plaintiff's previous motion to extend discovery deadlines, Federal Rule of Civil Procedure 16(b) provides that a "scheduling order may be modified only for good cause." FRCP 16(b)(4) (2008). Local Rule 16.4 similarly imposes a "good cause" limitation on alterations to the scheduling order. *Myrdal v. District of Columbia*, No. 05-2351, 2007 U.S. Dist. LEXIS 41220, *4 (D.D.C. June 7, 2007). "Good cause requires that party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *St.*

*Paul Mercury Ins. Co. v. Capital Sprinkler Inspection, Inc.,* No. 05-2115, 2007 U.S. Dist. LEXIS 39606, *19 (D.D.C. June 1, 2007) (internal quotations and citations omitted).

At present, Plaintiff has already been granted an additional two months and ten depositions in order to conclude discovery, which has been burdensome on all the parties. Now Plaintiff requests that this Court add to the burden already being incurred by the defendants, including, but not limited to Dr. Lang, by permitting Plaintiff an additional three months of discovery and sixteen depositions in excess of those accommodations already provided be the Court. Plaintiff's position seeking not only to extend discovery but also to postpone deadlines, such as the designation of experts, unfairly prejudices Dr. Lang. The proposed delay in Plaintiff's designation of experts renders him unable to move forward in preparation of his defense and selection of his own experts. All parties, not only plaintiffs are deserving of the Court's justice, and allowing Plaintiff's allegations against Dr. Lang to languish, unsupported by expert testimony while causing him to incur unnecessarily high defense fees is unjust.

Dr. Lang respectfully submits that Plaintiff has failed to demonstrate the required good cause to justify the extraordinary relief sought. As set forth below, this extension cannot be justified by the purported need to conclude discovery initiated prior to the July 16, 2008 close of fact discovery and pursue additional written discovery, the difficulty in coordination of counsels' schedules, the need to depose additional witnesses whom Plaintiff has been aware of since January. In consideration of the above, the Court may properly deny Plaintiff's Motion.

2

1.    **Plaintiff's Need To Reschedule Five Depositions cannot justify a uniform and lengthy extension of all discovery and scheduling order dates.**

Plaintiff seeks to unnecessarily extend discovery and all other dates on the scheduling order based on, *inter alia*, the need to conclude and/or conduct depositions that were noted prior to the close of discovery. Even assuming that Plaintiff may take these depositions after the July 16, 2008 close of discovery, there is no justification for the expansive extension she seeks. At the conclusion of these noted depositions, Plaintiff will have exhausted the twenty depositions graciously allotted to her by this Court. Furthermore, these depositions are almost exclusively witnesses associated with Defendant District of Columbia. Plaintiff has already deposed five witnesses[1] associated with the same defendant and therefore the discovery of entirely new information is unlikely given the wealth of documents and information already provided by this defendant. To permit Plaintiff to continue needless discovery after the conclusion of these noted depositions is unduly burdensome and prejudicial to the defendants, including Dr. Lang. Thus Plaintiff has not shown the requisite good cause for modifying the scheduling order and her request is properly denied.

2.    **Plaintiff has had ample opportunity to address all issues with written discovery.**

Plaintiff has propounded written discovery requests to all of the defendants in this matter, and has received responses to these requests from each party. In addition, supplemental production of documents has been provided as discovery progressed in accordance with the Federal Rules of Civil Procedure. Notwithstanding these responses, Plaintiff states that certain defendants, including Dr. Lang, have produced a minimal

3

number of documents as a basis for her requested extension of discovery. This allegation fails to demonstrate Plaintiff's entitlement to the further delay of the proceedings to follow up on discovery requests to which the parties have responded.

While Plaintiff may be disappointed with the lack of existing documents relevant to her case, there is no support for her position that this lack of documentation requires an additional three months of discovery to confirm. In the case of Dr. Lang, he is an individual physician defendant who sees numerous individuals on any one shift in the Emergency Room at George Washington University Hospital and therefore would have very little relevant information on any of his patients, including Plaintiff. Furthermore, Plaintiff mischaracterizes the clarification sought from counsel for Dr. Lang concerning the allegedly insufficient discovery responses. On June 12, 2008, counsel for Dr. Lang sent a letter to Plaintiff's counsel indicating the insufficiency of the Answers to Interrogatories, which Plaintiff was granted an extension to answer, due to Plaintiff's erroneous calculation of "discrete subparts" and corresponding failure to answer any interrogatory beyond number 11. Plaintiff's counsel responded to these issues regarding Plaintiff's Answer to Interrogatories by letter dated June 14, 2008, and a "meet and confer" regarding the issue was held between counsel on June 26, 2008. At that time, Plaintiff's counsel also sought clarification regarding certain issues with Dr. Lang's responses to discovery. Counsel for Dr. Lang advised Plaintiff's counsel to provide these issues in writing at which time they would be responded to. To date, counsel for Dr. Lang has not received any follow-up correspondence despite the passage of almost three weeks. Plaintiff had ample opportunity to address these concerns within the confines of

---

[1] Four of these depositions were completed, while Plaintiff refused to complete the fifth deposition of Sergeant Ronald Reid.

307404.1

the discovery period but has elected not to do so. While Plaintiff was not required to pursue this clarification of Dr. Lang's responses further, she should not be able to extend discovery to seek documents that do not exist and issues which could have been addressed within the time permitted by the Court's Order.

Furthermore, Plaintiff has not demonstrated any need, let alone that of the caliber to warrant an extension of discovery, to propound additional written discovery which it could not have completed prior to the close of discovery provided in the Court's Order. By way of example, Plaintiff proposes that it would use the extension to seek third-party discovery from the D.C. Rape Crisis Center. The involvement of this organization has been known since the inception of this case and Plaintiff does not offer any reason or excuse as to why this discovery has not been completed to date. Therefore, Plaintiff's motion must be denied due to the absence of any supporting justification showing good cause for additional delay.

### 3. Plaintiff's request for extension is unnecessarily extensive.

Plaintiff asserts that its need for an additional 90 days, for a total five-month extension of discovery, is due in part to the difficulty in coordinating the schedules of all defense counsel and the proposed witnesses. However, Plaintiff's need is a creation of her own devices. Plaintiff's counsels' routine failure to limit their inquiry to relevant topics appropriately tailored to the subject deponent causes unnecessary delay and prohibits more efficient scheduling of depositions. While Plaintiff may be entitled to such time per deposition under the Federal Rules of Civil Procedure, it significantly contributes to scheduling difficulties when all participating counsel must put aside a full day for the deposition of a marginally involved witness with no independent recollection

5

of the subject events. It would be improper to permit Plaintiff to rely on a difficulty her counsel is responsible for in support of the extension of discovery.

**II.    Plaintiff's Desire to Depose Witnesses it was Aware of in January 2008 does not Justify Permitting Plaintiff to take a Total of Thirty-Six Depositions.**

In addition to those reasons set forth above, Dr. Lang further asserts that Plaintiff fails to show good cause for the extension of discovery because she is not entitled to take additional depositions beyond the twenty permitted by the Court's previous Order of April 16, 2008.

Plaintiff identifies sixteen individuals in her motion as the additional witnesses she seeks to depose, with the added caveat that she may require more depositions in the future based on discovery of witnesses with other relevant information. However, these individuals are not newly identified witnesses whose potential for having discoverable information was only recently uncovered. Almost all of these identified individuals were listed in the Rule 26(a)(1) disclosures of the parties served on January 25, 2008.[2] *See* Rule 26(a)(1) disclosures of each party, attached in relevant part as **Exhibit A**. In fact, eight of these individuals were listed by Plaintiff herself on her Rule 26(a)(1) disclosures.[3] The only proposed deponents who were not identified in one of the parties' Rule 26(a)(1) disclosure are the Signatory to Howard University Health Service Notes and Bonnie Randolph (or the charge nurse if not Bonnie Randolph).[4]

---

[2] The District of Columbia served its Rule 26(a)(1) disclosures shortly thereafter on February 1, 2008.
[3] These individuals include Mr. Gavin Latney, Ms. Brenda Douglas, Dr. Evelyn Treakle-Moore, Rule 30(b)(6) witness for Howard University Hospital, Rule 30(b)(6) witness for Howard University, Rule 30(b)(6) witness for George Washington University Hospital, Rule 30(b)(6) witness for George Washington University and Rule 30(b)(6) designee for District of Columbia Metropolitan Police Department.
[4] As noted in Plaintiff's Motion, Bonnie Randolph was disclosed by the Howard Defendants on June 4, 2008. At that time, the name of the witness previously identified as the "Howard University Campus escorts who transported plaintiff to and from Howard University Hospital" was also disclosed although his identity and role was included in the Rule 26(a)(1) initial disclosures of the Howard Defendants.

6

Therefore, these are witnesses who Plaintiff knew had discoverable information and chose not to depose in favor of seeking discovery from other witnesses within the parameters of the Court's Order. Plaintiff offers no authority to support the proposition the she is entitled to a full-day deposition of every person who may know anything tangentially related to her claims in the case. The fact that Plaintiff postponed these allegedly necessary depositions cannot create a more compelling basis for her Motion, as she was granted twenty depositions and it was her responsibility to select the deponents in light of that limitation. Moreover, the Court has previously considered this issue as set forth in Plaintiff's Motion filed March 27, 2008, and found that despite Plaintiff's alleged need for such discovery, a proper balance required a more limited extension of discovery and increase in the number of permitted depositions. Dr. Lang respectfully requests that the Court maintain this balance by denying Plaintiff's instant Motion.

**III.    Even if the Court is Inclined to Provide for an Extension of Fact Discovery, Plaintiffs have not Shown the Requisite Good Cause to Modify the Deadline for Designation of Experts.**

While Dr. Lang maintains that Plaintiff fails to demonstrate a sufficient reason for any modification of the scheduling order or increase in the permissible number of depositions, he respectfully requests that should the Court be inclined to grant Plaintiff any such relief, that the deadline for the designation of experts not be modified or extended. Even if the Plaintiff is permitted a limited amount of additional fact discovery, Plaintiff has deposed all of the parties, in addition to the witnesses they deemed critical in consideration of the Court-ordered twenty (20) deposition limit. This includes witnesses speaking to Plaintiff's interaction with each defendant and the care and treatment rendered by any and all health care providers or facilities. At this juncture, Plaintiff has

7

more than adequate information to designate experts and does not offer any meritorious justification for her inability to do so within the timeframe provided by the Court's April 16, 2008 Order.

Furthermore, if Plaintiff were to conjure up such a reason to support this proposition, a balancing of the interests of the parties weighs heavily against permitting an extension of the expert designation deadline. Plaintiff's claims against Dr. Lang sound in medical negligence, thereby requiring expert testimony to establish, at a minimum, the applicable standard of care and any breach thereof. *Travers v. District of Columbia*, 672 A.2d 566, 568 (D.C. 1996) (In a medical malpractice action, "the plaintiff must establish through expert testimony the course of action that a reasonably prudent doctor with the defendant's specialty would have taken under the same or similar circumstances." *Meek v. Shepard*, 484 A.2d 579, 581 (D.C. 1984).) It is prejudicial to the interests of Dr. Lang to force him to incur unreasonably high defense fees due to Plaintiff's insatiable desire for discovery, when Plaintiff's claims remain unsupported by the requisite expert opinion. Therefore, Dr. Lang respectfully requests that if the Court provides for additional discovery, that Plaintiff's request to modify all other scheduling order dates be denied.

## IV.    Conclusion

WHEREFORE, Defendant respectfully submits that Plaintiff's Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take be denied or in the alternative that the deadline for designation of experts provided in the Court's April 16, 2008 Order not be modified or extended and any other relief the Court deems just.

8

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By:     */s/ Robert W. Goodson*
        Robert W. Goodson, # 935239

        */s/ Deidre L. Robokos*
        Deidre L. Robokos, # 492013
        The Colorado Building
        1341 G Street, N.W.
        Suite 500
        Washington, D.C.  20005
        Robert.Goodson@wilsonelser.com
        Deidre.Robokos@wilsonelser.com

        (202) 626-7660
        (202) 628-3606 (facsimile)

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Opposition to Plaintiff's

Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May

Take was filed electronically, this 17th day of July 2008, to:

Bruce V. Spiva, Esq.
Kathleen R. Hartnett, Esq.
Spiva & Hartnett, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036
*Counsel for Plaintiff*

Dwayne Jefferson, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, DC 20001
*Counsel for Defendant District of Columbia*

Thomas V. Monahan, Jr., Esq.
Adam Kelley, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Counsel for Defendant District Hospital Partners, LP*

Gleason, Flynn, Emig & Fogleman, Chartered
James P. Gleason, Jr., Esq.
Larry D. VcAffee, Esq.
Christopher R. Smith, Esq.
11 North Washington Street
Suite 400
Rockville, MD 20850
*Counsel for Defendant The George Washington University*

*/s/ Deidre L. Robokos*
Deidre L. Robokos, Esq.

307404.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA McGAUGHEY,                )
                                     )
    Plaintiff,                        )
                                     )          Case No. 1:07-cv-01498
v.                                   )
                                     )          Judge Richard J. Leon
DISTRICT OF COLUMBIA, *et al.*,      )
                                     )
    Defendants.                       )
—————————————————————————————————————)

### PLAINTIFFS' INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Local Civil Rule 26.2, the Court's Scheduling Order in this matter and the parties' agreed-upon deadline, Plaintiff, by her undersigned counsel, hereby submits the following initial disclosures.

Plaintiff submits these disclosures on the basis of information within her possession, custody or control, as of the date of these disclosures.  Plaintiff reserves the right to supplement and modify these disclosures as discovery proceeds.  Plaintiff does not waive any right to object to discovery on the basis of the attorney-client privilege, the work-product doctrine, and other privileges and immunities from discovery.  Plaintiff also does not waive any right to object to any evidence at trial.

## I.  PERSONS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following individuals are likely to have discoverable information that Plaintiff may use to support her claims, excluding information that may be used solely for impeachment.  As the present matter is litigated, it is expected that persons whose identity is not yet known to Plaintiff – including employees and representatives of Defendants, as well as various third parties with knowledge of the subject matter at issue – may be discerned through discovery.



EXHIBIT
A

Plaintiff will supplement this disclosure if and when such additional information becomes

available. In addition, Plaintiff will identify any expert witnesses pursuant to the deadlines set

forth in the Court's Scheduling Order in this matter.

The following individuals are likely to have discoverable information pertaining to: the

sexual assault suffered by Plaintiff on December 9, 2006; Plaintiff's treatment by Defendants and

their agents December 9-10, 2006; the actions of Defendants and their agents pertaining to this

matter in the days and weeks after Plaintiff's treatment; the harm suffered by Plaintiff as a result

of Defendants' actions; and, with respect to the Defendants' agents and medical personnel listed

below, medical and police emergency and rape crisis practices and training related thereto.

1.  Alexandria McGaughey (Plaintiff)
    2251 Sherman Avenue, N.W.
    Washington, D.C. 20001
    (773) 454-6870

2.  Kerston Reid (Plaintiff's friend)
    2251 Sherman Avenue, N.W., #836
    Washington, D.C. 20001
    (804) 243-0399

3.  Sade Diké (Plaintiff's friend)
    2251 Sherman Avenue, N.W., #824
    Washington, D.C. 20001
    (937) 838-9989

4.  Amanda Lockett (Plaintiff's friend)
    2251 Sherman Avenue, N.W.
    Washington, D.C. 20001

5.  Raegen Allen McGaughey (Plaintiff's sister)
    5917 Tamar Drive, #5
    Columbia, MD 21045
    (410) 997-4044

6.  Evangeline Allen (Plaintiff's mother)
    10031 S. Morgan Street
    Chicago, IL 60643
    (773) 793-7425

7.    Dr. Gerald Cook (husband of Plaintiff's cousin)
      1738 S. Indiana Avenue
      Chicago, IL 60616
      (312) 922-1277

8.    Dr. Kara Deaver (treated Plaintiff)
      Chicago Women's Health Group
      Northwestern Hospital
      211 E. Chicago Avenue, Suite 1200
      Chicago, IL 60611
      (312) 943-0282

9.    Candice Karber (Plaintiff's counselor)
      D.C. Rape Crisis Center
      The Common Wealth Building
      1625 K Street, N.W.
      Washington, D.C. 20006
      (202) 232-0789

10.   Designee(s) of Defendant Howard University Hospital and SANE program, and any other
relevant employees revealed by discovery
      2041 Georgia Avenue
      Washington, D.C. 20060
      (202) 865-6100

11.   Designee(s) of Defendant Howard University, and any other relevant employees revealed
by discovery
      2400 Sixth Street, N.W.
      Washington, D.C. 20059
      (202) 806-6100

12.   Dr. Wendie Williams (treated Plaintiff at Howard University Hospital)
      Howard University Hospital
      2041 Georgia Avenue
      Washington, D.C. 20060
      (202) 865-6100

13.   Dr. Dawit Yohannes (treated Plaintiff at Howard University Hospital)
      Howard University Hospital
      2041 Georgia Avenue
      Washington, D.C. 20060
      (202) 865-6100

14.    Dr. Evelyn Treakle Moore (met with Plaintiff regarding her treatment)
       Howard University Hospital
       2041 Georgia Avenue
       Washington, D.C. 20060
       (202) 865-6100

15.    Brenda Douglas (met with Plaintiff regarding her treatment)
       Howard University Hospital
       2041 Georgia Avenue
       Washington, D.C. 20060
       (202) 865-6100

16.    Gavin Latney (met with Plaintiff regarding her treatment)
       Howard University Hospital
       2041 Georgia Avenue
       Washington, D.C. 20060
       (202) 865-6100

17.    Designee(s) of Defendant District Hospital Partners d/b/a George Washington University
Hospital, and any other relevant employees revealed by discovery
       900 23rd St., NW
       Washington, D.C. 20037
       (202) 715-4000

18.    Designee(s) of Defendant George Washington University, and any other relevant
employees by discovery
       2121 I Street, N.W.
       Washington, D.C. 20052
       (202) 994-1000

19.    Dr. Christopher Lang (treated Plaintiff at George Washington University Hospital)
       George Washington University Hospital
       900 23rd St., NW
       Washington, D.C. 20037
       (202) 715-4000

20.    Dr. Nini Khozeimeh (treated Plaintiff at George Washington University Hospital)
       George Washington University Hospital
       900 23rd St., NW
       Washington, D.C. 20037
       (202) 715-4000

21.    Designee(s) of the District of Columbia Metropolitan Police Department ("MPD") and
the MPD's Sexual Assault Unit, and any other relevant employees revealed by discovery
       300 Indiana Avenue, NW
       Washington, D.C. 20001
       (202) 727-4218

22.    MPD Officer M.A. Minor
       300 Indiana Avenue, NW
       Washington, D.C. 20001
       (202) 727-4218

23.    MPD Officer Leveque
       300 Indiana Avenue, NW
       Washington, D.C. 20001
       (202) 727-4218

24.    MPD Officer Green
       300 Indiana Avenue, NW
       Washington, D.C. 20001
       (202) 727-4218

25.    MPD Detective Spriggs
       300 Indiana Avenue, NW
       Washington, D.C. 20001
       (202) 727-4218

26.    MPD Detective Wheeler
       300 Indiana Avenue, NW
       Washington, D.C. 20001
       (202) 727-4218

27.    MPD Detective Rice
       300 Indiana Avenue, NW
       Washington, D.C. 20001
       (202) 727-4218

28.    MPD Detective Marshall
       300 Indiana Avenue, NW
       Washington, D.C. 20001
       (202) 727-4218

29.    Mary Pinn, R.N. (SANE nurse at Howard University Hospital)
       Howard University Hospital
       2041 Georgia Avenue
       Washington, D.C. 20060
       (202) 865-6100

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY,       :
                                 :

      **Plaintiff,**              :
                                 :

      **vs.**                     :  **Case No. 1:07-cv-01498 (RJL)**
                                 :

**HOWARD UNIVERSITY,** *et al.,*     :
                                 :

      **Defendants.**           :
_____:

### RULE 26(A) DISCLOSURE STATEMENT OF HOWARD UNIVERSITY, HOWARD UNIVERSITY D/B/A HOWARD UNIVERSITY HOSPITAL, WENDIE WILLIAMS, M.D., AND DAWIT YOHANNES, M.D

**COME NOW** the defendants, **Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D.,** and **Dawit Yohannes, M.D.,** by and through their attorneys, **Steven A. Hamilton, Esquire, Karen R. Turner, Esquire,** and **Hamilton Altman Canale & Dillon, LLC,** pursuant to Federal Rule of Civil Procedure 26(a), and make the following disclosures:

    **A.**    **The following persons may have discoverable information relevant to this matter:**

        1.    The parties

        2.    Denise Snyder
                Executive Director
                D.C. Rape Crisis Center
                P.O. Box 34125
                Washington, D.C. 20043

        3.    Jacqueline Billingsley
                D.C. Rape Crisis Center
                P.O. Box 34125
                Washington, D.C. 20043

HAMILTON ALTMAN
CANALE & DILLON, LLC
Attorneys at Law
4600 East-West Highway
Suite 201
Bethesda, MD 20814

1

4.    Kathleen Gann, R.N.
      SANE Director
      D.C. Rape Crisis Center
      P.O. Box 34125
      Washington, D.C.  20043

5.    Mary Penn, R.N.
      SANE Nurse
      Howard University Hospital
      2041 Georgia Avenue, N.W.
      Washington, DC  20059

6.    Lillie Bryant, R.N.
      Howard University Hospital
      2041 Georgia Avenue, N.W.
      Washington, DC  20059

7.    Betty Brown, R.N.
      Howard University Hospital
      2041 Georgia Avenue, N.W.
      Washington, DC  20059

8.    Margaret Holnes, R.N.
      Howard University Hospital
      2041 Georgia Avenue, N.W.
      Washington, DC  20059

9.    Audrey Postell, R.N.
      Howard University Hospital
      2041 Georgia Avenue, N.W.
      Washington, D.C.  20059

10.   Chaquina Lee
      Patient Relations Manager
      Howard University Hospital
      2041 Georgia Avenue, N.W.
      Washington, DC  20059

11.   Gavin Latney
      Administrative Director for Emergency Medicine
      Howard University Hospital
      2041 Georgia Avenue, N.W.
      Washington, DC  20059

HAMILTON ALTMAN
CANALE & DILLON, LLC
Attorneys at Law
4600 East-West Highway
Suite 201
Bethesda, MD 20814

12. Michael Washington, M.D.
    Former Interim Chair, Department of Emergency Medicine
    Howard University Hospital
    2041 Georgia Avenue, N.W.
    Washington, DC 20059

13. Geoffrey Mountvarner, M.D.
    Chair, Department of Emergency Medicine
    Howard University Hospital
    2041 Georgia Avenue, N.W.
    Washington, DC 20059

14. Loretta Easton, M.D.
    Howard University
    Student Health Service
    Washington, D.C. 20060

15. Thomas Gaiter, M.D. (or designee)
    Medical Director
    Howard University Hospital
    2041 Georgia Avenue, N.W.
    Washington, DC 20059

16. Howard University Campus Escorts who transported
    Plaintiff to and from Howard University Hospital
    Howard University
    Washington, D.C. 20060

17. Kerston Reid
    Address Unknown

18. Sade Dike
    Address Unknown

19. Raegen McGaughey
    Address Unknown

20. Brandon Thrasher
    Address Unknown

21. Amanda Lockett
    Address Unknown

22. Robert Lowery
    Address unknown

HAMILTON ALTMAN
CANALE & DILLON, LLC
Attorneys at Law
4600 East-West Highway
Suite 201
Bethesda, MD 20814

3

23.    Kevin (last name unknown)
       Address unknown

24.    Bilal Curtis
       Address Unknown

25.    Officer M.A. Minor
       Metropolitan Police Department
       Washington, D.C.

26.    Officer Leveque
       Metropolitan Police Department
       Washington, D.C.

27.    Officer T. Green
       Metropolitan Police Department
       Washington, D.C.

28.    Detective Spriggs
       Metropolitan Police Department
       Washington, D.C.

29.    Officer Fields
       Metropolitan Police Department
       Washington, D.C.

30.    Detective Briggs
       Metropolitan Police Department
       Washington, D.C.

31.    Attendees at the party where plaintiff was allegedly sexually assaulted;

32.    Any and all Howard University health care providers,[1] who attended or assisted Ms. McGaughey;

33.    Any and all health care providers who attended or assisted Ms. McGaughey at George Washington University Hospital;

34.    Any and all prior and subsequent health care providers of Ms. McGaughey;

35.    Other family members or friends of the plaintiff;

HAMILTON ALTMAN
CANALE & DILLON, LLC
Attorneys at Law
4600 East-West Highway
Suite 201
Bethesda, MD 20814

---

[1]    As used in these disclosures, "health care providers" refers to physical and mental health providers.

4

36.    Other Metropolitan Police Department personnel or District of Columbia employees associated with the SANE program or Sexual Assault Response Team ("SART");

37.    Other Metropolitan Police Department personnel or District of Columbia employees having contact with or regarding plaintiff's case;

38.    Experts to be designated on behalf of the parties;

39.    Corporate designees as needed;

40.    Custodians of Records as needed.

**B.    Defendants may use any the following documents to support their claims and defenses:** (Documents produced with this disclosure are denoted with an asterisk.)

1.    Plaintiff's Howard University Hospital records;*

2.    Plaintiff's George Washington University Hospital records;

3.    Plaintiff's Howard University Student Health records;

4.    Memorandum of Understanding Between D.C. Rape Crisis Center and Howard University;*

5.    Relevant Howard University Hospital and SANE Program Policies and Procedures from among this detailed listing of various hospital and program policies that broadly relate to the SANE program:

a.    SANE Scope of Care/Medical-Forensic Examination*

b.    Role of the SANE*

c.    SANE Standards of Care*

d.    SANE Nursing Process/Care Plan*

e.    SANE Triage Policy and Procedure*

f.    SANE Plan for Staffing: Scheduling/Call, Requirements & Responsibilities*

HAMILTON ALTMAN
CANALE & DILLON, LLC
Attorneys at Law
4600 East-West Highway
Suite 201
Bethesda, MD 20814

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY,           )
                                )
        Plaintiff,              )
                                )
        v.                      )    Case No. 1:07-cv-01498 (RJL)
                                )
DISTRICT OF COLUMBIA, et al.,   )
                                )
        Defendants.             )
_____)

## RULE 26(A)(1) INITIAL DISCLOSURE STATEMENT
## OF DEFENDANT DISTRICT OF COLUMBIA

Defendant District of Columbia, by and through the undersigned counsel, and

pursuant to Fed. R. Civ. P. 26 (a)(1), makes the following disclosures:

**A. The following persons may have discoverable information relevant to this
matter:**

1)      Officer Michael Minor
        300 Indiana Avenue, NW
        Washington, D.C.  20001
        (202) 727-4218

2)      Officer Ginette Leveque
        300 Indiana Avenue, NW
        Washington, D.C.  20001
        (202) 727-4218

3)      Officer Tandreia Green
        300 Indiana Avenue, NW
        Washington, D.C.  20001
        (202) 727-4218

4)      Detective Dana Spriggs
        300 Indiana Avenue, NW
        Washington, D.C.  20001
        (202) 727-4218

5)      Detective Elgin Wheeler
        300 Indiana Avenue, NW

Washington, D.C.  20001
(202) 727-4218

6)    Detective Kevin Rice
300 Indiana Avenue, NW
Washington, D.C.  20001
(202) 727-4218

7)    Seargent Ronald Reid
300 Indiana Avenue, NW
Washington, D.C.  20001
(202) 727-4218

8)    Detective Marshall
300 Indiana Avenue, NW
Washington, D.C.  20001
(202) 727-4218

9)    Detective Arnita Briggs
300 Indiana Avenue, NW
Washington, D.C.  20001
(202) 727-4218

10)   Officer Fields
300 Indiana Avenue, NW
Washington, D.C.  20001
(202) 727-4218

11)   Officer Tracy Hughes
300 Indiana Avenue, NW
Washington, D.C.  20001
(202) 727-4218

12)   Any as yet unidentified Metropolitan Police Officers.

13)   District of Columbia or Metropolitan Police Department Custodians of
Records.

**B.  A description by category and location of, all documents, electronically
stored information, and tangible things that are in the possession, custody, or
control of the party and that the disclosing party may use to support its
claims or defenses:**

| CATEGORY | DESCRIPTION | LOCATION |
|----------|-------------|----------|
| Document | Miscellaneous Police Report (Note:  If a report | Records Branch Metropolitan Police |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDRIA MCGAUGHEY | * | |
| Plaintiff | * | |
| vs. | * | Case No.: 1:07-CV-01498 M |
| | | Judge Richard J. Leon |
| DISTRICT OF COLUMBIA, *et al.* | * | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## RULE 26(A) INITIAL DISCLOSURES OF DISTRICT HOSPITAL PARTNERS, LP T/A GEORGE WASHINGTON UNIVERSITY HOSPITAL

Defendant District Hospital Partners, LP t/a George Washington University Hospital ("Defendant"), by and through its undersigned counsel and in accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, hereby submits its Initial Disclosure as follows:

### INITIAL DISCLOSURES

(A)    The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

RESPONSE: Because discovery has not yet commenced in this case, much of the requested information is unknown to Defendant at this time. However, upon information and belief, all of the following people may have discoverable information that Defendant may use to support its defenses in this case:

(1)    Christopher Lang, M.D.
900 23rd Street, N.W.
Washington, D.C. 20037

(2)    Wendie Williams, M.D.
2041 Georgia Avenue, N.W.
Suite 1-400

Washington, D.C. 20060

(3)     Dawit Yohannes, M.D.
        2041 Georgia Avenue, N.W.
        Suite 1-400
        Washington, D.C. 20060

(4)     Kerston Reid

(5)     Sade Diké

(6)     Amanda Lockett

(7)     Bilal Curtis

(8)     Brandon Thrasher

(9)     "Kevin" (identified in paragraph 18 of Plaintiff's Complaint)

(10)    Robert "Tito" Lowery

(11)    The Howard University student referenced in paragraph 26 of
        Plaintiff's Complaint

(12)    The Howard University campus escort who drove Ms. McGaughey
        to and from Howard University Hospital on December 9, 2006

(13)    MPD Officer M. A. Minor

(14)    MPD Detective Spriggs

(15)    Raegen McGaughey

(16)    MPD Officer Leveque

(17)    MPD Officer Green

(18)    MPD Detective Wheeler

(19)    MPD Detective Rice

(20)    Mary Pinn, R.N.

(21)    MPD Detective Marshall

(22)    Victoria Autry, R.N.

2

900 23rd Street, N.W.
Washington, D.C. 20037

(23)   Christine Barron, R.N.
       900 23rd Street, N.W.
       Washington, D.C. 20037

(24)   Nini Khozeimeh, M.D.

(25)   Kathleen Wahlgren, R.N.
       900 23rd Street, N.W.
       Washington, D.C. 20037

(26)   Any other health care provider who treated Ms. McGaughey at
       Howard University Hospital on or around December 9, 2006

(27)   Any other health care provider who treated Ms. McGaughey at
       George Washington University Hospital on or around December 9, 2006

(28)   Any other police officer or District of Columbia employee who was
       involved with the events at issue in this case, or who is familiar with the
       MPD's protocols or programs for investigating sexual assault claims
       (including any SANE or SART programs) and treating victims of alleged
       sexual assault

(29)   Any other attendees of the party at which the alleged rape occurred

(30)   Any other Howard University personnel or employees who came
       into contact with Ms. McGaughey after the alleged rape

(31)   Any of Ms. McGaughey's other friends and/or family members

(32)   Any other health care providers or therapists with whom Ms. McGaughey
       treated before or after the events at issue in this case

(33)   Corporate designees from all of the named corporate and/or governmental
       and/or municipal entities in this matter who are familiar with their
       respective institutions' protocols or programs for investigating sexual
       assault claims and treating victims of alleged sexual assault

Once again, discovery in this case has not yet begun. Defendant anticipates that as

discovery progresses, Defendant will learn the identities of additional people with discoverable

information that Defendant may use to support its defenses in this case. Accordingly, Defendant

3

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY.   :
          :
 Plaintiff,      :
          :  Case No. 1:07-CV-01498
 v.        :  Judge: Richard J. Leon
          :
DISTRICT OF COLUMBIA, et al.  :
          :
 Defendants.     :

## F.R.C.P. 26 (a)(1) INITIAL DISCLOSURES OF
## DEFENDANT THE GEORGE WASHINGTON UNIVERSITY

Defendant The George Washington University ("GWU"), by and through counsel,

Gleason, Flynn, Emig & Fogleman, Chartered, and pursuant to Rule 26(a)(1) of the Federal

Rules of Civil Procedure, hereby submits its initial disclosures and states as follows:

(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

**DISCLOSURE:** Discovery is ongoing, and consequently, this disclosure is

incomplete at this time due to the defendant's inability at this time to have secured all medical

records and information relating to the incident which is the subject of this case. Accordingly,

based upon the records and information available at this time, Defendant GWU preliminarily

and in incomplete fashion discloses the following individuals as likely having discoverable

information that the defendant may use to support its defenses in this case:

   1. Christopher Lang, M.D.
     c/o Robert W. Goodson, Esquire
     Deidre L. Robokos, Esquire
     Wilson, Elser, Moskowitz, Edelman & Dicker LLP
     The Colorado Building
     1341 G St., N.W., Suite 500
     Washington, D.C. 20005

Upon information and belief, Dr. Lang may have knowledge regarding the care and treatment rendered to Plaintiff McGaughey at George Washington University Hospital and the procedure(s) for forensic testing of alleged rape victims.

2. Nini Khozeimeh, M.D.
c/o James P. Gleason, Jr., Esquire
Larry D. McAfee, Esquire
Gleason, Flynn, Emig & Fogleman, Chartered
11 North Washington Street
Suite 400
Washington, D.C. 20850

Dr. Khozeimeh may have knowledge regarding the care and treatment rendered to Plaintiff McGaughey at George Washington University Hospital and the procedure(s) for forensic testing of alleged rape victims.

3. Victoria Autry, R.N.
4. Kathleen Wahlgren, R.N.
5. Christine Barron, RN.
c/o Thomas Monahan, Jr. Esquire
Adam Kelly, Esquire
Goodell, Devries, Leech & Dann, LLP
One South Street
Suite 2000
Baltimore, Maryland 21202

Upon information and belief, these George Washington University Hospital nurses may have knowledge regarding the care and treatment rendered to Plaintiff McGaughey at George Washington University Hospital and the procedure(s) for forensic testing of alleged rape victims.

6. Officer Fields
7. Detective Spriggs (or Briggs)
8. Detective Marshall
c/o Michelle Hamilton Davy, Esq.
Office of the Attorney General for the District of Columbia
Room 6S085
441 4th Street, N.W.
Washington, D.C. 20007

2

Upon information and belief, Officer Fields and Detectives Briggs and Marshall may have knowledge regarding the investigation into Plaintiff McGaughey alleged sexual assault and the District of Columbia's policy(ies) and procedure(s) for forensic testing of alleged rape victims.

9.  Nurse Penn
    c/o Karen R. Turner, Esquire
    Hamilton, Altman, Canale & Dillon, LLC
    4600 East-West Highway
    Bethesda, Maryland 20814

Upon information and belief, Nurse Penn is a SANE nurse at Howard University Hospital. Nurse Penn may have knowledge regarding the care and treatment of Plaintiff McGaughey at Howard University Hospital and the procedure for forensic testing of alleged rape victims.

10.  Defendant GWU reserves the right to call as a witness at trial in support of its defenses any individual and/or healthcare provider from:

a.  Metropolitan Police Department;

b.  George Washington University Hospital; or

c.  Howard University Hospital;

Upon information and belief, these individuals may have knowledge regarding the investigation into Plaintiff McGaughey alleged sexual assault, the District of Columbia's policy(ies) and procedure(s) for forensic testing of alleged rape victims, and/or the care and treatment rendered to Plaintiff McGaughey at George Washington University Hospital or Howard University Hospital. Neither Defendant GWU nor its counsel is in possession of the records of the Metropolitan Police Department or Howard University Hospital, and consequently, cannot specifically identify any individual from these entities at this time. Defendant GWU reserves the right to specifically identify all such individuals as discovery proceeds.

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:07-CV-01498 (RJL) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT CHRISTOPHER LANG, M.D.'S
RULE 26(a)(1) INITIAL DISCLOSURES**

Defendant, Christopher Lang, M.D., through counsel and pursuant to Rule 26(a)(1)

of the Federal Rules of Civil Procedure, hereby submit his initial disclosures to counsel

for plaintiff based on information reasonably available.

**Rule 26(a)(1)(A):**    The following are the names and, where known, the last known

addresses and telephone numbers of individuals likely to have discoverable information

relevant to the facts alleged with particularity in plaintiff's Complaint:

1.  Christopher Lang, M.D.
    2150 Pennsylvania Avenue, NW
    Department of Emergency Medicine
    Washington, DC 20037-3201
    (202) 741-2911

    Dr. Lang has knowledge of Ms. McGaughey's presentation to the George
    Washington University Hospital Emergency Department on December 9, 2006
    and her medical condition and hospital course during that visit.

2.  Nini Khozeimeh, M.D.
    900 23rd Steet, NW
    Washington, DC 20037-3201

1

Dr. Khozeimeh is listed in the George Washington University Hospital medical record as a physician who treated Ms. McGaughey during her presentation to the hospital on December 9, 2006 and likely has knowledge of her hospital course.

3. Victoria Autry, RN

Nurse Autry is listed in the George Washington University Hospital medical record during Ms. McGaughey's presentation to the hospital on December 9, 2006 and likely has knowledge of that hospital visit.

4. MPD Officer Fields

Officer Fields is listed as the officer contacted with regard to Ms. McGaughey in the George Washington University Hospital medical record during her presentation to the hospital on December 9, 2006 and likely has knowledge of facts concerning that presentation.

5. MPD Detective Briggs

Detective Briggs is referenced in the George Washington University Hospital medical record during Ms. McGaughey's presentation to the hospital on December 9, 2006 and likely has knowledge of facts concerning Ms. McGaughey.

6. Christine Barron, R.N.
   900 23rd Street, NW
   Washington, DC 20037

Nurse Barron is listed in the George Washington University Hospital medical record during Ms. McGaughey's presentation to the hospital on December 9, 2006 and likely has knowledge of that hospital presentation.

7. Kathleen Wahlgren, R.N.
   900 23rd Street, NW
   Washington, DC 20037

Nurse Wahlgren is listed in the George Washington University Hospital medical record during Ms. McGaughey's presentation to the hospital on December 9, 2006 and likely has knowledge of that hospital presentation.

8. Dawit Yohannes, M.D.
   Howard University Hospital
   2041 Georgia Avenue, NW
   Washington, DC 20060

Dr. Yohannes is a physician who is claimed to have rendered medical care to Ms. McGaughey at the Howard University Hospital and is likely to have information regarding her hospital course.

9. Wendie Williams, M.D.
   Howard University Hospital
   2041 Georgia Avenue, NW
   Washington, DC 20060

   Dr. Williams is a physician who is claimed to have rendered medical care to Ms. McGaughey at the Howard University Hospital and is likely to have information regarding her hospital course.

10. Alexandria McGaughey
    2061 16th Street, NW
    Washington, DC 20009
    (773) 454-6870

    Plaintiff

11. Mrs. McGaughey

    Mrs. McGaughey plaintiff's mother who spoke to Dr. Lang on the telephone from her home in Chicago three to four weeks after Ms. McGaughey's presentation to The George Washington University Hospital regarding the care and treatment rendered during her presentation on December 9, 2006 and is likely to have information regarding Ms. McGaughey's subsequent medical condition.

12. Maegan McGaughey
    5917 Tamar Drive
    Columbia, MD
    (202) 271-6196

    Maegan McGaughey is plaintiff's sister who is likely to have knowledge of the plaintiff, Ms. McGaughey's medical history and medical course at The George Washington University Hospital.

13. Kerston Reid

    Ms. Reid is plaintiff's Howard University classmate who accompanied Ms. McGaughey to a party and subsequently to the Howard University and George Washington University Hospitals is likely to have knowledge of the plaintiff's hospital presentations and facts surrounding the events prior to Ms. McGaughey's presentation to the hospitals.

14. Sade Dike

Ms. Dike is plaintiff's Howard University classmate who accompanied Ms. McGaughey to a party and subsequently to the Howard University and George Washington University Hospitals and is likely to have knowledge of the plaintiff's hospital presentations and facts surrounding the events prior to Ms. McGaughey's presentation to the hospitals.

15. Amanda Lockett

Ms. Lockett is plaintiff's Howard University classmate who was present with Ms. McGaughey at a party and subsequently accompanied her to the Howard University and George Washington University Hospitals and is likely to have knowledge of the plaintiff's hospital presentations and facts surrounding the events prior to Ms. McGaughey's presentation to the hospitals.

16. Bilal Curtis

Mr. Curtis is listed in plaintiff's complaint as a resident of a house where Ms. McGaughey attended a party where she was allegedly given a date rape drug and raped prior to her presentation to Howard University Hospital and is likely to have knowledge of the facts surrounding the allegations concerning activities at the party.

17. Brandon Thrasher

Mr. Thrasher is listed in plaintiff's complaint as a resident of a house where Ms. McGaughey attended a party where she was allegedly given a date rape drug and raped prior to her presentation to Howard University Hospital and is likely to have knowledge of the facts surrounding the allegations concerning activities at the party.

18. Kevin

"Kevin" is listed in plaintiff's Complaint as an individual who attended the party at a house where Ms. McGaughey attended the same party where she was allegedly given a date rape drug and raped and is likely to have knowledge concerning activities at the party.

19. Robert Lowery (aka "Tito")

Mr. Lowery is listed in plaintiff's Complaint as an individual who attended the party at a house where Ms. McGaughey attended the same party where she was allegedly given a date rape drug and raped and is likely to have knowledge concerning activities at the party.

20. MPD Officer M.A. Minor

   Officer Minor is listed in plaintiff's complaint as an officer who spoke to the plaintiff during her visit to Howard University Hospital and likely has knowledge of facts associated with plaintiff's hospital presentation(s).

21. Detective Spriggs

   Detective Spriggs is listed in plaintiff's complaint as an officer who spoke to the plaintiff on the telephone during her visit to Howard University Hospital and likely has knowledge of facts associated with plaintiff's hospital presentation(s).

22. MPD Officer Leveque

   Officer Leveque is listed in plaintiff's complaint as an officer who spoke to the plaintiff during her visit to Howard University Hospital and likely has knowledge of facts associated with plaintiff's hospital presentation(s).

23. MPD Officer Green

   Officer Green is listed in plaintiff's complaint as an officer who spoke to the plaintiff during her visit to Howard University Hospital and likely has knowledge of facts associated with plaintiff's hospital presentation(s).

24. Detective Wheeler

   Detective Wheeler is listed in plaintiff's complaint as an individual involved in plaintiff's case and likely has knowledge of facts concerning plaintiff's interaction with the police.

25. Detective Rice

   Detective Rice is listed in plaintiff's complaint as an individual involved in plaintiff's case and likely has knowledge of facts concerning plaintiff's interaction with the police.

26. Mary Pinn, R.N.

   Nurse Pinn is referenced in the plaintiff's complaint as having had a conversation with plaintiff's sister regarding Ms. McGaughey's condition and is likely to have knowledge of facts concerning that discussion.

27. Howard University Campus Escorts who transported plaintiff to and from Howard University Hospital

28. Any individual with personal knowledge pertaining to Alexandria McGaughey's presentation to The George Washington University Hospital.

29. Any individual with personal knowledge pertaining to Alexandria McGaughey's presentations to Howard University Hospital.

30. Any individual with personal knowledge pertaining to Alexandria McGaughey's medical course subsequent to her discharge from Howard University Hospital.

31. Any agents, servants or employees or staff members of The George Washington University Hospital or Howard University Hospital who cared for Alexandria McGaughey.

32. Any of the treating physicians, nurses, or other health care providers who have rendered care, treatment, evaluation or consultation services and/or diagnosed Alexandria McGaughey prior to or subsequent to her presentations to Howard University Hospital and The George Washington University Hospital.

33. Any of the treating physicians, nurses, or other health care providers who are named in the medical records of plaintiff, Alexandria McGaughey.

34. Designated Representatives of the Corporate Defendants.

35. Any Corporate designee with knowledge of policies and procedures with regard to treatment of patients at the George Washington University Hospital Emergency Department

36. Any agents, servants or employees of the District of Columbia or the Metropolitan Police department with knowledge of facts relevant to issues in the instant case.

37. These Defendants reserve the right to call any expert witness identified in the Rule 26(a)(1) Statement of any party, regardless of whether or not they remain a party in the case up through trial.

38. All witnesses, whose names and last known addresses are already in the possession of plaintiff's counsel.

39. Defendants reserve the right to supplement this Rule 26(a)(1) Disclosure should additional factual witnesses come to light during discovery.

**Rule 26(a)(1)(B):**    The defendant will produce all non-privileged documents within their possession, custody or control that appear to be relevant to the facts alleged with

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY,                )
                                     )
            Plaintiff,               )        Case No. 1:07-CV-01498 (RJL)
                                     )
    v.                               )        The Honorable Richard J. Leon
                                     )
DISTRICT OF COLUMBIA, et al.,        )
                                     )
            Defendants.              )
                                     )

## ORDER

UPON CONSIDERATION of the Plaintiff's Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take, Defendant's Opposition thereto, and the entire record herein,

It is this _____ day of _____ 200__,

ORDERED that Plaintiff's Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take is DENIED.

_____
The Honorable Richard J. Leon

11

307404.1