IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | : |
| Plaintiff, | : |
| vs. | : Case No. 1:07-cv-01498 (RJL) |
| HOWARD UNIVERSITY, *et al.*, | : |
| Defendants. | : |

**OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER AND INCREASE NUMBER OF DEPOSITIONS PLAINTIFF MAY TAKE**

**COME NOW** the defendants, **Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D.,** and **Dawit Yohannes, M.D. (collectively "the Howard Defendants"),** by and through their attorneys, **Steven A. Hamilton, Esquire, Karen R. Turner, Esquire,** and **Hamilton Altman Canale & Dillon, LLC,** and respectfully submits this Opposition to Plaintiff's Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take, and states as follows:

I.     **Introduction**

The Howard Defendants have acted diligently towards completing the required discovery, but nonetheless do not object to Plaintiff's request for additional time to complete factual discovery. However, the Howard Defendants do object to an extension of **all** discovery dates by 90 days at this time if Plaintiff's sole reason for such extension is to undertake a fishing expedition. Moreover, to increase the number of depositions that Plaintiff may take to an additional sixteen depositions would be unfairly prejudicial to all Defendants and would further delay the preparation of their defenses, designation of experts, and completion of discovery. It will also result in tremendous additional expense to all parties and the Court, and unnecessarily protract this litigation.

DEFENDANT'S EXHIBIT 1

## II. Plaintiff has not shown "good cause" for additional extension of all discovery dates by 90 days.

Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.4(a) both provide that the discovery deadlines of a scheduling order may be modified "upon a showing of good cause." FRCP 16(b)(4) (2008), LCvR 16.4(a) (2008). "Good cause requires that party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *St. Paul Mercury Ins. Co. v. Capital Sprinkler Inspection, Inc.*, 2007 WL 1589495 (D.D.C.) (internal quotations and citations omitted).

As set forth above, the Howard Defendants do not oppose extending discovery to complete factual discovery. In fact, Defendants requested the deposition of one of plaintiff's witnesses – Amanda Lockett – some time ago, and this deposition has yet to be accomplished. (*See*, Exhibit 1). In addition, Plaintiff and the Howard Defendants have a number of unresolved discovery issues that will require time to resolve. The parties have acted diligently in seeking to complete factual discovery, the parameters of which were established by the court's initial scheduling order and modified order of April 16, 2008[1]. Thus, the Howard Defendants consent to Plaintiff's request for additional time to complete factual discovery provided that defendants be allowed to complete the deposition of Ms. Lockett as well and resolve other pending discovery matters. The Howard Defendants oppose this extension of discovery for the purpose of permitting Plaintiff to undertake a fishing expedition.

## III. Plaintiff Has Not Shown Good Cause to Depose 16 Additional Fact Witnesses

Plaintiff has once asked this Court for permission to depose nearly triple the number of witnesses permitted under the Rules. The Court granted the plaintiff the opportunity to take up to

---

[1] Based on the new deadlines proposed by Plaintiff, the Howard Defendants believe it will be extremely difficult to complete Plaintiff's depositions of experts in six weeks time due to the number of defense attorney's offices involved and scheduling difficulties due to both the professional and family obligations of all the attorneys involved.

2

20 depositions, double to court-imposed limit. Plaintiff seeks to raise that number again, but presents no new or compelling argument to warrant such relief. The Court should therefore deny her request.

As noted in the Howard Defendants' Opposition to Plaintiff's previously filed Partial Consent Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take, the undersigned counsel never consented to Plaintiff's request for a stipulation that Plaintiff would be allowed to depose up to 32 witnesses and in fact, opposed that request. The undersigned conveyed her position to Plaintiff's counsel via electronic mail on March 27, 2008 and indeed opposed that motion. (*See* Exhibit 2). Counsel did not acquiesce to Plaintiff's desire to depose triple the number of witnesses the court rules permits then and Counsel does not now.

The sixteen (16) individuals identified in Plaintiff's Motion are not newly identified or newly discovered witnesses. As stated in co-Defendant Dr. Lang's Opposition to Plaintiff's Motion, almost all of these identified individuals were listed in the Rule 26(a)(1) disclosures of the parties served on January 25, 2008 and by Defendant District of Columbia on February 1, 2008. (*See,* Dr. Lang's Opposition at 6). The Court was fully aware of the number of potential witnesses with knowledge pertinent to this case, as well as the specific claims alleged by the Plaintiff at the time it considered Plaintiff's first request for additional depositions. With that knowledge, the Court permitted the Plaintiff to depose 20 witnesses, which far exceeds the court-imposed limit. The Court did not agree to Plaintiff's request for additional depositions at that time, and Plaintiff has offered no good reason for the Court to reconsider its position now.

Although factual discovery is not yet complete, plaintiff has already conducted exhaustive discovery by issuing innumerable written interrogatories and document requests on the parties and

noting and/or conducting nineteen depositions, most ranging in duration from 4-7 hours.[2] Plaintiff has arguably conducted an extensive investigation in this case and sufficiently explored the facts underlying her claims and the defendants' potential defenses.

Within the constraints imposed by the Court, Plaintiff chose to depose certain witnesses in this case based on her assessment of the relevant importance of their testimony. Plaintiff also used countless other discovery tools to explore information about other witnesses. Discovery conducted to date has not revealed any new issues, facts, or witnesses to warrant Plaintiff's request to conduct 16 additional witnesses. Thus, in the interest of fairness and to avoid further burdening the Defendants with the costs of Plaintiff's "curiosity", the Court should maintain the present limitation.

Discovery limitations have been established in this court system in part, to promote judicial economy and to limit the expenditure of resources. All parties must make difficult decisions regarding how they will prosecute their cases in a manner that is in keeping with the goals and intent of these restrictions. Because Plaintiff was aware of the existence of these witnesses, Plaintiff's request to take 16 additional depositions flies in the face of the spirit and purpose of the rules. This Honorable Court was already generous in granting Plaintiff's 10 additional depositions under its April 16, 2008 Order. To increase the number of depositions that Plaintiff may take by an additional 16, without a showing of good cause by Plaintiff, would clearly disrupt the proper balance that this Court has already set forth in its previous Order.

**IV.    Conclusion**

---

[2]    Dr. Dawit T. Yohannes' deposition commenced at 9:36 a.m. and concluded at 5:07 p.m.; Nurse Betty D. Brown's deposition commenced at 9:50 a.m. and concluded at 3:13 p.m.; Dr. Nini Khozeimeh's deposition commenced at 10:06 a.m. and concluded at 2:40 p.m.; Nurse Victoria Autry's deposition commenced at 9:55 a.m. and concluded at 12:41 p.m.; Nurse Lillie K. Bryant's deposition commenced at 12:51p.m. and concluded at 4:53 p.m.; Dr. Christopher Lang's deposition commenced at 9:15 a.m. and concluded at 3:49 p.m.; Officer Leveque's deposition commenced at 12:54 p.m. and concluded at 4:58 p.m.; Officer Green's deposition commenced at 9:58 a.m. and concluded at 1:07 p.m.; Nurse Mary S. Pinn's deposition commenced at 12:54 p.m. and concluded at 4:58 p.m.; Nurse Audrey Postell's deposition commenced at 10:06 a.m. and concluded at 5:00 p.m.; Nurse Kathleen Walgreen's deposition commenced at 9:41 a.m. and concluded at 5:07 p.m.; and Dr. Wendy Williams' deposition commenced at 10:40 a.m. and concluded at 6:28 p.m.

**WHEREFORE,** the Howard Defendants respectfully requests that the Court issue an Order granting Plaintiff's Motion to Modify Scheduling Order to permit additional time for factual discovery and <u>denying</u> Plaintiff's Motion to Increase Number of Depositions They May Take.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**


By:   /s/ Karen R. Turner
    Steven A. Hamilton (D.C. Bar No. 953539)
    steven.hamilton@hacdlaw.com
    Karen R. Turner (D.C. Bar No. 434543)
    karen.turner@hacdlaw.com
    4600 East-West Highway
    Suite 201
    Bethesda, Maryland 20814
    301-652-7332
    Attorneys for Defendants Howard University,
    Howard University d/b/a Howard University
    Hospital, Dawit Yohannes, M.D., and
    Wendie Williams, M.D.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on the 30th day of July, 2008, a copy of the foregoing was served electronically on:

Bruce V. Spiva, Esquire
Kathleen R. Hartnett, Esquire
**Spiva & Hartnett LLP**
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036

James P. Gleason, Jr., Esquire
Larry D. McAfee, Esquire
Christopher R. Smith, Esquire
**Gleason, Flynn, Emig
 & Fogleman, Chartered**
11 North Washington Street, Suite 400
Rockville, Maryland 20850

Dwayne Jefferson, Esquire
Darrell Chambers, Esquire
Office of the Attorney General for the
 District of Columbia
Civil Litigation Division
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001

Thomas V. Monahan, Jr., Esquire
Adam Kelley, Esquire
**Goodell, DeVries, Leech & Dann, LLP**
One South Street, 20th Floor
Baltimore, Maryland 21202

Robert W. Goodson, Esquire
Deidre L. Robokos, Esquire
Christine M. Costantino, Esquire, *Pro Hac Vice*
**Wilson, Elser, Moskowitz,
 Edelman & Dicker, LLP**
The Colorado Building, Suite 500
1341 G Street, N.W.
Washington, D.C. 20005

/s/ Karen R. Turner
Karen R. Turner

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, : | |
| : | |
| **Plaintiff,** : | |
| : | |
| vs. : | Case No. 1:07-cv-01498 (RJL) |
| : | |
| HOWARD UNIVERSITY, *et al.*, : | |
| : | |
| **Defendants.** : | |
| _____ : | |

## ORDER DENYING PLAINTIFF'S
## MOTION TO MODIFY SCHEDULING ORDER AND INCREASE NUMBER OF
## DEPOSITIONS PLAINTIFF MAY TAKE

UPON CONSIDERATION of Plaintiff's Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take, Defendants' Opposition thereto, and the record herein, it is this _____ day of _____, 2008, hereby

**ORDERED** that the Motion is **DENIED**.

_____
The Honorable Richard J. Leon

**COPIES TO:**
Steven A. Hamilton, Esquire
Karen R. Turner, Esquire
4600 East-West Highway
Suite 201
Bethesda, Maryland 20814

Bruce V. Spiva, Esquire
Kathleen R. Hartnett, Esquire
**Spiva & Hartnett LLP**
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036

James P. Gleason, Jr., Esquire
Larry D. McAfee, Esquire
Christopher R. Smith, Esquire
**Gleason, Flynn, Emig**
  **& Fogleman, Chartered**
11 North Washington Street,
Suite 400
Rockville, Maryland  20850

Dwayne Jefferson, Esquire
Darrell Chambers, Esquire
Office of the Attorney General for the
  District of Columbia
Civil Litigation Division
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C.  20001

Thomas V. Monahan, Jr., Esquire
Adam Kelley, Esquire
**Goodell, DeVries, Leech & Dann, LLP**
One South Street,
20th Floor
Baltimore, Maryland 21202

Robert W. Goodson, Esquire
Deidre L. Robokos, Esquire
Christine M. Costantino, Esquire, *Pro Hac Vice*
**Wilson, Elser, Moskowitz,**
  **Edelman & Dicker, LLP**
The Colorado Building,
Suite 500
1341 G Street, N.W.
Washington, D.C.  20005

# Michele Fuller

| | |
|---|---|
| From: | Karen Turner |
| Sent: | Thursday, April 10, 2008 3:45 PM |
| To: | Michele Fuller |
| Subject: | FW: Two Outstanding Issues in McGaughey v. District of Columbia, et al. |

---

**From:** Karen Turner
**Sent:** Thu 4/10/2008 2:14 PM
**To:** Michele Fuller
**Subject:** FW: Two Outstanding Issues in McGaughey v. District of Columbia, et al.

---

**From:** Karen Turner
**Sent:** Thu 3/27/2008 10:08 PM
**To:** 'Bruce Spiva'; LMcAfee@gleason-law.com; tvm@gdldlaw.com; Deidre.Robokos@wilsonelser.com; kimberly.matthews@dc.gov; Robert.Goodson@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; michelle.davy@dc.gov; axk@GDLDLAW.com
**Cc:** Kathleen Hartnett
**Subject:** RE: Two Outstanding Issues in McGaughey v. District of Columbia, et al.

Sorry my reply is late but I have been out this week. I think it would be more prudent to wait before seeking a discovery extension. I believe we need one, but don't want to have to go back if it turns out that 4 months is not enough. I think it makes more sense to get some discovery done and then when we see what is left and can make a better prediction as to how much time would be needed, we can go to the court. Asking now may put us in jeopardy if we need more time later.

I cannot agree to a stipulation to allow the plaintiff to take 32 depositions. I will respond to whatever motion plaintiff files.

Karen R. Turner, Esquire
Hamilton Altman Canale & Dillon, LLC
4600 East West Highway
Suite 201
Bethesda, Maryland  20814
(301) 652-7332
(301) 652-0836 (fax)

The information contained in this e-mail is confidential and may be attorney-client privileged and is only intended for the use of the addressee. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, printing or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by phone and return the original transmission to us via e-mail.

---

**From:** Bruce Spiva [mailto:bspiva@spivahartnett.com]
**Sent:** Friday, March 21, 2008 3:08 PM
**To:** Karen Turner; LMcAfee@gleason-law.com; tvm@gdldlaw.com; Deidre.Robokos@wilsonelser.com; kimberly.matthews@dc.gov; Robert.Goodson@wilsonelser.com; Chrissy.Costantino@wilsonelser.com; michelle.davy@dc.gov; axk@GDLDLAW.com



1

**Cc:** Bruce Spiva; Kathleen Hartnett
**Subject:** Two Outstanding Issues in McGaughey v. District of Columbia, et al.

Dear Counsel:

    Please find attached a letter reiterating our request for your positions on two issues. We request your reply by close of business Monday. Thanks,

Bruce

Bruce V. Spiva
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 785-0601 (Tel.)
(202) 785-0697 (Fax)
bspiva@spivahartnett.com
www.spivahartnett.com