UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | : |
| Plaintiff, | : |
| v. | : Case No. 1:07-CV-01498 (RJL) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

**DISTRICT OF COLUMBIA'S MOTION TO STAY ANY FURTHER DISCOVERY INCLUDING DISCOVERY MOTIONS FILING, UNTIL RULING IS MADE ON DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND/OR ON PLAINTIFF'S MOTION TO ENLARGE DISCOVERY**

Defendant District of Columbia, by and through counsel, hereby moves the court to stay any further discovery in this case pending the outcome of the District's dispositive Motion to Dismiss and Alternative Motion For Summary Judgment [Docket # 59], and/or Plaintiff's Motion to Enlarge Discovery [Docket # 47].

In support of this motion, the District relies upon the attached memorandum of points and authorities.

                        Respectfully Submitted,

                        PETER J. NICKLES
                        Acting Attorney General for the District of Columbia

                        GEORGE C. VALENTINE
                        Deputy Attorney General, Civil Litigation Division

                        ____/s/__Patricia A. Jones_____
                        PATRICIA A. JONES [428132]
                        Chief, General Litigation Sec. IV

_____Dwayne C. Jefferson_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649; (202) 727-6295 p | (202) 741-0554 f
dwayne.jefferson@dc.gov

## 7(m) CERTIFICATION

I hereby certify that on August 15, 2008, the undersigned counsel sent Plaintiff a draft of the attached motion, and indicated its intent to file after hearing from Plaintiff and/or by Tuesday, August 19, 2008.  On the evening on August 18, 2008, Plaintiff expressed her opposition to the attached.  Therefore, this motion should be treated as contested.

_____/s/_____
DWAYNE C. JEFFERSON
Assistant Attorney General

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:07-CV-01498 (RJL) |
| : | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

### MEMORANDUM OF POINTS AND AUTHORITIES
### SUPPORTING MOTION TO STAY

The District submits this Memorandum of Points and Authorities in support of its Motion to Stay.

### FACTUAL ALLEGATIONS

Plaintiff Alexandria McGaughey was 19 years of age at all times relevant to this litigation. *See* Complaint at ¶ 1. Plaintiff alleges in her Complaint that around midnight on Friday December 8, 2006, she and two of her Howard University classmates (Kerston Reid and Sade Diké) arrived at an off-campus house party in a neighborhood near the university. *See* Complaint at ¶ 17. During the course of the night, Plaintiff believes she was drugged by Bilal Curtis, who she danced with that night. *See* Complaint at ¶ 19. Plaintiff woke up mid-morning on Saturday, December 9, in her dormitory room with severe pain in her anus, rectum and one of her legs. *See* Complaint at ¶ 19.

.      Plaintiff went to Howard University Hospital with her friend Kerston Reid after she woke up on December 9, 2006. *See* Complaint at ¶ 27. Neither Plaintiff nor her friends contacted either the D.C. Metropolitan Police Department ("MPD") or the D.C.

Rape Crisis Center on December 9th. Hospital personnel reported Plaintiff's alleged rape to MPD. *See* Complaint at ¶¶ 43 & 46. MPD Officer Michael Minor arrived at Howard University Hospital and questioned Plaintiff. *See* Complaint at ¶ 46. MPD did not provide Plaintiff with a rape kit.

### PROCEDURAL POSTURE

On August 21, 2007, Plaintiff filed this action alleging that the District of Columbia negligently hired, trained and supervised certain MPD officers who, negligently failed to investigate her sexual assault allegations and, otherwise, negligently led hospital personnel to believe that police approval was required before hospital personnel could collect certain sexual assault-related forensic evidence. The Complaint is based on the purported failure of MPD officers to adequately protect Plaintiff by properly investigating her sexual assault allegations. The basic premise of Plaintiff's argument is that had MPD officers properly investigated her sexual assault allegations (i.e., by administering the sex kit she requested and interviewing other persons involved), then she would not have been deprived of the opportunity to see her assailant brought to justice. *See, e.g.* Complaint at ¶¶ 97 & 101.

On July 14, 2008, Plaintiff filed a Motion to Enlarge Discovery [Docket # 47], and discovery did in fact close on July 16, 2008. *See* Minute Order (dated 04/16/08). Though the District responded to Plaintiff's written discovery on April 25, 2008, Plaintiff waited until July 29, 2008 to send the District a ten (10) page single-spaced letter purportedly seeking to resolve a discovery dispute. On August 15, 2008, the District served supplemental discovery responses consistent with its obligation under Fed. R. Civ. P. 26(e). The District continues to object to the production of documents that are not

relevant to Plaintiff's claims, and are otherwise overly broad, burdensome, and/or seek items and data protected from disclosure.

On August 18, 2008, Plaintiff filed her First Amended Complaint. On that same date, the District filed its Motion to Dismiss the Amended Complaint and Alternative Motion for Summary Judgment.

The District now seeks an Order staying further discovery — including any discovery meetings or the filing of any Motions to Compel — until after the Court has resolved its dispositive motion [Docket # 59] and/or has resolved Plaintiff's enlargement motion [Docket # 47]. As set forth in its motion and also in opposition to Plaintiff's Motion to Enlarge [Docket # 44], the discovery Plaintiff seeks against the District will not establish any special relationship Plaintiff had with the District, and will not establish any duty owed to her with respect to her (original or amended) Complaint allegations.

## ARGUMENT

A court has inherent power to stay proceedings in control of its docket. *See Landis v. North America Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also, Dellinger v. Mitchell*, 442 F.2d 782, 786 n. 7 (D.C. Cir. 1971) (quoting *Landis*). In determining whether to stay this action, this Court "must balance the competing interests of the parties." *Ellsberg v. Mitchell*, 353 F. Supp. 515, 517 (D.D.C. 1973) (citing *Landis*, 299 U.S. at 254-55, and *Dellinger*, 442 F.2d at 786, 787). The initial burden is on the party applying for the stay "to demonstrate a need, *however slight*, which justifies a delay in the proceedings." *Ellsberg*, 353 F. Supp. at 517 (emphasis

added).

In this case, the District has advanced purely legal arguments in support of its motion for judgment on the pleadings. The case law is clear that the public duty doctrine bars Plaintiff's claims. [Docket # 59 and # 44]. During the entire course of discovery, Plaintiff has sought overly broad and burdensome discovery that was not relevant to her claims against the District. To date, Plaintiff has taken twenty (20) depositions, and none of them establish any special relationship between herself and the District. Many of these depositions were lengthy, and were not at all relevant to Plaintiff's claims against the District. Even the additional discovery Plaintiff requests in her motion to enlarge [Docket # 47] will not establish any special relationship between herself and the District. [Docket # 59 and # 44].

In an effort to avoid further expense by all parties, and avoid any needless filing of a Motion to Compel, the District herein moves the Court to Stay All Proceedings Related to Discovery until this Court resolves the District's pending Motion to Dismiss and Alternative Motion for Summary Judgment and/or Plaintiff's Motion to Enlarge Discovery. The District submits that a balancing of all the interests involved — those of this Court, the parties, and the public — dictate that any matters relating to discovery be stayed pending further order of this Court.

## CONCLUSION

On the basis of the foregoing, the District of Columbia respectfully requests that this Court stay all proceedings herein until such time as the Court rules on the pending motions.

        Respectfully Submitted,

        PETER J. NICKLES
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        _____/s/__Patricia A. Jones_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation Sec. IV

        _____Dwayne C. Jefferson_____
        DWAYNE C. JEFFERSON [980813]
        Assistant Attorney General
        One Judiciary Square
        441 4th St., N.W., 6th Floor South
        Washington, D.C. 20001
        (202) 724-6649; (202) 727-6295 p | (202) 741-0554 f
        dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:07-CV-01498 (RJL) |
| : | |
| DISTRICT OF COLUMBIA, *et al.*, : | |
| : | |
| Defendants. : | |
| _____: | |

## ORDER

Upon consideration of the District of Columbia's Motion to Stay All Proceedings Related to Discovery, plaintiff's opposition thereto, if any, and the record herein, it is this ___ day of _____, 2008,

ORDERED: that the District of Columbia's Motion is hereby **GRANTED** for the reasons set forth therein, and it is,

FURTHER ORDERED: that all proceedings related to discovery is hereby stayed pending further order of this Court; and it is,

FURTHER ORDERED: that the District is not required to meet with plaintiff's regarding her claims of outstanding discovery until ten (10) days after the Court's ruling on the pending Motion to Dismiss and Alternative Motion for Summary Judgment [Docket # 59] and/or the Motion to Enlarge Discovery [Docket # 47].

SO ORDERED.

_____
**HON. RICHARD J. LEON**
United States District Court for the District of Columbia