IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA McGAUGHEY,       )
                            )
            Plaintiff,      )
                            )    Case No. 1:07-cv-01498 (RJL)
v.                          )
                            )
DISTRICT OF COLUMBIA, *et al.*,  )
                            )
                            )
            Defendants.     )
                            )

**PLAINTIFF'S OPPOSITION TO THE DISTRICT OF COLUMBIA'S MOTION
TO STAY ANY FURTHER DISCOVERY INCLUDING DISCOVERY MOTIONS
FILING, UNTIL RULING IS MADE ON DEFENDANT'S MOTION TO DISMISS
AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND/OR
PLAINTIFF'S MOTION TO ENLARGE DISCOVERY**

Plaintiff respectfully submits this opposition to the District of Columbia's ("the

District's") motion to stay any further discovery or discovery-related motions in this matter.

The Court need not order a stay of discovery because the parties have suspended new

discovery efforts pending the Court's ruling on Plaintiff's Motion to Modify Scheduling Order

and Increase Number of Depositions Plaintiff May Take ("Plaintiff's Motion to Modify"), which

is fully briefed and awaiting decision by the Court.[1]  Moreover, pending the Court's ruling on

Plaintiff's Motion to Modify, all parties other than the District have been working together to

---

[1] Plaintiff respectfully requests the Court's decision on her Motion to Modify as soon as
practicable, because additional deadlines are rapidly approaching, such as the September 2, 2008
deadline for Plaintiff to serve expert reports.  If the fact discovery cut-off and these other
deadlines are not advanced, Plaintiff will be required to litigate key portions of this case without
the benefit of full discovery.  In addition, Plaintiff respectfully requests that the Court extend the
remaining deadlines in the case by 90 days from the date of the Court's ruling on the Motion to
Modify, as the parties have conducted no new discovery in the approximate month period that
has passed since the present discovery cut-off of July 16, 2008 and the filing of Plaintiff's
Motion to Modify on July 14, 2008.

resolve various outstanding discovery matters.  To this end, the District requests that the Court

stay not only any new discovery, but also "any discovery meetings or the filing of any Motions

to Compel."  Dist. Mem. at 3.  The Court should deny the requested stay as unnecessary and

counterproductive, as it will thwart the efficient resolution of outstanding discovery disputes.

Rather, pending the Court's ruling on Plaintiff's Motion to Modify, the parties' time is well-

spent resolving outstanding discovery matters – including, if necessary, by motions to compel.

## ARGUMENT

The present discovery cut-off in this matter is July 16, 2008.  On July 14, 2008, Plaintiff

filed her Motion to Modify, requesting a 90-day extension of the fact discovery cut-off and other

deadlines.  As that Motion detailed, Plaintiff seeks additional time both to complete discovery

that could not be completed during the discovery period (in large part due to the failure of the

District to produce documents or make its witnesses available for deposition) and to undertake

targeted additional discovery that she needs in order to be able to fairly prepare her case.  The

District incorrectly states that Plaintiff has taken twenty depositions to date in this matter, *see*

Mem. at 4.  As Plaintiff's previous filings explain, she was only able to take fifteen of the twenty

depositions that she had been allotted through July 16, 2008.  As detailed in Plaintiff's Motion to

Modify filings, four of the depositions that did not proceed were of District witnesses whom the

District refused to produce or who did not appear at deposition as scheduled.[2]

---

[2] The District also erroneously claims that many of the depositions to date "were not at all relevant to Plaintiff's claims against the District."  Dist. Mem. at 4.  The depositions of MPD personnel who interacted with Plaintiff are of obvious relevance, and other depositions, though not of MPD personnel, have addressed the MPD's role in the process of handling sexual assault victims in the District.  As noted with respect to Dr. Lang's Opposition to Plaintiff's Motion to Modify, to the extent the District determines that some depositions are "not at all relevant to Plaintiff's claims against the District," *id.*, one option would be for counsel for the District to attend some depositions by phone (as some defense counsel have chosen to do) or to not attend depositions that counsel for the District deems irrelevant.  Yet, to date, counsel for the District

Because the current discovery cut-off has passed, Plaintiff has not propounded any new or additional discovery since July 16, 2008. Nor have other parties.[3] Both before and since the close of discovery, however, Plaintiff has sought to resolve several discovery disputes with counsel for Defendants. The District of Columbia alone has taken the position that "[t]here is no need for the parties to meet at this time" regarding several issues that Plaintiff raised throughout the discovery process, including by a July 29, 2008 letter to counsel for the District summarizing all outstanding issues. *See* Aug. 11, 2008 Letter from D. Jefferson to Plaintiff's Counsel, attached hereto as Exhibit A; *see also* Exhibit B to District's Opp. to Plaintiff's Motion to Modify (July 29, 2008 Letter from K. Hartnett to D. Jefferson).

In contrast, counsel for Defendant Lang and the Howard Defendants have met and conferred by phone with undersigned counsel and the parties are working to resolve their discovery disputes. Plaintiff and counsel for Defendant District Hospital Partners, L.P. d/b/a George Washington University Hospital ("GWUH") have mutually scheduled the deposition of Christine Barron that was to have taken place before the close of discovery, and that deposition is set to proceed on August 25, 2008 in Kansas City.[4] Thus, the District is the sole Defendant that has refused to meet and confer in good faith regarding outstanding discovery disputes.

By August 14, 2008 letter to counsel for the District, Plaintiff explained that she was not in fact conducting new discovery – as the District had alleged – but was attempting to resolve existing discovery disputes, many of which had been raised during the discovery period, but had

---

has attended all depositions, most in person, as an active participant.

[3] The Howard University Defendants sent out three third-party subpoenas after the present July 16, 2008 discovery cut-off but withdrew those subpoenas upon Plaintiff's objection.

[4] Plaintiff also is in the process of following up with counsel for both GWUH and The George Washington University ("GWU") regarding disputes concerning those Defendants' production of documents. Counsel for those Defendants have expressed a willingness to meet and confer.

not been resolved.  *See* Aug. 14, 2008 Letter from K. Hartnett to D. Jefferson, attached hereto as Exhibit B.  Plaintiff also noted in her August 14 letter that it was only at the end of the discovery period she had learned that the District had fundamentally failed to comply with its obligations to conduct a reasonable investigation and provide complete responses to Plaintiff's document requests, as the District counsel's admitted on the record at a deposition held a week prior to the close of discovery that he had not performed "any kind of inquiry about documents, training documents in particular," and thus that he was "not going to even begin to be in a position to respond to a request" for documents cited by counsel for Plaintiffs.  R. Reid Dep. at 66-67.  Thus, Plaintiff informed the District on August 14, 2008 that she would seek relief from the Court, if necessary, to obtain documents that the District has in its possession, but has failed to search for or produce, including critical documents pertaining to the training of Metropolitan Police Department ("MPD") personnel regarding the handling of sexual assault cases.

Thereafter, the District responded on August 15, 2008 with slightly revised discovery responses, but the District produced no new documents – despite the specific requests made by Plaintiff in her July 29 letter.  *See* Aug. 19, 2008 Letter from K. Hartnett to D. Jefferson, attached hereto as Exhibit C.  Accordingly, it appears that Plaintiff will have no choice but to file a motion to compel in order to obtain critical MPD documents that are relevant not only to Plaintiff's three claims against the District in this case, but also to Plaintiff's claims against the other medical Defendants – all of whom claim that they are not liable for any harm to Plaintiff because it is the MPD's decision whether or not to "authorize" the hospitals and their personnel to administer sexual assault medical forensic exams to sexual assault victims like Plaintiff.  The District's motion to stay seeks to excuse its refusal to meet and confer in good faith with Plaintiff, as well as to preclude Plaintiff from filing such a motion to compel.

For reasons previously explained, Plaintiff respectfully requests that the Court grant her Motion to Modify, which would obviate the need to resolve the District's motion for a stay. However, regardless of the Court's ruling on Plaintiff's Motion to Modify, the parties need to resolve their outstanding discovery disputes in an efficient manner, including by motions to compel if necessary, and thus the Court should deny the District's motion for a stay, which seeks to preclude the resolution of such discovery disputes.  Neither the Federal Rules nor Local Rules prevent Plaintiff from resolving outstanding discovery disputes or filing motions to compel after the close of discovery, assuming the present discovery cut-off of July 16, 2008.  *See* Fed. R. Civ. P. 37(a); MOORE'S FEDERAL PRACTICE – CIVIL § 37.06 (noting that the Federal Rules "impose no outside limit on the time within which a motion to compel additional disclosures or discovery must be made").  Moreover, Plaintiff respectfully submits that she would be particularly justified in filing such a motion where, as here, the District failed to respond to her repeated requests for additional documents during the discovery period, and, until the eleventh hour, had purported to have fully investigated and responded to Plaintiff's discovery requests.  Thus, regardless of whether the Court grants Plaintiff's Motion to Modify, there is no reason for the Court to stay the proceedings with respect to the resolution of outstanding discovery matters.[5]

Finally, the District claims that its newly filed motion to dismiss or for summary judgment based on the "public duty" doctrine justifies the requested stay and obviates the need for resolving the District's serious discovery failings identified by Plaintiff.  As Plaintiff has detailed previously, the District's "public duty" argument provides no basis for excusing the District from its discovery obligations, and it similarly provides no basis for the District's

---

[5] The District inexplicably seeks a stay related to discovery as to <u>all</u> parties in the case, despite the fact that the other Defendants all have expressed a willingness to meet and confer with Plaintiff pending the Court's ruling on the Motion to Modify.  The District has provided no argument attempting to justify the requested stay as to all Defendants in this matter.

requested stay.  *See* Plaintiff's Reply to the Howard Defendants' and the District's Opps. to

Plaintiff's Motion to Modify, at 10-12.  Regardless whether the District is a party to this case,

Plaintiff will need the requested discovery from the District, in light of the medical Defendants'

claim that they have no duty to administer sexual assault medical forensic examinations absent

the "authorization" of the MPD or the District.  In any event, the District's "public duty"

argument lacks merit both because the public duty doctrine does not apply here and because

Plaintiff can establish the "special relationship" exception to that doctrine.[6]  Moreover, it is

simply untrue that, as the District claims, of the depositions taken to date, "none of them

establish any special relationship between herself and the District."  Dist. Mem. at 4.  Although

the District has refused to produce the MPD personnel who are most knowledgeable about the

MPD's Sex Assault Unit, the MPD personnel who have been deposed confirm that it is the

MPD's practice to insert itself into the treatment of sexual assault victims by determining

whether or not to "authorize" a sexual assault medical forensic examination.  By these and other

actions, the MPD has created a special relationship with sexual assault victims like Plaintiff.[7]

---

[6] The District continues to mischaracterize Plaintiff's allegations in this case as "based on the
purported failure of MPD officers to adequately protect Plaintiff."  Dist. Mem. at 2.  As Plaintiff
has explained in responding to the District's "public duty" arguments previously, she is not
alleging a "failure to protect" as described in the "public duty" cases, and thus the public duty
doctrine is not applicable here.  Moreover, even if that doctrine applies, Plaintiff has alleged and
will show that the special relationship exception applies.

[7]  In her other filings, Plaintiff has explained the erroneous and misleading nature of the
District's description of the "factual allegations" in this matter and will not repeat all of those
arguments here.  Plaintiff notes, however, that the District falsely states that "[n]either Plaintiff
nor her friends contacted either the D.C. Metropolitan Police Department ("MPD") or the D.C.
Rape Crisis Center on December 9th," *see* Dist. Mem. at 1-2, when the record makes clear that
Plaintiff, her sister and her friends had multiple contacts with various MPD personnel on
December 9, 2006 – all of whom inserted themselves into and interfered with Plaintiff's
treatment at Howard University Hospital and George Washington University Hospital and
wrongfully refused to "authorize" a sexual assault medical forensic examination.  Furthermore,
although the District apparently chides Plaintiff and her friends for not contacting the police

In sum, the District has failed to demonstrate that a stay is justified based on the relative burdens to the parties. *See, e.g.*, *Barton v. District of Columbia*, 209 F.R.D. 274, 278 (D.D.C. 2002) (requiring "[t]he party moving for a stay" to "'make out a clear case of hardship or inequity in being required to go forward'" (quoting, *inter alia*, *Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971))).  If anything, it has been the District's obstructionist tactics – not Plaintiff's good-faith discovery efforts in this multi-defendant case of public importance – that have created onerous and costly burdens, primarily for Plaintiff.  Because the requested stay would be both unfair and inefficient, and because – as the cases cited by the District make clear – "a plaintiff has the right to prosecute h[er] cause of action without unnecessary delay," *Ellsberg v. Mitchell*, 353 F. Supp. 515, 517 (D.D.C. 1973), the Court should deny the District's Motion.

Dated:  August 20, 2008

Respectfully submitted,

/s/ Bruce V. Spiva
Bruce V. Spiva, D.C. Bar. No. 443754
  bspiva@spivahartnett.com
Kathleen R. Hartnett, D.C. Bar. No. 483250
  khartnett@spivahartnett.com
SPIVA & HARTNETT LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036
Telephone:  (202) 785-0601
Facsimile:  (202) 785-0697

*Counsel for Plaintiff*

---

immediately after the party at which Plaintiff was assaulted and likely drugged, Plaintiff's friends did precisely what the MPD's own website directs:  "Go to a hospital emergency room or your own doctor for medical care immediately.  The Metropolitan Police Department, in conjunction with Howard University Hospital and the DC Rape Crisis Center, has developed the Sexual Assault Nurse Examiner (SANE) program.  In this program, a victim of a sexual assault (over the age of 17) will be in a private examination room while waiting to be seen, the wait will not be more than one hour, and the victim will be examined by someone specially trained in this area."  http://mpdc.dc.gov/mpdc/cwp/view,a,1237,q,547802,mpdcNav_GID,1551.asp.  Thus, it was the Defendants' failures – not Plaintiff or her friends – that caused Plaintiff harm.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Plaintiff's Opposition to the District of Columbia's Motion to Stay Any Further Discovery Including Discovery Motions Filing, Until Ruling is Made on Defendant's Motion to Dismiss and Alternative Motion for Summary Judgment and/or Plaintiff's Motion to Enlarge Discovery was served on August 20, 2008, by electronic filing with the Court's ECF system, upon:

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
Adam Kelley
  axk@gdldlaw. com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

Dwayne Jefferson
  dwayne.jefferson@dc.gov
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
Christine M. Costantino
  chrissy.costantino@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN &
  DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

/s/ Bruce V. Spiva
Bruce V. Spiva

# Exhibit A

**To Plaintiff's Opposition to the District of Columbia's Motion to Stay Any Further Discovery Including Discovery Motions Filing, Until Ruling is Made on Defendant's Motion to Dismiss and Alternative Motion for Summary Judgment and/or Plaintiff's Motion to Enlarge Discovery**

***McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)**

# GOVERNMENT OF THE DISTRICT OF COLUMBIA

## OFFICE OF THE ATTORNEY GENERAL



August 11, 2008

**VIA U.S. MAIL & FACSIMILE (202) 785-0697**
**BRUCE V. SPIVA, ESQ.**
**KATHLEEN HARTNETT, ESQ.**
Spiva & Hartnett LLP
1776 Massachusetts Avenue, N.W., Suite 600
Washington, D.C. 20036

     Re:    <u>Alexandria McGaughey v. District of Columbia, et al.</u>
             U.S. District Court D.C., No. 1:07-CV-1498 (RJL)

Dear Bruce & Kathleen,

I am to acknowledge receipt of your July 29, 2008 letter regarding the District of Columbia's alleged discovery deficiencies. As you are aware, the District served its discovery responses on Plaintiff on or about April 25, 2008 — nearly 3 months before discovery closed on July 16, 2008. Plaintiff's letter should have been sent to the District in sufficient time for it to address any alleged deficiencies before discovery closed. There is no authority in the Court rules permitting parties to continue conducting discovery after the deadline lapses. Plaintiff's grasp of this point is reinforced by her August 11, 2008 e-mail reminding co-defendant, Howard University Hospital, et al., no to conduct discovery after July 16th. Though Plaintiff has filed a motion to enlarge discovery (which, as you know, the District has opposed), the pending motion does not change the fact that discovery is now closed, and the parties cannot unilaterally change the discovery close date.

# GOVERNMENT OF THE DISTRICT OF COLUMBIA

## OFFICE OF THE ATTORNEY GENERAL



Despite the fact that discovery is now closed, and consistent with Fed. R. Civ. P. 26(e), the District is in the process of reviewing Plaintiff's letter and its responses to determine whether supplementation is necessary. However, many of Plaintiff's requests for documents seek irrelevant information and would, otherwise, create an undue burden on the District to respond. For example, Plaintiff seeks FEMS documents related to the general handling of sexual assault victims. FEMS did not handle any complaints relating to Plaintiff's claim; thus, documents related to how it handles sexual assault victims have no bearing on this case. Plaintiff seeks critical data regarding forensic medical examinations conducted in the District in recent years. This request is overly broad and cumbersome — particularly given the fact that the District would not have information regarding all forensic medical examinations that may have been conducted in the District during recent years. Moreover, because you claim that no forensic medical examination was administered to Plaintiff, critical data regarding examinations administered to other persons is meaningless in this case. Plaintiff seeks documents relating to the Rosenbaum investigation. The Rosenbaum investigation has absolutely no bearing on this case. Plaintiff was never in the District's custody, and the District never took Plaintiff to any hospital for treatment. Simply put, Plaintiff had no special relationship with the District, and the District owed her no duty with respect to allegations set forth in the Complaint. *See Phillips v. District of Columbia*, 455 F.3d 397 (D.C. Cir. 2006); *see also* cases cited in the District's dispositive motion.

There is no need for the parties to meet at this time. If the Court re-opens discovery, the parties can then discuss your claimed deficiencies in more detail and, if there is no agreement on what should and/or should not be produced, the District will more likely than not, file a motion for protective order to limit or preclude much of the requested discovery.

Cordially,

PETER J. NICKLES
Acting Attorney General

Dwayne C. Jefferson
Assistant Attorney General

# Exhibit B

**To Plaintiff's Opposition to the District of Columbia's Motion to Stay Any Further Discovery Including Discovery Motions Filing, Until Ruling is Made on Defendant's Motion to Dismiss and Alternative Motion for Summary Judgment and/or Plaintiff's Motion to Enlarge Discovery**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

# SPIVA & HARTNETT LLP

1776 MASSACHUSETTS AVENUE, N.W., SUITE 600

WASHINGTON, D.C. 20036

(202) 785-0601  (202) 785-0697 (FAX)

KATHLEEN R. HARTNETT
KHARTNETT@SPIVAHARTNETT.COM

August 14, 2008

**BY EMAIL AND U.S. MAIL**

Dwayne C. Jefferson, Esq.
OFFICE OF THE ATTORNEY GENERAL
  OF THE DISTRICT OF COLUMBIA
One Judiciary Square
441 4th Street, N.W., 6th Floor
Washington, D.C. 20001

> **Re:    _McGaughey v. District of Columbia, et al._, No. 1:07-cv-01498 (RJL)**

Dear Dwayne:

Your August 11, 2008 letter unilaterally announces that "[t]here is no need for the parties to meet at this time" regarding the critical matters raised in my July 29, 2008 letter, in which I requested that we meet and confer concerning our outstanding discovery disputes, including several which arose immediately before the present discovery cut-off of July 16, 2008. You also state that "[t]here is no authority in the Court rules permitting parties to continue conducting discovery after the deadline lapses," erroneously suggesting that this proposition applies to our good-faith request to resolve our outstanding disputes, which pertain to the District's incomplete discovery responses made prior to the current discovery cut-off. As explained below, your letter fails to comply with your obligations to meet and confer in good faith. We renew our request that you meet and confer with us, as the rules require. Otherwise, we will be forced to seek relief from the Court, further burdening Plaintiff and again requiring her to incur needless costs – as the District repeatedly has forced her to do throughout this litigation.

In stark contrast to the Howard Defendants' unauthorized subpoenas issued after the discovery cut-off,[1] my detailed letter to you was sent in a good-faith effort to resolve our outstanding discovery disputes concerning discovery requests timely made by Plaintiff in the discovery period. We have repeatedly asked for complete responses to those requests prior to the

---

[1] The Howard Defendants have been issuing new subpoenas to third-parties after the discovery cut-off seeking information that they did not request during the discovery period. Thus, my email to counsel for the Howard Defendants correctly stated that such efforts are unauthorized, unfair and must cease, pending the Court's ruling on Plaintiff's motion to extend.

Dwayne C. Jefferson, Esq.
August 14, 2008
Page 2 of 3

discovery cut-off, including by requesting specific documents identified by the District's
witnesses, where possible – all to no avail. Moreover, as you are aware, it was only days before
the current discovery cut-off – specifically, at Sergeant Reid's July 9, 2008 deposition – that you
(1) made an extremely delinquent production of key documents in this matter, and (2) conceded
on the record that you had not performed "any kind of inquiry about documents, training
documents in particular," and thus that you were "not going to even begin to be in a position to
respond to a request of that sort" – *i.e.*, Plaintiff's request for Metropolitan Police Department
training materials directly relevant to the issues in this case. Thus, it was only as of July 9, 2008
that Plaintiff learned that the District had fundamentally failed to comply with its obligations to
conduct a reasonable investigation concerning Plaintiff's discovery requests and to provide
complete responses.

    Contrary to your suggestion, despite the present discovery cut-off of July 16, 2008, the
rules firmly support (1) our request to meet and confer with you regarding our discovery disputes
and (2) our request that you provide complete responses to Plaintiff's discovery requests. *See,
e.g.*, Fed. R. Civ. P. 26(e) (requiring parties to supplement responses to their initial disclosures
and responses to production requests "in a timely manner"); Fed. R. Civ. P. 26(g) (requiring
discovery responses to be made based upon a reasonable inquiry, and to be complete and correct
as of the time the responses are made); Fed. R. Civ. P. 37(a) (authorizing motions to compel
complete discovery responses); *see generally* MOORE'S FEDERAL PRACTICE – CIVIL § 37.05
(describing the duty to supplement and noting that the Federal Rules "impose no outside limit on
the time within which a motion to compel additional disclosures or discovery must be made").
Neither the Federal Rules nor Local Rules prevent us from filing a motion to compel after the
close of discovery, assuming for the moment that the July 16, 2008 discovery cut-off stands. *See
id.*[2] Moreover, Plaintiff would be particularly justified in filing such a motion where, as here, the
District failed to respond to our repeated requests for additional documents during the discovery
period, and, until the eleventh hour, the District purported to have fully investigated and
responded to Plaintiff's discovery requests. We are not seeking new or additional discovery
from the District, but rather are requesting that the District finally comply with its outstanding
discovery obligations by performing a diligent search and producing responsive documents. It is
the District that presents no authority to support its position that it need not comply with its
discovery obligations, despite its concessions on the record that it has not responded fully.

    We stand ready to meet and confer with you on the issues described in my July 29 letter.
We are available to do so any day of this week or next week. Further, we expect that you will
immediately produce the MPD training materials and other documents that we have specifically
and repeatedly requested, which admittedly exist. If you continue to refuse to comply with your

---

[2] As you are aware, Plaintiff has filed a motion to extend the discovery cut-off, as well as other
deadlines in this case. Plaintiff has not propounded new discovery requests since the discovery
cut-off, but rather is awaiting a ruling from the Court on her motion. Furthermore, Plaintiff has
met and conferred with other defense counsel since the discovery cut-off, with respect to
discovery requests timely propounded by Plaintiff in the discovery period.

SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
August 14, 2008
Page 3 of 3

discovery obligations and to meet and confer in good faith – as the rules require, *see* Fed. R. Civ.
P. 37(a); Local Civ. R. 7(m) – we will have no alternative but to seek relief from the Court.
Accordingly, please inform us of your position by 5:00 p.m. Friday, August 15, 2008.

Sincerely yours,

Kathleen R. Hartnett

cc:     Peter J. Nickles, Interim Attorney General (by email only)
        George C. Valentine, Deputy Attorney General, Civil Litigation Division (by email only)
        Patricia A. Jones, Chief, General Litigation Section IV (by email only)
        All Other Defense Counsel of Record (by email only)

# Exhibit C

**To Plaintiff's Opposition to the District of Columbia's Motion to Stay Any Further Discovery Including Discovery Motions Filing, Until Ruling is Made on Defendant's Motion to Dismiss and Alternative Motion for Summary Judgment and/or Plaintiff's Motion to Enlarge Discovery**

*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)

# SPIVA & HARTNETT LLP

1776 MASSACHUSETTS AVENUE, N.W., SUITE 600
WASHINGTON, D.C. 20036
(202) 785-0601   (202) 785-0697 (FAX)

KATHLEEN R. HARTNETT
KHARTNETT@SPIVAHARTNETT.COM

August 19, 2008

**BY EMAIL AND U.S. MAIL**

Dwayne C. Jefferson, Esq.
OFFICE OF THE ATTORNEY GENERAL
  OF THE DISTRICT OF COLUMBIA
One Judiciary Square
441 4th Street, N.W., 6th Floor
Washington, D.C. 20001

> **Re:**    ___McGaughey v. District of Columbia, et al.___, No. 1:07-cv-01498 (RJL)

Dear Dwayne:

We are in receipt of your Supplemental Response to Plaintiff's First Set of Production Requests and the District's Proposed Motion to Stay, which you sent us on the evening of August 15, 2008. When we returned your phone call yesterday evening, we left a voicemail informing you that we do not consent to the District's Motion to Stay. We told you to contact us if you wished to confer further, but have not heard from you. We therefore expect that you will file the Motion to Stay, as you stated you would, although we believe the motion to be unfounded and urge you not to file it to avoid imposing additional and unnecessary costs on Plaintiff.

This letter addresses the District's Supplemental Response and other outstanding discovery issues. Although you have provided a Supplemental Response to Plaintiff's Production Requests, we are disappointed that the District has provided no additional new documents, despite the existence of plainly relevant materials, which we have specifically requested both in my letter of July 29, 2008, as well as on previous occasions throughout the discovery process. Rather than producing additional responsive documents, the District has provided with its Supplemental Response only four documents – three of which have been previously provided to Plaintiff by the District and one of which (Sergeant Reid's biography), Plaintiff found by her own investigation, as she indicated at Sergeant Reid's deposition. Accordingly, your Supplemental Response does not alleviate and only magnifies the serious discovery issues summarized in my July 29, 2008 letter.

Moreover, although your Supplemental Response revises some of the District's written responses to selected Requests for Production, the Supplemental Response does not address the

# SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
August 19, 2008
Page 2 of 4

great majority of the issues summarized in my July 29, 2008 letter. Accordingly, we reiterate once again our request to meet and confer on those issues. If you continue to believe that "[t]here is no need for the parties to meet at this time," as you claimed in your August 11, 2008 letter, please inform us of that fact so that we can seek necessary relief from the Court.

Although your specific revisions to your written discovery responses provide little new information, perhaps most disturbing is your Supplemental Response to Plaintiff's Request No. 17, which seeks: "All documents referring or relating to the training of MPD employees, including but not limited to employees of the Sex Assault Unit and the Victim Specialist Unit, in handling alleged sexual assault complaints and/or alleged sexual assault victims." These requested documents are of central relevance to this matter, which pertains to the MPD's handling of sexual assault complaints such as Plaintiff's and in which Plaintiff expressly alleges in a count of the Complaint that the District has failed to properly hire, train and supervise its employees with respect to the handling of sexual assault cases. Moreover, as you are aware, and as confirmed by Sergeant Reid's deposition testimony and his biography that you have produced, the District has possession, custody or control of numerous responsive documents:

- Sergeant Reid testified about PowerPoint presentations that he regularly uses to train MPD employees with respect to the proper handling of sexual assault cases, as well as "the D.C. Rape Crisis Center, D.C. Public Health Service, D.C. Public Schools, Community groups, and various organizations throughout the Metropolitan area," and "various Law enforcement agencies." Sgt. Reid Biography, attached as Exhibit D to the District's Supplemental Response.

- Sergeant Reid "consulted in the organizing of the (80 hours) Sexual Assault Training Program at the Institute of Police Science [*i.e.*, the MPD Training Academy] in Washington, D.C. for detectives." *Id.*

- Sergeant Reid "has designed and instructs a 4 hour First responder's course at the Maurice T. Turner Institute of Police Science [*i.e.*, the MPD Training Academy] in Washington, D.C." *Id.*

You have not produced any of these training materials or related documents, despite our repeated requests that you do so. It is hard to imagine that such clearly identified materials – of central relevance to Plaintiff's claims in this case – would be difficult to find and produce promptly. In contrast, as described in your Supplemental Response to Request No. 17, you have produced a number of completely irrelevant training materials, such as concerning hate crimes and domestic violence. Those training materials – unlike the ones specifically identified by Plaintiff – have nothing to do with the MPD's handling of sexual assault complaints like Plaintiff's. Accordingly, we reiterate our request that you produce these and all other responsive training materials regarding sexual assault.

# SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
August 19, 2008
Page 3 of 4

More broadly, we reiterate our request that you produce all responsive documents from the files of Sergeant Reid and other relevant personnel. As Sergeant Reid's biography further makes clear, he "has represented MPD on many multidisciplinary working groups and task forces" related to sexual assault, including with respect to the SANE-SART program in the District. Yet we have received no responsive documents from Sergeant Reid's files (or the files of other Sex Assault Unit personnel) with respect to involvement in any such working groups and task forces, including the SART program.

We also reiterate our request that you provide documents concerning conferences or similar events pertaining to handling sexual assault cases that MPD personnel have presented at and/or attended. For example, our independent investigation confirms, as Sergeant Reid appeared to testify at his deposition, that the MPD was one of the sponsors of a conference held in Washington, D.C. on July 19-20, 2006: "Investigating and Prosecuting Non-Stranger Sexual Assault." At this conference – sponsored by MPD, and attended by MPD personnel, just months before the incident at issue in this case – presenters addressed topics highly relevant to this case, including: recognizing the indicators of drug facilitated sexual assault, recognizing inappropriate police responses and potential barriers to effective victim interviews, the responsibilities of the first responding officer, the dual purpose of a medical forensic examination, and how "unfounding" is often used for cases that do not fit the stereotype of "real" rape. We request all documents related to this 2006 conference and all other similar conferences.

Finally, the only training document specifically requested by Plaintiff that is addressed by your written Supplemental Response is a document that you claim is not "the property of the District of Columbia": a training video co-produced by Sergeant Reid and "Police Advocates" for law enforcement first responders, entitled "First Responder Video For Sexual Assault." *See* Supp. Response to Request No. 17; Reid Biography. Contrary to the claims in your Supplemental Response, Sergeant Reid expressly testified that this video was made in his capacity as an MPD official and that he does in fact have that video in his possession:

> Q.  And do you still have a copy of that video?
> A.  Yes.
> ******
> Q.  Sergeant Reid, in what capacity did you make or co-produce the first responder video for sexual assault?
> A.  Can you reask – I don't understand the question.
> Q.  Were you doing it in your capacity as a detective with the Metropolitan Police Department or was this like an independent consulting or an independent project that was apart from your employment with MPD?
> A.  It was with MPD.
> MR. SPIVA:  So that should take away any objection that this is something that's only within his custody or control and not MPD's custody or control.
> BY MR. SPIVA:
> Q.  Is it accurate that –

# SPIVA & HARTNETT LLP

Dwayne C. Jefferson, Esq.
August 19, 2008
Page 4 of 4

> MR. JEFFERSON:  The District appreciates the question and answer.
> MR. SPIVA:  Sure.

Reid Dep. at 89, 91-92.  Accordingly, we request that you produce this video immediately.

Please inform us by 5:00 p.m. tomorrow, August 20, 2008, whether you intend to meet and confer with us regarding the issues raised in this letter and my July 29, 2008 letter, and whether you intend to produce any additional documents without Court intervention.  We sincerely would like to resolve our discovery disputes without involving the Court, but will need to seek the Court's relief if the District refuses to attempt to resolve these disputes or to produce any additional documents.  I am available to speak by phone at your convenience.

Sincerely yours,

Kathleen R. Hartnett

cc:    All Other Defense Counsel of Record (by email only)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALEXANDRIA McGAUGHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-01498 (RJL) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**[PROPOSED] ORDER DENYING THE DISTRICT OF COLUMBIA'S MOTION
TO STAY ANY FURTHER DISCOVERY INCLUDING DISCOVERY MOTIONS
FILING, UNTIL RULING IS MADE ON DEFENDANT'S MOTION TO DISMISS
AND ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND/OR
<u>PLAINTIFF'S MOTION TO ENLARGE DISCOVERY</u>**

Upon consideration of the District of Columbia's Motion to Stay Any Further Discovery

Including Discovery Motions Filing, Until Ruling is Made on Defendant's Motion to Dismiss

and Alternative Motion for Summary Judgment and/or Plaintiff's Motion to Enlarge Discovery,

the opposition thereto, any additional supporting briefs and materials submitted by the parties,

and the record herein, the Motion is hereby DENIED.

So ORDERED this _____ day of _____, 2008

_____
Honorable Richard J. Leon

Copies to:

Bruce V. Spiva, D.C. Bar. No. 443754
  bspiva@spivahartnett.com
Kathleen R. Hartnett, D.C. Bar. No. 483250
  khartnett@spivahartnett.com
SPIVA & HARTNETT LLP
1776 Massachusetts Avenue, N.W., Suite 600
Washington, D.C. 20036
Telephone:  (202) 785-0601
Facsimile:  (202) 785-0697

*Counsel for Plaintiff*


Karen R. Turner, D.C. Bar No. 434543
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814
Telephone:  (301) 652-7332

*Counsel for Defendants Howard University; Howard
University Hospital; Wendie Williams, M.D.; Dawit
Yohannes, M.D.*


DWAYNE C. JEFFERSON, D.C. BAR NO. 980813
OFFICE OF THE ATTORNEY GENERAL
  FOR THE DISTRICT OF COLUMBIA
Sixth Floor South, 441 4th Street, N.W.
Washington, DC 20001
Telephone:  (202) 724-6649
Facsimile (202) 741-0554

*Counsel for Defendant District of Columbia*


Thomas V. Monahan, Jr., Bar No. 04471
  tvm@gdldlaw.com
Adam Kelley, Bar No. 26663
  axk@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Telephone: (410) 783-4000

*Counsel for Defendant District Hospital Partners, LP*

2

Robert W. Goodson,  D.C. Bar No. 935239
  Robert.Goodson@wilsonelser.com
Deidre L. Robokos, D.C. Bar No. 492013
  deidre.robokos@wilsonelser.com
Christine M. Costantino
  chrissy.costantino@wilsonelser.com
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
The Colorado Building
1341 G Street, NW, Suite 500
Washington, D.C. 20005
Telephone:  (202) 626-7660
Facsimile:  (202) 628-3606

*Counsel for Defendant Christopher Lang, M.D.*


James P. Gleason, Jr., D.C. Bar No. 291005
Larry D. McAfee, D.C. Bar No. 457226
  lmcafee@gleason-law.com
Christopher R. Smith, D.C. Bar No. 477393
GLEASON, FLYNN, EMIG & FOGLEMAN, Chartered
11 North Washington Street, Suite 400
Rockville, MD 20850
Telephone:  (301) 294-2110

*Counsel for Defendant The George Washington University*