## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA MCGAUGHEY, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| vs. | : **Case No. 1:07-cv-01498** |
| | : **Judge Richard J. Leon** |
| **HOWARD UNIVERSITY,** *et al.,* | : |
| | : |
| **Defendants.** | : |
| _____ | : |

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT OF DEFENDANTS HOWARD UNIVERSITY, HOWARD UNIVERSITY d/b/a HOWARD UNIVERSITY HOSPITAL, WENDIE WILLIAMS, M.D. AND DAWIT YOHANNES, M.D.

**COME NOW** the Defendants, **Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D.** and **Dawit Yohannes, M.D.,** by and through their attorneys, **Steven A. Hamilton, Esquire, Karen R. Turner, Esquire,** and **Hamilton Altman Canale & Dillon, LLC,** for their Answer to Plaintiff's Amended Complaint filed herein, state as follows:

### INTRODUCTION

1.-4.    The undersigned presently has insufficient information available to either admit or deny the factual allegations set forth in Paragraphs 1 through 4, the consequence of which is to deny same and demand strict proof thereof.  However, to the extent that any of the allegations set forth in these paragraphs, either directly or indirectly, allege tortious, unlawful or otherwise wrongful acts and/or omissions on the part of the answering defendants, said allegations are specifically denied.

## JURISDICTION AND VENUE

5.      Allegations of jurisdiction require no response by the defendants.  To the extent that the allegations contained in Paragraph 5 imply or infer negligence and/or injuries, such allegations are denied.

6.      Allegations of venue require no response by the defendants.  To the extent that the allegations contained in Paragraph 6 imply or infer negligence and/or injuries, such allegations are denied.

## PARTIES

7.      The undersigned presently has insufficient information available to either admit or deny the factual allegations set forth in Paragraph 7, the consequence of which is to deny same and demand strict proof thereof.

8.      The allegations set forth in Paragraph 8 are directed to other defendants and, as such, require no response from these defendants.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraph 8, the consequence of which is to deny same and demand strict proof thereof.

9.      It is admitted that Howard University Hospital is a licensed medical facility located in the District of Columbia.  The balance of the allegations set forth in this paragraph are denied as phrased.

10.      It is admitted that, at all times relevant to this case, Howard University Hospital is located in the District of Columbia and is owned and managed Howard University.

11.     Admitted.

12.     Admitted.

13.-15.  The allegations set forth in Paragraphs 13 through 15 are directed to other defendants and, as such, require no response from these defendants.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in Paragraphs 13 through 15, the consequence of which is to deny same and demand strict proof thereof.

## FACTUAL BACKGROUND

16.-67.  The undersigned presently has insufficient information available to either admit or deny the factual allegations set forth in Paragraphs 16 through 67, the consequence of which is to deny same and demand strict proof thereof.  However, to the extent that any of the allegations set forth in these paragraphs, either directly or indirectly, allege tortious, unlawful or otherwise wrongful acts and/or omissions on the part of the answering defendants, said allegations are specifically denied.

## CLAIMS

## COUNT I

**(Violation of Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395 dd *et seq.* – Defendants Howard University Hospital; Howard University)**

68.     The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 67 of the Amended Complaint as if fully set forth herein.

69.-73.  The allegations set forth in Paragraphs 67 through 73 are denied in form and in substance.

3

## COUNT II

**(Medical Malpractice/Abandonment – Defendants Howard University Hospital; Howard University; Wendie William, M.D.)**

74.     The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 73 of the Amended Complaint as if fully set forth herein.  The answering defendants deny the balance of the allegation of this paragraph.

75.-80. The allegations set forth in Paragraphs 75 through 80 are denied in form and in substance.

## COUNT III

**(Negligence – Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D., District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Christopher Lang, M.D.)**

81.     The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 80 of the Amended Complaint as if fully set forth herein.

82.-84.  To the extent that the allegations set forth in Paragraphs 82 through 84 are directed to the answering defendants, they are denied in form and in substance.  To the extent that the allegations set forth in these paragraphs are directed to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

85.     The allegations set forth in Paragraph 85 are denied in form and in substance.

4

86.-87. To the extent that the allegations set forth in Paragraphs 86 through 87 are directed to the answering defendants, they are denied in form and in substance. To the extent that the allegations set forth in this paragraph are directed to other defendants, no response from these defendants is required. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

## COUNT IV

**(Medical Malpractice - Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D., District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Christopher Lang, M.D.)**

88.     The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 87 of the Amended Complaint as if fully set forth herein. To the extent that a further response is required, the undersigned otherwise presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

89.-93. To the extent that the allegations set forth in Paragraphs 89 through 93 are directed to the answering defendants, they are denied in form and in substance. To the extent that the allegations set forth in these Paragraphs are directed to other defendants, no response from these defendants is required. Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

## COUNT V

**(Negligent Hiring/Training/Supervision:  Defendants Howard University Hospital; Howard University; District Hospital Partners d/b/a George Washington University Hospital; George Washington University)**

94.     The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 93 of the Amended Complaint as if fully set forth herein.  To the extent that a further response is required, the undersigned otherwise presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

95.-99.  To the extent that the allegations set forth in Paragraphs 95 through 99 are directed to the answering defendants, they are denied in form and in substance.  To the extent that the allegations set forth in these paragraphs are directed to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

## COUNT VI

**(D.C. Consumer Protection Procedures Act ("D.C. CPPA"), D.C. Code § 28-3901 *et seq*. – Defendants Howard University Hospital; Howard University; Wendie Williams, M.D.; Dawit Yohannes, M.D.; District Hospital Partners d/b/a George Washington University Hospital; George Washington University; Christopher Lang, M.D.)**

100.    The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 99 of the Amended Complaint as if fully set forth herein, and further state that the allegations in this paragraph call for legal conclusions and/or are directed to other defendants.  Thus, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

101.-106.    To the extent that the allegations set forth in Paragraphs 101 through 106 are directed to the answering defendants, they are denied in form and in substance.  To the extent that the allegations set forth in these paragraphs are directed to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

## COUNT VII

**(Negligent Hiring/ Training/ Supervision:  Defendant District of Columbia)**

107.    The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 106 of the Amended Complaint as if fully set forth herein.  To the extent that the remaining allegations set forth in this paragraph are directed

7

to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

108.-112.  The allegations set forth in Paragraphs 108 through 112 are directed to other defendants; therefore, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

## COUNT VIII

### (Negligence:  Defendant District of Columbia)

113.    The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 112 of the Amended Complaint as if fully set forth herein.  To the extent that the allegations set forth in this paragraph are directed to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

114.-116.  The allegations set forth in Paragraphs 114 through 116 are directed to other defendants; therefore, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

8

## COUNT IX

### (Negligent Failure to Investigate – Defendant District of Columbia)

117.    The answering defendants adopt and incorporate herein by reference their responses to Paragraphs 1 through 116 of the Amended Complaint as if fully set forth herein.  To the extent that the allegations set forth in this paragraph are directed to other defendants, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in this paragraph, the consequence of which is to deny same and demand strict proof thereof.

118.-120.  The allegations set forth in Paragraphs 118 through 120 are directed to other defendants; therefore, no response from these defendants is required.  Even if a response were required, the undersigned presently has insufficient information available to either admit or deny the allegations set forth in these paragraphs, the consequence of which is to deny same and demand strict proof thereof.

As and for other affirmative defenses, these defendants state as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Amended Complaint is barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's claims for recovery are barred by her own negligence, contributory

negligence, assumption of the risk and/or failure to mitigate damages.

### FOURTH DEFENSE

At all times applicable hereto, these defendants complied with all applicable standards of care.

### FIFTH DEFENSE

The injuries/damages complained of herein by Plaintiff, if any, are the result of acts or omissions of others for which these defendants cannot be held legally responsible.

**WHEREFORE**, in light of the foregoing, these defendants demand that the Amended Complaint be dismissed, with prejudice, and that they be awarded attorney's fees, costs and such other relief as is deemed just and proper.

Respectfully submitted,

**HAMILTON ALTMAN CANALE & DILLON, LLC**


By: _/s/ Karen R. Turner_____
       Steven A. Hamilton (D.C. Bar No. 953539)
       steven.hamilton@hacdlaw.com
       Karen R. Turner (D.C. Bar No. 434543)
       karen.turner@hacdlaw.com
       4600 East-West Highway
       Suite 201
       Bethesda, Maryland 20814
       301-652-7332
       Attorneys for Defendants Howard University,
       Howard University d/b/a Howard University
       Hospital, Dawit Yohannes, M.D., and
       Wendie Williams, M.D.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that, on the **28th** day of **August, 2008**, a copy of the foregoing was served electronically on:

Bruce V. Spiva, Esquire
Kathleen R. Hartnett, Esquire
**Spiva & Hartnett LLP**
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C.  20036

James P. Gleason, Jr., Esquire
Larry D. McAfee, Esquire
Christopher R. Smith, Esquire
**Gleason, Flynn, Emig**
  **& Fogleman, Chartered**
11 North Washington Street
Suite 400
Rockville, Maryland  20850

Dwayne C. Jefferson, Esquire
Office of the Attorney General for the
  District of Columbia
Civil Litigation Division
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C.  20001

Thomas V. Monahan, Jr., Esquire
Adam Kelley, Esquire
**Goodell, DeVries, Leech & Dann, LLP**
One South Street
20th Floor
Baltimore, Maryland 21202

Robert W. Goodson, Esquire
Deidre L. Robokos, Esquire
Christine M. Costantino, Esquire, *Pro Hac Vice*
**Wilson, Elser, Moskowitz,**
   **Edelman & Dicker, LLP**
The Colorado Building, Suite 500
1341 G Street, N.W.
Washington, D.C.  20005




    */s/ Karen R. Turner*
    Karen R. Turner