**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALEXANDRIA MCGAUGHEY,         :

     Plaintiff,             :

                         :        Case No. 1:07-CV-01498

          v.                  :        Judge Richard J. Leon

                         :

DISTRICT OF COLUMBIA, et al.,      :

     Defendants.           :

                         :

## DEFENDANT CHRISTOPHER LANG, M.D.'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant, Christopher Lang, M.D. (hereinafter "Defendant"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, pursuant to Rules 12 and 15 of the Federal Rule of Civil Procedure and Local Rule 15.1 and moves to strike Plaintiff's First Amended Complaint, or, in the alternative, Count VI of the First Amended Complaint. Defendant respectfully refers the Court to the attached Memorandum of Points and Authorities in Support of his Motion to Strike.

In consideration of the points and authorities set forth in the attached Memorandum and any other reason appearing to the Court, Defendant respectfully requests that the Court grants the instant Motion to Strike and any other relief the Court deems just.

Respectfully submitted,


WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By:    */s/ Robert W. Goodson*
       Robert W. Goodson, # 935239

       */s/ Deidre L. Robokos*
       Deidre L. Robokos, # 492013
       The Colorado Building
       1341 G Street, N.W.
       Suite 500
       Washington, D.C.  20005
       Robert.Goodson@wilsonelser.com
       Deidre.Robokos@wilsonelser.com

       (202) 626-7660
       (202) 628-3606 (facsimile)

312190.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Strike Plaintiff's

First Amended Complaint was filed electronically, this 29th day of August 2008, to:

Bruce V. Spiva, Esq.
Kathleen R. Hartnett, Esq.
Spiva & Hartnett, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, DC 20036
*Counsel for Plaintiff*

Dwayne Jefferson, Esq.
Office of the Attorney General for the District of Columbia
Sixth Floor South
441 4th Street, N.W.
Washington, DC 20001
*Counsel for Defendant District of Columbia*

Thomas V. Monahan, Jr., Esq.
Adam Kelley, Esq.
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Counsel for Defendant District Hospital Partners, LP*

Gleason, Flynn, Emig & Fogleman, Chartered
James P. Gleason, Jr., Esq.
Larry D. VcAffee, Esq.
Christopher R. Smith, Esq.
11 North Washington Street
Suite 400
Rockville, MD 20850
*Counsel for Defendant The George Washington University*

*/s/ Deidre L. Robokos*____
Deidre L. Robokos, Esq.

3

312190.1

## **Local Rule 7(m) Certificate**

I hereby certify that on August 29, 2008, I spoke with Kathleen Hartnett, Esquire, counsel for Plaintiff by telephone regarding the instant Motion and she did not consent to the relief requested herein.

_/s/ Deidre L. Robokos_
Deidre L. Robokos, Esq.

312190.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA MCGAUGHEY,                    :

          Plaintiff,                    :

                        :    Case No. 1:07-CV-01498

          v.                    :    Judge Richard J. Leon

DISTRICT OF COLUMBIA, et al.,            :

          Defendants.                :

                        :

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant, Christopher Lang, M.D. (hereinafter "Defendant"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, and submits this Memorandum in support of the instant Motion to Strike and states as follows:

## I.    BACKGROUND

This lawsuit arises from allegations that, *inter alia*, Plaintiff was wrongfully denied access to a forensic examination after a possible sexual assault. Plaintiff initiated this action on August 21, 2007. All defendants were served by September 17, 2007, and with the exception of the District of Columbia who filed a Motion to Dismiss, all defendants answered plaintiff's complaint by October 5, 2007.

The original Scheduling Order, set through conference of the parties and agreement by the Court, imposed an April 16, 2008 deadline to join parties and amend

312190.1

pleadings.    Through subsequent motions,[1] that deadline was extended twice, and eventually expired on August 18, 2008.

In the interim, all parties have participated in significant discovery, including twenty depositions, service of and response to written discovery and requests for production of documents and independent investigation.  The parties have successfully completed the depositions of all named defendants, Plaintiff, and the only three witnesses for Plaintiff who were present for portions of the medical care and treatment and other actions forming the basis of Plaintiff's claims.    Although discovery was recently extended by 90 days, a substantial portion has already been concluded.

In consideration of the significant and undue delay without cause in attempting to amend the Complaint, in addition to the prejudice and disadvantage that would be incurred Dr. Lang requests that the First Amended Complaint be stricken or, in the alternative, Count VI of the First Amended Complaint be stricken.

## II.    ARGUMENT

### A.    Plaintiff's failed to obtain leave of Court or the consent of the opposing parties to file the First Amended Complaint in violation of the Federal Rules of Civil Procedure, thereby permitting the Court to properly strike the Amended Complaint.

Fed. R. Civ. P. 15(a)(1) provides that a party may amend its pleading once as a matter of course either before receiving a responsive pleading or within 20 days of serving the original pleading if no responsive pleading is allowed.  Notably, these are the only two circumstances provided where a party may amend a pleading as a matter of right.  In all other circumstances, "a party may amend its pleading only with the opposing

---

[1] Plaintiff's Motion to Modify Scheduling Order and Increase Number of Depositions Plaintiff May Take, granted in part and denied in part on April 16, 2008 and Plaintiff's Motion to Enlarge Time to Amend Pleadings, granted on June 20, 2008.

312190.1

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). In these cases, Local Rule 15.1 instructs that amended pleadings should be attached to the motion seeking leave to amend and are deemed file if and when the motion is granted.

The docket reflects that Plaintiff did not seek leave of court to file the First Amended Complaint through Motion, but rather simply filed the pleading on the very last day provided in the Scheduling Order as modified. While a United States District Judge may set deadlines for actions such as amendment of pleadings and joinder of parties, compliance with these deadlines does not create the ability to file an amended pleading as a matter of right under Fed. R. Civ. P. 15(a)(1). The rule provides only two circumstances where amending as a matter of right is permitted, and neither is present here. Therefore, while seeking leave to amend after the scheduling order deadline may have been impermissible or evaluated under a different standard, mere compliance with the order does not alleviate the need to comply with Fed. R. Civ. P. 15(a)(2). *See Robinson v. The Detroit News*, 211 F.Supp.2d 101, 114 (D.D.C. 2002) (citation omitted) ("Because the plaintiff filed her proposed motion to amend after the date specified in the court's order, the court applies the more rigorous for "good cause" Rule 16 standard to plaintiff's amendment.") Although the First Amended Complaint may be evaluated under the standards of Rule 15 as opposed to the heightened standard under Rule 16, Plaintiff is not excused from complying with the procedural requirements of Rule 15(a)(2). As Plaintiff neglected to comply with her obligations under the Federal Rules in order to amend the complaint, the First Amended Complaint may properly be struck.

312190.1

**B.    Plaintiff's First Amended Complaint should be stricken due to the presence of undue delay and prejudice to the Defendant, two *Foman* factors counseling against permitting amendment.**

Plaintiff's failure to seek leave of court to amend the complaint is exacerbated by the undue delay in filing the First Amended Complaint and the corresponding prejudice suffered by Defendant. The existence of these factors warrants the striking of the First Amended Complaint.

*Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962), sets forth the factors to be considered in assessing the permissibility of amending a pleading. *In re Sunrise Senior Living, Inc.*, 550 F.Supp.2d 1, 5 (D.D.C. 2008). Based on the Supreme Court's decision in *Foman,* "reasons to deny leave include *undue delay*, bad faith or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, *undue prejudice to the opposing party* by virtue of permissive amendment, and futility." *Stanford v. Potomac Electric Power Co.*, 394 F. Supp.2d 81, 85 (D.D.C. 2005) (emphasis added). The primary consideration is whether the non-amending party will be prejudiced through disadvantage or deprivation of the opportunity to discover and present facts." *Id.* (citing *In re Vitamins Antitrust Litigation*, 217 F.R.D. 34, 36-37 (D.D.C. 2003)).[2] Here, the presence of multiple *Foman* factors and the weighty consideration that Defendant will be disadvantaged in discovering facts pertaining to Plaintiff's new allegations, and specifically to Count VI alleging a D.C. Consumer Protection Procedures Act claim, merits striking Plaintiff's First Amended Complaint, or at a minimum, Count VI of the First Amended Complaint.

---

[2] Although Defendant presents this as a Motion to Strike due to the procedural infirmities in Plaintiff's filing of the First Amended Complaint, Defendant would have opposed a Motion for Leave to File an Amended Complaint based on the *Foman* factors. This Court still looks to *Foman* analysis in evaluating a Motion to Strike where the party failed to seek leave of court, and thus did not provide opportunity for an

312190.1

Plaintiff has conducted sixteen depositions in connection with this lawsuit. In addition, defendants have deposed Plaintiff, along with every other witness to her medical care and treatment at either Howard University Hospital or George Washington University Hospital with relation to the claims set forth in the original Complaint. Defendant has also served written discovery on Plaintiff based on the allegations in the Complaint and have exhausted the permitted number of interrogatories under the Federal Rules.[3] As the majority of fact discovery has been completed, it is prejudicial to the Defendant to force him to incur the time and expense of engaging in essentially the same procedures to ascertain the basis of the new allegations at this late juncture.

Furthermore, Plaintiff does not merely seek to amend the complaint to conform to discovered evidence, but rather sets forth a brand new cause of action under the D. C. Consumer Protection Procedures Act, largely distinct from the previously offered medical negligence claims. *See* D.C. Code § 28-3901, *et seq.* Damage awards associated with Plaintiff's new claim provide drastic remedies such as punitive damages, treble damages and attorney's fees. The provision for treble damages is especially troublesome in light of the fact that significant discovery that has been conducted without the opportunity to ascertain what damages, if any, plaintiff suffered due to the alleged misrepresentation of the medical defendants. Defendant is severely prejudiced by the attempted addition of a new and substantially different claim after the relevant discovery has been conducted. It is unjust to permit Plaintiff this eleventh hour amendment and force Defendant to once again undertake substantial discovery that has been

---

opposition. *See Bell v. Executive Committee of the United Food and Commercial Workers Penion Plan for Employees,* 191 F. Supp.2d 10, 13 (D.D.C. 2002).

painstakingly completed, or worse, defend the claim without the aid of relevant discovery at all.

Moreover, there is no just reason for Plaintiff's delay in asserting the D.C. Consumer Protection Procedures Act claim in the First Amended Complaint. The facts upon which Plaintiff's new claim is based are alleged statements regarding the requirements of police authorization to perform a SANE exam, that the SANE nurse was to perform all SANE exams and that Howard University Hospital is the designated hospital for the District of Columbia SANE program. *See* First Amended Complaint, ¶¶ 100-106. A review of Plaintiff's Complaint filed almost one year before the First Amended Complaint demonstrates that these "facts" constituting the alleged misrepresentations have been known to Plaintiff for the duration of this action *See* August 21, 2007 Complaint, ¶¶ 40, 47, 56, 57, 61, 63, 65. There is no justifiable reason for such a delay in light of the considerable volume of discovery that has been undertaken by all parties, during which the additional allegations could have been addressed with timely amendment by Plaintiff. Thus, in light of the extensive discovery that the parties have undergone, it is inexcusable to unnecessarily postpone this amendment and preclude Defendant from including these allegations in his discovery plan in order to prepare a proper defense and Plaintiff's First Amended Complaint must be struck.

## III.    CONCLUSION

In consideration of Plaintiff's failure to follow the requirements of Rule 15 (a), the undue delay in filing the First Amended Complaint, and the significant prejudice which Defendant would suffer if amendment were permitted, Defendant respectfully

---

[3] Defendant notes for the record his objection to Plaintiff's interpretation of "discrete subparts" and failure to answer all interrogatories propounded on behalf of Dr. Lang. However, by either parties count,

312190.1

requests this Court grant the instant Motion and strike the First Amended Complaint, or in the alternative, strike Count VI, alleging a cause of action under the D.C. Consumer Protection Procedures Act, from the First Amended Complaint and any other relief the Court deems just.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


By:    /s/ Robert W. Goodson
       Robert W. Goodson, # 935239

       /s/ Deidre L. Robokos
       Deidre L. Robokos, # 492013
       The Colorado Building
       1341 G Street, N.W.
       Suite 500
       Washington, D.C.  20005
       Robert.Goodson@wilsonelser.com
       Deidre.Robokos@wilsonelser.com

       (202) 626-7660
       (202) 628-3606 (facsimile)

---

Defendant has propounded the maximum number of interrogatories.

7

312190.1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDRIA MCGAUGHEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-CV-01498 (RJL) |
| | ) | |
| v. | ) | The Honorable Richard J. Leon |
| | ) | |
| DISTRICT OF COLUMBIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

UPON CONSIDERATION of, any opposition thereto, and the entire record herein,

It is this _____ day of _____ 200__,

ORDERED that Defendant Christopher Lang, M.D.'s Motion to Strike Plaintiff's First Amended Complaint is GRANTED; and it is further

ORDERED that Plaintiff's First Amended Complaint be and is hereby struck.

_____

The Honorable Richard J. Leon

8

312190.1