# Exhibit F

**Plaintiff's Document Requests to the District**

**To Plaintiff's Motion to Compel Defendant the District of Columbia to Produce Documents**

*McGaughey v. District of Columbia, et al.*, **No. 1:07-cv-01498 (RJL)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALEXANDRIA McGAUGHEY,           )
                                )
           Plaintiff,            )
                                )  Case No. 1:07-cv-01498 (RJL)
v.                              )
                                )
DISTRICT OF COLUMBIA, et al.,    )
                                )
           Defendants.           )
_____)

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DISTRICT OF COLUMBIA

Pursuant to the Federal Rules of Civil Procedure, Plaintiff, by and through undersigned counsel, requests that Defendant District of Columbia ("the District") produce the following documents for inspection and copying within 30 days of the service of these Requests, at the offices of Spiva & Hartnett LLP, 1776 Massachusetts Avenue, N.W., Suite 600, Washington, D.C., 20036, or at such time and place as may be agreed upon by all counsel. Plaintiff also demands a written response setting forth the specific demands to which the District will or will not produce responsive documents within 30 days of the service of these Requests.

## DEFINITIONS

As used in the Requests, the words and phrases below shall have the following meanings:

1. "Document" means any handwritten, printed, typed, photographed, phone-or-tape recorded, graphic matter, computer data, computer diskettes, and computer hard drive memory, however otherwise produced or reproduced, and, without limitation, all communications, e-mails, facsimiles, contracts, agreements, reports, correspondence, telegrams, memoranda, summaries or records of conversations in person or by telephone, meetings or contract negotiations, diaries, records, books, letters, papers, marginal notations, photographs, ledgers or

1

other records, drawings, charts, graphs, sketches, plans, notes, drafts, receipts, invoices, cancelled checks and other writings or recordings of whatever nature and description. If a Document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of subsequent notation or other modification of any kind whatever), each Non-Identical Copy is a separate Document.

2. "Person" means any natural person, group of natural persons, firm, business, corporation, partnership, government agency or board, association, proprietorship, organization, or any other legal or business entity.

3. "Non-identical copies" means any copy of a Document that is not identical to any other copy thereof, by reason of any alterations, marginal notes, comments, or other material contained thereon or attached thereto, or otherwise.

4. "And" shall be construed to include the term "or" and "or" shall be construed to include the word "and."

5. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

6. "Any" shall be construed to include "all," and "all" shall be construed to include "any."

7. "Communication" means the transmittal of information by any means.

8. "The District" means "The District of Columbia" and its employees, agents, representatives and attorneys, and includes the District of Columbia Metropolitan Police Department ("MPD") and its employees, agents, representatives and attorneys.

9. "MPD" means the "District of Columbia Metropolitan Police Department" and its employees, agents, representatives and attorneys.

10. "You" or "Your" include the District and the MPD, and any of their employees, agents, representatives and attorneys.

11. The present tense includes the past and future tenses and vice versa. The singular includes the plural, and the plural includes the singular.

## INSTRUCTIONS

1. Each Request seeks all Documents in the possession, custody or control of the District, whether the Documents are possessed directly by the District or by any of the District's partners, managers, agents, servants, employees, contractors, investigators, subordinates, representatives, or unless privileged, attorneys.

2. The Documents requested are to be produced as they are kept in the usual course of business or organized and labeled to correspond to the numbered paragraphs and/or categories of particular requests. If there are no Documents responsive to a particular numbered paragraph and/or category, so state in writing.

3. For each Request, You should provide a written response identifying the Documents or categories of Documents being produced.

4. If the requested Documents are maintained in a file, the file folder is included in the Request for production of those Documents.

5. All Documents produced in response to these Requests shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested. All draft as well as final versions of the Document shall be produced, and all versions or copies that are not identical to the original or other produced copy of the document, whether due to handwritten notations, revisions or otherwise, shall be produced.

6. If You object to any portion of these Requests, You must respond to those

3

portions of the Requests to which You have no objection.

7. Should You claim privilege or make an objection with respect to any Documents, You are to provide the following information:

   a. the name and title of the author(s), sender(s), addressee(s), recipient(s), and present custodian(s) of the document;

   b. the date the Document was originated;

   c. the date and title of each Person to whom the contents of the Document has been communicated (by copy, exhibition, reading, summarization, or otherwise);

   d. a description of the nature and subject matter of the Document; and

   e. a statement of the privilege or objection and the basis upon which it is asserted, including all facts demonstrating that the privilege or objection is proper.

8. If any requested Document has been destroyed or discarded, or is no longer in existence, that Document is to be identified along with the following information: its date of destruction or discard, the manner and reason for its destruction or discard, and the identity of the Document's last custodian and of each Person responsible for the Document's destruction or unavailability.

9. Where anything has been deleted from a produced Document:

   a. specify the nature of the material deleted;

   b. specify the reason for the deletion; and

   c. identify the Person responsible for the deletion.

10. You are under a continuing duty to supplement your responses to these Requests as appropriate.

## REQUESTS FOR PRODUCTION

1. All documents and communications, including but not limited to reports, incident summaries and notes, relating or referring to Plaintiff's alleged sexual assault on December 9, 2006, described in the Complaint.

2. All documents and communications, including but not limited to statements, reports, incident summaries and notes, relating or referring to interactions between the MPD and potential witnesses to Plaintiff's alleged sexual assault on or about December 9, 2006, and/or the events and circumstances surrounding it, including but not limited to Ms. Sade Diké, Ms. Kerston Reid, Ms. Amanda Lockett, Mr. Bilal Curtis, Mr. Robert Lowery (a/k/a "Tito"), and Mr. Brandon Thrasher.

3. All documents and communications, including but not limited to reports, incident summaries and notes, relating or referring to interactions between the MPD and Plaintiff, Ms. Evangeline Allen (Plaintiff's mother), and/or Ms. Raegen McGaughey (Plaintiff's sister) from December 9, 2006 until the present time.

4. MPD Complaint # 167399, MPD incident summary # 06006419, and any documents relating or referring to that complaint and incident summary.

5. All documents, including communications, relating or referring to the MPD's investigation of Plaintiff's alleged sexual assault, including any efforts to identify and apprehend the perpetrator of that alleged sexual assault.

6. All documents, including communications, relating or referring to the MPD's involvement in the determination as to whether a forensic sexual assault examination of Plaintiff would be performed on December 9 or December 10, 2006, or any time thereafter.

7. All documents or communications, including personal notes, related to Plaintiff,

5

Ms. Evangeline Allen, Ms. Raegen McGaughey, Ms. Sade Diké, Ms. Kerston Reid, and/or Ms. Amanda Lockett prepared by (in whole or in part) or in the custody of Officer Michael Minor, Officer Ginette Leveque, Officer Tandreia Green, Detective Dana Spriggs, Detective Elgin Wheeler, Detective Kevin Rice, Sergeant Ronald Reid, Detective Marshall, Detective Arnita Briggs, Officer Fields, Officer Tracy Hughes, Sergeant Hayes, Victim Specialist Esther Thomas, and/or any other MPD employee who had any contact with Plaintiff, Ms. Evangeline Allen, Ms. Raegen McGaughey, Ms. Sade Diké, Ms. Kerston Reid, and/or Ms. Amanda Lockett from December 9, 2006 through the present.

8. All documents pertaining to the MPD policies, procedures, practices, and/or criteria for classifying a police report as a Miscellaneous Report.

9. All documents pertaining to the MPD policies, procedures, practices, and/or criteria for classifying a police report as an alleged sexual assault.

10. All documents embodying, referring or relating to the policies, procedures and/or practices of the MPD's Sex Assault Unit, including but not limited to any General Orders (including but not limited to G.O. 304.6); Special Orders; and internal, unpublished guidelines (such as those referenced in the District's initial disclosures at page 4).

11. All documents embodying, referring or relating to the policies, procedures and/or practices of the MPD's Victim Specialists Unit, including but not limited to any General Orders (including but not limited to G.O. 304.6); Special Orders; and internal, unpublished guidelines (such as those referenced in the District's initial disclosures at page 4).

12. All documents (whether specific to sexual assault cases or generally applicable, including to sexual assault cases) embodying, referring or relating to the policies, procedures and/or practices of the MPD regarding MPD employees' investigation and reporting of a

potential victim's complaint of an alleged sexual assault.

13. All documents embodying, referring or relating to the policies, procedures, practices and/or role of the MPD, including but not limited to the Sex Assault Unit and the Victim Specialists Unit, regarding the administration of and/or payment for forensic sexual assault examinations in the District of Columbia.

14. All documents embodying, referring or relating to the policies, procedures and/or practices of any District agency or entity other than the MPD, including the Office of Victim Services, regarding the administration of and/or payment for forensic sexual assault examinations in the District of Columbia.

15. All documents related to the District's, the MPD's, or any District entity's or employee's role, if any, in "authorizing" forensic sexual assault examinations in the District of Columbia.

16. All documents related to the assertion that hospitals in the District, including Howard University Hospital or George Washington University Hospital, may not provide treatment for sexual assault (other than a forensic sexual assault examination) absent the "authorization" of the District, the MPD, or some other District entity or employee.

17. All documents referring or relating to the training of MPD employees, including but not limited to employees of the Sex Assault Unit and the Victim Specialists Unit, in handling alleged sexual assault complaints and/or alleged sexual assault victims.

18. All documents referring or relating to the training of MPD employees, including but not limited to employees of the Sex Assault Unit and the Victim Specialists Unit, in handling potential victims of date rape drugs or drug- or alcohol-induced sexual assault.

19. All documents referring or relating to the training of MPD employees, including

7

but not limited to employees of the Sex Assault Unit and the Victim Specialists Unit, in handling potential crime victims, including victims of alleged sexual assault, who appear to be intoxicated.

20. All documents referring or relating to the training of employees of the District of Columbia Fire and Emergency Medical Services ("FEMS"), in handling alleged sexual assault complaints, alleged sexual assault victims, individuals potentially under the influence of date rape drugs, and/or individuals potentially under the influence of alcohol.

21. All documents referring or relating to the District's actions, if any, taken in response to the 2006 investigation by the District's Office of the Inspector General into the death of David E. Rosenbaum (*see* http://oig.dc.gov/news/view1.asp?url=release06%2FRosenbaum 061906.pdf&mode=testimony&archived=0&month=00000).

22. All reports, studies, data compilations and/or complaints regarding forensic sexual assault examinations requested, authorized, and/or conducted in the District of Columbia for the ten (10) years preceding the date of these requests.

23. All documents, including records and communications, regarding monies paid or received by the District and/or its agencies related to forensic sexual assault examinations for the ten (10) years preceding the date of these requests.

24. All documents related to the District's involvement, if any, regarding sexual assault, with the United States Department of Justice's Office for Victims of Crime; the United States Department of Justice's Office on Violence Against Women; and/or the "STOP (Services • Training • Officers • Prosecutors) Violence Against Women Formula Grant Program."

25. All documents relied upon as a basis for the statements made on the MPD Sex Assault Unit's webpage (http://mpdc.dc.gov/mpdc/cwp/view,a,1232,q,556783,mpdcNav_ GID,1523,mpdcNav,|31417|.asp 17), including but not limited to the following statements:

"[t]he members of the Sex Assault Unit are specially trained in the investigation of sexual assault"; "the detectives recognize and understand the sensitive, personal and invasive nature of sexual assault crimes"; and "[s]exual assault crimes are investigated with respect for the rights of the accused and the victim."

26. All documents embodying, referring or relating to the policies, procedures and/or practices of the District's Sexual Assault Response Team ("SART"), and/or the District's involvement in and/or relationship to SART.

27. All documents embodying, referring or relating to the policies, procedures and/or practices of the Sexual Assault Nurse Examiner ("SANE") Program at Howard University Hospital, and/or the District's involvement in and/or relationship to the SANE program.

28. All documents embodying, referring or relating to the policies, procedures and/or practices of the D.C. Rape Crisis Center and/or the District's involvement in and/or relationship to the D.C. Rape Crisis Center.

29. All documents embodying, referring or relating to complaints received by the MPD in the past ten (10) years regarding MPD employees' conduct or investigation in cases involving sexual assault and/or date rape drugs.

30. All documents embodying, referring or relating to complaints received by the MPD against: Officer Michael Minor, Officer Ginette Leveque, Officer Tandreia Green, Detective Dana Spriggs, Detective Elgin Wheeler, Detective Kevin Rice, Sergeant Ronald Reid, Detective Marshall, Detective Arnita Briggs, Officer Fields, Officer Tracy Hughes, Sergeant Hayes, Victim Specialist Esther Thomas, and/or any other MPD employee who had any contact from December 9, 2006 through the present with Plaintiff, Ms. Evangeline Allen, Ms. Raegen McGaughey, Ms. Sade Diké, Ms. Kerston Reid, or Ms. Amanda Lockett.

31. All documents embodying, referring or relating to training regarding sexual assault cases, forensic sexual assault examinations, and/or date rape drugs, received by Officer Michael Minor, Officer Ginette Leveque, Officer Tandreia Green, Detective Dana Spriggs, Detective Elgin Wheeler, Detective Kevin Rice, Sergeant Ronald Reid, Detective Marshall, Detective Arnita Briggs, Officer Fields, Officer Tracy Hughes, Sergeant Hayes, Victim Specialist Esther Thomas, and/or any other MPD employee who had any contact from December 9, 2006 through the present with Plaintiff, Ms. Evangeline Allen, Ms. Raegen McGaughey, Ms. Sade Diké, Ms. Kerston Reid, or Ms. Amanda Lockett.

32. All documents that You may use to support your defenses in this action.

Dated: March 12, 2008

Respectfully submitted,

Bruce V. Spiva, D.C. Bar. No. 443754
bspiva@spivahartnett.com
Kathleen R. Hartnett, D.C. Bar. No. 483250
khartnett@spivahartnett.com
SPIVA & HARTNETT LLP
1776 Massachusetts Avenue, N.W.
Suite 600
Washington, D.C. 20036
Telephone: (202) 785-0601
Facsimile: (202) 785-0697

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2008, a true and correct copy of the foregoing Plaintiff's First Set of Requests for Production of Documents to Defendant District of Columbia was served via e-mail and hand delivery on:

>Michelle H. Davy
>  michelle.davy@dc.gov
>OFFICE OF THE ATTORNEY GENERAL
>  FOR THE DISTRICT OF COLUMBIA
>441 4th Street, N.W, Room 6S085
>Washington, D.C. 20007

and was served via e-mail and first-class U.S. Mail, postage prepaid, on:

Karen R. Turner
  karen.turner@hacdlaw.com
HAMILTON ALTMAN CANALE & DILLON, LLC
4600 East-West Highway, Suite 201
Bethesda, MD 20814

Larry D. McAfee
  lmcafee@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN, CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Robert W. Goodson
  robert.goodson@wilsonelser.com
Deidre L. Robokos
  deidre.robokos@wilsonelser.com
Christine M. Costantino
  chrissy.costantino@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW, Suite 500
Washington, D.C. 20005-3105

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

_/s/ Bruce V. Spiva_
Bruce V. Spiva