# Exhibit G

**7/31/08 Letter from K. Hartnett**

**To Plaintiff's Motion to Compel Defendant District Hospital Partners, L.P. d/b/a George Washington University Hospital to Produce Documents**

*McGaughey v. District of Columbia, et al.*, **No. 1:07-cv-01498 (RJL)**

# SPIVA & HARTNETT LLP

1776 MASSACHUSETTS AVENUE, N.W., SUITE 600

WASHINGTON, D.C. 20036

(202) 785-0601   (202) 785-0697 (FAX)

KATHLEEN R. HARTNETT
KHARTNETT@SPIVAHARTNETT.COM

July 31, 2008

**BY EMAIL AND U.S. MAIL**

Adam Kelley, Esq.
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

      Re:    <u>*McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)</u>

Dear Adam:

      This letter concerns District Hospital Partners, L.P. d/b/a George Washington University Hospital's ("GWUH's") Responses ("Responses") to Plaintiff's First Set of Requests for Production of Documents ("Requests"), as well as your follow-up letter dated June 5, 2008, enclosing "the GWUH protocol on Sexual Assault." As detailed below, we request clarification and complete responses with respect to several of your Responses, as well as with respect to your letter of June 5. We are available to meet and confer with you regarding these matters any day of the remainder of this week, or any day, Monday through Thursday, of next week.

**GWUH Protocol on Sexual Assault**

      As noted, on June 5, 2008, you supplied us with the GWUH protocol on Sexual Assault, which you stated that you confirmed "was still in effect as of December 2006." It was unclear from your letter whether there is a different version of that policy that subsequently went into effect. Please confirm whether the policy you produced remains in effect to this day, and if it does not, please provide a copy of any policies or other documents related to the handling of alleged sexual assault patients postdating the policy that you provided.

      Moreover, both in our exchanges at depositions and in your Reponses, you have indicated a view that Plaintiff is entitled to documents only if those documents pertain to policies, practices, procedures, in effect as of December 2006. We strongly disagree. Particularly to the extent that there have been changes in policy or practice at GWUH since December 2006, Plaintiff is entitled to know what those policy or practice changes are, as they pertain to the capabilities of GWUH and to some Defendants' apparent position in this case that GWUH is unable to provide the type of treatment and testing that Plaintiff sought at GWUH. In addition, Plaintiff is entitled to discovery of any preexisting policies or practices to the extent those

SPIVA & HARTNETT LLP

Adam Kelley, Esq.
July 31, 2008
Page 2 of 13

policies or practices were replaced or referenced by the policies in effect as of December 2006. Thus, we request that you produce the requested documents with respect to the time period of December 2006 to the present, as well as all prior policies and practices replaced or referenced by the policies and practices in existence as of December 2006.

Finally, although we of course appreciate your production of the GWUH protocol, our Requests were not limited to formal policies and procedures, but sought all documents related to GWUH's handling of alleged sexual assault patients. *See, e.g.*, Request Nos. 21-37. Several witnesses have testified to additional documents concerning the handling of sexual assault patients, such as contact information concerning the MPD contained in IBEX, *see, e.g.*, Wahlgren Dep. at 108-09, 271, and potential diagnoses and discharge instructions related to sexual assault patients. Please search for and produce all documents related to the handling of sexual assault patients at GWUH that are responsive to Plaintiff's requests, regardless whether those documents are formal GWUH policies and procedures (which Plaintiff also requests).

### Responses to Plaintiff's Request for Production

**General Objections.** GWUH has objected to Plaintiff's Requests to the extent they assume that "employees of GWU and/or MFA were GWUH's agents, which was not the case." Responses at 1-2. Of course, Plaintiff will need certain documents to be able to determine whether this assertion concerning agency is accurate. As medical personnel staffing the GWUH emergency room during Plaintiff's visit, both Dr. Lang (apparently an MFA employee) and Dr. Khozeimeh (apparently a GWU employee), appeared to Plaintiff to be working for GWUH. In addition, Plaintiff's Requests seek responsive documents regardless whether GWU and MFA are GWUH's agents, and thus this objection should not preclude production of all non-privileged, responsive documents within GWUH's possession, custody or control.

**Privilege Log.** For several of your Responses, you state that you are not aware of any "non-privileged" responsive documents. Please produce a privilege log reflecting all responsive documents withheld under a claim of privilege.

**Request Nos. 1, 4-10.** Your Responses to these Requests refer to "Plaintiff's medical records from her December 9-10, 2006 visit to GWUH, which Defendant has already produced to Plaintiff." At Nurse Autry's deposition, it became clear that Plaintiff's discharge instructions were not part of Plaintiff's medical records produced by GWUH (although Plaintiff has retained her own copy of the instructions, which were an exhibit at that deposition). *See* Autry Dep. at 98, 137-39. Further, Nurse Autry explained that ordinarily those instructions as well as a discharge receipt would be part of a patient's electronic medical record, and that Plaintiff's medical record indicates that discharge documentation was in fact scanned in as part of her electronic medical records. *See id.* At that time, we requested production of the discharge instructions and receipt, to the extent that those are part of Plaintiff's GWUH medical records. Please search for and produce those documents, if they exist, and if your search does not uncover those documents, please inform us in writing and describe the nature of your search.

Adam Kelley, Esq.
July 31, 2008
Page 3 of 13

**Request No. 11.** Despite your objections to this Request, which seeks documents related to inquiries or investigations concerning Plaintiff's claims against GWUH, you have responded that GWUH "is unaware of any non-privileged, responsive documents." Please clarify whether there are privileged, responsive documents, and if so, please produce a privilege log so that we can assess any claims of privilege. You have objected to the term "conducted" as ambiguous because "the entity doing the conducting is unspecified." We disagree that this term is ambiguous because it does not pertain to a particular entity, but rather applies to any documents related to inquiries or investigations in GWUH's possession, custody, or control, regardless of what entity "did the conducting."

**Request Nos. 12-13.** These Requests seek basic policy, procedure and practice documents that apply to the work of the GWUH medical personnel involved in Plaintiff's treatment. It is clear that such documents exist. For example, Nurse Autry stated that there are policies and procedures that govern her work in the GWUH emergency department – both general standards of practice and policies "specific to the emergency department" – which she has been trained on and which she accesses via the GWUH intranet. *See* Autry Dep. at 23-24. Nurse Wahlgren similarly testified to institutional policies and procedures applicable to the GWUH emergency department, which are available both by hardcopy and on the GWUH intranet. *See* Wahlgren Dep. at 63-66. In contrast, neither Dr. Lang nor Dr. Khozeimeh stated an awareness of such practices and procedures that apply to their work in the GWUH emergency department, *see, e.g.*, Lang Dep. at 85-87, 92-93, 125-27; Khozeimeh Dep. at 11-12, 66-68.

Plaintiff is entitled to these documents, which are reasonably calculated to lead to the discovery of admissible evidence because they are likely to indicate standards of practice applicable to this case, and they are also evidence of the training (or lack thereof) of medical personnel who work at GWUH. To date, GWUH has produced one document other than Plaintiff's medical records – a Sexual Assault protocol from the "George Washington University Hospital Emergency Department Practice Manual." That protocol is facially applicable to "Emergency Department Attending Physicians" and "Emergency Department Registered Nurses." Presumably, other such policies or protocols exists as part of the emergency department practice manual regarding other topics at issue in this case.

Accordingly, Plaintiff reiterates her request for the documents requested in Request Nos. 12-13. Plaintiff specifically requests a copy of the GWUH emergency department practice manual. That manual is available on the GWUH intranet, as GWUH witnesses have testified, and it thus would be a negligible burden at most for GWUH to produce such plainly relevant materials. We are open to discussing the production of such documents in accessible electronic form. Plaintiff also specifically requests all other documents that constitute or set forth policies, procedures, practices, guidelines and the like for the GWUH emergency department. Similarly, the GWUH medical staff bylaws, rules and regulations appear to be available electronically, *see* https://www.gwhospital.com/index.php?PageID=2098 (webpage not accessible to the public), and thus we specifically request those documents as well.

SPIVA & HARTNETT LLP

Adam Kelley, Esq.
July 31, 2008
Page 4 of 13

Finally, we disagree with your objection that these Requests are "prohibitively ambiguous." To the extent there is any specific confusion about these Requests, please inform us and we will make our best effort to clarify.

**Request Nos. 14-15.** You have refused to respond to these Requests based on your claim that "Plaintiff has made no claim regarding" the topics at issue in these Requests. That is not a proper basis for refusing to respond. Plaintiff is entitled to know the GWUH policies regarding her intake paperwork (which she completed and which is part of her GWUH medical record at issue in this case) as well as her medical records (which she sought from GWUH after her treatment there in December 2006). These Requests are reasonably calculated to lead to the discovery of admissible evidence, which is the applicable standard at this juncture. You have also objected that this Request is "prohibitively ambiguous" based on the word "embodying," but in this context "embodying" plainly is synonymous with "constituting" – *i.e.*, documents that are themselves the requested policies, procedures or practices. You have objected further that this Request is not limited to the time period of Plaintiff's treatment at GWUH. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Thus, please search for and produce such documents, and if you are withholding documents based on a claim of privilege, please supply a privilege log.

**Request No. 16.** For the reasons described with respect to Request Nos. 14-15, we disagree that the documents sought by this Request are not reasonably calculated to lead to the discovery of admissible evidence, or that this Request is otherwise objectionable. Regardless whether Plaintiff formally filed a Complaint against GWUH (a term with obvious meaning, *see, e.g.*, "GWUH Compliment and Complaint Form," available at https://www.gwhospital.com/index.php?PageID=2098), she (and her sister) did in fact complain about the care she received there, *see, e.g.*, Wahlgren Dep. at 236-41. She thus is entitled to know whether there are GWUH policies, practices and procedures pertaining to complaints.

Your Response indicates that you are searching for "written protocols that were in effect" as of December 2006 regarding complaints in the GWUH emergency department. You have not indicated to us whether your search has uncovered responsive documents. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Moreover, we request not only "written protocols," but all responsive documents. Thus, please search for and produce such documents, and if you are withholding documents based on a claim of privilege, please supply a privilege log.

**Request No. 17.** For the reasons described with respect to Request Nos. 14-15, we disagree that the documents sought by this Request are not reasonably calculated to lead to the discovery of admissible evidence, or that this Request is otherwise objectionable. Although Plaintiff has not yet pleaded a formal EMTALA claim against GWUH, she has alleged that

SPIVA & HARTNETT LLP

Adam Kelley, Esq.
July 31, 2008
Page 5 of 13

GWUH refused her certain treatment and refused to treat her promptly – topics covered by EMTALA. Thus, please search for and produce such documents, and if you are withholding documents based on a claim of privilege, please supply a privilege log.

   **Request No. 19.** For the reasons described with respect to Request Nos. 14-15, we disagree that the documents sought by this Request are not reasonably calculated to lead to the discovery of admissible evidence, or that this Request is otherwise objectionable. You have refused to respond to this Request based in part on your statement that "Plaintiff has made no claim that she was intoxicated or vomiting during her December 9-10, 2006." That is not accurate. Plaintiff presented for treatment at GWUH in the evening of December 9, 2006, somewhere between 12 and 24 hours after she had been allegedly drugged and sexually assaulted. To date, there is no indication that GWUH personnel tested her for drug toxicity, despite her complaint that she may have been exposed to date rape drugs just hours before. Moreover, GWUH personnel did not test her for alcohol intoxication, despite indications by some GWUH personnel in Plaintiff's medical records that she may have been under the influence of alcohol at the time she was assaulted just hours before. Plaintiff's claims against GWUH encompass her entire presentation and treatment there, and she is entitled to discovery of GWUH policies, procedures and practices regarding the handling and release of patients who suspect they have been exposed to intoxicating substances such as drugs and alcohol. Thus, please search for and produce such documents, and if you are withholding documents based on a claim of privilege, please supply a privilege log.

   **Request No. 20.** Although you have objected to this Request, you also stated that GWUH "is investigating the existence of any responsive written protocols that were in effect in the GWUH emergency room in December 2006." For the reasons described above, your objections to this Request lack merit. Plaintiff has specifically pleaded in the Complaint that she was not permitted to be accompanied by the person of her choice while at GWUH, and thus the requested documents are plainly relevant. By your June 5, 2008 letter, you indicated that you searched for, but did not find, protocols responsive to this Request. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Moreover, we request not only "written protocols," but all responsive documents. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

   **Request No. 21.** This topic has been discussed above with respect to the GWUH Protocol on Sexual Assault. The requested documents are clearly relevant and this Request is otherwise unobjectionable, as explained above. You have supplemented your Response with the Protocol provided on June 5, 2008. As explained above, Plaintiff seeks documents from December 2006 to the present, as well as preexisting documents referenced or replaced by document in effect as of December 2006. Moreover, we request not only "written protocols," but all responsive documents. Please search for and produce any additional responsive

SPIVA & HARTNETT LLP

Adam Kelley, Esq.
July 31, 2008
Page 6 of 13

documents, and if none exist, please state so in writing. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 22.** Although you have objected to this Request, you also stated that GWUH "is investigating the existence of any responsive written protocols that were in effect in the GWUH emergency room in December 2006." For the reasons described above, your objections to this Request lack merit. By your June 5, 2008 letter, you indicated that you searched for, but did not find, protocols responsive to this Request. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Moreover, we request not only "written protocols," but all responsive documents. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 23.** *See* discussion concerning Request No. 19, which explains why these documents are reasonably calculated to lead to the discovery of admissible evidence, and why this Request is otherwise unobjectionable. Please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 24.** Although you have objected to this Request, you also stated that GWUH "is investigating the existence of any responsive written protocols that were in effect in the GWUH emergency room in December 2006." For the reasons described above, your objections to this Request lack merit. Although Plaintiff wanted to and in fact did (on multiple occasions) report her alleged sexual assault to law enforcement authorities, the handling by GWUH of sexual assault patients who do not wish to report to authorities is plainly relevant to her claims because it indicates GWUH's capabilities with respect to sexual assault patients absent the involvement or "authorization" of law enforcement. You have supplemented your Response with the Protocol provided on June 5, 2008. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Moreover, we request not only "written protocols," but all responsive documents. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request Nos. 25-26.** Although you have objected to these Requests, you also stated that GWUH "is investigating the existence of any responsive written protocols that were in effect in the GWUH emergency room in December 2006." For the reasons described above, your objections to this Request lack merit. You have supplemented your Responses to these Requests with the Protocol provided on June 5, 2008. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that

SPIVA & HARTNETT LLP

Adam Kelley, Esq.
July 31, 2008
Page 7 of 13

they are referred to or replaced by documents in effect as of December 2006. Moreover, we request not only "written protocols," but all responsive documents. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 27.** Although you have objected to this Request, you also stated that GWUH "is investigating the existence of any responsive written protocols that were in effect in the GWUH emergency room in December 2006." For the reasons described above, your objections to this Request lack merit. You also object to the word "relationship" as ambiguous, but this Request does not use that term. By your June 5, 2008 letter, you indicated that you searched for, but did not find, protocols responsive to this Request. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Moreover, we request not only "written protocols," but all responsive documents. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request Nos. 28-29.** Although you have objected to these Requests, you also stated that GWUH "is investigating the existence of any responsive written protocols that were in effect in the GWUH emergency room in December 2006." For the reasons described above, your objections to these Requests lack merit. You also object to the word "relationship" as ambiguous, but these Requests do not use that term. In addition, you object regarding documents produced or maintained by entities other than GWUH, but, as the Requests make clear, such documents are responsive if they are in the possession, custody or control of GWUH. You have supplemented your Responses to these Requests with the Protocol provided on June 5, 2008. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Moreover, we request not only "written protocols," but all responsive documents. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 30.** Although you have objected to this Request, you also stated that GWUH "is investigating the existence of any responsive, non-privileged documentation relating to the period of time at issue in this case." For the reasons described above, your objections to this Request lack merit. In addition, the word "assertion" is not "prohibitively ambiguous," as this Request seeks documents related to the assertion (*i.e.*, the proposition) set forth in the Request, and it does not attribute the assertion at issue to anyone, including GWUH. You also object regarding documents produced or maintained by entities other than GWUH, but, as the Requests make clear, such documents are responsive if they are in the possession, custody or control of GWUH. You have supplemented your Response to this Request with the Protocol

Adam Kelley, Esq.
July 31, 2008
Page 8 of 13

provided on June 5, 2008. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 31.** Although you have objected to this Request, you also stated that GWUH "is investigating the existence of any responsive, non-privileged documentation relating to the period of time at issue in this case." For the reasons described above, your objections to this Request lack merit. In addition, the word "assertion" is not "prohibitively ambiguous," as this Request seeks documents related to the assertion (*i.e.*, the proposition) set forth in the Request, and it does not attribute the assertion at issue to anyone, including GWUH. You also object regarding documents produced or maintained by entities other than GWUH, but, as the Requests make clear, such documents are responsive if they are in the possession, custody or control of GWUH. Finally, you claim that the phrase "treatment for sexual assault (other than a forensic sexual assault examination)" is confusing. For purposes of this Request please construe it to mean all treatment for sexual assault other the "sexual assault kit" that several GWUH witnesses have claimed is not kept at GWUH. You have supplemented your Response to this Request with the Protocol provided on June 5, 2008. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request Nos. 32-33.** Although you have objected to these Requests, you also stated that GWUH "is investigating the existence of any responsive, non-privileged documentation relating to the training of GWUH employees in treating victims of alleged sexual assault during the period of time at issue in this case." For the reasons described above, your objections to these Requests lack merit. In addition, the word "handling" is not "prohibitively ambiguous," but is a general term regarding the management of the individuals at issue, and is further explained in the Requests as encompassing treatment, investigation and administering sexual assault medical forensic examinations. Please consider the term "handling" to include all "care and treatment" rendered at GWUH, as well as the other activities described in these Requests. You also object regarding documents "relating to the training of GWU and MFA employees," but, as the Requests make clear, such documents are responsive if they are in the possession, custody or control of GWUH. Even though individuals such as Dr. Lang and Dr. Khozeimeh may be employed by entities other than GWUH, they work at GWUH, hold themselves out as GWUH representatives and presumably have received some training from GWUH. For example, GWUH's Sexual Assault Protocol, on its face, applies to attending physicians like Dr. Lang.

Adam Kelley, Esq.
July 31, 2008
Page 9 of 13

You have supplemented your Responses to these Requests with the Protocol provided on June 5, 2008. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Moreover, we request all responsive documents in GWUH's possession, custody or control, and not just those "relating to the training of GWUH employees." Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 34.** *See* discussion concerning Request Nos. 19 and 32-33, which explains why these documents are reasonably calculated to lead to the discovery of admissible evidence, and why this Request is otherwise unobjectionable. Please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 35.** You have refused to respond to this Request based on your assertion that GWUH "does not train" GWU police officers. However, this Request seeks documents related to the training of GWU police personnel regarding sexual assault complaints, regardless whether GWUH trains those personnel. These documents are plainly relevant, including based on the representations made on the GWU police website regarding the care and treatment available to sexual assault patients at GWUH. *See* http://gwired.gwu.edu/upd/Compliance/MainCampusesPart3/. Thus, to the extent that GWUH has responsive documents in its possession, custody or control, please produce those documents. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 36.** Although you have objected to this Request, you also stated that GWUH "is investigating the existence of any responsive, non-privileged documents relating to the GWU Sexual Crisis Consultation Team protocols that were in effect in December 2006." (Please note that this Team's full name is the "Sexual Assault Crisis Consultation Team," but "Assault" was inadvertently omitted in the Request.) For the reasons described above, your objections to this Request lack merit. You also object by claiming that GWUH does not train the GWU Sexual Assault Crisis Consultation Team, but this Request seeks documents related to that Team in GWUH's possession, custody or control, regardless whether GWUH trains the Team. By your June 5, 2008 letter, you indicated that you searched for, but did not find, protocols responsive to this Request. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Furthermore, the Request covers not only documents related to "protocols," but all responsive documents. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

SPIVA & HARTNETT LLP

Adam Kelley, Esq.
July 31, 2008
Page 10 of 13

**Request Nos. 38-39.** You have objected on several grounds to these Requests for data pertaining to sexual assault medical forensic examinations in the District of Columbia, including at GWUH, during the past 10 years. Such data is of central relevance to this matter, as it will shed light on practices regarding sexual assault patients in the District of Columbia, including at GWUH, such as the circumstances in which the exam is given, which individuals and entities administer the SANE exam, and whether Plaintiff was denied an exam for reasons other than those claimed by GWUH and other Defendants. You have objected based on HIPAA and various other privileges, but have not provided a privilege log so that Plaintiff can assess your claims of privilege. You also have not explained why minimal redaction could not alleviate any privacy issue. Accordingly, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request Nos. 40-41.** Although you have objected to these Requests, you also stated that GWUH "is investigating the existence of any responsive, non-privileged documents" relating to SART and D.C. Rape Crisis Center "protocols that were in effect in December 2006." As explained above, your objections to these Requests lack merit. In addition, you have objected to the word "relationship" as "prohibitively ambiguous," but in this context that term is clear and refers to any professional association or involvement between the entities referenced in the Request. You also object to the extent that these Requests seek documents in third parties' custody, but as the Requests make clear, Plaintiff seeks responsive documents in GWUH's possession, custody or control. By your June 5, 2008 letter, you indicated that you searched for, but did not find, protocols responsive to Request No. 40, and you did not provide additional information regarding Request No. 41. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Furthermore, these Requests cover not only "protocols," but all responsive documents. Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 42.** You have objected to this Request on several grounds, but have stated, "upon information and belief, there are no responsive, non-privileged documents." We disagree that this Request is not reasonably calculated to lead to the discovery of admissible evidence, as well as with your other objections, because this Request is specifically targeted toward complaints regarding cases involving sexual assault and related issues presented by this case. You object that the Request seeks documents solely in the custody of GWU and/or MFA, but this Request seeks documents in GWUH's possession, custody or control. You also have objected based on HIPAA and various other privileges, but have not provided a privilege log so that Plaintiff can assess your claims of privilege or explained why responsive documents cannot be easily redacted to avoid any potential HIPAA concern. As this Response was made on information and belief, please confirm that you have conducted a search and that no responsive

Adam Kelley, Esq.
July 31, 2008
Page 11 of 13

documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 43.** We disagree that this Request is not reasonably calculated to lead to the discovery of relevant evidence or is otherwise objectionable. This Request seeks key employment and credential information about the medical personnel at GWUH who were directly involved with Plaintiff's care and treatment. In particular, we seek responses concerning the medical personnel working at GWUH that have been deposed to date and whom Plaintiff proposes to depose as set forth in her recent Motion for Modification of Scheduling Order and Increase in Number of Depositions Plaintiff May Take. You object that the files of MFA and GWU personnel "would not be in [GWUH's] possession," but we seek all responsive documents in GWUH's possession, custody or control – regardless whether the GWUH medical personnel at issue are formally employed by GWUH. Thus, please produce non-privileged, responsive documents and a privilege log if you are claiming privilege over any other documents otherwise responsive to this Request.

**Request No. 44.** Although you have objected to this Request, you also stated that GWUH "is investigating the existence of any responsive, non-privileged documentation relating to the training of GWUH employees in treating victims of alleged sexual assault during the period of time at issue in this case." For the reasons described above, your objections to this Request lack merit. You also object regarding documents relating to "employees of MFA and GWU," and claim that such individuals "would not receive training from Defendant." However, as the Requests make clear, such documents are responsive if they are in the possession, custody or control of GWUH. Moreover, this Request does not specify that the training at issue must have been administered by GWUH. You have supplemented your Response to this Request with the Protocol provided on June 5, 2008. As explained above, we request responsive documents from December 2006 to the present, as well as earlier documents to the extent that they are referred to or replaced by documents in effect as of December 2006. Moreover, we request all responsive documents in GWUH's possession, custody or control, and not just those "relating to the training of GWUH employees." Thus, please search for and produce all responsive documents, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

**Request No. 45.** You have refused to respond to this Request based on your erroneous claim that this Request is "an impermissible use of discovery" and "an effort to discover the trial tactics and work product of the Defendant's counsel." To the contrary, this Request, which seeks all documents that GWUH "may use to support [its] defenses in this action," is precisely the disclosure required by Federal Rule of Civil Procedure 26(a)(1)(A): "a copy – or description by category and location – of all documents . . . that the disclosing party has in its possession, custody, or control and <u>may use to support its claims or defenses</u> unless the use would be solely for impeachment." Plaintiff's Requests make clear that she is not seeking privileged or otherwise protected documents, but do require that a privilege log be supplied so that Plaintiff can assess any claim of privilege. Please clarify whether GWUH has responsive documents in

SPIVA & HARTNETT LLP

Adam Kelley, Esq.
July 31, 2008
Page 12 of 13

its possession, custody or control, and if you are asserting a claim of privilege over any such documents, please produce a privilege log.

**Request No. 46.** You have refused to respond to this Request, which seeks all materials that GWUH considers authoritative with respect to the treatment at issue in the Complaint. Contrary to your claim, this request is not "an impermissible use of discovery" and "an effort to discover the trial tactics and work product of the Defendant's counsel." Plaintiff is entitled to know what materials, if any, GWUH considers authoritative with respect to the medical treatment at issue in this case. Moreover, this Request is not "prohibitively ambiguous," as the term "treatment" plainly refers to Plaintiff's medical care and treatment, as set forth in the Complaint and medical records in this case, and the term "other sources" (particularly in context) refers to authorities regarding such treatment other than "books" and "articles." To the extent that GWUH may later state that certain sources are authoritative based on any expert opinion it submits, please clarify that you will respond as required by the Court's scheduling order and the rules regarding expert discovery. If, instead, GWUH does not in fact does not consider any materials authoritative with respect to the treatment at issue, please confirm that in writing. Finally, to the extent you have refused to respond based on a claim of privilege, please clarify whether GWUH has responsive documents in its possession, custody or control, and if you are asserting a claim of privilege over any such documents, please produce a privilege log.

**Request No. 47.** You state that Plaintiff seeks "far more information about insurance" than permitted by the Federal Rules. Please note that Federal Rule 26(a)(1)(A)(iv) requires parties to provide "for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." To date, GWUH has produced no documents relating to its insurance coverage. We reiterate our request for documents reflecting GWUH's self-insurance referenced in your Response.

**Request Nos. 49-52.** As you are aware, personnel apparently employed by GWU and MFA, such as Dr. Lang and Dr. Khozeimeh, rendered care and treatment to Plaintiff at GWUH. They held themselves out as GWUH personnel. The one GWUH policy that you have produced to date plainly applies to GWUH emergency room attending physicians such as Dr. Lang. Yet, both in your General Objections and throughout your Responses, you have repeatedly objected o any request for documents regarding MFA or GWU employees, practices, or other matters, based on a claim that GWUH does not have possession, custody or control over such documents and that MFA and GWU employees are not GWUH's agents. Plaintiff anticipated that GWUH would make such claims, which is why these Requests seek information pertaining to the governance of GWUH (relevant to GWU's relationship to and control of GWUH), as well as to the relationship between MFA/GWU and their employees to GWUH (relevant to whether the actions of MFA/GWU employees may be attributed to GWUH, as well as to what policies, practices and procedures are applicable to the medical personnel at issue in this case). Particularly in light of your objections concerning MFA and GWU, the documents sought by these Requests are plainly relevant and necessary for Plaintiff to assess your claim that GWUH

Adam Kelley, Esq.
July 31, 2008
Page 13 of 13

has no responsibility whatsoever for the actions, training and practices of MFA and GWU employees who work at GWUH, as well as no possession, custody or control of documents relevant to such employees. Thus, please search for and produce documents responsive to these Requests, and if none exist, please indicate in writing that no such documents exist. If you are withholding any documents under a claim of privilege, please supply a privilege log.

We look forward to your prompt attention to these matters, and we hope to resolve these issues without court intervention. Please do not hesitate to contact me if you have any questions or would like to discuss further.

Sincerely yours,

*[signature]*

Kathleen R. Hartnett

cc: All Other Defense Counsel of Record (by email only)