# Exhibit H

**9/29/08 Letter from T. Monahan**

**To Plaintiff's Motion to Compel Defendant District Hospital Partners, L.P. d/b/a George Washington University Hospital to Produce Documents**

*McGaughey v. District of Columbia, et al.*, **No. 1:07-cv-01498 (RJL)**

# GOODELL, DEVRIES, LEECH & DANN, LLP

ATTORNEYS AT LAW
ONE SOUTH STREET, 20TH FLOOR
BALTIMORE, MARYLAND 21202

TELEPHONE (410) 783-4000

FACSIMILE (410) 783-4040

THOMAS V. MONAHAN, JR.
TVM@GDLDLAW.COM
WRITER'S DIRECT NUMBER
410-783-4023

ADMITTED TO:
MARYLAND, VIRGINIA AND THE
DISTRICT OF COLUMBIA

September 29, 2008

Bruce Spiva, Esquire
Kathleen Hartnett, Esquire
Spiva & Hartnett, LLP
1776 Massachusetts Avenue, NW
Suite 600
Washington, D.C. 20036

RE: **McGaughey v. District of Columbia, et al.**

Dear Bruce and Kathleen:

I am writing to follow up on the discovery issues which you have raised in your letter of July 31, 2008 and our discussions in our meet and confer session. I hope to be able to address all of the issues which you have raised.

### Privilege Log

At the time of the Meet and Confer Conference, we discussed the need for a privilege log. I have reviewed the documents which are arguably responsive to your discovery requests and I have also reviewed the risk management file at George Washington University Hospital. I am satisfied that there are no documents for which we are claiming a privilege with the exception of correspondence from the hospital's counsel (i.e. Adam Kelley and me) to the risk management personnel or the corporate insurance personnel to discuss the progress of this case. I do not see the need for a privilege log to identify attorney-client communications of this type and, therefore, we are not submitting a privilege log at all.

### GWUH Protocol on Sexual Assault

I am writing to confirm yet again that the sexual assault policy which we provided on June 5, 2008 was in effect as of December 2006 and has not been superseded or revised up to today. We do not have any previous sexual assault policies or earlier iterations of the policy which we have produced to you.

I have also determined that there are certain pre-printed discharge instructions which are available to nurses in the Emergency Department. In fact, these instructions were given to your clients. I am enclosing a copy of the medical instructions which were given to Ms. McGaughey. These were previously in your possession and were marked as Exhibit 3 at the deposition of Christine Barron, R.N. A third page of those instructions is also enclosed. It is headed "Discharge Instructions Receipt."

Next, let me take issue with a statement made by you on the first page of your letter of July 31, 2008 to Adam Kelley. You state that it is "some Defendants' apparent position in this case that GWUH is unable to provide the type of treatment and testing that Plaintiff sought at GWUH." This is incorrect. First, we have consistently maintained that George Washington University Hospital could and did provide all treatment to Ms. McGaughey that was required by the standard of reasonable care in December 2006. With respect to forensic testing, the testimony has been that George Washington University Hospital did not maintain the forensic kits on the premises and, rather, the kits were brought to the hospital by the police department when a forensic exam was to take place. The police department representative would then remain in the hospital while the exam was done and take immediate possession of the forensic kit when completed. The hospital's position has never been that it could not perform the testing but, rather, that the standard of care did not require it to do so until the police brought the kit. Consequently, should the hospital revise its policies in the future, any new policy will represent a remedial measure which cannot be admitted into evidence in this case. Any such change in the policy will not have any bearing on the standard of care that existed in December 2006 and cannot lead to the discovery of admissible testimony. Therefore, it is our position that any future revision to the sexual assault policy does not give rise to any discoverable documents. We object to your request for any future revisions to the policy and will not produce them in the absence of a Court Order.

### Request Nos. 1, 4-10

Responding to the issues raised in your letter of July 31, 2008 regarding these Requests, I am attaching the discharge instructions and the Discharge Instructions Receipt from Ms. McGaughey's medical records.

### Request No. 11

We stand by our previous response. In the event that there is any confusion, let me assure you that the only responsive documents which are privileged are communications from the hospital's counsel to the risk management department and the corporate insurance department describing the progress of this litigation. We have chosen to interpret the words "inquiry or investigation" very broadly to include the efforts by Adam Kelley and me to defend the hospital.

**Request Nos. 12-13**

As I indicated at the Meet and Confer Conference, we will stand by our objection to your request for GWUH medical staff By-Laws, rules and regulations. These are irrelevant to this litigation and not documents which will lead to the discovery of admissible evidence. We will also stand by our objection to Request No. 13 as overly broad, prohibitively ambiguous and unduly burdensome. There is no justification for producing policies and procedures which have no relevance to the care or treatment of the plaintiff. We have produced the policy regarding sexual assault patients previously. Additionally, although we do not agree that it is admissible, we are producing with this letter policies relating to the admission process in the Emergency Department and the visitor policy in the Emergency Department.

**Request Nos. 14-15**

Although we believe that our Response to Request No. 14 is complete and needs no amendment, we are voluntarily producing a policy entitled "Admission Process" which was in effect in December 2006.

I am writing to confirm that at the Meet and Confer Conference you agreed to withdraw your objection to Request No. 15.

**Request No. 16**

We agreed at the Meet and Confer Conference to table your objections to Request No. 16. I noted that to our knowledge there has never been any complaint directed by your client to the hospital with the exception of the actual lawsuit. This is in contrast to communications with Howard University Hospital shortly after the visit to the Emergency Room which are the subject of this litigation.

**Request No. 17**

We stand by our objections to Request No. 17 because the Plaintiff has brought no EMTALA claims against George Washington University Hospital.

**Request No. 19**

At the Meet and Confer Conference, I advised you that we will stand on our objections to Request No. 19. There is no factual basis and no relevance to any discovery directed to George Washington University Hospital regarding patients "who are or appear to be intoxicated and/or vomiting."

### Request No. 20

As a supplement to our previous response, I am providing you with a policy which was in effect in December 2006 entitled "Emergency Department Patient Visitors."

### Request No. 21

As I indicated at the Meet and Confer Conference, our response to this Request is covered by Adam Kelley's letter to you dated June 5, 2008.

### Request No. 22

As a supplementation to our prior response, I am writing to advise you that our investigation has found no documents which are responsive to this Request.

### Request No. 23

As I indicated at the Meet and Confer Conference, we will stand by our previous response. There is no factual predicate and no relevance to the discovery directed to George Washington University Hospital regarding a "patient complaining of an alleged sexual assault victim (sic) who is or appears to be intoxicated."

### Request No. 24

As I indicated at the meet and confer conference, we have produced all policies responsive to this Request. Furthermore, this Request is not relevant because there is no hint in all of the discovery in this case that this litigation involved an alleged sexual assault victim who did not wish to report the alleged assault to law enforcement authorities.

### Request Nos. 25-26

After further investigation, we have no policies and procedures which are responsive to these Requests.

### Request No. 27

After further investigation, we have no policies and procedures which are responsive to this Request.

### Request Nos. 28-29

I am still investigating whether there are any documents responsive to Request No. 28 and will supplement this answer when and if such documents become available. Our investigation has not revealed any documents responsive to Request No. 29.

**Request No. 30**

Our investigation has not revealed any documents responsive to this Request.

**Request No. 31**

Our investigation has not revealed any documents which are responsive to this Request.

**Request Nos. 32-33**

Our investigation has not revealed any documents which are responsive to these two Requests.

**Request No. 34**

We stand by our objections to this Request. There is no factual predicate or relevance to the attempt to discover documents from George Washington University Hospital regarding patients "who appear to be intoxicated."

**Request No. 35**

Our investigation does not reveal any documents which are responsive to this Request.

**Request No. 36**

Our investigation does not reveal any documents in our possession which are responsive to this Request.

**Request Nos. 38-39**

We stand by our objections to Requests 38 and 39. Furthermore, my investigation reveals that the hospital does not have a data base which identifies patients who have undergone a forensic exam. Furthermore, the hospital does not have the information sought regarding total amounts of money received for forensic examinations.

**Request Nos. 40-41**

We stand by our objections to Request Nos. 40 and 41. Furthermore, our investigation has not revealed any documents which are responsive to these Requests.

**Request No. 42**

We stand by our objections to this Request.

### Request No. 43

As indicated at the Meet and Confer Conference, we stand by our objections to this Request.

### Request No. 44

We stand on our objections to Request No. 44. Additionally, further investigation does not reveal any documents which are responsive to this Request.

### Request No. 45

As indicated in our Meet and Confer discussions, we stand on our objections to Request No. 45.

### Request No. 46

In the event that George Washington University Hospital concludes that there are authoritative texts or treatises which it intends to utilize in its case-in-chief through the testimony of expert witnesses, we will supplement our response to this request and advise you of those authoritative sources. However, George Washington University Hospital objects to any effort to discover authoritative books, articles, treatises, etc. which will be used solely for impeachment purposes in cross-examination.

### Request No. 47

I do not believe that there is any insurance policy which we can produce in response to this Request. However, I will investigate further to determine if there is any documentation of insurance which may satisfy your need to verify its existence.

### Request Nos. 49-52

We will stand by our objections to these Requests.

September 29, 2008
Page 7

I hope that this adequately covers all of the topics which we discussed at our meet and confer conference and which are the subject of your letter of July 31, 2008. If you have any additional concerns, please let me know and I will attempt to address them.

                      Very truly yours,

                      Thomas V. Monahan, Jr.

TVMJr:rko
Enclosure

Cc:    Counsel of Record