# Exhibit I

**GWUH's Responses to Plaintiff's Requests for Admission et al.**

**To Plaintiff's Motion to Compel Defendant District Hospital Partners, L.P. d/b/a George Washington University Hospital to Produce Documents**

***McGaughey v. District of Columbia, et al.*, No. 1:07-cv-01498 (RJL)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALEXANDRIA MCGAUGHEY | * | |
| Plaintiff | * | |
| v. | * | Case No.:  1:07-CV-01498 M |
| | | Judge Richard J. Leon |
| DISTRICT OF COLUMBIA, *et al.* | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DISTRICT HOSPITAL PARTNERS, LP'S
### RESPONSES TO REQUESTS FOR ADMISSION AND INTERROGATORIES
### AND SUPPLEMENTAL REQUESTS FOR PRODUCTION

TO:        Plaintiff Alexandria McGaughey

FROM:     Defendant District Hospital Partners, LP

Defendant District Hospital Partners, LP ("Defendant"), by its attorneys, Thomas V. Monahan, Adam Kelley and Goodell, DeVries, Leech & Dann, LLP, hereby responds to Plaintiff's Requests for Admission and Interrogatories and Supplemental Requests for Production as follows:

The information contained in these Responses is provided pursuant to the applicable rules regarding discovery.  By providing this information, this Defendant does not in any way waive objection to the information's submission into evidence on the grounds of materiality, relevancy or other proper grounds for objection.

### RESPONSES AND ANSWERS

**REQUEST NO. 1:**    Admit that pages 7 to 18 of 18 (of the ECF paging) of GWUH's Initial Disclosures, filed on January 18, 2008, constitute Plaintiff's medical chart from her December 9-10, 2006 visit to the GWUH Emergency Department.

**RESPONSE NO. 1:** Admitted.

**REQUEST NO. 2**:   Admit that pages 7 to 18 of 18 (of the ECF paging) of GWUH's Initial Disclosures, filed on January 18, 2008, constitute a business record of GWUH.

**RESPONSE NO. 2:** Admitted.

**REQUEST NO. 3**:   Admit that the document attached to Adam Kelley's June 5, 2008 letter to Kathleen Hartnett (attached as Exhibit A) is the GWUH protocol on sexual assault.

**RESPONSE NO. 3:** Admitted.

**REQUEST NO. 4**:   Admit that the GWUH protocol on sexual assault identified in Request 3 was in effect as of December 9-10, 2006.

**RESPONSE NO. 4:** Admitted.

**REQUEST NO. 5**:   Admit that the GWUH protocol on sexual assault in Request 3 remains in effect as of the date of these Requests.

**RESPONSE NO. 5:** Admitted.

> **INTERROGATORY NO. 1:**   If you deny this Request, please describe all changes in the GWUH protocol from December 9-10, 2006 through the date of these Requests.

> **ANSWER NO. 1:**  Not applicable.

**REQUEST NO. 6:**   Admit that the GWUH protocol on sexual assault identified in Request 3 is a business record.

**RESPONSE NO. 6:** Admitted.

**REQUEST NO. 7:**   Admit that there were no other written protocols or documents pertaining to the care and treatment of sexual assault patients at GWUH as of December 9-10, 2006 other than the GWUH protocol on sexual assault identified in Request 3.

**RESPONSE NO. 7:**   Defendant objects to this Request on the grounds that the word "documents" is overly broad and potentially seeks documents shielded from discovery by the attorney work-product doctrine and the privilege afforded documents prepared in anticipation of litigation. Without waiving the objection, admitted as phrased.

> **INTERROGATORY NO. 2:** If you deny this REQUEST, please identify and describe all written protocols or documents pertaining to the care and treatment of sexual assault patients at GWUH as of December 9-10, 2006 other than the GWUH protocol on sexual assault identified in Request 3.

2

**SUPPLEMENTAL ANSWER NO. 2:** Not applicable.

**SUPPLEMENTAL REQUEST NO. 1:** Please produce all documents described in your Response to Interrogatory 2.

**SUPPLEMENTAL RESPONSE NO. 1:** Not applicable.

**REQUEST NO. 8:**   Admit that the GWUH protocol on sexual assault identified in Request 3 applied to registered nurses working in the GWUH Emergency Department on December 9-10, 2006.

**RESPONSE NO. 8:** Admitted.

**INTERROGATORY NO. 3**: If you deny this Request, please explain the basis for your denial, including a description of all documents related to your denial of this Request.

**ANSWER NO. 3:** Not applicable.

**SUPPLEMENTAL REQUEST NO. 2:** Please produce all documents described in your response to Interrogatory 3.

**SUPPLEMENTAL RESPONSE NO. 2:** Not applicable.

**REQUEST NO. 9:**   Admit that the GWUH protocol on sexual assault identified in Request 3 applied to attending physicians working in the GWUH Emergency Department on December 9-10, 2006.

**RESPONSE NO. 9:** Denied.

**INTERROGATORY NO. 4:** If you deny this Request, please explain the basis for your denial, including a description of all documents related to your denial of this Request.

**ANSWER NO. 4:**   The policy only applied to employees of George Washington University Hospital. As of December 2006, the hospital did not employ attending physicians in the Emergency Department.

**SUPPLEMENTAL REQUEST NO. 3:** Please produce all documents described in your response to Interrogatory 4.

**SUPPLEMENTAL RESPONSE NO. 3:** Not applicable.

**REQUEST NO. 10:**  Admit that the GWUH protocol on sexual assault identified in Request 3 applied to medical residents working in the GWUH Emergency Department on December 9-10, 2006.

**RESPONSE NO. 10:** Denied.

> **INTERROGATORY NO. 5:** If you deny this Request, please explain the basis for your denial, including a description of all documents related to your denial of this Request.
>
> **ANSWER NO. 5:**  The policy only applied to employees of George Washington University Hospital.  As of December 2006, the hospital did not employ medical residents in the Emergency Department.
>
> **SUPPLEMENTAL REQUEST NO. 4:** Please produce all documents described in your response to Interrogatory 5.
>
> **SUPPLEMENTAL RESPONSE NO. 4:**  Not applicable.

**REQUEST NO. 11:**  Admit that the GWUH protocol on sexual assault identified in Request 3 does not require police "authorization" for application of that protocol.

**RESPONSE NO. 11:**  Defendant admits that the word "authorization" does not appear in the protocol, and that police "authorization" is not required for the application of the protocol in its entirety. Otherwise, denied as phrased; the portions of the protocol pertaining to the collection of forensic evidence require the use of a forensic kit provided to GWUH by the police. Absent police authorization, there will not be any forensic kit with which to collect forensic evidence in accordance with the protocol.

> **INTERROGATORY NO. 6:** If you deny this Request, please specifically identify the portion(s) of the GWUH protocol on sexual assault identified in Request 3 that require(s) police "authorization" for application of that protocol.
>
> **ANSWER NO. 6:** Section I, paragraph 7 and Section II, paragraphs 4,6, 9, 11, 16, 18, 19 require the use of a forensic kit from the police, the actual presence of the police in the ED, and/or the use of specialized forms from the police, all of which presumes prior police authorization.

**REQUEST NO. 12:**  Admit that no GWUH document states that the MPD must "authorize" a sexual assault medical forensic examination for such an examination to be conducted at GWUH.

**RESPONSE NO. 12:** Admitted as phrased.

**INTERROGATORY NO. 7:**  If you deny this Request, please identify all GWUH documents stating that the MPD must "authorize" a sexual assault medical forensic examination for such an examination to be conducted at GWUH and specify the specific page and passage of each such document that you contend supports such assertion.

**ANSWER NO. 7:**  Not applicable.

**SUPPLEMENTAL REQUEST NO. 5:**  Please produce all documents described in your response to Interrogatory 7.

**SUPPLEMENTAL RESPONSE NO. 5:**  Not applicable.

**REQUEST NO. 13:**  Admit that performing a sexual assault medical forensic examination is a core competency of an emergency room physician.

**RESPONSE NO. 13:**  Defendant is unable to admit or deny this Request because Defendant does not employ or train physicians.

**REQUEST NO. 14:**  Admit that performing a sexual assault medical forensic examination is a core competency of a hospital emergency room.

**RESPONSE NO. 14:**  Defendant is unable to admit or deny this Request because it makes no sense; as an inanimate space, a room does not have any "core competency."

**REQUEST NO. 15:**  Admit that Christine Barron, R.N. was an employee of GWUH on December 9-10, 2006.

**RESPONSE NO. 15:**  Admitted.

**REQUEST NO. 16:**  Admit that Christine Barron, R.N. was acting within the scope of her employment with GWUH on December 9-10, 2006, in rendering medical care to Plaintiff.

**RESPONSE NO. 16:**  Denied as phrased. As a nurse, Ms. Barron did not render any medical care to Plaintiff. Defendant admits that the nursing care rendered to Plaintiff by Ms. Barron was rendered within the scope of Ms. Barron's employment with GWUH.

**REQUEST NO. 17:**  Admit that Victoria Autry, R.N. was an employee of GWUH on December 9-10, 2006.

**RESPONSE NO. 17:**  Admitted.

**REQUEST NO. 18:**  Admit that Victoria Autry, R.N. was acting within the scope of her employment with GWUH on December 9-10, 2006, in rendering medical care to Plaintiff.

**RESPONSE NO. 18:** Denied as phrased. As a nurse, Ms. Autry did not render any medical care to Plaintiff. Defendant admits that the nursing care rendered to Plaintiff by Ms. Autry was rendered within the scope of Ms. Autry's employment with GWUH.

**REQUEST NO. 19:** Admit that Kathleen Wahlgren, R.N. was an employee of GWUH on December 9-10, 2006.

**RESPONSE NO. 19:** Admitted.

**REQUEST NO. 20:** Admit that Kathleen Wahlgren, R.N. was acting within the scope of her employment with GWUH on December 9-10, 2006, in rendering medical care to Plaintiff.

**RESPONSE NO. 20:** Denied as phrased. As a nurse, Ms. Wahlgren did not render any medical care to Plaintiff. Defendant admits that the nursing care rendered to Plaintiff by Ms. Wahlgren was rendered within the scope of Ms. Wahlgren's employment with GWUH.

**REQUEST NO. 21:** Admit that Dr. Christopher Lang was an attending physician at the GWUH Emergency Department on December 9-10, 2006, when he rendered medical care to Plaintiff.

**RESPONSE NO. 21:** Admitted.

**REQUEST NO. 22:** Admit that Dr. Christopher Lang was acting as an employee or agent of GWUH on December 9-10, 2006 in rendering medical care to Plaintiff.

**RESPONSE NO. 22:** Denied.

> **INTERROGATORY NO. 8:** If you deny this Request, please describe the legal relationship between GWUH and Dr. Lang as of December 9-10, 2006, including a description of any documents governing that relationship.
>
> **ANSWER NO. 8:** There was no legal relationship between Defendant and Dr. Lang as of December 2006. Dr. Lang simply sought privileges to work in the GWUH emergency department, and those privileges were granted by GWUH.
>
> **SUPPLEMENTAL REQUEST NO. 6:** Please produce all documents described in your response to Interrogatory 8.
>
> **SUPPLEMENTAL RESPONSE NO. 6:** Defendant objects on the grounds that documents pertaining to hospital privileges are privileged by statute.

**REQUEST NO. 23:** Admit that Dr. Nini Khozeimeh was a medical resident at the GWUH Emergency Department on December 9-10, 2006, when she rendered medical care to

Plaintiff.

**RESPONSE NO. 23:**  Admitted.

**REQUEST NO. 24:**  Admit that Dr. Nini Khozeimeh was acting as an employee or agent of GWUH on December 9-10, 2006 in rendering medical care to Plaintiff.

**RESPONSE NO. 24:**  Denied.

> **INTERROGATORY NO. 9:** If you deny this Request, please describe the legal relationship between GWUH and Dr. Khozeimeh as of December 9-10, 2006, including a description of any documents, governing that relationship.

> **ANSWER NO. 9:** There was no legal relationship between Defendant and Dr. Khozeimeh as of December 2006. Dr. Khozeimeh simply sought privileges to work in the GWUH emergency department, and those privileges were granted by GWUH.

> **SUPPLEMENTAL REQUEST NO. 7:**  Please produce all documents described in your response to Interrogatory 9.

> **SUPPLEMENTAL RESPONSE NO. 7:** Defendant objects on the grounds that documents pertaining to hospital privileges are privileged by statute.

**REQUEST NO. 25:** Admit that, since March 2003, sexual assault medical forensic examinations have been performed at GWUH.

**RESPONSE NO. 25:** Admitted.

> **INTERROGATORY NO. 10:**  If you admit this Request, please describe all instances in which a sexual assault medical forensic examination has been performed at GWUH since March 2003; the date of such examinations; and the personnel (GWUH or otherwise) performing such examinations.

> **ANSWER NO. 10:** Defendant objects to this Interrogatory on the grounds that it is overbroad and seeks information that is irrelevant, confidential, and/or otherwise privileged.

> **SUPPLEMENTAL REQUEST NO. 8:**  Please produce all documents related to your response to Interrogatory 10.

> **SUPPLEMENTAL RESPONSE NO. 8:**  Defendant objects to this Request on the grounds that it is overbroad and seeks information that is irrelevant, confidential, and/or otherwise privileged.

**REQUEST NO. 26:** Admit that GWUH had the capability of performing a sexual assault medical forensic examination on December 9-10, 2006.

**RESPONSE NO. 26:** Admitted in part, denied in part. Defendant admits only that the physicians that worked at GWUH in December 2006 would have been capable of performing a sexual assault medical forensic examination in its entirety if, the police provided the forensic kit necessary to perform the forensic component of the sexual assault medical forensic examination.

> **INTERROGATORY NO. 11:** If you deny this Request, please explain the basis for your contention that GWUH did not have the capability of performing a sexual assault medical forensic examination on December 9- 10, 2006.

> **ANSWER NO. 11:** The performance of a sexual assault medical forensic examination in its entirety presumes the use of a forensic kit. GWUH did not have any forensic kits on December 9-10, 2006, so it could not have performed the forensic portion of a sexual assault medical forensic examination at that time unless it received a forensic kit from the police.

> **SUPPLEMENTAL REQUEST NO. 9:** Please produce all documents related to your response to Interrogatory 11.

> **SUPPLEMENTAL REPONSE NO. 9:** All responsive documents in Defendant's control have already been produced. Plaintiff is further referred to Defendant District of Columbia's various document productions in this matter.

**REQUEST NO. 27:** Admit that GWUH did not, as of 2006, train its Emergency Department registered nurses to comply with the GWUH protocol on sexual assault identified in Request 3.

**RESPONSE NO. 27:** Denied as phrased. Defendant trained the nurses in its emergency department to comply with the protocols implicated in the course of a patient's care.

> **INTERROGATORY NO. 12:** If you deny this Request, please describe all training provided by GWUH to its Emergency Department registered nurses concerning the GWUH protocol on sexual assault identified in Request 3, from 2006 to the present.

> **ANSWER NO. 12:** Defendant objects to this Interrogatory on the grounds that it is overly broad. Without waiving the objection, Defendant trained the nurses in its emergency department to comply with the protocols implicated in the course of a patient's care.

> **SUPPLEMENTAL REQUEST NO. 10:** Please produce all documents

related to your response to interrogatory 12.

**SUPPLEMENTAL RESPONSE NO. 10:** Defendant is unaware of any responsive documents at this time, other than those that have already been produced.

**REQUEST NO. 28:**  Admit that GWUH does not currently train its Emergency Department registered nurses to comply with the GWUH protocol on sexual assault identified in Request 3.

**RESPONSE NO. 28:** Defendant objects on the grounds of relevancy. Without waiving the objections, denied.

**REQUEST NO. 29:**  Admit that GWUH did not, as of 2006, train its Emergency Department attending physicians to comply with the GWUH protocol on sexual assault identified in Request 3.

**RESPONSE NO. 29:**  Admitted as phrased. However, Defendant denies that the Emergency Department attending physicians are its agents, servants or employees, or that it bore any responsibility for training them in 2006.

**INTERROGATORY NO. 13:** If you deny this Request, please describe all training provided by GWUH to its Emergency Department attending physicians concerning the GWUH protocol on sexual assault identified in Request 3. from 2006 to the present.

**ANSWER NO. 13:** Not applicable.

**SUPPLEMENTAL REQUEST NO. 11:**   Please produce all documents related to your response to Interrogatory 13.

**SUPPLEMENTAL RESPONSE NO. 11:**  Not applicable.

**REQUEST NO. 30:**  Admit that GWUH does not currently train its Emergency Department attending physicians to comply with the GWUH protocol on sexual assault identified in Request 3.

**RESPONSE NO. 30**: Admitted as phrased. However, Defendant denies that the Emergency Department attending physicians are its agents, servants or employees, or that it currently bears any responsibility for training them.

**REQUEST NO. 31:**  Admit that GWUH did not, as of 2006, train medical residents working in the GWUH Emergency Department to comply with the GWUH protocol on sexual assault identified in Request

9

**RESPONSE NO. 31**: Admitted as phrased. However, Defendant denies that the Emergency Department residents were its agents, servants or employees, or that it bore any responsibility for training them in 2006.

> **INTERROGATORY NO. 14**: If you deny this Request, please describe all training provided by GWUH to medical residents working in the GWUH Emergency Department concerning the GWUH protocol on sexual assault identified in Request 3, from 2006 to the present.
>
> **ANSWER NO. 14:**   Not applicable.
>
> **SUPPLEMENTAL REQUEST NO. 12:**   Please produce all documents related to your response to Interrogatory 14.
>
> **SUPPLEMENTAL RESPONSE NO. 12:** Not applicable.

**REQUEST NO. 32**: Admit that GWUH does not currently train medical residents working in the GWUH Emergency Department to comply with the GWUH protocol on sexual assault identified in Request 3.

**RESPONSE NO. 32:** Admitted as phrased. However, Defendant denies that the Emergency Department attending physicians are its agents, servants or employees, or that it currently bears any responsibility for training them.

**REQUEST NO. 33:**  Admit that GWUH did not, as of 2006, train its Emergency Department attending physicians to comply with the GWUH Emergency Department Practice Manual.

**RESPONSE NO. 33:**  Admitted as phrased. However, Defendant denies that the Emergency Department attending physicians are its agents, servants or employees, or that it bore any responsibility for training them in 2006.

**REQUEST NO. 34**: Admit that GWUH does not currently train its Emergency Department attending physicians to comply with the GWUH Emergency Department Practice Manual.

**RESPONSE NO. 34**: Admitted as phrased. However, Defendant denies that the Emergency Department attending physicians are its agents, servants or employees, or that it currently bears any responsibility for training them.

**REQUEST NO. 35:** Admit that GWUH did not, as of 2006, train medical residents working in the GWUH Emergency Department to comply with the GWUH Emergency Department Practice Manual.

**RESPONSE NO. 35:** Admitted as phrased. However, Defendant denies that the Emergency Department residents were its agents, servants or employees, or that it bore any responsibility for training them in 2006.

**REQUEST NO. 36:** Admit that GWUH does not currently train medical residents working in the GWUH Emergency Department to comply with the GWUH Emergency Department Practice Manual.

**RESPONSE NO. 36:** Admitted as phrased. However, Defendant denies that the Emergency Department residents are its agents, servants or employees, or that it currently bears any responsibility for training them.

**REQUEST NO. 37:** Admit that MCG31-MCG32 are the discharge instructions presented to Plaintiff by GWUH on December 10, 2006.

**RESPONSE NO. 37:** Admitted. Defendant further states that an additional page of discharge instructions was produced to Plaintiff in correspondence from Thomas Monahan dated September 29, 2008.

> **SUPPLEMENTAL REQUEST NO. 13:** Plaintiff's discharge instructions from GWUH on December 10, 2006, as maintained by GWUH in its medical records.

> **SUPPLEMENTAL RESPONSE NO. 13:** These have already been produced to Plaintiff.

**REQUEST NO. 38:** Admit that MCG31 -MCG32 are business records of GWUH.

**RESPONSE NO. 38:** Admitted.

**REQUEST NO. 39:** Admit that the "Alleged Sexual Assault Adult" discharge instruction at MCG 32 is a standard GWUH Emergency Department discharge instruction.

**RESPONSE NO. 39:** Defendant admits that it is a standing pre-prepared discharge instruction.

> **SUPPLEMENTAL REQUEST NO. 14:** GWUH's "Alleged Sexual Assault Adult" discharge instruction (not specific to Plaintiff) and any documents related to that instruction.

> **SUPPLEMENTAL RESPONSE NO. 14:** This has already been produced to Plaintiff.

**REQUEST NO. 40:** Admit that the typewritten portions of MCG33-MCG35 are prescriptions given to Plaintiff by GWUH on December 10, 2006.

**RESPONSE NO. 40:** Admitted.

**REQUEST NO. 41:** Admit that the typewritten portions of MCG33-MCG35 are business records of GWUH.

**RESPONSE NO. 41:** Admitted.

**REQUEST NO. 42:** Admit that medical personnel working at GWUH did not perform a sexual assault medical forensic examination of Plaintiff on December 9-10, 2006.

**RESPONSE NO. 42:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, Defendant admits only that some forensic components of the sexual assault medical forensic examination were not performed.

> **INTERROGATORY NO. 15**: If you deny this Request, please explain the basis for your denial.

> **ANSWER NO. 15**:  Not applicable.

**REQUEST NO. 43:** Admit that GWUH medical personnel did not collect any forensic evidence of sexual assault from Plaintiff on December 9- 10, 2006.

**RESPONSE NO. 43:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, admitted.

> **INTERROGATORY NO. 16:** If you deny this Request, please explain the basis for your denial.

> **ANSWER NO. 16:** Not applicable.

**REQUEST NO. 44:** Admit that GWUH medical personnel did not follow the GWUH protocol on sexual assault with respect to Plaintiff on December 9-10, 2006.

**RESPONSE NO. 44:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Denied as phrased.

> **INTERROGATORY NO. 17:** If you deny this Request, please explain how GWUH's medical personnel followed the GWUH protocol on sexual assault with respect to Plaintiff on December 9-10. 2006.

> **ANSWER NO. 17**:  Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, Defendant states that the medical personnel in the emergency department on December 9-10, 2006 took reasonable steps to

follow the protocol but were unable to follow the protocol in its entirety due to the refusal of the police to provide a forensic kit. Thereafter, the medical personnel rendered appropriate medical, as opposed to forensic, care to Plaintiff.

**REQUEST NO. 45:** Admit that GWUH medical personnel did not request of MPD that MPD provide a "rape kit" for the collection of forensic evidence from Plaintiff on December 9-10. 2006.

**RESPONSE NO. 45:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical, personnel. Admitted as phrased.

**REQUEST NO. 46:** Admit that GWUH medical personnel told Plaintiff that she could not receive a sexual assault medical forensic examination at GWUH on December 9-10, 2006.

**RESPONSE NO. 46:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, Defendant admits that after the police refused to authorize and provide a rape kit, Plaintiff was informed that the forensic component of a sexual assault medical forensic examination would not be performed. Defendant denies that Plaintiff was not provided a medical examination.

> **INTERROGATORY NO. 18:** If you deny this Request, please explain the basis for your denial, including what you allege GWUH medical personnel told plaintiff with respect to receiving a sexual assault medical forensic examination at GWUH on December 9-10.2006.

> **ANSWER NO. 18:** The provision of nursing and medical care to Plaintiff is clearly documented in her chart from GWUH. This Defendant denies that any medical, as opposed to nursing, personnel were its agents, servants or employees.

**REQUEST NO. 47:** Admit that GWUH medical personnel told Plaintiff that she could not receive a "rape kit" at GWUH on December 9-10, 2006.

**RESPONSE NO. 47:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, Defendant admits that after the police refused to authorize and provide a rape kit, Plaintiff was informed that the forensic component of a sexual assault medical forensic examination would not be performed. Defendant denies that Plaintiff was not provided the medical component of a sexual assault medical forensic examination.

> **INTERROGATORY NO. 19:** If you deny this Request, please explain the basis for your denial, including what you allege GWUH medical personnel told plaintiff with respect to receiving a "rape kit" at GWUH on December 9-

10, 2006.

**ANSWER NO. 19:** Not applicable.

**REQUEST NO. 48:** Admit that GWUH medical personnel told Plaintiff that she could not receive a sexual assault medical forensic examination at GWUH on December 9-10, 2006 because MPD had not authorized such an examination.

**RESPONSE NO. 48:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, Defendant admits that after the police refused to authorize a rape kit, Plaintiff was informed that the forensic component of a sexual assault medical forensic examination would not be performed. Defendant denies that Plaintiff was not provided the medical component of a sexual assault medical forensic examination.

> **INTERROGATORY NO. 20:** If you deny this Request, please explain the basis for your denial, including what you allege GWUH medical personnel told plaintiff with respect to the MPD.

> **ANSWER NO. 20:** Not applicable.

**REQUEST NO. 49:** Admit that GWUH medical personnel told Plaintiff that she could not receive a "rape kit" at GWUH on December 9-10, 2006 because MPD had not authorized a "rape kit."

**RESPONSE NO. 49:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, Defendant admits that after the police refused to authorize a rape kit, Plaintiff was informed that the forensic component of a sexual assault medical forensic examination would not be performed. Defendant denies that Plaintiff was not provided the medical component of a sexual assault medical forensic examination.

**REQUEST NO. 50:** Admit that GWUH medical personnel told Plaintiff that she could not receive a sexual assault medical forensic examination at GWUH on December 9-10, 2006 because GWUH does not perform such examinations.

**RESPONSE NO. 50:** Denied.  Furthermore, this Defendant objects to the Request on the grounds that its employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 51:** Admit that GWUH medical personnel told Plaintiff that she could not receive a "rape kit" at GWUH on December 9-10, 2006 because GWUH does not administer "rape kits."

14

**RESPONSE NO. 51:** Denied.  Furthermore, this Defendant objects to the Request on the grounds that its employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 52:**  Admit that GWUH medical personnel informed Plaintiff she could not receive a sexual assault medical forensic examination at GWUH on December 9-10, 2006 because HUH was the designated center in Washington, D.C. for sexual assault victims.

**RESPONSE NO. 52:** Denied.

> **INTERROGATORY NO. 21:**  If you deny this Request, please explain the basis for your denial, including what you allege GWUH medical personnel told plaintiff with respect to GWUH's role in handling her complaint of sexual assault and/or complaints of sexual assault in the District.

> **ANSWER NO. 21:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, Defendant admits that after the police refused to authorize a rape kit, Plaintiff was informed that the forensic component of a sexual assault medical forensic examination would not be performed. Defendant denies that Plaintiff was not provided the medical component of a sexual assault medical forensic examination.

**REQUEST NO. 53:** Admit that GWUH medical personnel informed Plaintiff she could not receive a "rape kit" at GWUH on December 9-10, 2006 because HUH was the designated center in Washington, D.C. for sexual assault victims.

**RESPONSE NO. 53:** Denied.  Furthermore, this Defendant objects to the Request on the grounds that its employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 54:** Admit that GWUH medical personnel informed Plaintiff she could not receive a sexual assault medical forensic examination at GWUH on December 9-10, 2006 because HUH had not conducted such an examination.

**RESPONSE NO. 54:** Denied.  Furthermore, this Defendant objects to the Request on the grounds that its employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 55:**  Admit that GWUH medical personnel informed Plaintiff she could not receive a "rape kit" at GWUH on December 9-10, 2006 because HUH had not administered a "rape kit."

**RESPONSE NO. 55:**  Denied.  Furthermore, this Defendant objects to the Request on the

grounds that its employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 56**: Admit that GWUH medical personnel did not rapidly triage Plaintiff to an examining area in the GWUH Emergency Department on December 9-10, 2006.

**RESPONSE NO. 56:** Denied. Furthermore, this Defendant objects to the Request on the grounds that its employees, servants and agents were nursing, as opposed to medical, personnel.

> **INTERROGATORY NO. 22:** If you deny this Request, please describe the facts underlying an assertion that Plaintiff was rapidly triaged to an examining area in the GWUH Emergency Department on December 9- 10. 2006.

> **ANSWER NO. 22:** Defendant states that Plaintiff was triaged rapidly and moved into an appropriate examination room as soon as one was available.

**REQUEST NO. 57:** Admit that GWUH medical personnel did not instruct Plaintiff not to bathe/shower, change clothes, douche, smoke, eat or drink in the Emergency Department on December 9-10, 2006.

**RESPONSE NO. 57:** Defendant objects on the grounds that its employees, servants and agents were nursing, as opposed to medical personnel. Without waiving the objections, Defendant has no personal knowledge of anything that was said to Plaintiff by the medical personnel in the emergency department. Thus, denied.

> **INTERROGATORY NO. 23:** If you deny this Request, please describe all such instructions given by GWUH medical personnel to Plaintiff on December 9-10, 2006.

> **ANSWER NO. 23:** Once again, Defendant has no personal knowledge of anything that was said to Plaintiff by the medical personnel in the emergency department.

**REQUEST NO. 58**: Admit that GWUH medical personnel did not assist Plaintiff with obtaining follow-up counseling for sexual assault after her December 9-10, 2006 visit to GWUH.

**RESPONSE NO. 58:** Denied. Defendant further denies that Plaintiff requested any such assistance. This Defendant also objects to the Request because its employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 59:** Admit that GWUH medical personnel did not contact the D.C. Rape

Crisis Center regarding Plaintiff on December 9-10, 2006.

**RESPONSE NO. 59:** Admitted. However, this Defendant objects to the Request to the extent that it suggests that George Washington University Hospital employed medical personnel. Rather, this Defendant's employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 60:** Admit that GWUH medical personnel did not contact SANE nurse Mary Pinn regarding Plaintiff on December 9-10, 2006.

**RESPONSE NO. 60:** Admitted. However, this Defendant objects to the Request to the extent that it suggests that George Washington University Hospital employed medical personnel. Rather, this Defendant's employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 61:** Admit that GWUH medical personnel did not test Plaintiff for the presence of alcohol in her body on December 9-10, 2006.

**RESPONSE NO. 61:** Admitted as to forensic tests; otherwise denied as phrased. However, this Defendant objects to the Request to the extent that it suggests that George Washington University Hospital employed medical personnel. Rather, this Defendant's employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 62:** Admit that GWUH medical personnel were informed on December 9-10, 2006 that Plaintiff may have been subject to a date rape drug late in the night of December 8 or early in the morning of December 8 [*sic*], 2006.

**RESPONSE NO. 62:** Denied. However, this Defendant objects to the Request to the extent that it suggests that George Washington University Hospital employed medical personnel. Rather, this Defendant's employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 63:** Admit that GWUH medical personnel did not test Plaintiff for the presence of drugs in her body on December 9-10, 2006.

**RESPONSE NO. 63:** Admitted as to forensic tests; otherwise denied as phrased. However, this Defendant objects to the Request to the extent that it suggests that George Washington University Hospital employed medical personnel. Rather, this Defendant's employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 64:** Admit that GWUH medical personnel did not test Plaintiff for the presence of any intoxicating substance in her body on December 9-10, 2006.

**RESPONSE NO. 64:** Admitted as to forensic tests; otherwise denied as phrased. However,

this Defendant objects to the Request to the extent that it suggests that George Washington University Hospital employed medical personnel.   Rather, this Defendant's employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 65:**  Admit that GWUH medical personnel did not conduct testing related to Plaintiff's complaint of having "passed out" prior to her visit to GWUH on December 9-10, 2006.

**RESPONSE NO. 65:**  Admitted as to forensic tests; otherwise denied as phrased.  However, this Defendant objects to the Request to the extent that it suggests that George Washington University Hospital employed medical personnel.   Rather, this Defendant's employees, servants and agents were nursing, as opposed to medical, personnel.

**REQUEST NO. 66:**  Admit that http://www.gwhospital.com is the GWUH website.

**RESPONSE NO. 66:**  Admitted.

**REQUEST NO. 67:**  Admit that http://www.gwhospital.com/index.php?Page1D=1859 is a webpage controlled by GWUH.

**RESPONSE NO. 67:**  Admitted.

**REQUEST NO. 68:**  Admit that GWU is a part-owner of GWUH.

**RESPONSE NO. 68:** Admitted.

> **INTERROGATORY NO. 24:** If you deny this Request, please describe GWU's legal relationship to GWUH.

> **ANSWER NO. 24:**   Not applicable.

**REQUEST NO. 69:**  Admit that GWU exercises control over GWUH policies.

**RESPONSE NO. 69:**  Denied.

> **INTERROGATORY NO. 25**: If you deny this Request, please describe the role of GWU, if any, in GWUH policies, including the GWUH protocol on sexual assault identified in Request 3.

> **ANSWER NO. 25:**   At the time that the policy in question was written, George Washington University owned the hospital and employed the physicians and nurses who worked there.  However, as of December 2006, the University did not play a role in drafting or revising the policies

applicable to employees of District Hospital Partners, LP.

**I HEREBY CERTIFY,** under the penalties of perjury, that I, Alison Beyer, am Director of Risk Management of District Hospital Partners, L.P. and that the foregoing Answers to Interrogatories were prepared from information in the records of District Hospital Partners, L.P. and from information obtained from certain agents, servants and employees of District Hospital Partners, L.P. and that I am executing the Answers to Interrogatories in my official capacity as Director of Risk Management of District Hospital Partners, L.P. and that although I have read all of the Answers, I have no personal knowledge of their accuracy or truth but state that I believe them to be true to the best of my knowledge, information and belief.

Ms. Alison Beyer
Director of Risk Management
District Hospital Partners, L.P.

Date: 10 - 10 - 08

19

Respectfully submitted,


/s/ Thomas V. Monahan, Jr.
Thomas V. Monahan, Jr. (DC Bar No. 457213)
Adam Kelley (DC Bar No. 483729)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
(410) 783-4000
*Counsel for Defendant District Hospital Partners, L.P.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October 2008, Defendant District Hospital Partners, L.P.'s Response to Plaintiff's Requests for Admission and Interrogatories and Supplemental Requests for Production were served via email upon all parties of record.


/s/ Adam Kelley
Adam Kelley