UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA McGAUGHEY,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, et. al.,<br><br>    Defendants. | Civil Action No. 07-1498<br>RJL/DAR |

## REPORT AND RECOMMENDATION

Defendant The George Washington University (hereinafter "GWU") is among the eight defendants named in this action, in which Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. First Amended Complaint (Document No. 58), ¶ 14; Prayer for Relief. Plaintiff alleges injuries arising from the collective failure of the defendants to investigate whether she was sexually assaulted by administering a sexual assault medical forensic medical forensic examination for evidence of sexual assault, or otherwise test for the presence of a date rape drug or other intoxicating substance. *Id.*, ¶ ¶ 1-4; *see also* Joint Meet and Confer Statement Pursuant to Local Civil Rule 16.3(c) (Document No. 19) at 1-2.

Plaintiff's claims against Defendant GWU are for negligence (Count III); medical malpractice (Count IV); negligent hiring/training/supervision (Count V), and violation of the District of Columbia Consumer Protection Procedures Act ("CPPA") (Count VI). First Amended Complaint, ¶¶ 81-87; 88-93; 94-99; 100-106.

In its Answer, Defendant GWU generally denies the allegations and sets forth ten

defenses. *See generally* Defendant The George Washington University's Answer to First Amended Complaint and Demand for Jury Trial. (Document No. 76); *see also* Joint Meet and Confer Statement Pursuant to Local Civil Rule 16.3(c) at 4.

Defendant GWU moves for summary judgment in its favor with respect to the negligence claims which Plaintiff asserts. *See generally* Motion for Summary Judgment of Defendant The George Washington University (Document No. 190).[1] In addition, Defendant GWU joins the motion of Defendant District Hospital Partners for summary judgment with respect to Plaintiff's CPPA claim. *See* Joint Motion for Partial Summary Judgment on Plaintiff's Consumer Protection Procedures Act Claim (Document No. 174).[2]

With respect to Plaintiff's negligence claims, Defendant GWU submits that "Plaintiff will not be able to establish at trial a *prima facie* case of independent negligence (Counts II, IV or V) against Defendant GWU"; additionally, Defendant GWU submits that "[it] is not vicariously liable for the alleged negligence of any of the co-defendants." Memorandum in Support of the Motion for Summary Judgment of Defendant The George Washington University ("Defendant GWU's Memorandum") at 9. With respect to Plaintiff's CPPA claims, Defendant GWU submits that there is "[no] entrepreneurial nexus" to support a CPPA claim against it. *See* Memorandum of Points and Authorities in Support of Joint Motion for Partial Summary Judgment at 18.

---

[1] The document numbers cited in the instant report and recommendation are the ones assigned by the Clerk of the Court to the parties' submissions from which confidential information has been redacted. *See* July 28, 2009 ECF Minute Entry (directing the parties to file public versions of their pending dispositive motions). The undersigned has reviewed the submissions of the parties which were filed under seal; however, because the undersigned has no occasion to refer herein to the confidential information, only the redacted submissions will be cited.

[2] The undersigned will designate the motion which Defendant GWU joined as Document No. 174, Part 2; in any subsequent report and recommendation in which the motion is addressed with respect to Defendant District Hospital Partners, the said motion will be designated Document No. 174, Part 1.

In its statement of material facts as to which no genuine issue exists filed with its motion for summary judgment with respect to Plaintiff's negligence claims, Defendant GWU offers as support thirteen material facts.  Generally, Defendant GWU maintains that it had no agency relationship with The George Washington University Hospital or any of the defendants who treated Plaintiff at that hospital (*see* Statement of Material Facts Not in Dispute, ¶ ¶ 1-5), and that in any event, Plaintiff can offer no evidence that any provider of care at The George Washington University Hospital was negligent (*id*., ¶ ¶ 6-13).

In its statement of material facts as to which no genuine issues exists filed with Defendant District Hospital Partners in support of their motion for summary judgment with respect to Plaintiff's CPPA claims, Defendant GWU offers as support seven material facts, and relies principally upon the law enforcement purpose of a forensic medical examination.  Statement of Material Undisputed Facts, ¶ ¶ 1-5.

Plaintiff, in her opposition to Defendant GWU's motion for summary judgment with respect to her negligence clams, submits that there are genuine issues with respect to, at a minimum, the responsibility of Defendant GWU for the actions of the individuals who examined and treated her at The George Washington University Hospital; Plaintiff's *prima facie* case of negligence, and the representations made at the hospital regarding the availability of a forensic medical examination.  Plaintiff's Opposition to the Motion for Summary Judgment of Defendant The George Washington University at 4-5.  With citations to the record, Plaintiff submits that there are genuine issues for trial with respect to all but one of the 13 material facts identified by Defendant GWU.  Plaintiff's Statement of Controverted Facts as to Which There is a Genuine Dispute in Opposition to the Motion for Summary Judgment of Defendant the George

Washington University.

In her opposition to Defendant GWU's motion for summary judgment with respect to Plaintiff's CPPA claims, Plaintiff submits that both Defendant GWU and the hospital made "several material misrepresentations" to her, and that the CPPA "can apply to misrepresentations in the medical context." With citations to the record, Plaintiff submits that there are genuine issues for trial with respect to all but one of the seven material facts identified by Defendant GWU. Plaintiff's Statement of Controverted Facts as to Which There Is a Genuine Dispute in Opposition to the Joint Motion of Defendants District partners, L.P., d/b/a George Washington University Hospital and the George Washington University for Summary Judgment on Plaintiff's Consumer Protection Procedures Act Claim.

In its replies, Defendant GWU maintains that Plaintiff's Statement of Controverted Facts "recite[s] a litany of accusation, speculation, argument and innuendo, most of which are not even remotely material to this Court's summary judgment analysis [] of Defendant GWU." Defendant The George Washington University's Reply to Plaintiff's Opposition to Motion for Summary Judgment (Document No. 231) at 2. Additionally, Defendant GWU maintains that Plaintiff "relies on speculation and conclusory allegations[]" to support her claim that the CPPA was violated when no forensic medical examination was performed. Joint Reply to Plaintiff's Opposition to the Motion for Partial Summary Judgment on Plaintiff's Consumer Protection Procedures Act Claim (Document No. 220) at 2.

Upon consideration of the motions of Defendant GWU; Plaintiff's opposition thereto; Defendant GWU's replies, and the entire record herein, the undersigned will recommend that the motions of Defendant GWU be denied.

## STANDARDS APPLICABLE TO DETERMINATION OF MOTIONS FOR SUMMARY JUDGMENT

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood* 43 F.3d 1538, 1540 (D.C. Cir. 1995). The burden is upon the non-moving party to demonstrate that there are material facts in dispute. *Celotex*, 477 U.S. at 324. There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are in dispute if they are capable of affecting the outcome of the suit under governing law. *Id.* In considering a motion for summary judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson,* 477 U.S. at 248; *see also Bayer v. United States Dept. of Treasury*, 956 F. 2d 330, 333 (D.C. Cir. 1992). Nevertheless, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 474 U.S. at 586. Rather, she must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587; Fed.R.Civ.P.56(e).

Moreover, Rule 56(e)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is properly made and
> supported, an opposing party may not rely merely on allegations or
> denials in its own pleading; rather, its response must–by affidavits
> or as otherwise provided in this rule–set out specific facts showing
> a genuine issue for trial. If the opposing party does not so respond,
> summary judgment should, if appropriate, be entered against that
> party.

Fed.R.Civ.P. 56(e)(2). The nonmoving party must therefore

> go beyond the pleadings and by her own affidavits, or by the
> "depositions, answers to interrogatories, and admissions on
> file," **designate "specific facts showing that there is a genuine
> issue for trial."** . . . Rule 56(e) permits a proper summary judgment
> motion to be opposed by any of the kinds of evidentiary materials
> listed in Rule 56(c), except the mere pleadings themselves, and
> it is from this list that one would normally expect the nonmoving
> party to make the showing[.]

*Celotex,* 477 U.S. at 324 (emphasis added).

In addition, Local Civil Rule 7(h) provides:

> Each motion for summary judgment shall be accompanied
> by a statement of material facts as to which the moving party
> contends there is no genuine issue, which shall include references
> to the parts of the record relied on to support the statement. **An
> opposition to such a motion shall be accompanied by a separate
> concise statement of genuine issues setting forth all material facts as
> to which it is contended there exists a genuine issue necessary to be
> litigated,** which shall include references to the parts of the record
> relied on to support the statement. . . . **In determining a motion for
> summary judgment, the court may assume that facts identified by
> the moving party in its statement of material facts are admitted,
> unless such a fact is controverted in the statement of genuine
> issues filed in opposition to the motion.**

LCvR 7(h) (emphasis added); *see also* LCvR 56.1. The District of Columbia Circuit has held that "[i]f the party opposing the motion fails to comply with this local rule, then 'the district court is under no obligation to sift through the record' and should'[i]nstead . . . deem as admitted the

moving party's facts that are uncontroverted by the nonmoving party's Rule [LCvR 7(h)] statement.'" *Securities and Exch. Comm'n v. Banner Fund Int'l*, 211 F. 3d 602, 616 (D.C. Cir. 2000) (citation omitted). The District of Columbia Circuit "[has] explained . . . that 'the procedure contemplated by the [local] rule . . . isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." *Burke v. Gould*, 286 F.3d 513, 517 (D.D.C. 2002) (quoting *Gardels v. Central Intelligence Agency*, 637 F. 2d 770, 773 (D.C. Cir. 1980)). This circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, "did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue[.]" *Burke*, 286 F. 3d at 518 (quoting *Tarpley v. Greene*, 684 F. 2d 1, 7 (D.C. Cir. 1982)).

**DISCUSSION**

The undersigned finds that Plaintiff has set forth abundant material facts "as to which [she contends] there exists a genuine issue necessary to be litigated," and has included "references to the parts of the record relied on to support the statement." *See* LCvR 7(h). Accordingly, the undersigned will recommend that the motions of Defendant GWU be denied.

    *A. Negligence*

The premise of the motion of Defendant GWU for summary judgment in its favor with respect to Plaintiff's negligence claims is that GWU is not vicariously liable for the actions of anyone who evaluated or treated Plaintiff at The George Washington University Hospital.

However, it is settled in this district that determinations with respect to vicarious liability are questions of fact for determination by a jury, and may not be resolved by the court in a ruling on a motion for summary judgment. Indeed, this court has expressly held that "[the] requirements to establish [vicarious liability] . . . are . . . questions generally to be decided by a finder of fact." *Doe v. Exxon Mobile Corp.,* 573 F. Supp. 2d 16, 24 (D.D.C. 2008) (citations omitted); *see also Casanova v. Marathon Corp.,* No. 05-496, 2008 WL 4356949, at *4 (D.D.C. September 24, 2008) ("I am certain that [the District of Columbia Circuit] would . . . conclude that whether a party . . . is an employer is a question of fact to be confronted in each case."); *Chang v. United States,* Nos. 02-2010, 02-2283, 2007 WL 2007335, at *12 (D.D.C. July 10, 2007) ("Whether one party is the 'sole master to whom liability can attach . . . is usually a question of fact, generally to be decided by the jury.'") (citations omitted).

Even were to the undersigned to disregard this settled principle, entry of summary judgment would nonetheless be precluded by the existence of genuine issues with respect to the facts material to a determination of whether or not liability can attach to Defendant GWU. Adjudication of such facts "would be inappropriate at this stage of the litigation[,]" since the district court "must 'refrain from making credibility determinations, weighing the evidence, or drawing inferences from the evidence [as] these, after all, are jury functions, not those of a judge ruling on summary judgment[.]'" *Bouknight v. District of Columbia,* No. 06-2118, 2010 WL 145091, at *9 (D.D.C. January 15, 2010) (quoting *Jones v. Bernanke,* 557 F.3d 670, 681 (D.C. Cir. 2009)).

*B. District of Columbia Consumer Protection and Procedures Act*

For comparable reasons, Defendant GWU's motion for summary judgment with respect to Plaintiff's CPPA claim must be denied. This court has indeed held, as Defendant GWU maintains, that the CPPA applies only to consumer transactions, *see, e.g., Poblete v. Indymac Bank,* 657 F. Supp. 2d 86, 95 (D.D.C. 2009); however, "at this stage of the proceedings the court must treat the plaintiff's factual allegations [regarding the factual basis in support of the CPPA claim] as true[.]" *Id.* (citation omitted); *see also Calvetti v. Antcliff,* 346 F. Supp. 2d 92, 106 (D.D.C. 2004) (denying summary judgment on CPPA claim where "conflicting testimony [regarding representation made by one of the defendants] raises an issue of credibility for the jury, not this Court.") (citations omitted).

**CONCLUSION**

The undersigned finds that there are genuine issues regarding facts material to all of Plaintiff's claims against Defendant GWU. It is, therefore, this 23rd day of February, 2010,

**RECOMMENDED** that the Motion for Summary Judgment of Defendant The George Washington University (Document No. 190) be **DENIED;** and it is

**FURTHER RECOMMENDED** that the Motion of The George Washington University for Partial Summary Judgment on Plaintiff's Consumer Protection Procedures Act Claim (Document No. 174, Part 2) be **DENIED.**

		/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

**Within fourteen days after being served with a copy, either party may file written objections to this report and recommendation. The objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection. In the absence of timely objections, further review of issues decided by this report and recommendation may be waived.**