UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALEXANDRIA McGAUGHEY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Case No. 07-1498 (RJL) ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER
(September 22, 2010) [#191]

Plaintiff Alexandria McGaughey ("plaintiff" or "McGaughey") has filed this action against eight defendants, including Howard University ("HU"), Howard University d/b/a Howard University Hospital ("HUH"), Dr. Wendie Williams ("Dr. Williams"), and Dr. Dawit Yohannes ("Dr. Yohannes") (collectively, "the Howard defendants"), for the events arising from her attempts to receive medical treatment following her alleged drugging and sexual assault in December 2006.

McGaughey has brought six claims against HU and HUH: Count I, for violation of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. §§ 1395dd *et seq.*; Count II, which alleges medical malpractice/abandonment for failure to treat McGaughey and sending her home; Count III, which alleges negligence for, *inter alia*, failure to administer a rape kit and test for presence of a date rape drug; Count IV, which alleges medical malpractice for the same; Count V, which alleges negligent hiring, training, and supervision of medical personnel; and Count VI, for violations of the District of

1

Columbia's Consumer Protection Procedures Act ("CPPA"), D.C. Code §§ 28-3901 *et seq*. Counts II, III, IV, and VI are also brought against Dr. Williams. Counts III, IV, and VI are also brought against Dr. Yohannes. The Howard defendants have moved for partial dismissal of, or in the alternative, for partial summary judgment on, Counts II-VI against them, as well as plaintiff's punitive damages claim.[1]

On December 31, 2009 the instant motion, among others, was referred to Magistrate Judge Deborah A. Robinson for report and recommendation pursuant to Local Civil Rule 72.3. *See* Order [#239]. On March 3, 2010, Magistrate Judge Robinson recommended denial of the Howard defendants' motion. *See* Report & Recommendation [#249]. Unsurprisingly, the Howard defendants objected to the entirety of Magistrate Judge Robinson's recommendation. Def. Obj. [#257].

Local Civil Rule 72.3(c) provides that the Court "shall make a *de novo* determination of those portions of a magistrate judge's findings and recommendations to which objection is made." LCvR 72.3(c). The Court "may accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge." *Id.* As requested by the parties, the Court has made a *de novo* review of the Howard defendants' motion. Because there are genuine disputes of material fact with respect to Counts II-V, the Court hereby ADPOTS Magistrate Judge Robinson's recommendation and DENIES summary judgment on all counts (including plaintiff's punitive damages claim) *except* as

---

[1] Because the Howard defendants' motion for partial dismissal is not only untimely, but they have introduced material outside of the pleadings, their motion will be treated as a summary judgment motion. Fed. R. Civ. P. 12(d).

2

to Count VI. For the following reasons, summary judgment on plaintiff's CPPA claim will be GRANTED for the Howard defendants.

## DISCUSSION

Summary judgment is proper where the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing same). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. A party opposing a motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Though the Court must draw all justifiable inferences in favor of the non-moving party in deciding whether there is a disputed issue of material fact, "[t]he mere existence of a scintilla of evidence in support of the [non-movant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

McGaughey sues the Howard defendants under D.C.'s CPPA for their alleged misrepresentations as to the availability of a rape kit and the defendants' ability to perform one on her. Pl.'s Opp'n [#206, Ex. 1] 35. The Court has previously found that the CPPA does not allow recovery for personal injuries of a tortious nature, such as medical malpractice, and thus granted summary judgment on this claim for the defendants in this case affiliated with George Washington University Hospital. *See*

3

Memorandum Opinion as to defendants District Hospital Partners, George Washington University, and Dr. Christopher Lang, Sept. 20, 2010 [#271] (citing *Gomez v. Indep. Mgmt of Del., Inc.*, 967 A.2d 1276, 1286-87 (D.C. 2009)). Because McGaughey's CPPA claims against the Howard defendants similarly "constitute 'attacks on the actual performance of [a physician's] medical service, which would be more appropriately addressed in the context of a [] medical malpractice claim,'" and because the CPPA bars recovery for such damages, the Howard defendants are entitled to summary judgment as a matter of law. *Caulfied v. Stark*, 893 A.2d 970, 978 (D.C. 2006) (alterations in original) (citations omitted). Therefore, summary judgment for the Howard defendants on the CPPA claim is GRANTED.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that Motion for Partial Summary Judgment filed by the defendants Howard University, Howard University d/b/a Howard University Hospital, Dr. Wendie Williams, and Dr. Dawit Yohannes is **GRANTED in part and DENIED in part**.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

4