**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ALEXANDRIA McGAUGHEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-01498 (RJL/DAR) |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

Plaintiff Alexandria McGaughey respectfully submits the following proposed jury instructions.

1-1 FUNCTION OF THE COURT[1]

 The function of the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. The judge also must rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

---

[1] D.C. Std. Civ. Jury Instr. No. 1-1.

## 1-2 FUNCTION OF THE JURY[2]

Your function as jurors is to decide the facts. You are the exclusive judges of the facts. You alone determine the weight, the effect and the value of the evidence, and the believability of the witnesses.

You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear or favor.

---

[2] D.C. Std. Civ. Jury Instr. No. 1-2.

1-3 SIGNIFICANCE OF PARTY DESIGNATIONS[3]

During the course of the trial, you have heard references to the terms plaintiff and defendant. To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is the person who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendants does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendants' evidence. A plaintiff must prove every element of her claim against a defendant by a preponderance of the evidence before she is entitled to prevail.

---

[3] D.C. Std. Civ. Jury Instr. No. 1-3.

1-4 JUROR'S DUTY TO DELIBERATE[4]

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement. You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors.  You should not hesitate to change an opinion when convinced that it is wrong.  You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience. In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

---

[4] D.C. Std. Civ. Jury Instr. No. 1-4.

## 1-5 ATTITUDE AND CONDUCT OF JURORS[5]

Remember that you are not advocates in this matter.  You are neutral judges of the facts.  The final test of the quality of your service will lie in the verdict that you return to this courtroom.  You will make an important contribution to the cause of justice if you arrive at a just and proper verdict in this case.  Therefore, during your deliberations in the jury room, your purpose should not be to support your own opinion but to determine the facts.

---

[5] D.C. Std. Civ. Jury Instr. No. 1-5.

1-6 INSTRUCTIONS TO BE CONSIDERED AS A WHOLE[6]

You must treat and consider all of these instructions as a whole.  You must not single out any particular instruction or sentence while ignoring others.  You must give each instruction equal importance and consider each one equally with all other instructions.

---

[6] D.C. Std. Civ. Jury Instr. No. 1-6.

1-8 COURT'S QUESTIONS TO WITNESSES[7]

       During the course of the trial, I may have asked questions of a witness, to obtain information or to bring out facts.  You should not take my questions to witnesses as any indication of my opinion about how you should determine the facts.

---

[7] D.C. Std. Civ. Jury Instr. No. 1-8.

1-9 JURY NOT TO TAKE CUE FROM JUDGE[8]

If I have said or done anything at any time during this case, including giving these instructions, which seemed to indicate my opinion on any of these matters, then I instruct you to disregard that indication.  Nothing I have said or done should influence or suggest to you that I favor any party in this case.

I have not meant to express, or to suggest, any opinion about which witnesses should be believed, or which facts are established.

---

[8] D.C. Std. Civ. Jury Instr. No. 1-9.

1-10 RULINGS ON OBJECTIONS[9]

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness.  It is the duty of a lawyer to make objections if the lawyer believes something improper is being done.  When I sustained an objection to a question, the witness was not allowed to answer it.  Do not attempt to guess what the answer might have been had I allowed the question to be answered.  Similarly, when I told you to disregard a particular answer – when I ordered it stricken – you should have put that statement out of your mind, and you may not refer to that stricken answer during your deliberations.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations.  Those interruptions concerned legal matters, while your job is to decide the facts.  You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

---

[9] D.C. Std. Civ. Jury Instr. No. 1-10.

2-1 EVIDENCE IN THE CASE[10]

You may consider only the evidence properly admitted in the case. Evidence includes the sworn testimony of witnesses, exhibits admitted into evidence, and facts stipulated and agreed to by counsel. You may consider any facts to which all counsel have agreed or stipulated to be undisputed evidence.

---

[10] D.C. Std. Civ. Jury Instr. No. 2-1.

2-3 INFERENCES[11]

In arriving at your verdict, you are to consider only the evidence in the case. When you are considering the evidence, however, you are not limited solely to the statements of the witnesses. You are permitted to draw from the evidence any inferences or conclusions that reason and common sense lead you to make. You should not engage in speculation or make a decision based upon conjecture, however.

---

[11] D.C. Std. Civ. Jury Instr. No. 2-3.

## 2-4 INADMISSIBLE AND STRICKEN EVIDENCE[12]

It is the duty of the lawyers to object when the other side offers testimony or other materials that a lawyer believes are not properly admissible in evidence.

If, during the course of the trial, I sustained an objection by one lawyer to a question asked by the other lawyer, you are to disregard the question and you must not guess about what the answer would have been.  If a question was asked and the witness answered it, and I ruled that you should not consider the answer, then you must disregard both the question and the answer in your deliberations just as if the question and answer had never been spoken.

[Likewise, if I sustained an objection to any exhibits or ordered them stricken, then those stricken exhibits are not evidence and you must not consider them.]

---

[12] D.C. Std. Civ. Jury Instr. No. 2-4.

2-5 STATEMENTS OF COUNSEL[13]

Statements and arguments of the lawyers, such as their opening statements and closing arguments, are not evidence.  They are intended only to help you understand and interpret the evidence from each party's perspective.

The questions that the lawyers ask are not evidence.  A lawyer's question that contains an assertion of a fact does not provide evidence of that fact.

---

[13] D.C. Std. Civ. Jury Instr. No. 2-5.

## 2-6 JURY'S RECOLLECTION CONTROLS[14]

During this case, I or the lawyers may have called your attention to certain evidence. If you remember that evidence differently from the way I or the lawyers stated it, then you should disregard our characterization of the evidence and rely upon your own memory.

---

[14] D.C. Std. Civ. Jury Instr. No. 2-6.

## 2-8 BURDEN OF PROOF[15]

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of her claim by a preponderance of the evidence. To establish a fact by a preponderance of the evidence is to prove that it is more likely so than not so. In other words, a preponderance of the evidence means that the evidence produces in your mind the belief that the thing in question is more likely true than not true.

If, after considering all of the evidence, the evidence favoring the plaintiff's side of an issue is more convincing to you, and causes you to believe that the probability of truth favors the plaintiff on that issue, then the plaintiff will have succeeded in carrying the burden of proof on that issue.

The term "preponderance of the evidence" does not mean that the proof must produce absolute or mathematical certainty. For example, it does not mean proof beyond a reasonable doubt as is required in criminal cases.

Whether there is a preponderance of the evidence depends on the quality, and not the quantity, of evidence. In other words, merely having a greater number of witnesses or documents bearing on a certain version of the facts does not necessarily constitute a preponderance of the evidence.

If you believe that the evidence is evenly balanced, on an issue the plaintiff had to prove, then the plaintiff has not carried the burden of proof and your finding on that issue must be for the defendant.

---

[15] D.C. Std. Civ. Jury Instr. No. 2-8.

[In this case, the defendants have asserted affirmative defenses that they must prove by a preponderance of the evidence.  When I discuss each of these defenses and counterclaims, I will instruct you on the defendants' burden of proof.]

INSTRUCTION 2-9: EVIDENCE PRODUCED BY ADVERSARY[16]

In determining whether any fact has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that fact, regardless of who produced it. A party is entitled to benefit from all evidence that favors her whether she produced it or her adversary produced it.

---

[16] D.C. Std. Civ. Jury Instr. No. 2-9.

## 2-10 DIRECT AND CIRCUMSTANTIAL EVIDENCE[17]

There are two types of evidence: direct and circumstantial. Direct evidence is the direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect evidence of a fact which is established or logically inferred from a chain of other facts or circumstances. For example, direct evidence of whether an animal was running in the snow might be the testimony of a person who actually saw the animal in the snow. Circumstantial evidence might be the testimony of a person who saw the tracks of the animal in the snow, rather than the animal itself.

You may consider both types of evidence equally. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. The law does not require a greater degree of certainty for circumstantial evidence than of direct evidence. You should weigh all the evidence in the case, both direct and circumstantial, and find the facts in accordance with that evidence.

---

[17] D.C. Std. Civ. Jury Instr. No. 2-10.

3-1 JURY TO DETERMINE CREDIBILITY OF WITNESSES[18]

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the sole judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and to what extent any witness should be believed. If there is any conflict in the testimony between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has

---

[18] D.C. Std. Civ. Jury Instr. No. 3-1.

colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

3-2 NUMBER OF WITNESSES[19]

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater belief. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side. Indeed, the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

If, after considering all the evidence in the case, you hold a greater belief in the accuracy and reliability of one or a few witnesses' testimony, then you may base your verdict on that testimony, even though a larger number of witnesses may have testified to the contrary.

---

[19] D.C. Std. Civ. Jury Instr. No. 3-2.

## 3-3 EXPERT OPINION[20]

You have heard testimony from persons identified as experts. These witnesses are considered experts because their training, skill, experience or education has given them scientific, technical or other specialized knowledge that might assist the jury in understanding the evidence or in determining a fact in issue. Expert witnesses may state an opinion about any matter within their expertise and provide the reasons for the opinion.

Expert testimony should be judged just as any other evidence. You may accept it or reject it, or give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, the expert's credibility and all the other evidence in the case.

In this case there has been a conflict in the testimony of expert witnesses. As reasonable and intelligent people using your own good judgment, you must resolve that conflict and determine which, if any, of the expert opinions you will accept as accurate. You should consider and weigh the credibility and qualifications of the experts who have testified, the logic of the reasons given in support of their opinions, and other evidence in the case that favors or opposes a given opinion.

---

[20] D.C. Std. Civ. Jury No. 3-3.

3-5 DEPOSITIONS AS EVIDENCE[21]

During the trial of this case, certain testimony has been read to you [or presented by videotape]. You should give to this testimony the same consideration as to its weight and credibility, as you give to the testimony of witnesses who testified here in court. You must not discount any testimony merely because it was read to you [or presented on videotape].

---

[21] D.C. Std. Civ. Jury Instr. No. 3-5.

## 3-8 IMPEACHMENT BY PRIOR INCONSISTENT STATEMENTS[22]

The testimony of a witness may be discredited or impeached by showing that he or she has previously made statements which are inconsistent with his or her present courtroom testimony.  It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's testimony in court here.

If a witness at trial has been confronted with a prior statement which that witness made, and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony he or she gave in court.

If the witness made the prior inconsistent statement [under oath subject to the penalty of perjury] [at a deposition], then you may also treat that prior statement as evidence in this case – that is, you may treat what the witness said in that prior statement as evidence like any other evidence in this case.

If the witness [was not under oath subject to the penalty of perjury] [was not at a deposition] when he or she made the statement, then you may not treat the prior statement as evidence of the facts in the statement.  You may consider the statement only to evaluate the witness's credibility, that is, you may use the prior statement only to determine whether to believe the witness's present testimony in court.

If you believe that any witness has been discredited or impeached, then you should give his or her testimony the weight, if any, that you judge it is fairly entitled to receive.

---

[22] D.C. Std. Civ. Jury Instr. No. 3-8.

## 3-10 CHARTS AND SUMMARIES[23]

The [lawyers] [witnesses] have shown to you various charts and summaries to help explain the facts. The facts in these charts and summaries come from books, records, and other documents which are in evidence in the case. The charts or summaries themselves, however, are not evidence or proof of any facts. If any chart or summary does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

In other words, the charts or summaries are used only as a convenience; you should disregard entirely any chart or summary that does not state the truth based on the evidence.

---

[23] D.C. Std. Civ. Jury Instr. No. 3-10.

## 4-5 CONSIDERATION OF THE EVIDENCE – CORPORATE PARTY'S AGENTS AND EMPLOYEES[24]

One party in this case is a corporation. A corporation can act only through individuals as its agents or employees. In general, if any agent or employee of a corporation acts or makes statements while acting within the scope of his or her authority as an agent, or within the scope of his or her duties as an employee, then under the law those acts and statements are of the corporation.

---

[24] D.C. Std. Civ. Jury Instr. No. 4-5.

THE EMERGENCY MEDICAL TREATMENT AND ACTIVE LABOR ACT [25]

[Plaintiff and Defendant Howard University Hospital have stipulated that they will endeavor to agree on a set of instructions to be jointly submitted at a later date.]

---

[25] Non-standard instruction.  See 42 U.S.C. § 1395dd(a)-(b)(1)(A).

## 5-1 ELEMENTS OF A NEGLIGENCE CAUSE OF ACTION[26]

The plaintiff alleges that the defendants were negligent and are liable for plaintiff's damages. The plaintiff must prove that the defendants were negligent and that such negligence proximately caused the plaintiff's damages. The plaintiff must prove both negligence and damages by a preponderance of the evidence.

---

[26] D.C. Std. Civ. Jury Instr. No. 5-01.

## 5-2 NEGLIGENCE DEFINED[27]

Negligence is the failure to exercise ordinary care. To exercise ordinary care means to use the same caution, attention or skill that a reasonable person would use under similar circumstances. It is negligent to do something that a person using ordinary care would not do. It is also negligent to fail to do something that a person using ordinary care would do.

---

[27] D.C. Std. Civ. Jury Instr. No. 5-02.

## 5-3 RELATIVE CONCEPT[28]

Negligence is a relative concept.  A reasonable person changes his or her conduct according to the circumstances or according to the danger that he or she knows, or should know, exists.  Therefore, as the danger increases, a reasonable person acts in accordance with those circumstances.  Similarly, as the danger increases, a reasonable person acts more carefully.

---

[28] D.C. Std. Civ. Jury Instr. No. 5-03.

5-6 NO COMPARATIVE NEGLIGENCE[29]

If you find that more than one party to this action was negligent, you must not weigh one person's negligence against another's. You must not compare their negligent conduct to decide which is more excusable or blameworthy, or who is more or less at fault.

The law requires that you follow the court's instructions in determining what is negligence and who is liable.

---

[29] D.C. Std. Civ. Jury Instr. No. 5-06.

## 5-12 PROXIMATE CAUSE DEFINED[30]

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from a preponderance of the evidence that the act or failure to act played a substantial part in bringing about the injury or damage. Moreover, it must be shown that the injury or damage was either a direct result or a reasonably probable consequence of the act or failure to act.

---

[30] D.C. Std. Civ. Jury Instr. No. 5-12.

## 5-13 CONCURRING CAUSES[31]

There may be more than one proximate cause of an injury. That is, several factors or circumstances, or the negligent acts or omissions of two or more persons, may work at the same time, either independently or together, to cause an injury. Each of the contributing acts or omissions is regarded in law as a proximate cause. This is true regardless of whether one of the participating acts or omissions contributed more than another to causing the injury. Each person whose negligent act or omission is a proximate cause of an injury is liable for the resulting injury.

It is no defense that some other person who is not a defendant in this lawsuit participated in causing the injury, even if it should appear to you that the negligence of the other person was greater than the negligence of the defendants.

---

[31] D.C. Std. Civ. Jury Instr. No. 5-13.

## 6-1 ESTABLISHING EMPLOYER-EMPLOYEE RELATIONSHIP[32]

The plaintiff claims that Dr. Christopher Lang and Dr. Nina Khozeimeh were the employees of defendant George Washington University Hospital.  The plaintiff also claims that Dr. Christopher Lang was an employee of defendant George Washington University.

To decide whether Dr. Lang and Dr. Khozeimeh were employees of these defendants, you must decide whether the defendants had the right to control their conduct. The term "control" refers to the employer's right to direct the person in the more essential aspects of the job. In this sense, the term "control" does not mean the ability to direct every single action of the person.

You may find that the defendants had this right to control if you find that the defendants retained the right

(1)   to give orders to Dr. Lang and Dr. Khozeimeh,

(2)   to control the performance of Dr. Lang and Dr. Khozeimeh's work, and

(3)   to control the way that Dr. Lang and Dr. Khozeimeh performed the work.

---

[32] D.C. Std. Civ. Jury Instr. No. 6-1.

## 6-2 LIABILITY OF AN EMPLOYER FOR THE WRONGFUL ACTS OR FAILURES TO ACT OF ANY EMPLOYEE[33]

An employer is responsible for the wrongful acts or failures to act of an employee if they were committed in furtherance of the business of the employer.

An employee does an act "in furtherance of the business of the employer" if the employee's act is at least partly motivated by a desire to further the employer's interests.

If the employee is acting "in furtherance of the business of the employer," then the employer is responsible for the employee's wrongful acts. The employer is responsible for the wrongful acts even if the employee is disobeying the employer's orders, and even if the act is itself a crime.

On the other hand, the law does not consider an employee's act or failure to act to be "in furtherance of the business of the employer" if the employee does the act solely for the employee's own purposes.

---

[33] D.C. Std. Civ. Jury Instr. No. 6-2. The word "still" is removed from the first sentence of the third paragraph.

6-3 AGENCY OR SCOPE OF EMPLOYMENT CONCEDED[34]

In this case, Howard University Hospital admits that the acts or failures to act of Dr. Wendie Williams and Dr. Dawit Yohannes were committed in furtherance of the business of Howard University Hospital.[35] George Washington University admits that the acts or failures to act of Dr. Nina Khozeimeh were committed in furtherance of the business of George Washington University.[36] George Washington University Hospital admits that the acts or failures to act of Christine Barron, Victoria Autry, and Kathleen Walgren were committed in furtherance of the business of George Washington University Hospital.[37] Therefore, each of these employers is responsible for their employees' wrongful acts or failures to act.

---

[34] D.C. Std. Civ. Jury Instr. No. 6-3.

[35] Answer to Plaintiff's Amended Complaint of Defendants Howard University, Howard University d/b/a Howard University Hospital, Wendie Williams, M.D. and Dawit Yohannes, M.D. (Aug. 28, 2008) ¶¶ 11, 12.

[36] Defendant The George Washington University's Responses to Plaintiff's First Set of Requests for Admission, Interrogatories, and Supplemental Requests for Production (Oct. 13, 2008) at 9-10.

[37] District Hospital Partners, LP's Responses to Requests for Admission and Interrogatories and Supplemental Requests for Production (Oct. 10, 2008) at 5-6.

6-8 JOINT VENTURE[38]

You may find that a group of two or more persons formed a joint venture or joint enterprise only if you find all of the following statements to be true:

(1)  That the group engaged in an activity to achieve a common goal;

(2)  That each group member had a common purpose or common interest in achieving the goal;

(3)  That there was an express or implied agreement among the members of the group; and

(4)   That under that agreement each member had the equal right to direct and control the management of the enterprise. The joint venture or joint enterprise relationship does not arise accidentally. The members must have the intent to form the relationship.

When a joint venture or enterprise exists, the law considers each member as acting for all other members. As a result, all of the members of a joint venture or enterprise are liable for the negligence of any one of the members.

---

[38] D.C. Std. Civ. Jury Instr. No. 6-8.

# LIABILITY OF A HOSPITAL BASED ON APPARENT OR OSTENSIBLE AGENCY[39]

Even if Dr. Christopher Lang and Dr. Nina Khozemeih were not employees of defendant George Washington University Hospital, the hospital is still responsible for the wrongful acts or failures to act of these doctors if the plaintiff reasonably believed that they were hospital employees at the time of her visit to the hospital's emergency room.

In order to meet this test, the plaintiff must show that (1) the hospital held itself out to the public by offering to provide emergency room services; (2) the plaintiff looked to the hospital, rather than the individual physicians, for care; and (3) a person in similar circumstances reasonably would have believed that the physicians who treated her were hospital employees.[40] In order to satisfy this test, it is not necessary for the plaintiff to show that the hospital made an express representation to her that the treating physicians were employees of the hospital.[41]

A hospital may not defeat liability under this test by giving notice to patients through consent forms signed upon admission or signs posted in the emergency room.[42]

---

[39] Non-standard instruction.  See *Street v. Washington Hospital Ctr.*, 558 A.2d 690, 692 (D.C. 1989); *Simmons v. Tuomey Reg'l Med. Ctr.*, 553 S.E.2d 312  (S.C. 2000)*;* Restat 2d of Torts § 429.
[40] *Simmons*, 553 S.E.2d at 322 *(S.C. 2000)*
[41] *Street*, 558 A.2d at 692-93.
[42] *Simmons*, 553 S.E.2d at 320*.*

9-1 NATURE OF THE MEDICAL MALPRACTICE CLAIM[43]

       A lawsuit for medical malpractice is a claim against a doctor or other health care provider.  Plaintiff claims that the defendant doctors and hospitals failed to treat her with the same degree of skill, care or knowledge required of a doctor or hospital acting in the same or similar circumstances, and that the doctors' and hospitals' failure was a proximate cause of injury to the plaintiff.

---

[43] D.C. Std. Civ. Jury Instr. No. 9-1.  "Negligence" changed to "malpractice" in first sentence.

## 9-2 GENERAL STANDARD OF CARE OF PROFESSIONALS[44]

A doctor or other health care professional is not negligent if he or she adheres to the standard of care in the field.

You must decide whether each defendant was negligent by deciding whether each defendant failed to perform according to the professional standard of care.

To make this decision you must answer this question: Did each defendant do what a reasonable and prudent professional in his or her field would have done under the circumstances?

---

[44] D.C. Std. Civ. Jury Instr. No. 9-2.

## 9-3 PROFESSIONAL LIABILITY—ELEMENTS OF CLAIM[45]

To be entitled to your verdict, the plaintiff must prove by a preponderance of the evidence for each defendant:

(1) What standard of skill and care do reasonably competent professionals follow when acting under the same or similar circumstances;

(2) That the defendant did not follow that standard of skill and care; and

(3) That by not following that standard of skill and care, the defendant's conduct was a proximate cause of injury to the plaintiff.

---

[45] D.C. Std. Civ. Jury Instr. No. 9-3.

## 9-4 PROFESSIONAL LIABILITY—PROXIMATE CAUSE—SUBSTANTIAL FACTOR[46]

I will now define the term "proximate cause." A "proximate cause" of an injury is a cause which is a substantial factor in bringing about the injury. When I say that the cause has to be a "substantial factor," I mean that the defendant's conduct must have such an effect in producing the harm, so that a reasonable person would regard the conduct as a cause of the harm.

If the plaintiff would have sustained the same injury even if the defendant's conduct had not been negligent, then the defendant's conduct is not a substantial factor in causing the harm.

---

[46] D.C. Std. Civ. Jury Instr. No. 9-4.

## 9-5 GENERAL STANDARD OF CARE FOR HOSPITAL[47]

A hospital has a legal duty to provide a patient with the degree of care and attention that is reasonably required by the patient's condition.

---

[47] D.C. Std. Civ. Jury Instr. No. 9-5.

9-7 GENERAL STANDARD OF CARE—NATIONALLY-CERTIFIED SPECIALIST

Defendants Wendie Williams, Dawit Yohannes and Christopher Lang are nationally-certified medical specialists.  The standard of care for a nationally-certified specialist is to have and use the same degree of care, skill and learning that are ordinarily possessed and used by a nationally-certified specialist in medicine acting in a reasonable and prudent manner in the same or similar circumstances. [48]

---

[48] D.C. Std. Civ. Jury Instr. No. 9-7

## STANDARD OF CARE IS A NATIONAL STANDARD[49]

The standard of care for all of the defendants in this case is a national standard, and not a standard specific to the locality in which they provide healthcare. A defendant's conduct can be consistent with customary local practices and still violate the national standard of care. This is equally true whether you would characterize the treatment sought from the defendants in this case to be "medical," "forensic," or some combination of the two.[50]

---

[49] Non-standard instruction. See Morrison v. MacNamara, 407 A.2d 555, 560-61, 565 (D.C. 1979); Washington v. Washington Hosp. Center, 579 A.2d 177, 181 (D.C. 1990)

[50] Morrison v. MacNamara, 407 A.2d 555, 560-61, 565 (D.C. 1979)

## 9-8 STANDARD OF CARE DETERMINED BY EXPERT TESTIMONY[51]

You can only determine the professional standard of care required of the defendant from the testimony of the expert witnesses regarding that standard.

You should consider each expert's opinion and weigh his or her qualifications and the reasons given for each opinion.  Give each opinion the weight that you feel it deserves. You must resolve any conflict in the testimony of the witnesses by weighing each of the opinions against the others.  Take into consideration the explanations given for each opinion, the facts relied upon by the witness in forming his or her opinion, whether the expert witness has an interest in the outcome of this lawsuit, his or her credibility, and his or her special knowledge, skill, experience, training and education.

---

[51]D.C. Std. Civ. Jury Instr. No. 9-8

## 9-10 ABANDONMENT OF PATIENT[52]

Once a doctor enters into a professional relationship with a patient, the doctor is not at liberty to terminate that relationship at will. That relationship will continue until it is ended by one of the following four circumstances: (1) the consent of the patient; (2) the dismissal of the doctor by the patient; (3) the patient's lack of need for further care; or (4) the proper withdrawal of the doctor from the case.

Although the doctor has entered into a professional relationship with a patient, a doctor does have a right to withdraw from the case, but only if the doctor gives the patient sufficient notice so that the patient can procure additional medical attention from another qualified source.

A doctor who withdraws from a case without giving due notice to the patient or without giving the patient a reasonable opportunity to find another doctor is liable for wrongful abandonment of the patient. If wrongful abandonment causes the patient to suffer any injury, then the doctor is liable for such injury.

---

[52] D.C. Std. Civ. Jury Instr. No. 9-10.

NEGLIGENT TRAINING OR SUPERVISION[53]

A hospital has a duty to use reasonable care to train and supervise the people who work there to ensure that they are competent and fit for the work assigned to them. If a hospital fails to adequately train and supervise the people who work there, and a patient is harmed as a result, the hospital can be liable.

In order to prove the elements of her cause of action for negligent training or supervision, the Plaintiff must establish by a preponderance of the evidence that one or more of the hospital defendants was negligent or reckless:

(1) in giving improper or ambiguous orders or in failing to make proper rules or policies; OR

(2) in failing to train or supervise compliance with existing rules or policies; OR

(3) in the supervision of the response to persons reporting to the hospital for care and/or treatment; OR

(4) in permitting, or failing to prevent, negligent or other tortious conduct by another person on premises under its control or with instrumentalities under its control.

---

[53]Non-standard instruction. See Murphy v. Army Distaff Foundation, Inc., 458 A.2d 61 (D.C. 1983); Brown v. Argenbright Sec., Inc., 782 A.2d 752 (D.C. 2001); Restat 2d of Agency § 213.

## 12-1 DAMAGES—JURY TO AWARD[54]

If you find for the plaintiff, then you must award the plaintiff a sum of money which will fairly and reasonably compensate her for all the injuries, harms, and losses that she experienced that you find were proximately caused by the defendant.

---

[54] D.C. Std. Civ. Jury Instr. No. 12-1

## 12-3 BURDEN OF PROOF—SPECULATIVE DAMAGES[55]

The burden of proof is upon the plaintiff to establish all elements of her damages by a preponderance of the evidence. The plaintiff must prove her damages with reasonable certainty. You may only award the plaintiff damages for past, present or future detriment, harm, injury, or expenses that are not speculative. Speculative damages are those that might be possible but are remote or based on guesswork.

The plaintiff does not have to prove her exact damages. However, you may award the plaintiff damages that are based on a just and reasonable estimate derived from relevant evidence. Similarly, the plaintiff does not need to show that there is an absolute certainty that the injury or loss will continue into the future. You may award damages to compensate the plaintiff for injuries and losses that probably will continue.

---

[55] D.C. Std. Civ. Jury Instr. No. 12-3

## 12-5 DAMAGES VERDICT—MULTIPLE DEFENDANTS[56]

  If you find that the plaintiff is entitled to receive damages from more than one defendant, then you must award such damages in a single amount against all defendants whom you find to be liable.

---

[56] D.C. Std. Civ. Jury Instr. No. 12-5

13-1 DAMAGES—ELEMENTS[57]

If you find in favor of the plaintiff, then you should consider whether she is entitled to any damages. You may award damages for any of the following items that you find the defendants' negligence proximately caused:

1. the extent and duration of any physical injuries sustained by the plaintiff;

2. the effects that any physical injuries have on the overall physical and emotional well-being of the plaintiff;

3. any physical pain and/or emotional distress that the plaintiff has suffered in the past;

4. any physical pain and/or emotional distress that the plaintiff may suffer in the future;

5. any inconvenience the plaintiff has experienced;

6. any inconvenience the plaintiff may experience in the future;

7. any medical expenses incurred by the plaintiff; and

8. any medical expenses that the plaintiff may incur in the future.

Any monetary damages you might award for physical injury or physical sickness may not be taxable. Any damages that you might award for emotional distress and for all other types of harm may be taxable.

---

[57]D.C. Std. Civ. Jury Instr. No. 13-1. In lines 3 and 4, "and" changed to "and/or."

## 13-3 MEDICAL TREATMENT—PAST AND PRESENT[58]

If you determine that the plaintiff is entitled to a damages award for medical expenses incurred, then you should consider the reasonable value of all medical services given to the plaintiff. These medical services can include examinations, tests, and care by physicians and surgeons, services of nurses and attendants, hospital accommodations and care, ambulance services, medications, and any other services which were actually given and reasonably required for the plaintiff's treatment.

---

[58] D.C. Std. Civ. Jury Instr. No. 13-3

13-8: SPECIAL SUSCEPTIBILITY[59]

If the plaintiff, because of a prior injury, disability or other condition, was more likely to suffer injury because of a defendant's negligence than a normal person would, then the defendant is responsible for that injury.  A defendant may not avoid responsibility for his or her negligent actions by showing that the injury would have been less serious if it had happened to someone else.

---

[59] D.C. Std. Civ. Jury Instr. No. 13-8

13-9 RECOVERY FOR EMOTIONAL DISTRESS[60]

    The plaintiff is seeking damages for emotional distress.  If you find the defendants' negligence caused the plaintiff emotional distress, then you may award damages in an amount to fairly compensate the plaintiff.

    Elements to consider when deciding a damage award include: any mental pain and suffering, fear, inconvenience, nervousness, indignity, insult, humiliation, or embarrassment that the plaintiff proves she suffered directly because of the defendants' conduct.

---

[60]D.C. Std. Civ. Jury Instr. No. 13-9

DAMAGES FOR LOSS OF OPPORTUNITY[61]

In addition to other damages that you may consider in this case, the plaintiff is seeking damages for the lost opportunity to bring a civil suit. The basis for this claim is the plaintiff's assertion that if the defendants had performed a Sexual Assault Medical Forensic Exam, or SAMFE, she would have obtained evidence that she could have used to pursue her assailant in civil litigation.

In order to determine whether the plaintiff can recover damages for this lost opportunity, you should consider (1) whether the plaintiff's ability to prevail in a lawsuit against her assailant was significantly impaired by the defendants' failure to perform a SAMFE, and (2) whether the plaintiff would have had a significant possibility of success in such a lawsuit.

If you find that the plaintiff may recover damages for this lost opportunity, you should compute those damages as follows. First, make a determination, based on all relevant data, of the damages that the plaintiff could have obtained in the lawsuit against her assailant. Second, multiply that amount by the probability that the plaintiff would have won the underlying lawsuit had the defendants not deprived her of the opportunity to obtain the evidence.

---

[61]Non-standard instruction. See *Holmes v. Amerex Rent-A-Car*, 710 A.2d 856 (D.C. 1998); *Ferrell v. Rosenbaum*, 691 A.2d 641 (D.C. 1997)

16-1 PUNITIVE DAMAGES[62]

In addition to compensatory damages, the plaintiff also seeks an award of punitive damages against defendants Howard University (which owns and manages Howard University Hospital), Wendie Williams, and Dawit Yohannes. Punitive damages are damages above and beyond the amount of compensatory damages you may award. Punitive damages are awarded to punish a defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way.

You may award punitive damages only if the plaintiff has proved with clear and convincing evidence:

(1) that the defendant acted with evil motive, actual malice, deliberate violence or oppression, or with intent to injure, or in willful disregard for the rights of the plaintiff;

AND

(2) that the defendant's conduct itself was outrageous, grossly fraudulent, or reckless toward the safety of the plaintiff.

You may conclude that the defendant acted with a state of mind justifying punitive damages based on direct evidence or based on circumstantial evidence from the facts of the case.

---

[62] D.C. Std. Civ. Jury Instr. No. 16-1

16-2 PUNITIVE DAMAGES AGAINST A CORPORATION (WRONGFUL CONDUCT OF EMPLOYEE)[63]

One of the defendants that the plaintiff is requesting that the jury award punitive damages against is a corporation: Howard University, which owns and manages Howard University Hospital.

You may award punitive damages against this defendant corporation only if you draw two conclusions. First, you must conclude that the acts of the employees of the corporate defendant were the sort that deserves punitive damages under the rule I just gave you.

Second, you must conclude from clear and convincing evidence that the officers, directors or managing agents of the corporation participated in the acts, authorized the acts, or approved the acts before or after they were done.

---

[63] D.C. Std. Civ. Jury Instr. No. 16-2.

## 16-3: COMPUTATION OF PUNITIVE DAMAGES AWARD[64]

If you find that the plaintiff is entitled to an award of punitive damages, then you must decide the amount of the award. To determine the amount of the award you may consider the relative wealth of the defendant at the time of trial, the nature of the wrong committed, the state of mind of the defendant when the wrong was committed, the cost and duration of the litigation, and any attorney's fees that the plaintiff has incurred in this case. Your award should be sufficient to punish the defendant for his or her conduct and to serve as an example to prevent others from acting in a similar way.

---

[64]D.C. Std. Civ. Jury Instr. No. 16-3.

Respectfully Submitted,

/s/ Bruce V. Spiva
Bruce V. Spiva, D.C. Bar No. 443754
  bspiva@spivafirm.com
Catherine A. Bendor, D.C. Bar No. 442437
  cbendor@spivafirm.com
Matthew Hersh, D.C. Bar No. 465155
  mhersh@spivafirm.com
Brian D. Stewart (*Pro Hac Vice* Motion
  Pending)
  bstewart@spivafirm.com
THE SPIVA LAW FIRM PLLC
1776 Massachusetts Avenue, N.W.,
Suite 601
Washington, D.C. 20036
Telephone:  (202) 785-0601
Facsimile:  (202) 785-0697

*Counsel for Plaintiff*

DATED: September 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Plaintiff's Proposed Jury

Instructions was served on September 27, 2013, by electronic filing with the Court's ECF

system, upon:

James P. Gleason
  jgleason@gleason-law.com
Larry D. McAfee
  lmcafee@gleason-law.com
Rachel I. Viglianti
  rviglianti@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Steven Hamilton
  shamilton@gleason-law.com
GLEASON, FLYNN, EMIG & FOGLEMAN,
  CHARTERED
11 North Washington Street, Suite 400
Rockville, MD 20850

Thomas V. Monahan, Jr.
  tvm@gdldlaw.com
Adam Kelley
  axk@gdldlaw.com
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, Suite 2000
Baltimore, MD 21202

Robert W. Goodson
  robert.goodson@wilsonelser.com
Jodi Terranova
  jodi.terranova@wilsonelser.com
Callyson T. Grove
  callyson.grove@wilsonelser.com
WILSON ELSER MOSKOWITZ EDELMAN &
  DICKER, LLP
700 11th Street, N.W., Suite 400
Washington, D.C. 20001

/s/  Bruce V. Spiva_____
Bruce V. Spiva

1